No. 17-16161

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

**Facebook, Inc**.,

*Plaintiff-Appellee*,

*v.*

**Power Ventures, Inc. and Steven Vachani**,

*Defendants-Appellants*,

_____

Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-05780-LHK, Honorable Lucy Koh

---

**INDEX — EXCERPTS OF RECORD**
**VOLUME 2 OF 2**
**(PAGES 118 - 311)**

---

Amy Sommer Anderson, SBN 282634
Aroplex Law
156 2nd Street
San Francisco, California 94105
Telephone: 415-529-5148
Facsimile: 415-970-5016

Counsel for Defendant-Appellant,
POWER VENTURES, INC.

STEVEN VACHANI
2425B Channing, #216
Berkeley, CA 94704
Telephone: (917) 267-8823

*Pro se* Defendant-Appellant

Court of Appeals No. 17-16161

*Facebook, Inc v. Power Ventrues, Inc, et al.*

INDEX
EXCERPTS OF RECORD
VOLUME 2 OF 2

## VOLUME 1

| Date | Dkt. No. | Page No. | Document Name |
|------|----------|----------|---------------|
| 05/02/2017 | 435 | 1-3 | Order Regarding Remedies and Denying Motion to Stay |
| 05/02/2017 | 437 | 4-34 | Judgment |
| 02/15/2017 | 410 | 35-36 | Case Management Order |
| 12/19/2016 | 95 (9th Cir.) | 37-38 | Ninth Circuit Mandate |
| 12/09/2016 | 94 (9th Cir.) | 39-60 | Ninth Circuit Order and Amended Opinion |
| 09/25/2013 | 374 | 61 | Judgment |
| 09/25/2013 | 373 | 62-95 | Order denying Motion for Leave to File; granting Motion for Permanent Injunction; granting motion for summary judgment regarding liability of Vachani and motion for damages (unsealed version only; no reference to sealed portion(s)) |
| 05/02/2013 | 340 | 96-97 | Minute and Case Management Order |
| 02/16/2012 | 275 | 98-117 | Order Granting Plaintiff's Motion for Summary Judgment |

## VOLUME 2

| Date | Dkt. No. | Page No. | Document Name |
|------|----------|----------|---------------|
| 06/02/2017 | 451 | 118-119 | Defendants-Appellants' Notice of Appeal to the United States Court of Appeals for the Ninth Circuit |
| 03/30/2017 | 423 | 120-138 | Defendants' Opposition to Facebook's Supplemental Remedies Brief |

| Date | Dkt. No. | Page No. | Document Name |
|---|---|---|---|
| 03/08/2017 | 416 | 139-152 | Facebook's Supplemental Remedies Brief |
| 03/08/2017 | 416-8 | 153-174 | Expert Report of Richard J. Ostiller |
| 03/08/2017 | 416-2 | 175-177 | Declaration of Joseph Cutler in Support of Facebook's Supplemental Brief on Remedies Following Remand (REDACTED as filed in the District Court) |
| 02/15/2017 | N/A | 178-208 | Transcript of Proceedings—Case Management Conference |
| 02/09/2017 | 409 | 209-222 | Defendants' Joint Case Management Statement |
| 01/11/2017 | 404 | 223-235 | Plaintiff's Case Management Statement |
| 08/15/2013 | 357-1 | 236-240 | Declaration Of Steven Vachani In Support Of Defendants' Opposition To Facebook, Inc.'S Request For Injunctive Relief |
| 08/01/2013 | 353 | 241-244 | Notice Of Motion And Motion For Leave To File Motion For Reconsideration Of Court's Order For Summary Judgment (Dkt. No. 275) [pgs. 1, 3, 5, 6] |
| 01/19/2012 | 235 | 245-247 | Defendants' Memorandum Of Points And Authorities In Opposition To Facebook's Motion For Partial Summary Judgment Under California Penal Code § 502 And The Computer Fraud And Abuse Act, 18 U.S.C. § 1030 [pgs. 10, 11] |
| 01/19/2012 | 225-1,2 | 248-258 | Declaration of Joseph Cutler in Support of Facebook's Motion for Partial Summary Judgment Under the CAN-SPAM Act, Including Exhibit C (REDACTED as filed in the District Court) |
| N/A | N/A | 259-311 | District Court Docket |

AROPLEX LAW
A California Law Practice

1  Amy Sommer Anderson #282634
   AROPLEX LAW
2  156 2nd Street, Floor 1
   San Francisco, CA 94105
3  Phone: 415-529-5148
   Facsimile: 415-970-5016
4  Email: Anderson@aroplex.com
   Attorney for Defendant,
5  POWER VENTURES, INC.

6  STEVEN VACHANI (*pro se*)
7  2425B Channing, #216
   Berkeley, CA 94704
8  Telephone: (917) 267-8823
   vachani@yahoo.com
9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13  FACEBOOK, INC.,                    Case No. 5:08-cv-05780-LHK

14         Plaintiff,                  **NOTICE OF APPEAL TO THE UNITED
                                       STATES COURT OF APPEALS FOR THE
15      v.                             NINTH CIRCUIT**

16
    POWER VENTURES, INC. and STEVEN
17  VACHANI,

18         Defendants.

19

20

21      Please take notice that Defendants POWER VENTURES, INC. and STEVEN VACHANI

22  hereby appeal to the United States Court of Appeals for the Ninth Circuit from:

23      • Order Regarding Remedies and Denying Motion for Stay (Dk. No. 435, entered

24         5/2/2017);

25      • Judgment (Dkt. No. 437, entered 5/2/2017); and

26
        • any and all orders, rulings, and judgements underlying any of the foregoing.
27

28

NOTICE OF APPEAL                        1                    Case No. 5:08-cv-05780-LHK

DATED: 6/1/2017                                AROPLEX LAW

                              By: ___/s/_____
                                  Amy Sommer Anderson
                                  Attorney for Defendant,
                                  POWER VENTURES, INC.


Dated: 6/1/2017                                STEVEN VACHANI

                              By: ___/s/_____
                                  STEVEN VACHANI
                                  Steven Vachani (pro per)
                                  2425B Channing, #216
                                  Berkeley, CA  94704


    FILER'S ATTESTATION: Pursuant to General Order No. 45 §X(B), I attest under penalty

of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: 6/1/2017                                Respectfully submitted,

                              By: ___/s/_____
                                  Amy Sommer Anderson
                                  Attorney for Defendant,
                                  POWER VENTURES, INC.

AROPLEX LAW
A California Law Practice

NOTICE OF APPEAL                               2                    Case No. 5:08-cv-05780-LHK

Amy Sommer Anderson #282634
AROPLEX LAW
156 2nd Street, Floor 1
San Francisco, CA 94105
Phone: 415-529-5148
Facsimile: 415-970-5016
Email: Anderson@aroplex.com
Attorney for Defendants,
POWER VENTURES, INC.


STEVEN VACHANI (*pro se*)
2425B Channing, #216
Berkeley, CA  94704
Telephone: (917) 267-8823

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>        Defendants,<br><br>    v.<br><br>POWER VENTURES, INC. and STEVEN VACHANI,<br><br>        Plaintiff. | Case No. 5:08-cv-05780-LHK<br><br>**DEFENDANTS' OPPOSITION TO FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF**<br><br>Date: April 25, 2017<br>Time: 2:00 P.M.<br>Dept: Courtroom 8, 4th Floor<br>Judge: Hon. Judge Lucy H. Koh |

AROPLEX LAW
A California Law Practice

**AROPLEX LAW**
A California Law Practice

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... 3

I.      RELEVANT PROCEDURAL HISTORY .......................................... 4

II.     THE COURT MUST FIRST DETERMINE THE APPLICABLE ALLOWABLE
        PERIOD FOLLOWING THE NINTH CIRCUIT'S JUDGMENT. ............ 6

        A.      To Determine Awardable Compensatory Damages, The Court Must First
                Determine the Applicable Allowable Period. ................................ 6

                1.      The Start Date. .................................................................. 6

                2.      The End Date. .................................................................... 7

        B.      The Broadest Possible Allowable Period is from December 2 - December 30,
                2008. ............................................................................................ 7

III.    AGAINST THE COURT'S ORDER, FACEBOOK CLAIMS COMPENSATORY
        DAMAGES FOR COSTS ASSOCIATED WITH THE REVERSED CAUSE OF
        ACTION. ................................................................................................ 8

        A.      Under the Defendants' Interpretation of the Applicable Allowable Period,
                Facebook Fails to Prove or Even Allege Any Compensable Damages from
                December 26 - 30, 2008. ............................................................... 10

        B.      Under the Broadest Interpretation of the Applicable Allowable Period,
                Facebook Still Fails to Prove Compensable Damages Incurred December 2 -
                30, 2008. ....................................................................................... 11

IV.     FACEBOOK HAS NOT BEEN DEEMED THE "PREVAILING PARTY" AND IS
        NOT ENTITLED TO COSTS OF SUIT CLAIMED AFTER THIS COURT'S
        ORIGINAL JUDGMENT. ......................................................................... 14

V.      FACEBOOK IS NOT ENTITLED TO JUDGMENT FOR AN UNDISTURBED
        DISCOVERY SANCTIONS AWARD. ........................................................ 15

VI.     FACEBOOK'S PROPOSED PERMANENT INJUNCTION IS OVER-BROAD
        AND INCLUDES PROVISIONS SPECIFIC TO THE REVERSED CAN-SPAM
        CLAIM. ................................................................................................... 15

        A.      Restriction of Lawful Commercial Activity. ................................. 15

        B.      Restriction of Unrelated Activities. .............................................. 17

        C.      Imposition on Unrelated Third Parties. ........................................ 17

VII.    CONCLUSION. ........................................................................................ 18

# TABLE OF AUTHORITIES

**CASE LAW**

| | |
|---|---|
| *Big Country Foods, Inc*. *v. Board of Education of Anchorage School Dist*. (9th Cir. 1989) 868 F2d 1085 | 16 |
| *Goldie's Bookstore, Inc*. *v. Sup.Ct*. (9th Cir. 1984) 739 F2d 466 | 16 |
| *Horwitz v. Southwest Forest Indus*., *Inc*. (D NV 1985) 604 F.Supp. 1130, 1136 | 17 |
| *Kaimowitz v. Orlando, Fla*. (11th Cir. 1997) 122 F3d 41, 43 | 16 |
| *Omega World Travel, Inc*. *v. Trans World Airlines* (4th Cir. 1997) 111 F3d 14, 16 | 16 |
| *Publications Int'l, Ltd*. *v. Meredith Corp*. (7th Cir. 1996) 88 F3d 473, 478) | 17 |
| *S.J.W. ex rel. Wilson v. Lee's Summit R–7 School Dist*. (8th Cir. 2012) 696 F3d 771 | 16 |

**STATUTES/RULES**

| | |
|---|---|
| 9th Cir. Civ. Jury Instr. 5.1 | 8 |
| 15 U.S.C. § 7704 (Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003) | 4, 5, 8-10, 12, 15 |
| 18 U.S.C. § 1030 (Computer Fraud and Abuse Act of 1986) | 4-10, 12-17 |
| 28 USC § 1920 | 14 |
| California Penal Code § 502 | 4-10, 12-17 |
| FRCP 54 | 14 |

AROPLEX LAW
A California Law Practice

Defendants POWER VENTURES, INC. and STEVEN VACHANI hereby submit their response and opposition to Plaintiff FACEBOOK, INC.'s Supplemental Remedies Brief filed March 8, 2017 in response to the Court's February 15, 2017 Case Management Order calling for supplemental briefing on the issue of damages following the Ninth Circuit's partial reversal and remand.

## I.    RELEVANT PROCEDURAL HISTORY

On September 25, 2013, this Court entered an award of damages and permanent injunctive relief to Facebook on the basis of the Court's original order granting summary judgment in Facebook's favor on its claims for violation of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"; 15 U.S.C. § 7704), the Computer Fraud and Abuse Act of 1986 ("CFAA"; 18 U.S.C. § 1030), and California Penal Code § 502, which is California's version of the CFAA. (Dkt. No. 373). The Court awarded $3,031,350.00 in statutory damages with respect to the CAN-SPAM claim and awarded $80,543.00 in compensatory damages for costs claimed by Facebook to be incurred through "enforcement efforts" related to the defendants' activities, including the alleged spamming activities for which Facebook sought to impose liability against the defendants under the CAN-SPAM Act. *Id*.

On December 19, 2016, a mandate issued from the Ninth Circuit affirming in part and reversing and vacating in part the District Court's summary judgment in favor of Plaintiff Facebook. Reversing in part, the Ninth Circuit held that the defendant's actions did not violate the CAN-SPAM Act because the transmitted messages were not materially misleading. As such, the associated award of statutory damages in the sum of $3,031,350 was vacated.

Reversing in part and affirming in part, the panel held that the defendants violated the CFAA and CPC § 502, which prohibit acts of computer trespass by those who are not authorized users or

who exceed authorized use, but the defendants were only liable after Facebook revoked the

defendants' authorized access, such initial revocation occurring *only after* the defendants received a

cease and desist letter from Facebook. Significantly, the Ninth Circuit found Power did not initially

access Facebook's computers "without authorization" within the meaning of the CFAA and only

accessed Facebook's computers "without authorization" after receiving notice of Facebook's desire

that access be revoked, thus clarifying that the defendants' activities were not inherently unlawful

but rather only violated the CFAA and CPC § 502 when Facebook deliberately and expressly

revoked authorized access.

The Ninth Circuit vacated the district court's awards of injunctive relief and damages and

remanded for consideration of appropriate remedies limited to the period of defendants' liability

under the CFAA and CPC § 502 and excluding any prior remedy for damages incurred in relation to

Plaintiff's CAN-SPAM claim. Facebook, however, argues in its Supplemental Remedies Brief that

this Court's original compensatory damages award should be reinstated less the costs Facebook

claims were incurred on December 1, 2008. (Dkt. No. 416 at 4:9-12). In arguing for this simple

recalculation of damages, Facebook neglects to adjust its demand to account for the CAN-SPAM

reversal and fails to provide sufficient evidentiary support for damages incurred on any date for

which compensation is claimed. Since Facebook's evidence supporting their prior and current

requests for compensatory damages is based, at least in part, on the alleged CAN-SPAM violations

as well as during a period time after Facebook initiated litigation and Power ceased all interactions

with facebook.com, the prior award cannot simply be reinstated as Facebook requests. Facebook

bears the burden of demonstrating its damages by a preponderance of the evidence, and it fails to

meet this burden by neglecting to offer evidentiary support for its claimed losses as they relate to

CFAA/CPC § 502 efforts during the Allowable Period.

AROPLEX LAW
A California Law Practice

In response to Facebook's request for compensatory damages and injunctive relief, Defendants present the following arguments in support of their assertions that Facebook is entitled to $0.00 based on Facebook's own evidence and that the proposed permanent injunction is overly broad and burdensome by impermissibly applying to unrelated and undefined third parties and by restricting lawful activities that are either unrelated to Facebook or insufficiently related to the statutes upon which the injunction is based.

**II.     THE COURT MUST DETERMINE THE APPLICABLE ALLOWABLE PERIOD FOLLOWING THE NINTH CIRCUIT'S JUDGMENT.**

    **A.     To Determine Awardable Compensatory Damages, The Court Must First Determine the Applicable Allowable Period.**

To determine Facebook's damages incurred during the relevant Allowable Period, the Court must first define the Allowable Period wherein the defendants accessed Facebook's website without Facebook's authorization as to be liable under CFAA and CPC § 502.

    1.     The Start Date.

Facebook asserts that the Allowable Period begins on December 2, 2008, which is the date after December 1, 2008 when Facebook sent the initial cease and desist letter to the owner of the email address hostmaster1@poweremail.org, who is a third party and was not a representative of Power Ventures, Inc. or power.com. Power and Facebook's counsel first communicated on December 4, 2008, at which time Facebook made its cease and desist demand directly to Power for the first time. (Dkt. No. 416-2 at ¶ 8). Therefore, it was on December 4, 2008 that Facebook first revoked authorization of Power's access to facebook.com.

The Allowable Period does not, however, begin on December 4, 2008 because Facebook thereafter engaged in ongoing negotiation with Power concerning Facebook's requirements for Power's use of facebook.com, and Facebook expressly authorized Power to continue accessing

facebook.com and gave Power an extension of time, ending December 26, 2008, by which Power would need to have its software in full compliance with Facebook's requirements. (Dkt. No. 225-1, Exhibit 8 at ¶ 11[1]). Without further permission, Facebook's authorization of Power's continued access of facebook.com expired and was effectively withdrawn on December 26, 2008.

Given the parties' negotiations and Facebook's express authorization of Power's continued access of facebook.com while Power worked to get its software in compliance with Facebook's requirements, the effective start date of the defendant's Allowable Period under the CFAA and CPC § 502 is December 26, 2008.

### 2.   The End Date.

Facebook does not provide any suggestion as to the end date of the Allowable Period. The only hint at Facebook's opinion on the issue is their claim to costs spanning December 2008 through March 2009, yet Facebook makes no assertion that Power continued activities deemed to violate the applicable statutes after this lawsuit was filed on December 30, 2008 and provides no evidence that would support any such assertion[2].

### B.   The Broadest Possible Allowable Period is from December 2 - December 30, 2008.

Even if the Court finds Facebook revoked authorization upon sending the cease and desist letter and that no further authorization was afforded the defendants through their negotiations with Facebook, the broadest possible Allowable Period is from December 2, 2008 through December 30, 2008. December 2, 2008 is the date after Facebook sent their cease and desist letter, albeit *not* to the

---

[1] Dkt. No. 225-1, Para. 11 of Cutler Declaration, "On December 15, I sent an email to Mr. Vachani responding to his December 12, 2008 email. In that message, I reconfirmed that Facebook expected the Power website to delete all user data and to fully comply with the Facebook Connect policies and all other applicable Facebook Terms of Use and guidelines within two weeks, or by December 26, 2008."

[2] Facebook's evidence is limited to a showing of Power's activities as late as December 29, 2008. *See, for example*, Exhibit 4 to the Declaration of Monte Cooper in support of Plaintiff's Supplemental Remedies Brief.

AROPLEX LAW
A California Law Practice

defendants, and the date Facebook claims is the beginning of the Allowable Period. December 30, 2008 is the date this lawsuit was filed and the date on which the defendants ceased all unauthorized interaction with Facebook's website, specifically all interaction forming the basis of Facebook's Complaint—i.e., December 30, 2008 would be considered the last date of "unauthorized access" assuming this broadest interpretation.

Whichever interpretation the Court finds applicable, it is indisputable from their filings that Facebook makes no effort to define the end date of this period or to claim unlawful activities by the defendants occurring any time after they filed their lawsuit on December 30, 2008. The burden is on Facebook to prove compensatory damages by a preponderance of the evidence, and Facebook fails to so much as make a supported assertion of the period of time within which Facebook's incurred damages are compensable—i.e., through which date the defendants accessed facebook.com without authorization—and on what dates Facebook incurred compensable costs. (9th Cir. Civ. Jury Instr. 5.1). Facebook's unsupported claim of internal and external enforcement costs from December 2008 through March 2009 fails to meet this burden.

## III.   AGAINST THE COURT'S ORDER, FACEBOOK CLAIMS COMPENSATORY DAMAGES FOR COSTS ASSOCIATED WITH THE REVERSED CAUSE OF ACTION.

Facebook claims it is entitled to the same award of compensatory damages made by this Court following the original judgment, less $902.50 in costs incurred on December 1, 2008, which Facebook admits is outside the Allowable Period. Providing no evidence of the source or character of these costs and no adjustment for costs associated with efforts related to CAN-SPAM, which are now not awardable, Facebook claims entitlement to the following:

AROPLEX LAW
A California Law Practice

(1)     $4,950.00 billed internally for engineer Ryan McGeehan's enforcement time, which represents an estimated 50 hours spent on power.com activities in general, billed at $100.00 per hour, from December 2, 2008 through March 2009:

(2)     $37,816.50 billed externally for legal work by Joseph Cutler and Perkins Coie from December 2, 2008 through December 31, 2008; and

(3)     $36,834 billed externally for legal work by Joseph Cutler and Perkins Coie from January 2009 through March 2009. (Dkt. Nos. 416 and 418-8).

In response to the Ninth Circuit's mandate instructing this court to reassess damages in light of both the CAN-SPAM reversal and redefined liability limitation under the CFAA and CPC § 502, Facebook responded with a demand for the same damages as previously awarded with the exception of deduction of activities billed on December 1, 2008. At the outset, Facebook fails to meet its burden of proving compensatory damages by neglecting to make any effort at adjustment or to make any argument against the necessity for adjustment in the face of their own contradictory evidence attributing claimed damages to CAN-SPAM activities, as detailed below.

In relying on the same calculation of damages the Court used *prior* to the Ninth Circuit's reversal and remand, Facebook argues in essence that because Judge Ware did not require Facebook to produce any such evidentiary support the first time the Court awarded compensatory damages, the Court should not require any such evidence now that it is tasked with narrowing the scope of Facebook's award. It is arguments like this, combined with Facebook failure to produce evidentiary support for its claimed costs, that make it clear Facebook lacks evidence sufficient to support these costs, and this Court is not required to simply look the other way. Each of the causes of action prosecuted by Facebook in this case required Facebook to meet a "loss" threshold as a standing requirement, so Facebook's entire case is predicated on its claimed damages due to the defendants'

actions and its ability to prove that loss by a preponderance of the evidence. Facebook provides no

argument as to why it should be excused from this requirement, and in fact there is no legal basis for

making such excuse.

   **A.   Under the Defendants' Interpretation of the Applicable Allowable Period, Facebook Fails to Prove or Even Allege Any Compensable Damages from December 26-30, 2008.**

   Assuming Facebook is entitled to its costs of enforcement incurred between December

26-30, 2008, the defendants have no way of disputing or agreeing with Facebook's claimed costs

since Facebook has never provided any kind of expense log or itemization more granular than the

two categories of "December 2008" and "January - March 2009," nor has Facebook narrowed such

costs to include only those incurred in CFAA and CPC § 502 enforcement efforts. It makes no

logical sense—and there is no support under the law—that a party should be awarded compensatory

damages incurred on dates when the party is not entitled to compensation. Here, Facebook should

not be awarded the whole of its "December 2008" costs (less $852.50 for December 1, 2008) if the

Court determines the Allowable Period is anything less than December 2-31, 2008, as Defendants

argue it is. When pressed to file their Supplement Remedies Brief, Facebook was able to produce

new evidence in the form of a declaration by Joseph Cutler defining the number of hours Mr. Cutler

billed on December 1, 2008. Still, Facebook neglects to produce any evidence supporting the actual

time spent by internal and external personnel on compensable activities during the Allowable Period

or any period at all. Should the Court agree with the defendants' assertion that the Allowable Period

extends from December 26, 2008 through December 30, 2008, Defendants argue that the Court

must also find Facebook's claimed damages fails in its entirety since there is no way of determining

what costs were actually incurred during this period and, at the very least, since Facebook's

AROPLEX LAW
A California Law Practice

2-ER-129

summary claim fails to account for the CAN-SPAM reversal as ordered by this Court and instructed by the Ninth Circuit.

> **B.    Under the Broadest Interpretation of the Applicable Allowable Period, Facebook Still Fails to Prove Compensable Damages Incurred December 2 - 30, 2008.**

Under the broadest interpretation of the Allowable Period applicable to Facebook's compensatory damages—i.e., December 2 - 30, 2008—the best evidence Facebook provides for estimating Facbeook's claimed costs is: (1) the report of Facebook's expert analyst, Mr. Ostiller, who concluded without any supporting evidence that Facebook incurred $38,719.00 in legal fees for Perkins Coie's alleged enforcement activities in the whole of December 2008 (referred to generally as "Perkins Costs"); (2) Mr. Ostiller's report stating that Facebook incurred $5,000.00 in damages for the work of engineer Ryan McGeehan, which is estimated at 50 hours over the period of December 2008 through March 2009; and (3) the claims in Facebook's supplemental brief that $902.50 of these claimed costs was incurred on December 1, 2008. (Dkt. No. 416-8. Exhibit 5 to the Cooper Declaration, Ostiller Report).

As a general note and as argued above, the defendants object to the veracity of any damages award based on a period of time (i.e., "December 2008") that is broader than the broadest possible applicable Allowable Period.

With specific regard to the Cutler Costs, Facebook fails to provide so much as an unsupported statement regarding the type of legal work Cutler's firm was performing in 2009 in furtherance of the claimed "enforcement." Since Cutler's firm filed the complaint initiating this matter on December 30, 2008, it must be assumed that (1) all claimed legal work performed by Perkins Coie in 2009 was litigation-related and not some undefined, unrelated "enforcement" activities, and (2) at least some of the legal fees billed by Cutler's firm in December 2008 were

generated by research and drafting the complaint that initiated litigation. These are the obvious

assumptions that must be made in the absence of any showing whatsoever by Facebook as to what

legal activities are properly being claimed as compensable enforcement expenses. The defendants

and the Court are entitled to know what exactly is being awarded and are not expected or required

to rely on summary statements by the plaintiff without any further proof, especially where the

plaintiff makes no adjustment pursuant to the Court's order.

Specifically, with respect to the claimed $4,950.00 for Mr. McGeehan's estimated 50 hours

of time spent on power.com-related enforcement efforts, there are two glaring problems with

Facebook's claim:

(1) Facebook's own evidence provides that the 50 hours was spent over four months, and

Facebook provides no further evidence or assertion as to what amount of Mr. McGeehan's time was

spent in December 2008 or provides a log of McGeehan's activities.

(2) Even if the Court finds Facebook is entitled to compensatory damages related to Mr.

McGeehan's undocumented work for the full period spanning December 2008 through March 2009,

Facebook blatantly seeks compensation for time Mr. McGeehan spent on efforts related to CAN-

SPAM, stating in his own declaration, "My investigation included analyzing the complexity of the

attack was, and [sic] involved a substantial amount of my time being spent determining how much

effort was needed to contain the spamming." (Dkt. No. 213 at 5:8-10). Facebook makes no attempt

to exclude the "substantial amount" of Mr. McGeehan's time specifically related to spamming,

which was solely an issue under the CAN-SPAM claim.

Facebook's claim that it incurred an estimated $5,000 in damages due to the time that

Facebook employee Ryan McGeehan spent investigating and responding to Power's activities is

utterly unsupported by evidence. The Ostiller Report (Dkt. No. 416-8) asserts that Ryan McGeehan

AROPLEX LAW
A California Law Practice

worked an estimated 50 hours in response to Power's activities at an estimated rate of $100 per hour in "fully burdened payroll costs." Ostiller Report at ¶ 18 and Schedule 1a. Ostiller's assertion of McGeehan's 50 hours references the McGeehan Declaration (Dkt. No. 213-4), which does not actually provide a numerical estimate of time expended but rather states that McGeehan spent "many hours" investigating and talking to Facebook personnel about Power's activities, in addition to 3 – 4 days of McGeehan's "own engineering time" addressing other security issues related to Power's activities. McGeehan Declaration at ¶ 17. To be clear, Facebook provides no evidence supporting Ostiller's estimate of McGeehan's 50 hours. Ostiller states that McGeehan *said* he estimates his total expenditure at 50 hours. Ostiller Dec. at ¶ 19. Since Facebook provides no evidence of such statement by McGeehan, it must be assumed that McGeehan made the statement in an interview with Ostiller, which makes the estimate impermissible hearsay. Without even an estimate of hours expended, Facebook has no basis for claiming damages related to McGeehan's efforts.

Further still, neither McGeehan nor Ostiller discloses McGeehan's actual salary, and Ostiller provides no evidentiary basis for estimating McGeehan's hourly rate at $100 or claiming McGeehan was compensated for his own engineering time. Surely Facebook should be required to show more specificity with respect to damages it claims are certain and were actually incurred and not be allowed to rely on estimates of estimates based on facts not on the record or not properly before the Court.

Facebook's failure to provide minimal evidentiary support of its claimed awardable damages pursuant to the Ninth Circuit's remand is not a minor deficiency and cannot be overlooked at this critical final stage in litigation, nor is it too much to expect a party to produce a schedule of hours or other evidence supporting the dates on which efforts were made and for what activities costs were

incurred. Likewise, Facebook's continued assertion of costs incurred in relation to the overturned CAN-SPAM claim is not inconsequential to the defendants, one of which has long since been put out of business due to this litigation, and the other of whom has been forced into bankruptcy because of it[3]. The defendants have already suffered through one appeal in order to reclaim their right against a $3+ million award of statutory damages, and they are now simply asking that the Court hold Facebook to its burden of proving damages by a preponderance of evidence and not merely based on statements that certain sums were incurred for generalized activities over broad periods of time.

## IV.     FACEBOOK HAS NOT BEEN DEEMED THE "PREVAILING PARTY" AND IS NOT ENTITLED TO COSTS OF SUIT CLAIMED AFTER THIS COURT'S ORIGINAL JUDGMENT.

Facebook makes no mention of the costs of suit previously claimed by Facebook following the Court's original judgment in favor of Facebook on all three causes of action, yet Facebook includes the sum of $49,637.00 for costs of suit previously taxed against the defendants as a line item in the proposed order filed with its Supplemental Remedies Brief. (Dkt. No. 416-1 at line 22).

Entry of judgment entitles the prevailing party to an award of costs. FRCP 54(d); 28 USC § 1920. Since Plaintiff Facebook, Inc. was originally awarded summary judgment on all three of their claims, they were the prevailing party for the purpose of claiming allowable costs and fees. On January 2, 2014, costs were taxed on this basis in favor of Facebook in the sum $49,637.93.

FRCP 54 provides in its notes, however, that a new period for filing a Bill of Costs will automatically begin if a new judgment is entered following a reversal or remand by the appellate court. Here, no effective judgment has been entered in light of the Ninth Circuit's partial reversal/ vacation/affirmation/remand, and as such the time for filing a Bill of Costs has not begun to run.

---

[3] See, for example, Dkt. No. 357, Defendants' Opposition to Facebook's Request for Injunctive Relief at 5:1.

DEFENDANTS' OPP RE DAMAGES                    14                    Case No. 5:08-cv-05780-LHK

Likewise, Facebook has not been deemed the "prevailing party" for the purpose of claiming costs and fees, so it is not entitled to its original costs following an appeal that substantially changes the original judgment.

## V.      FACEBOOK IS NOT ENTITLED TO JUDGMENT FOR AN UNDISTURBED DISCOVERY SANCTIONS AWARD.

As with their claim for costs of suit, Facebook makes no mention of the award for discovery sanctions in the sum of $39,796.73 previously entered by the Court (Dkt. No. 356) and left undisturbed by the Ninth Circuit, but Facebook does include this line item in the proposed order filed with its Supplemental Remedies Brief. (Dkt. No. 416-1 at lines 20-21). An order for discovery sanctions is unrelated to the underlying action and is not appropriately included a judgment on the action, nor is it necessary since the order is effective on its own. Facebook provides no basis for including discovery sanctions in the Court's judgment regarding compensatory and injunctive relief.

## VI.     FACEBOOK'S PROPOSED PERMANENT INJUNCTION IS OVER-BROAD AND INCLUDES PROVISIONS SPECIFIC TO THE REVERSED CAN-SPAM CLAIM.

Facebook submits with its Supplemental Remedies Brief a proposed order including language instituting a permanent injunction against the defendants. (Dkt. No. 416-1 beginning at 1:23). The proposed language is overly broad in that it (1) restricts activity that is lawful and does not harm Facebook, such as prohibiting any commercial use of Facebook without Facebook's express permission, (2) prohibits activities specifically related to software production that are outside the scope of the CFAA and CPC § 502 and unconnected to Facebook, and (3) applies to third parties unrelated to the litigation.

### A.      Restriction of Lawful Commercial Activity.

Subpart A of Section 1 of the proposed injunction prohibits the defendants and a broad group of third parties from "Accessing or using, or directing, aiding, facilitating, causing, or conspiring

with others to use or access the Facebook website or servers for any commercial purpose, without Facebook's prior permission…" (Dkt. No. 416-1 at 2:3-5). This provision makes no mention of unlawful activity or to any activity specific to the statutes at issue in Facebook's complaint. The CFAA and CPC § 502 have no provision relating to activities for any kind of "commercial purpose." On its face, this subpart A does nothing more than give Facebook a competitive advantage over the defendants and third parties by holding the right to prevent them from utilizing Facebook's ubiquitous products, including Facebook Connect and other business tools, for any reason whatsoever.

This provision, as written, would specifically and detrimentally affect the ability of defendant Vachani to earn a living conducting perfectly lawful business since access to and use of facebook.com and Facebook's products are essential to operating in any kind of online or technology-centered business, which Mr. Vachani does. This harm to the defendants is inevitable if this breadth of injunction were simply in place, yet Facebook does not demonstrate any countervailing harm posed to Facebook if the defendants were not enjoined pursuant to this provision. Facebook does claim that it would suffer irreparable harm in the form of loss of goodwill and reputation if the injunction were not granted, yet (1) there is no rational relationship between Facebook's general claim of loss and the perfectly lawful activity Facebook seeks to restrict in subpart A, and (2) Facebook does not meet the legal requirement to establish the risk of irreparable harm to goodwill. There must be evidence of actual injury to support claims of "irreparable" injury. Facebook speculative losses relating to goodwill are insufficient. (*Goldie's Bookstore, Inc. v. Sup.Ct.* (9th Cir. 1984) 739 F2d 466, 472 —findings that plaintiff would lose goodwill and "untold" customers held speculative; *S.J.W. ex rel. Wilson v. Lee's Summit R–7 School Dist.* (8th Cir. 2012)

AROPLEX LAW
A California Law Practice

1   696 F3d 771, 779; *Big Country Foods, Inc. v. Board of Education of Anchorage School Dist.* (9th

2   Cir. 1989) 868 F2d 1085).

3       **B.    Restriction of Unrelated Activities.**

4       Section 1, subpart C prohibits software development activities that "allows the user to

5   engage in the conduct found to be unlawful." (Dkt. No. 416-1 at 2:14). This provision makes no

6   reference to the plaintiff or activity directed toward the plaintiff. Likewise, this provision

7   specifically covers activities associated with software development, sales, and use, which is not

8   within the scope of either the CFAA or CPC § 502. To the extent this provision is intended to

9   prohibit the conduct found to be unlawful, it should be limited to that language and scope and not

10  attempt to control one specific means of that conduct which is not an element of the statutes at

11  issues. Courts generally will not grant an injunction when the relief requested is "not of the same

13  character that could be granted finally," and involves matters "wholly outside of the issues in the

14  suit." (*Kaimowitz v. Orlando, Fla.* (11th Cir. 1997) 122 F3d 41, 43; *Omega World Travel, Inc. v.*

15  *Trans World Airlines* (4th Cir. 1997) 111 F3d 14, 16).

16      **C.    Imposition on Unrelated Third Parties.**

17      The proposed language attempts to impose a permanent injunction against using Facebook

18  for commercial purpose without Facebook's prior consent on persons and entities unrelated to the

19  activities at issues in this litigation in that it attempts to apply to "Defendants, their agents, officers,

20  contractors, directors, shareholders, employees, subsidiary companies or entities, affiliated or

21  related companies and entities, assignees, and successors-in-interest, and those in active concert or

22  participation with them…" (Dkt. No. 416-1 beginning at 1:25). Without any limit on Facebook's

23  power to refuse permission, his language reaches far beyond the scope of this litigation, particularly

24  with respect to the individual defendant, Mr. Vachani, who would undoubtedly be hindered in his

AROPLEX LAW
A California Law Practice

ability to obtain employment or raise capital or even engage in a business partnership if any person or entity who becomes associated with with Mr. Vachani were suddenly enjoined from conducting business as they otherwise are perfectly allowed. Injunctive relief may be refused where it would adversely affect the rights of persons who are not parties to the litigation. (*Horwitz v. Southwest Forest Indus., Inc.* (D NV 1985) 604 F.Supp. 1130, 1136; see *Publications Int'l, Ltd. v. Meredith Corp.* (7th Cir. 1996) 88 F3d 473, 478).

In summary, the defendants object specifically to Section 1, subparts A and C, and generally to any and all language prohibiting otherwise lawful actions by persons or entities unrelated to this litigation and to any restriction on the defendants' otherwise lawful actions subject to Facebook's unlimited discretion. Defendants further submit that in order to avoid unnecessary future litigation, any injunction against unlawful or harmful activities that the Court finds warranted and permissible under the facts of this case should include language to the effect that the defendants are not enjoined from utilizing authorized Facebook channels available to the public, including but not limited to Facebook Connect.

## VII.   CONCLUSION.

Based on the foregoing arguments, Defendants pray that this Court deny Facebook's request for compensatory damages and enter a judgment of $0.00 based on Facebook's failure to prove entitlement to the claimed amount and failure to provide evidence supporting a claim for any amount of compensable damages incurred during the Allowable Period. Defendants further pray this Court limit any injunctive relief to prohibiting only unlawful activities by the defendants and any entity within their exclusive control.

DATED: 3/29/2017                              AROPLEX LAW

                                  By:   /s/ Amy Sommer Anderson
                                      Amy Sommer Anderson
                                      Attorney for Defendant,
                                      Power Ventures, Inc.


Dated: 3/29/2017                              STEVEN VACHANI

                                  By:   /s/ Steven Vachani
                                      STEVEN VACHANI
                                      Steven Vachani (pro per)
                                      2425B Channing, #216
                                      Berkeley, CA  94704

        FILER'S ATTESTATION: Pursuant to General Order No. 45 §X(B), I attest under penalty

of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: 3/29/2017                              Respectfully submitted,

                                  By:   /s/ Amy Sommer Anderson
                                      Amy Sommer Anderson
                                      Attorney for Defendant,
                                      Power Ventures, Inc.

AROPLEX LAW
A California Law Practice

1    I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@goodwinlaw.com
2    GOODWIN PROCTER LLP
135 Commonwealth Drive
3    Menlo Park, CA  94025-1105
Telephone:     650-752-3100
4    Facsimile:     650-853-1038

5

6    MONTE COOPER (State Bar No. 196746)
mcooper@orrick.com
    ROBERT L. URIARTE (State Bar No. 258274)
7    ruriarte@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8    1000 Marsh Rd.
Menlo Park, California  94025
9    Telephone:     650-614-7400
Facsimile:     650-614-7401
10

    Attorneys for Plaintiff
11    FACEBOOK, INC.

12

13             UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                SAN JOSE DIVISION

16

17    FACEBOOK, INC.,           Case No. 5:08-cv-05780-LHK

18           Plaintiff,      **FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF**

19        v.

                              Date:        April 25, 2017
20    POWER VENTURES, INC. a Cayman Island   Time:        2:00 P.M.
    corporation, STEVE VACHANI, an individual;   Dept:        Courtroom 8, 4th Floor
    DOE 1, d/b/a POWER.COM, DOES 2-25,   Judge:       Hon. Judge Lucy H. Koh
21    inclusive,

22           Defendants.

23

24

25

26

27

28

ACTIVE/89744633.3

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................. 1

II.  RELEVANT FACTUAL BACKGROUND ........................................... 2

III. ARGUMENT ....................................................................................... 4

  A.  Facebook is entitled to $79,640.50 in Compensatory Damages for
      Remediation Expenses Incurred from December 2, 2008 through March 31,
      2009........................................................................................... 4

  B.  Facebook is Entitled to a Permanent Injunction Enjoining Defendants from
      Unauthorized Access to Facebook's Website ............................. 5

      1.  Defendants' Unauthorized Access Causes Facebook Irreparable Harm ......... 6

      2.  Monetary Damages are Insufficient ...................................... 8

      3.  The Balance of Hardships Favors Facebook ........................ 9

      4.  The Public Interest Weighs in Favor of an Injunction ........ 9

IV.  CONCLUSION ................................................................................. 10

i

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
CASE NO. 5:08-CV-05780-LHK

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Columbia Mach., Inc. v. Besser Co.*,
    2012 U.S. Dist. LEXIS 48633 (W.D. Wash. Apr. 5, 2012)...........................................8

*Craigslist, Inc. v. Troopal Strategies, Inc.*,
    2011 U.S. Dist. LEXIS 156825 (N.D. Cal. 2011) ....................................................9

*eBay, Inc. v. Bidder's Edge, Inc.*,
    100 F. Supp. 2d 1058 (N.D. Cal. 2000) ................................................................7

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)......................................................................................6

*EF Cultural Travel BV v. Explorica, Inc.*,
    274 F.3d 577 (1st Cir. 2001) ...........................................................................7

*Energy Power Co. v. Xiaolong Wang*,
    2013 U.S. Dist. LEXIS 170193 (D. Mass. Dec. 3, 2013)...........................................7

*Facebook, Inc. v. Power Ventures, Inc.*,
    844 F.3d 1058 (9th Cir. 2016) ....................................................................1, 3

*Facebook, Inc. v. Power Ventures, Inc.*,
    2013 U.S. Dist. LEXIS 137890
    (N.D. Cal. Sept. 25, 2013) ...................................................................6, 7, 8, 9

*Golden Gate Hotel Ass'n v. City of San Francisco*,
    836 F. Supp. 707 (N.D. Cal. 1993) .....................................................................8

*Hilao v. Marcos (In re Estate of Marcos)*,
    25 F.3d 1467 (9th Cir. 1994) ............................................................................8

*Liberty Media Holdings, LLC v. Vinigay.com*,
    2011 U.S. Dist. LEXIS 153615
    (D. Ariz. Dec. 27, 2011) ................................................................................8

*Moore v. Jas. H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) ...........................................................................4

*Optinrealbig.com, LLC v. Ironport Sys., Inc.*,
    323 F. Supp. 2d 1037 (N.D. Cal. 2004)................................................................7

*Phillip Morris USA Inc. v. Shalabi*,
    352 F. Supp. 2d 1067 (C.D. Cal. 2004) ...............................................................9

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
CASE NO. 5:08-CV-05780-LHK

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
   659 F.3d 1142 (Fed. Cir. 2011).................................................................8

*Sony Computer Entm't Am. LLC v. Hotz*,
   2011 U.S. Dist. LEXIS 13253 (N.D. Cal. Jan. 26, 2011) .........................7

*Tagged, Inc. v. Doe*,
   2010 U.S. Dist. LEXIS 5428 (N.D. Cal. Jan. 25, 2010) ......................8, 9

*Tracfone Wireless, Inc. v. Adams*,
   98 F. Supp. 3d 1243 (S.D. Fla. 2015) ......................................................7

*WIT Wälchli Innovation Techs. v. Westrick*,
   2012 U.S. Dist. LEXIS 7933 (S.D. Fla. Jan. 24, 2012) ...........................9

**Statutes**

18 U.S.C.A. § 1030(g) .....................................................................................6

15 U.S.C. § 7702 ............................................................................................7

28 U.S.C. § 1927 ............................................................................................5

California Penal Code § 502 ...............................................................1, 4, 6, 9

California Penal Code § 502(e)(1) ...................................................................6

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
CASE NO. 5:08-CV-05780-LHK

## I.    **INTRODUCTION**

The Ninth Circuit affirmed this Court's liability rulings under the Computer Fraud and Abuse Act ("CFAA") and California Penal Code § 502.  With respect to remedies, the Ninth Circuit remanded the case "to reconsider appropriate remedies under the CFAA and Section 502, including injunctive relief." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016). The Ninth Circuit further ordered that "[w]ith respect to damages, the district court shall calculate damages only for the period after Power received the cease and desist letter, when Power continued to access data contained in Facebook's servers and memory banks." *Id.*  This memorandum addresses the appropriate remedies in this case pursuant to the Ninth Circuit's decision.

Facebook, Inc. ("Facebook") requests that this Court (1) order Steve Vachani and Power Ventures, Inc. to jointly pay Facebook $79,640.50, and (2) issue a modified version of the Court's prior injunction directed only to Defendants CFAA and section 502 violations.

The following undisputed facts warrant Facebook's damage award:

1.     Both documents and testimony demonstrate that Vachani and Power received Facebook's cease and desist letter on December 1, 2008 in the evening.

2.     Facebook incurred a total of $80,543 in expenditures caused by Defendants' unauthorized access to Facebook's protected computers.  The Court previously found this amount "undisputed."

3.     Roughly $902.50 ($50 for internal expenditures and $852.50 in outside counsel expenses) of those expenditures occurred on December 1 and all other expenditures associated with Defendants' intrusion occurred on or after December 2.

4.     Applying simple math, the compensatory damages for December 2 and thereafter was $79,640.50.

As to injunctive relief, Facebook has narrowly tailored its requested relief to prevent Defendants from repeating their unlawful access to, and misappropriation of, Facebook's protected computers in violation of the CFAA and California Penal Code § 502.  Despite repeated requests, Defendants have not identified anything wrong with Facebook's proposed injunction and have not

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
CASE NO. 5:08-CV-05780-LHK

1    shared any reason to deny injunctive relief.  This Court's previous decision issuing injunctive relief

2    was correct and should not be disturbed.

3    **II.     RELEVANT FACTUAL BACKGROUND**

4            The following facts are not in dispute.  They are established by the Declaration of Joseph

5    Cutler in Support of Facebook's Supplemental Damages Brief ("Cutler Supp. Decl."), the deposition

6    testimony of both Power and Vachani, and the previous evidentiary record.  *See* Dkt. No. 275 and

7    Dkt. No. 373.  The Court previously found these latter two submissions undisputed.  Dkt. No. 373 at

8    26.

9            Defendant Power Ventures ("Power") is a Cayman Islands entity and Defendant Steven

10   Vachani ("Vachani") is Power's former CEO.  Sometime prior to December 1, 2008, Defendants

11   created software designed to proxy Facebook's website, scrape data from Facebook's protected

12   computers, and then use that data to generate advertising emails using Facebook's internal and

13   external messaging systems.  Dkt. No. 189, at ¶¶ 2-4; Dkt. No. 214, Ex. 3; Dkt. No. 299, Ex. 8.

14   Defendants at all times prior to December 1, 2008 knew that their conduct violated Facebook's terms

15   of use, and anticipated that Facebook would employ technical means to counter Defendants' acts.

16   Dkt. No. 248, Ex. 4, at 279:13-280:19; Dkt. No. 299, Ex. 14 at 121:24-122:1; 122:19-20.  So,

17   Defendants "intentionally implemented a system that would be immune to such technical barriers."

18   Dkt. No. 275 at 17.

19           Power launched its website service connecting to Facebook on December 1, 2008.  Dkt.

20   No. 299, Ex. 8.  On December 1, 2008, Facebook's Security Incident Response team ("SIR")

21   determined that the website located at the URL http://www.power.com was running an automated

22   scripting routine to harvest and download data from Facebook's website.  Dkt. No. 214, Ex. 9

23   (McGeehan Decl.), ¶ 7.  On that same day, Facebook's outside counsel emailed Power a cease and

24   desist letter instructing Power to terminate its activities on Facebook's website.  Dkt. No. 214, Ex. 8

25   (Cutler Decl.), ¶¶ 2-6 & Ex. A; Cutler Supp. Decl. ¶ 5.  Cutler spent ██████ on December 1, 2008

26   in conjunction with his preparation and service of Facebook's cease and desist letter, amounting to

27   $852.50 of billed legal work.  Cutler Supp. Decl. ¶6.  No other Perkins Coie attorney or employee

28

                                            2                    FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
                                                                  CASE NO.  5:08-CV-05780-LHK

1   other than Cutler billed time for work related to Power or the cease and desist letter on December 1,

2   2008. *Id.*

3           As shown in emails and sworn testimony, Defendants received Facebook's letter no later

4   than 7:54 p.m. Pacific Time on December 1, 2008.  Dkt. No. 299, Ex. 3; *see also* Declaration of

5   Monte Cooper in Support of Facebook's Supplemental Damages Brief ("Cooper Supp. Decl."),

6   Ex. 1 (Vachani 7/20/11 Dep. Tr.), at 290:1-9;  Ex. 2 (3/7/12 Power Dep. Tr.), at 70:9-71:5, 98:5-

7   100:6, Ex. 3 (Dep. Ex. 238, December 2, 2008 email from Herrara to Vachani).  Just minutes later, at

8   8:01 p.m., Vachani forwarded the cease and desist letter to other Power employees, and instructed

9   that Power needed "to be prepared for Facebook to try and block us and turn this into a national

10  battle that gets us huge attention." Dkt. No. 299, Ex. 3.

11          After Defendants' receipt of Facebook's cease and desist letter, Defendants continued to

12  access Facebook's website.  Dkt. No. 214, Ex. 8 (Cutler Decl.), ¶¶ 7-15 & Ex. C; Dkt. No. 214, Ex.

13  9 (McGeehan Decl.), ¶¶ 13-17; Cooper Supp. Decl. Ex. 2 (Power 3/7/12 Depo. Tr.), at 153:15-162:3;

14  Ex. 4 (Dep. Ex. 245, Power email chain beginning December 23, 2008 and ending December 29,

15  2008); Cutler Supp. Decl. ¶ 8.  For instance, Defendants continued to secretly circumvent

16  Facebook's technical barriers, ignoring their Director of Legal Operations' repeated pleas to consult

17  legal counsel.  *See generally* Dkt. No. 299, at 8-9 (including evidence referenced).  Vachani

18  repeatedly misrepresented to Facebook's counsel that Defendants would comply with Facebook's

19  demands, only to abruptly change course after weeks of assurances.  Dkt. No. 57-1 (Avalos Decl.

20  Exhibit A, email correspondence between Facebook's counsel and Vachani); Dkt. No. 214, Ex. 8

21  (Cutler Decl.), ¶¶ 7-15 & Ex. C.  Not only did Defendants refuse to comply with Facebook's

22  demands, they upped the ante.  As part of the power.com "Launch Promotion," Defendants—*after*

23  December 1, 2008—accessed Facebook's website and sent over 60,000 external e-mails and an

24  unknown number of internal Facebook messages through Facebook's system.  *Power Ventures,* 844

25  F.3d at 1063.

26          Defendants' unauthorized access to Facebook's website after December 1, 2008 caused

27  Facebook to incur two types of expenses.  First, Facebook incurred internal costs attributable to

28  investigating and remediating Defendants' conduct.  Former Facebook SIR team employee Ryan

3

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
CASE NO. 5:08-CV-05780-LHK

McGeehan[1] spent 50 hours of time beginning in December of 2008 through March 23, 2009 attempting to remediate Defendants' unauthorized access to Facebook's website.  These internal costs are valued at $5,000 (or $100/hour).  Dkt. No. 214, Ex. 9 (McGeehan Decl.), ¶ 17; Cooper Supp. Decl. Ex. 5 (Expert Damages Report of Richard Ostiller), at ¶¶ 16-21 & Schedules 1 & 1a). McGeehan's tickets reflect that he worked on the Power investigation on December 1, 2008 from 11:42 a.m. Pacific Time, to 12:13 p.m. – *i.e.* a total of 31 minutes or $50 worth of time—the rest of his work was performed on December 2, 2008 or thereafter, within the damages period established by the Ninth Circuit.  Dkt. No. 214, Ex. 9 (McGeehan Decl.), ¶ 17 & Ex. 4.

Second, Facebook incurred $75,543 in attorneys' fees on and after December 1, 2008 through March 2009 in an attempt to halt and remediate Defendants unlawful actions.  Cooper Supp. Decl. Ex. 5 at ¶¶ 22-29 & Schedule 1.   All but ▮▮▮▮▮ (or $852.50) of these legal fees were incurred on and after December 2, 2008.  Cutler Supp. Decl. ¶¶ 6, 7.

## III.   ARGUMENT

Consistent with the doctrine of law of the case and the Court's case management order, this memorandum discusses only two issues:  (1) compensatory damages, and (2) injunctive relief. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 833 (9th Cir. 1982) (discussing limited scope of permissible district court action after prior appellate decision remanded for determination of three discrete issues).

### A.    Facebook is entitled to $79,640.50 in Compensatory Damages for Remediation Expenses Incurred from December 2, 2008 through March 31, 2009

This Court previously awarded Facebook $80,543 in compensatory damages for Defendants' violations of the CFAA and Penal Code Section 502 that occurred between December 1, 2008 and March 31, 2009.  Dkt. No. 373, at 34.  This amount was calculated from the fact that Facebook incurred $5000 in damages as a result of the internal remediation efforts, as well as an additional $75,543 that were billed to the company in attorney fees for these same activities as a result of the external remediation efforts of its outside legal counsel at Perkins Coie.  *Id.*; Cooper Supp. Decl. Ex.

---

[1] During the pendency of Defendants' appeal of this Court's summary judgment rulings, Mr. McGeehen departed Facebook as an employee.

5 (Expert Damages Report of Richard Ostiller), at ¶¶ 16-29 & Schedules 1-1b).  The Court found this amount undisputed.  Dkt. No. 373 at 26.

The Ninth Circuit limited damages only to the period <u>after</u> Defendants received Facebook's cease and desist letter.  Undisputed evidence shows that Defendants received the letter in the evening of December 1, 2008.  Cooper Supp. Decl., Ex. 1 (Vachani 7/20/11 Dep. Tr.), at 290:1-9; Ex. 2 (3/7/12 Power Dep. Tr.), at 70:9-71:5, 98:5-100:6, Ex. 3 (Dep. Ex. 238, December 2, 2008 email from Herrara to Vachani).  The compensatory damages on or after December 2, 2008 were $79,640.50.  $4,950 of these damages were internal expenditures and $74,690.50 were external expenditures. [2]

Facebook's internal compensatory damages are approximately $4,950.  The time-stamped tickets of Facebook SIR team employee Ryan McGeehan for December 1, 2008 reflect he devoted only 31 minutes to investigating Power on that date.  Dkt. No. 214, Ex. 9 (McGeehan Decl.), ¶ 17 & Ex. 4.  Mr. McGeehan's effective rate is $100/hour.  As Mr. McGeehan's time on December 1 was 31 minutes (and all other time was after December), this Court need only reduce its prior $5,000 award by $50.  Dkt. No. 214, Ex. 9 (McGeehan Decl.), ¶ 17; Cooper Supp. Decl. Ex. 5 (Expert Damages Report of Richard Ostiller), at ¶¶ 16-21 & Schedules 1 & 1a).

Facebook's external compensatory damages are an additional $74,690.  Facebook originally sought $75,543 for external attorney fees.  $852.50 ███████████ of those fees were incurred on December 1, 2008.  Cutler Supp. Decl. ¶¶ 6, 7.  All other fees occurred on or after December 2.  Applying simple math, the undisputed amount due for external damages is $74,690.50.  <i>Id.</i>

**B.**   <u>**Facebook is Entitled to a Permanent Injunction Enjoining Defendants from**</u>
<u>**Unauthorized Access to Facebook's Website**</u>

Facebook requests a circumscribed form of this Court's prior injunction revised to remove provisions enjoining Defendants from sending spam messages to Facebook users and from making misleading factual representations in connection with advertising or selling services.  These provisions were predicated on Facebook's CAN-SPAM Act claims and are no longer included in

---

[2] Facebook reserves its right to seek attorney fees pursuant to 28 U.S.C. § 1927 or the Court's inherent powers in the event Defendants once again attempt to raise any of these already rejected positions in their own damages papers.

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
CASE NO. 5:08-CV-05780-LHK

Facebook's proposed injunction.[3]  Facebook's proposed injunction would enjoin Defendants from (1) accessing or using Facebook's websites or servers for any commercial purpose (including for the purpose of sending spam) without Facebook's prior permission; (2) using any data obtained as a result of Defendants' unlawful conduct; and (3) developing or distributing any software that allows users to engage in conduct found to be unlawful.  Facebook's proposed injunction would also require Defendants to destroy (1) all software, scripts, or code designed to access or interact with Facebook; and (2) all data obtained or derived from Defendants' unlawful conduct.  This relief is narrowly tailored to redress the irreparable harm caused by Defendants' violations of the CFAA and Section 502.  In short, Facebook seeks an injunction preventing Defendants from engaging in the conduct found unlawful in this case and prohibiting Defendants from using the ill-gotten Facebook data that remains in their possession.

As this Court found before, Facebook is entitled to a permanent injunction because (1) Defendants' conduct causes irreparable injury, (2) monetary damages alone are inadequate relief, (3) the balance of hardships counsel in favor of the relief requested by Facebook, and (4) the public interest will be served by entry of a permanent injunction.  *Facebook, Inc. v. Power Ventures, Inc*., No. 08-CV-5780-LHK, 2013 U.S. Dist. LEXIS 137890, *53 (N.D. Cal. Sept. 25, 2013) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006); 18 U.S.C.A. § 1030(g) (authorizing injunctive relief); California Penal Code § 502(e)(1) (same).  This Court should apply its previous ruling here.

### 1.    **Defendants' Unauthorized Access Causes Facebook Irreparable Harm**

As this Court previously found, Defendants' CFAA and Section 502 violations inflicted at least two irreparable injuries on Facebook, *see Facebook, Inc. v. Power Ventures, Inc.*, 2013 U.S. Dist. LEXIS 137890, *55.  First, Defendants' infiltration of Facebook's network caused Facebook

---

[3] The first two provisions of the Court's original injunction prohibited Defendants from "A. Sending, or assisting others in the sending of, or procuring the sending of unauthorized or unsolicited commercial electronic text messages to users of the Facebook website, www.facebook.com, or via the Facebook website or service" and "B. Making or assisting others in making, any false or misleading oral or written statement or representation of material fact when advertising, promoting or selling any good or service." Dkt. No. 373.  Facebook's proposed injunction removes these CAN-SPAM Act related prohibitions.

1  irreparable harm in the form of interference with Facebook's right to exclude others from using its

2  protected computers.  *See, e.g., Sony Computer Entm't Am. LLC v. Hotz*, No. CV11 0167JCS, 2011

3  U.S. Dist. LEXIS 13253, *3 (N.D. Cal. Jan. 26, 2011) (granting CFAA injunction based on finding

4  that unauthorized access to PlayStation Network created irreparable harm); *Energy Power Co. v.*

5  *Xiaolong Wang,* No. 13-11348-DJC, 2013 U.S. Dist. LEXIS 170193, *28-29 (D. Mass. Dec. 3,

6  2013) (analogizing CFAA violations to trespass and holding that interference with plaintiff's right to

7  its computers amounted to irreparable harm warranting injunction); *Ebay, Inc. v. Bidder's Edge, Inc.*,

8  100 F. Supp. 2d 1058, 1071-1072 (N.D. Cal. 2000) (similar, enjoining defendant from scraping

9  eBay's website based on trespass to chattels theory); *Tracfone Wireless, Inc. v. Adams*, 98 F. Supp.

10  3d 1243, 1256 (S.D. Fla. 2015) (granting CFAA injunction because "impairing the integrity of

11  TracFone's proprietary computer system" amounted to irreparable harm); *EF Cultural Travel BV v.*

12  *Explorica, Inc.*, 274 F.3d 577, 580, 585 (1st Cir. 2001) (upholding an injunction barring defendants

13  from using a "scraper program" and requiring the return of all information generated through the

14  scraper).

15       Second, Defendants used their unauthorized access to engage in unauthorized commercial

16  activity, which hurt Facebook's user experience and damaged its goodwill.[4]  Dkt. No. 214, Ex. 9 at

17  ¶ 6. d.  Injury to goodwill is a quintessential form of irreparable harm.  *Optinrealbig.com, LLC v.*

18  *Ironport Sys., Inc.,* 323 F. Supp. 2d 1037, 1050 (N.D. Cal. 2004) (emphasis added) ("Damage to a

19  business' goodwill is typically an irreparable injury because it is difficult to calculate").  The Ninth

20  Circuit's holding that Defendants' spam was not "materially misleading" for purposes of the CAN-

21  SPAM Act does nothing to alter this Court's conclusion that Defendants' conduct injured

22  Facebook's goodwill.  *Facebook, Inc. v. Power Ventures, Inc.*, 2013 U.S. Dist. LEXIS 137890, *58

23

24

_____

25  [4] The Ninth Circuit held that because Facebook's automated system was involved in transmission of
    the subject emails, Facebook was technically one of multiple entities that "initiated" the Power
26  Launch Promotion emails for purposes of 15 U.S.C. § 7702. Therefore, the Ninth Circuit found that
    email header information was not "materially misleading" for listing "Facebook" in the sender line
27  of the email.  *Power Ventures*, 844 F.3d at 1065. Nevertheless, the fact remains that Power took data
    from Facebook's protected computers without authorization and then used that data to send the type
28  of commercial spam emails that detract from Facebook user experience.

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
                                     CASE NO. 5:08-CV-05780-LHK

& n. 17 (citing ECF 218-8 at ¶ 5[5], Declaration of Ryan McGeehan in support of Facebook's Motion for Partial Summary Judgment: "spam messages detract from the overall Facebook experience and are sometimes a source of complaints by Facebook users").

### 2.   Monetary Damages are Insufficient

This Court correctly found that monetary damages are an insufficient remedy in this case for three reasons.  First, money damages will not ensure that Defendants refrain from unauthorized access to and scraping of Facebook's protected computers, which remains a possibility given Defendants' history of bad faith conduct.  *Facebook, Inc. v. Power Ventures, Inc.*, 2013 U.S. Dist. LEXIS 137890, *58-60 (noting "Defendants may still possess the software that enabled their illegal activities" and that Defendants actively circumvented Facebook's security measures.'"); *Golden Gate Hotel Ass'n v. City of San Francisco*, 836 F. Supp. 707, 709 (N.D. Cal. 1993) ("[I]njunction[s] [are] appropriate where a federal litigant has prevailed on the merits, yet is threatened with burdensome and repetitious relitigation of the same issues in a multiplicity of actions").  In fact, the nature of Defendants' conduct creates a likelihood of future violations that warrants an injunction, *Tagged, Inc. v. Doe*, No. C 09-01713 WHA, 2010 U.S. Dist. LEXIS 5428, *33-34 (N.D. Cal. Jan. 25, 2010) (issuing permanent injunction where "deliberately implemented [] tactics to circumvent plaintiff's security measures such as creating intermediary landing pages…and using IP addresses from other parts of the world").  Second, monetary damages are not an adequate remedy for future disruption of Facebook's services, network capacity, or goodwill.  Third, monetary damages are an insufficient remedy in light of Defendants' insolvency.  *Hilao v. Marcos (In re Estate of Marcos)*, 25 F.3d 1467, 1480 (9th Cir. 1994) (insolvency may render monetary remedies inadequate); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (defendant's inability to pay damages weighed in favor of injunction); *accord Columbia Mach., Inc. v. Besser Co.*, No. 10-cv-5667 RBL, 2012 U.S. Dist. LEXIS 48633, at *9 (W.D. Wash. Apr. 5, 2012) (monetary damages inadequate where defendant cannot satisfy damages award); *Liberty Media Holdings, LLC v.*

---

[5] The Court's order mistakenly cited the McGeehan declaration as ECF 218-8, but the correct docket entry is ECF 214, Ex. 9.

FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
CASE NO. 5:08-CV-05780-LHK

1    *Vinigay.com,* No. CV-11-280-PHX-LOA, 2011 U.S. Dist. LEXIS 153615, at *51 (D. Ariz. Dec. 27,

2    2011) (similar).

3                    **3.      The Balance of Hardships Favors Facebook**

4            Defendants' violations of law have already caused Facebook to suffer hardship, and an

5    injunction would protect Facebook from further hardship by deterring Defendants from future

6    misconduct, and by providing a speedy pathway to relief in the event of future violations of the

7    CFAA or California Penal Code section 502 by Defendants.  *Tagged,* 2010 U.S. Dist. LEXIS 5428,

8    2010 WL 370331, at *12 (granting a preliminary injunction against a defendant who violated CFAA

9    and California Penal Code § 502 in part because defendant might engage in future violations). On

10   the other hand, an injunction would work no hardship on Defendants, as they have no legitimate

11   interest in carrying out the acts identified in Facebook's proposed injunction.  *See Phillip Morris*

12   *USA Inc. v. Shalabi,* 352 F. Supp. 2d 1067, 1075 (C.D. Cal. 2004) (hardship attendant to enjoining

13   illegal activity does not weigh against injunction).

14           There is no reason why Defendants should not be enjoined from further unlawful acts or

15   from using data obtained via such acts.  During the February 15, 2017 case management conference,

16   the Court asked Defendants if they had any problems with Facebook's proposed injunction, and

17   Defendants were unable to identify any issues whatsoever.  Facebook had repeatedly asked

18   Defendants to identify any concerns with its proposed injunction.  Defendants have not articulated

19   any specific objection to Facebook's proposed injunction.

20                   **4.      The Public Interest Weighs in Favor of an Injunction**

21           "The public interest weighs in favor of an injunction as well, and courts in this district have

22   reached this conclusion in analogous cases." *Facebook, Inc. v. Power Ventures, Inc.,* 2013 U.S.

23   Dist. LEXIS 137890, *63-66 (citing *Craigslist, Inc. v. Troopal Strategies, Inc.,*No. C 09-04741 JW,

24   2011 U.S. Dist. LEXIS 156825, at *11 (N.D. Cal. 2011) (holding injunction would be in the public

25   interest where defendant violated CFAA)); *WIT Wälchli Innovation Techs. v. Westrick,* No. 12-CIV-

26   20072-COHN/SELTZER, 2012 U.S. Dist. LEXIS 7933, *11 (S.D. Fla. Jan. 24, 2012) ("A

27   permanent injunction would effectively serve the public interest by protecting businesses from

28   violations of the CFAA").

1    **IV.    CONCLUSION**

2         For these reasons, Facebook requests that the Court enjoin Defendants as requested and

3    award compensatory damages in the amount of $79,640.50

4

5    Dated: March 8, 2017                    Respectfully Submitted,

6                                            By:    /s/ I. Neel Chatterjee

7                                                   I. NEEL CHATTERJEE
                                                    nchatterjee@goodwinlaw.com
8                                                   GOODWIN PROCTER LLP
                                                    135 Commonwealth Drive
9                                                   Menlo Park, CA  94025-1105
                                                    Telephone:     650-752-3100
10                                                  Facsimile:     650-853-1038

11                                                  MONTE COOPER
                                                    mcooper@orrick.com
12                                                  ROBERT L. URIARTE
                                                    ruriarte@orrick.com
13                                                  ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                    1000 Marsh Rd.
14                                                  Menlo Park, California  94025
                                                    Telephone:     650-614-7400
15                                                  Facsimile:     650-614-7401

16                                                  Attorneys for Plaintiff
                                                    FACEBOOK, INC.

17

18

19   OHSUSA:766470456.8

20

21

22

23

24

25

26

27

28

                                    10        FACEBOOK'S SUPPLEMENTAL REMEDIES BRIEF
                                              CASE NO.  5:08-CV-05780-LHK

# EXHIBIT 5

# REDACTED

FACEBOOK, INC.,

PLAINTIFF,

V.

POWER VENTURES, INC. DBA POWER.COM, ET AL,

DEFENDANTS

_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CASE NO. C-08-05780-JW

EXPERT REPORT OF RICHARD J. OSTILLER

NAVIGANT CONSULTING, INC.

DECEMBER 19, 2011

RICHARD J. OSTILLER

Highly Confidential – Attorneys' Eyes Only

EXPERT REPORT OF RICHARD J. OSTILLER, DECEMBER 19, 2011

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................................1

II.   CASE BACKGROUND........................................................................................................2

III.  WORK PERFORMED .........................................................................................................3

IV.   EXECUTIVE SUMMARY ..................................................................................................3

V.    OPINIONS............................................................................................................................4

Highly Confidential – Attorneys' Eyes Only

This expert report includes my initial opinions in the matter of Facebook, Inc. ("Facebook") v. Power Ventures, Inc. dba Power.com, et al. (collectively, "Power" or "Defendants"). The report contains five parts. The first part describes my credentials, including my professional and academic experience. The second part provides background information on the parties involved and the current dispute. The third part describes the work my team and I performed on this engagement. The fourth part contains an executive summary of my opinions. The final part includes my detailed findings and conclusions.

## I.    INTRODUCTION

1.    The attached resume (**Attachment A**) describes my professional experience, educational history, prior testimony, and professional affiliations. **Attachment B** lists cases in which I have testified as an expert witness either at trial, arbitration, or deposition during the last four years, as well as my publications and presentations since 2001.

2.    I am a Managing Director in the Palo Alto office of Navigant Consulting, Inc. ("NCI"). I have over 30 years of professional experience, primarily providing accounting and financial consulting services, including expert witness services, to attorneys and clients in numerous industries. I earned a Master in Business Administration from the University of Chicago in 1985, and a Bachelor of Arts degree in Economics from Stanford University in 1980. I am a Certified Public Accountant ("CPA") in the state of California.

3.    Orrick, Herrington & Sutcliffe LLP, on behalf of Facebook, retained NCI to render opinions related to damages in this matter. If the Defendants submit an expert report related to damages, I may respond to that report in a subsequent rebuttal report.

4.    NCI is being compensated for my work on this matter. My current hourly rate on this engagement is $600 per hour. NCI's compensation does not depend on the outcome of this matter. Either I, or NCI personnel under my supervision, performed the work on this project.

1

Highly Confidential – Attorneys' Eyes Only

## II.    CASE BACKGROUND

5.      Facebook is a social networking site founded in February 2004.[1]  Facebook developed and operates one of the most popular social networking sites on the Internet that connects people with their friends, family, and co-workers.[2]  Presently, Facebook has over 800 million active users.[3]

6.      Power began operations in 2006.[4]  According to its founder, Mr. Steven Vachani, in late 2008, Power offered browsing capabilities that provided "users value added features across their Internet experience."[5]

7.      In its First Amended Complaint (the "Complaint"), Facebook alleges that starting in late 2008 and continuing into early 2009 (the "Relevant Period"), Power engaged in numerous unauthorized activities, including:

  a.  conducting commercial activity on Facebook's website;

  b.  using user accounts to access Facebook's computer systems;

  c.  storing Facebook user passwords outside Facebook's network, and outside the control of Facebook's security staff; and

  d.  using automated scripts to collect information from or otherwise interact with Facebook's website or to access Facebook's computers to scrape user data and display it on Power's website.[6]

8.      As a result of these alleged unauthorized activities during the Relevant Period, Facebook claims that Power violated several laws, including the:

  a.  Controlling the Assault of Non-Solicited Pornography And Marketing ("CAN-SPAM") Act (15 U.S.C., Section 7701);

  b.  Computer Fraud and Abuse Act (18 U.S.C., Section 1030); and

---

[1]  http://www.facebook.com/facebook.

[2]  First Amended Complaint, filed January 13, 2009, page 2.

[3]  Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 1.

[4]  Deposition of Mr. Steven Vachani, dated July 20, 2011, page 21.

[5]  POWER 2011.02.03.0000082.

[6]  First Amended Complaint, filed January 13, 2009, pages 10-11.  The Complaint (page 3) indicates Power's unauthorized activities continued as of the filing date.

2

Highly Confidential – Attorneys' Eyes Only

c.  California Comprehensive Computer Data Access and Fraud Act (California Penal
    Code, Section 502).[7]

9.      Power denies the vast majority of the allegations in the Complaint.[8]

## III.   WORK PERFORMED

10.     My team and I have reviewed case materials provided by counsel. These materials
include court filings, deposition transcripts, and other relevant items. In addition, my team and
I discussed pertinent issues with outside counsel, and conducted interviews with the following
individuals:

a.  Mr. Ryan McGeehan, Security Manager, Facebook Security Incident Response
    ("SIR") team (July 6, 2011, and October 18, 2011);

b.  Sam O'Rourke, Esq., Deputy General Counsel, Facebook (September 8, 2011); and

c.  Joseph Cutler, Esq., Perkins Coie LLP (October 10, 2011).

Craig Clark, Esq., from Facebook's legal department, also participated in several interviews.

11.     **Attachment C** summarizes the materials my team and I have considered. Based on my
review and analysis of these materials, I have reached opinions related to damages in this
matter.

12.     I may prepare graphical or illustrative exhibits to use at trial, based on my analysis of
relevant documents and information. If additional information becomes available subsequent
to the report date, I may supplement the opinions and analyses expressed in this report.

## IV.   EXECUTIVE SUMMARY

13.     Facebook is entitled to both compensatory damages for costs incurred to respond to
Power's unauthorized activities during the Relevant Period, and statutory damages under

---

[7] First Amended Complaint, filed January 13, 2009, pages 15-21.

[8] Defendants' Motion for Summary Judgment, filed May 9, 2011, page 3. In preparing my damages
analyses, I have assumed that Defendants are liable for the allegations in the Complaint.

3

Highly Confidential – Attorneys' Eyes Only

CAN-SPAM.[9]   The compensatory damages total $80,543, consisting of $5,000 for internal personnel costs, and $75,543 for outside legal services. The statutory damages total $18,188,100, consisting of $6,062,700 in base statutory damages, and $12,125,400 in aggravated damages. In my opinion, Facebook is entitled to total damages of $18,268,643 ($80,543 + $18,188,100). (See Summary Schedule.)

## V.   OPINIONS

14.   This part includes my initial opinions in this matter and includes two subparts. The first subpart covers Facebook's compensatory damages for costs incurred to respond to Power's unauthorized activities during the Relevant Period.  The second subpart addresses Facebook's entitlement to statutory damages under CAN-SPAM.

### A. Compensatory Damages

15.   This subpart includes my analysis of Facebook's compensatory damages.  Facebook incurred two categories of costs in response to Power's unauthorized activities: 1) the effort of internal personnel to address Power's actions; and 2) outside legal fees.  Schedule 1 shows that Facebook's compensatory damages resulting from Power's unauthorized actions total $80,543.

#### 1.   Internal Effort

16.   Mr. Ryan McGeehan is the Security Manager on Facebook's SIR team.[10] Mr. McGeehan participated in Facebook's initial response to Power's unauthorized activities on Facebook's website in late 2008.[11]  Mr. McGeehan notified Facebook's legal department about the issue, and after some internal deliberation, Facebook decided to block Power's IP address from accessing Facebook.[12]

17.   Over the next few weeks, Mr. McGeehan and network operations staff would block traffic from Power's IP address, only to have Power change its IP address and service provider,

---

[9] See statutory damages discussion in Facebook's Motion for Partial Summary Judgment on Count 1 (CAN-SPAM), filed November 14, 2011, pages 16-18.

[10] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 1.

[11] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 3.

[12] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 4.

4

Highly Confidential – Attorneys' Eyes Only

and access Facebook again, at which point he would block the new IP address.[13] At one point, Power changed to an IP address associated with a shared amazon.com server.[14] In that case, Mr. McGeehan elected not to block Power, because doing so could have denied legitimate amazon.com users access to Facebook.[15]

18.     In addition to notifying in-house counsel and blocking Power's access to Facebook, Mr. McGeehan attended several meetings and collaborated with in-house counsel and outside counsel to respond to Power's unauthorized activities.[16]

19.     Mr. McGeehan estimates that "[i]n addition to the many hours of time [he] spent investigating and discussing with Facebook personnel the problems associated with the Power website's proxying of Facebook, … [he] spent at least three to four days of [his] own engineering time addressing other security issues Power presented for Facebook and its users."[17] Mr. McGeehan estimates that he spent approximately 50 hours responding to Power's unauthorized activities during the Relevant Period.

20.     In calculating the cost of internal personnel, I have used a rate of $100 per hour for the fully burdened payroll costs of Mr. McGeehan.  The fully burdened rate includes his estimated salary and fringe benefits.

21.     Schedule 1a shows that Facebook's compensatory damages from the internal effort of Mr. McGeehan totals $5,000.  I understand other Facebook personnel, including in-house counsel, assisted Mr. McGeehan with the internal response to Power's unauthorized activities.  I have not yet quantified the effort of other Facebook employees, and may update my damages calculation to reflect this additional internal effort.

---

[13] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 5.
[14] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 6.
[15] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 6.
[16] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 4.  Declaration of Joseph Cutler, Esq., dated December 19, 2011, page 1.
[17] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 6.

Highly Confidential – Attorneys' Eyes Only

2. Underlined: External Effort

22.     Facebook engaged Perkins Coie in late 2008 to assist with Facebook's response to Power's unauthorized activities.[18]   The Perkins Coie attorney primarily responsible for this effort was Joseph Cutler, Esq.[19]  Mr. Cutler's assignment was to identify the abuser and respond to the abuse.[20]

23.     Mr. Cutler initially conducted forensic analyses in collaboration with SIR, until he identified Power as the entity responsible for the unauthorized access.[21]  On December 1, 2008, Mr. Cutler sent a letter (the "Cease and Desist Letter" or the "Letter") notifying Power that "[i]t has come to Facebook's attention that [Power] is soliciting and storing Facebook user login information, scraping content from Facebook, and sending unsolicited commercial messages to Facebook users through [Power's] website: http://www.power.com."[22]

24.     The Cease and Desist Letter informed Power that its website's functionality breached Facebook's Terms of Use and may violate the California Comprehensive Computer Data Access and Fraud Act (CA Penal Code, Section 502(c)); the California Anti-Phishing Act of 2005 (CA Business and Professional Code, Section 22948); the Computer Fraud and Abuse Act (18 U.S.C., Section 1030); the CAN-SPAM Act (15 U.S.C., Section 7701); and other California laws prohibiting interference with Facebook's business expectations and interests.[23]

25.     The Cease and Desist Letter also stated that Power was displaying the Facebook trademark on its website without Facebook's authorization, and that visitors to Power's website could incorrectly believe that Facebook had approved or had become affiliated with Power's website.[24]

---

[18] Declaration of Joseph Cutler, Esq., dated November 14, 2011, page 1.
[19] Declaration of Joseph Cutler, Esq., dated November 14, 2011, page 1.
[20] Declaration of Joseph Cutler, Esq., dated November 14, 2011, page 1.
[21] Declaration of Joseph Cutler, Esq., dated November 14, 2011, page 1.
[22] Letter from Joseph Cutler, Esq., Perkins Coie, to Power, dated December 1, 2008. (POWER 2011.02.03.000001 - 2011.02.03.000003.)
[23] Letter from Joseph Cutler, Esq., Perkins Coie, to Power, dated December 1, 2008. (POWER 2011.02.03.000001 - 2011.02.03.000003.)
[24] Letter from Joseph Cutler, Esq., Perkins Coie, to Power, dated December 1, 2008. (POWER 2011.02.03.000001 - 2011.02.03.000003.)

6

Highly Confidential – Attorneys' Eyes Only

26.     The Letter requested Power confirm by December 3, 2008 that it had ceased and desisted from the activities described.[25]

27.     Rather than comply with Facebook's requests in the Cease and Desist Letter, Power sought to take advantage of the situation. In an email to colleagues after receiving the Letter, Mr. Vachani suggested they "think carefully how to transform this into an opportunity for Power."[26] In that same email, Mr. Vachani noted that Power needs "to be prepared for Facebook to try and block us and the [sic] turn this into a national battle that gets us huge attention."[27] Presumably aware that others, including Facebook, might take exception to his suggestions, he closed the email to his colleagues with the admonition that they "[k]eep this letter confidential."[28]

28.     Over the next few weeks, Mr. Cutler and Mr. Vachani corresponded on several occasions. (Exhibit 1 includes selected emails during that period.)[29] In summary, Exhibit 1 shows Power seeking time to integrate Facebook Connect into its main login page, Facebook agreeing to Power's request, and Power asking for an extension.[30,31] In an email dated December 26, 2008, however, Mr. Vachani informed Mr. Cutler that Power had determined its integration solution would take much longer than previously anticipated, and that Power had made a "business decision" not to comply with Facebook's requests to remove Facebook compatibility from its website.[32]

---

[25] Letter from Joseph Cutler, Esq., Perkins Coie, to Power, dated December 1, 2008. (POWER 2011.02.03.000001 - 2011.02.03.000003.)

[26] Email from Mr. Steven Vachani to Mr. Felipe Herrera and Mr. Eric Santos, December 1, 2008. (POWER 2011.02.03.0000089.)

[27] Email from Mr. Steven Vachani to Mr. Felipe Herrera and Mr. Eric Santos, December 1, 2008. (POWER 2011.02.03.0000089.)

[28] Email from Mr. Steven Vachani to Mr. Felipe Herrera and Mr. Eric Santos, December 1, 2008. (POWER 2011.02.03.0000089.)

[29] See, for example, emails dated December 12, 15, and 17, 2008, and references to other interaction in those messages. (Exhibit 1 - FBPOWER00296 – FBPOWER00299.)

[30] See emails dated December 12, 15, and 17, 2008, and references to other interaction in those messages. (Exhibit 1 – FBPOWER00296 – FBPOWER00299.)

[31] Facebook Connect "allows users to "connect" their Facebook identity, friends and privacy to any site using a trusted authentication interface." (Complaint, page 7.)

[32] Email from Steven Vachani to Joseph Cutler, dated December 26, 2008. (POWER 2011.02.03.0000082 - POWER 2011.02.03.0000085.)

7

Highly Confidential – Attorneys' Eyes Only

29.     At that point, Facebook elected to pursue its legal remedies.   It filed the original complaint on December 30, 2008, and filed the Complaint on January 13, 2009.[33]

30.     Mr. Cutler estimates that during the Relevant Period, "Facebook spent approximately $75,000 on [Perkins Coie] related to [Power's] actions."[34]  Exhibit 2 is a schedule from Perkins Coie that identifies Facebook's payments to Perkins Coie for services related to Power during the Relevant Period (FBPOWER00300).   Exhibit 2 indicates Facebook paid $38,719 for Perkins Coie's work in December 2008 related to Power. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Mr. Cutler estimates Power represented approximately $36,824 of the total enforcement payments to Perkins Coie from January 2009 to March 2009.   Schedule 1b shows that Facebook's compensatory damages from the external effort of Mr. Cutler and other attorneys at Perkins Coie to respond to Power's unauthorized activities during the Relevant Period totals $75,543.

### B.  Statutory Damages

31.     This subpart includes my analysis of Facebook's statutory damages.   Under CAN-SPAM, Facebook is entitled to recover two statutory damages categories: 1) base damages; and 2) aggravated damages.   Schedule 2 shows that Facebook's statutory damages resulting from Power's unauthorized actions total $18,188,100.

#### 1.  Base Statutory Damages

32.     The CAN-SPAM Act prohibits false or misleading electronic mail transmissions.[35]  It also establishes statutory damages of up to $100 for each violation, with "each separately addressed unlawful message that is transmitted or attempted to be transmitted… treated as a separate violation."[36]

33.     According to Mr. McGeehan, Facebook "determined that at least 60,627 Event invitations appear to have been sent to Facebook users through the Facebook system due to the

---

[33] First Amended Complaint, filed January 13, 2009.  See declaration of Joseph Cutler, Esq., dated November 14, 2011, page 3, for the original complaint filing date.

[34] Declaration of Joseph Cutler, Esq., dated November 14, 2011, page 3.

[35] CAN-SPAM Act, Section 7704(a)(1).

[36] CAN-SPAM Act, Section 7706(g)(3)(A)(i).  The $100 ceiling applies to claims brought by providers of internet access service, such as Facebook.

8

Highly Confidential – Attorneys' Eyes Only

Power website's spamming activities."[37],[38]   Under CAN-SPAM, Facebook is entitled to base statutory damages of $6,062,700 ($100 * 60,627) for the unauthorized messages sent by Power to Facebook's Event application alone.[39]   Facebook believes Power sent many more unauthorized messages to Facebook's users through Facebook's systems, but has not yet quantified that amount.[40]   (I may update my damages analysis if I receive information about additional unauthorized messages sent by Power.)

### 2. Aggravated Statutory Damages

34.   CAN-SPAM states "[t]he court may increase a damage award to an amount equal to not more than three times the amount otherwise available... if the court determines the defendant committed the violation willfully and knowingly."[41]   Under this provision, the additional (aggravated) damages would be $12,125,400 ($6,062,700 * 2).[42]

---

[37] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 5.

[38] Facebook Events enables users to "organize gatherings, respond to invites, and keep up with what [their] friends are doing." http://www.facebook.com/help/events.

[39] In preparing my damages calculation, I have used the $100 per violation amount.

[40] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 5.  An email from Power's counsel to Facebook's counsel, dated November 9, 2011, indicates that Power did not maintain certain electronic data records.  I understand Facebook could have determined the number of unauthorized messages Power sent Facebook's users through Facebook's systems from these records.

[41] CAN-SPAM Act, Section 7706(g)(3)(C)(i).

[42] In preparing my damages calculation, I have applied the maximum aggravated damages permitted under CAN-SPAM.

9

Highly Confidential – Attorneys' Eyes Only

ATTACHMENT C

**Facebook Inc. v. Power Ventures, Inc. et al**

**Documents Considered**

| Bates/Control Range | | Description |
|---|---|---|
| NA | NA | http://www.facebook.com |
| NA | NA | First Amended Complaint, filed January 13, 2009 |
| NA | NA | Power - Notice of Motion, Motion and Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed May 9, 2011 |
| NA | NA | Facebook - Notice of Motion and Motion for Partial Summary Judgment on Count 1; Memorandum of Points and Authorities in Support Thereof, dated November 14, 2011 |
| NA | NA | Facebook - Notice of Motion, Motion and Memorandum of Points and Authorities for Partial Summary Judgment, dated November 17, 2011 |
| NA | NA | Facebook - Objections and Responses to Defendants' Interrogatories, Set One, dated December 15, 2010 |
| NA | NA | Declaration of Monte M.F. Cooper, dated November 14, 2011 |
| NA | NA | Declaration of Joseph Cutler, dated November 14, 2011 |
| NA | NA | Declaration of Lawrence Melling, dated November 14, 2011 |
| NA | NA | Declaration of Ryan McGeehan, dated November 13, 2011 |
| NA | NA | Declaration of Morvarid Metanat, dated November 17, 2011 |
| NA | NA | Deposition of Craig Clark, dated February 17, 2011 |
| NA | NA | Deposition of Steven Vachani, dated July 20, 2011 |
| NA | NA | California Comprehensive Computer Data Access and Fraud Act (California Penal Code, Section 502) |
| NA | NA | CAN-SPAM Act - 15 U.S.C., Sections 7701 - 7706 |
| NA | NA | Computer Fraud and Abuse Act - 18 U.S.C., Section 1030 |
| NA | NA | United States of America v. David Nosal, Appeal from the United States District Court, dated April 28, 2011 |
| POWER 2011.02.03.0000001 | POWER 2011.02.03.0000003 | Letter from Joseph P. Cutler, Esq., Perkins Coie, to Power, dated December 1, 2008 |
| POWER 2011.02.03.0000068 | POWER 2011.02.03.0000090 | Various Power email correspondence from December 2008 to February 2009 |
| FBPOWER00296 | FBPOWER00299 | Various Power email correspondence during December 2008 (Exhibit 1) |
| FBPOWER00300 | FBPOWER00300 | Perkins Coie billing summaries December 2008 to March 2009 (Exhibit 2) |

# SCHEDULES

Summary Schedule

### Facebook Inc. v. Power Ventures, Inc. et al
### Damages Summary

| Damages Category | Schedule Reference | Total | |
|---|---|---|---|
| Compensatory Damages[1] | Schedule 1 | $ | 80,543 |
| Statutory Damages[2] | Schedule 2 | | 18,188,100 |
| **Total Damages** | | $ | **18,268,643** |

Notes:

(1) Compensatory damages represent costs incurred by Facebook to respond to Power's unauthorized activities during the Relevant Period.

(2) Statutory damages represents the amount that Facebook can recover from Power under the Controlling the Assault of Non-Solicited Pornography And Marketing ("CAN-SPAM") Act.

Schedule 1

## Facebook Inc. v. Power Ventures, Inc. et al
### Compensatory Damages
### Summary

| Compensatory Damages Category | Schedule Reference | Total |
|---|---|---|
| Internal Effort[1] | Schedule 1a | $        5,000 |
| External Effort[2] | Schedule 1b | 75,543 |
| **Total Compensatory Damages** | | $      80,543 |

Notes:

(1) This amount represents estimated fully burdened payroll costs for employees who participated in Facebook's response to Power's unauthorized activities.

(2) This amount represents total billings from outside counsel engaged by Facebook to respond to Power's unauthorized activities.

Schedule 1a

## Facebook Inc. v. Power Ventures, Inc. et al
### Compensatory Damages
### Internal Effort of Mr. Ryan McGeehan

| Description | Internal Remediation |
|---|---|
| Estimated Remediation Hours Incurred by Mr. McGeehan[1] | 50 |
| Hourly Rate[2] | $ 100 |
| **Total Internal Effort by Facebook Personnel[3]** | $ 5,000 |

Notes:

(1) Mr. McGeehan performed the following remediation tasks:
- Notified in-house counsel about Power's unauthorized activities;
- Repeatedly blocked Power's access to Facebook using a network management tool;
- Attended several meetings; and
- Collaborated with in-house counsel and outside counsel to respond to Power's unauthorized activities.

(2) This rate represents Mr. McGeehan's estimated fully burdened payroll costs (salary and fringe benefits).

(3) I understand other Facebook personnel, including in-house counsel, assisted with the internal response to Power's unauthorized activities. I have not yet quantified this effort by other Facebook employees.

Schedule 1b

## Facebook Inc. v. Power Ventures, Inc. et al
## Compensatory Damages
## External Effort by Perkins Coie

| Billing Period[1] | Amount Paid | |
|---|---|---|
| December 2008[2] | $ | 38,719 |
| January - March 2009[3] | | 36,824 |
| **Total External** | $ | **75,543** |

Notes:

(1) Facebook engaged Perkins Coie in late 2008, to assist with Facebook's response to Power's unauthorized activities.

(2) See Exhibit 2 for amounts paid by Facebook in December 2008.

(3) See Exhibit 2 for an estimate by Joseph Cutler, Esq. of the amount paid by Facebook to Perkins Coie during the period January 2009 to March 2009 related to Power.

Schedule 2

## Facebook Inc. v. Power Ventures, Inc. et al
### Statutory Damages
### Summary

| Description | Amount | | |
|---|---:|---|---:|
| Unauthorized Event Messages from Power | 60,627 | | |
| Other Unauthorized Messages from Power | TBD | | |
|   Total Unauthorized Messages from Power | 60,627 | | |
| CAN-SPAM Damages Rate Per Message[1] | $ 100 | | |
| **Base Statutory Damages** | | $ | **6,062,700** |
| Aggravated Statutory Damages (Base Damages * 2)[2] | | | 12,125,400 |
| **Total Statutory Damages** | | $ | **18,188,100** |

Notes:

(1) Under Controlling the Assault of Non-Solicited Pornography And Marketing ("CAN-SPAM"), 15 U.S.C. Section 7706(g)(3)(A)(i), Facebook is entitled to recover damages up to $100 per unauthorized message.

(2) Under CAN-SPAM, 15 U.S.C. Section 7706(g)(3)(C)(i), Facebook is entitled to recover up to treble damages if Power sent the unauthorized messages intentionally.

**EXHIBIT 2**

FACEBOOK PAYMENTS ATTRIBUTABLE TO ENFORCEMENT AGAINST POWER.COM

| MONTHS | HOURS | VALUE |
|---|---|---|
| December 2008 | ▮ | $38,719 |
| January-March 2009 | ▮ | $36,824 |
| **Total** | ▮ | **$75,543** |

-1-

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
FBPOWER00300

1   I. NEEL CHATTERJEE (State Bar No. 173985)
    nchatterjee@goodwinlaw.com
2   GOODWIN PROCTER LLP
    135 Commonwealth Drive
3   Menlo Park, CA  94025-1105
    Telephone:    650-752-3100
4   Facsimile:    650-853-1038

5

6   MONTE COOPER (State Bar No. 196746)
    mcooper@orrick.com
7   ROBERT L. URIARTE (State Bar No. 258274)
    ruriarte@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Rd.
9   Menlo Park, California  94025
    Telephone:    650-614-7400
10  Facsimile:    650-614-7401

11  Attorneys for Plaintiff
    FACEBOOK, INC.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16

17  FACEBOOK, INC.,                      Case No. 5:08-cv-05780-LHK

18              Plaintiff,               **DECLARATION OF JOSEPH CUTLER IN
                                         SUPPORT OF FACEBOOK'S
19       v.                              SUPPLEMENTAL REMEDIES BRIEF**

20  POWER VENTURES, INC. a Cayman Island  Dept:      Courtroom 8, 4th Floor
    corporation, STEVE VACHANI, an individual;  Judge:  Hon. Judge Lucy H. Koh
21  DOE 1, d/b/a POWER.COM, DOES 2-25,
    inclusive,

22              Defendants.

23

24

25

26

27

28

ACTIVE/89744633.3

Case No. 5:08-cv-05780-LHK

I, Joseph Cutler, declare as follows:

1.     I make this declaration in support of Facebook, Inc.'s Supplemental Remedies Brief.  I have personal knowledge of the matters stated herein.

2.     I am a partner at the Seattle, Washington office of the law firm Perkins Coie LLP. I am a member of the firm's litigation group.  In 2008, I was engaged by Facebook, Inc, ("Facebook") to assist it with combatting illegal users of Facebook.  I previously prepared and executed the Declaration of Joseph Cutler in Support of Facebook, Inc.'s Motion for Partial Summary Judgment for Liability under the CAN-SPAM Act (Dkt. No. 214-8).

3.     As I noted in my earlier Declaration, on or about December 1, 2008, I was advised that Facebook had determined that a third party website hosted by Canadian web-hosting service iWeb technologies at the IP address 70.38.96.7, and associated with a commercial website operating at the URL http://www.power.com ("Power's website"), was, in violation of Facebook's Terms of Use.

4.     Specifically, I became aware on or after December 1, 2008 that the Power website solicited Facebook users' usernames and passwords, and then, using an automated scripting routine, logged into the users' Facebook accounts to "crawl" and "scrape" the Facebook website in order to obtain and download a large amount of Facebook user information.  I also became aware on or after December 1, 2008 that the Power website, without Facebook's permission, was displaying Facebook user data and Facebook's trademarked logo on the Power website.  The Power website was effectively "proxying" Facebook.

5.     On December 1, 2008, I prepared a Cease and Desist letter, which I sent via email to the apparent owners of the Power website advising them that their service breached several of Facebook's Terms of Use.

6.     I spent ███ hours addressing Power's actions on December 1, 2008.  My hourly rate at the time was approximately ███ per hour.  As a result, the total billable time spent on December 1 was worth $852.50.  No other attorney or staff at Perkins Coie billed Facebook for time performing activities associated with the Power matter on December 1, 2008.

- 1 -

SUPP. DECLARATION OF JOSEPH CUTLER
5:08-CV-05780 JHK

7.      The only work that Perkins Coie performed for Facebook on this matter prior to when Power.com and Steve Vachani received the cease and desist letter was the time I billed on December 1, 2008. ███████████████████████████████████ ███████████████████████████████████████ following up on the demand letter sent three days before, which included a telephone call with defendant Steven Vachani discussing the cease and desist letter that I had emailed on December 1, 2008.  Thereafter, Perkins Coie billed time on this matter through March 2009.

8.      Beginning with the December 4, 2008 discussion I had with Mr. Vachani, and at all times thereafter, I reiterated to Mr. Vachani that, as stated in the Cease and Desist letter, Facebook would not, and did not, authorize Power.com to continue to connect to the Facebook website, and that all activities directed by the Power.com website in connecting to the Facebook needed to cease immediately.  Mr. Vachani and Power.com refused to abide that instruction, resulting in Facebook filing the underlying Complaint in this lawsuit on December 29, 2008.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This Declaration is executed on this 7th day of March, 2017, at Seattle, Washington.

_____ _Joe Cutler_ _____

SUPP. DECLARATION OF JOSEPH CUTLER
5:08-CV-05780 LHK

1

```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5
     FACEBOOK, INC.,                )  C-08-05780 LHK
 6                                  )
                   PLAINTIFF,       )  SAN JOSE, CALIFORNIA
 7                                  )
            VS.                     )  FEBRUARY 15, 2017
 8                                  )
     POWER VENTURES, INC., A CAYMAN )  PAGES 1-31
 9   ISLAND CORPORATION; STEVE      )
     VACHANI, AN INDIVIDUAL; DOE 1  )
10   D/B/A POWER.COM, DOES 2-25,    )
     INCLUSIVE,                     )
11                                  )
                   DEFENDANTS.      )
12   _____ )

13

14                  TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE LUCY H. KOH
15                UNITED STATES DISTRICT JUDGE

16   A P P E A R A N C E S:

17   FOR THE PLAINTIFF:     ORRICK, HERRINGTON & SUTCLIFFE
                            BY:  I. NEEL CHATTERJEE
18                               ROBERT L. URIARTE
                            1000 MARSH ROAD
19                          MENLO PARK, CALIFORNIA  94025

20   FOR DEFENDANT          AROPLEX LEGAL SERVICES
     POWER VENTURES:        BY:  AMY S. ANDERSON
21                          156 2ND STREET
                            SAN FRANCISCO, CALIFORNIA  94105
22
                    APPEARANCES CONTINUED ON NEXT PAGE
23
     OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
24                               CERTIFICATE NUMBER 9595

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
               TRANSCRIPT PRODUCED WITH COMPUTER
```

2

1

2     APPEARANCES (CONTINUED)

3     FOR DEFENDANT           STEVEN VACHANI
      VACHANI:                IN PROPRIA PERSONA
4                             2425B CHANNING, #216
                              BERKELEY, CALIFORNIA  94704
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
 1        SAN JOSE, CALIFORNIA                    FEBRUARY 15, 2017

 2                      P R O C E E D I N G S

 3           (COURT CONVENED AT 2:35 P.M.)

 4              THE CLERK:  CALLING CASE NUMBER 08-5780, FACEBOOK,

 5      INC. VERSUS POWER VENTURES.

 6              WILL COUNSEL AND PARTIES PLEASE COME FORWARD AND STATE

 7      YOUR APPEARANCES.

 8              MR. CHATTERJEE:  GOOD AFTERNOON, YOUR HONOR.

 9           NEEL CHATTERJEE AND ROB URIARTE FOR FACEBOOK.

10              THE COURT:  OKAY.  GOOD AFTERNOON.

11              MS. ANDERSON:  GOOD AFTERNOON, YOUR HONOR.

12           AMY ANDERSON FOR POWER VENTURES, INC.

13              MR. VACHANI:  STEVE VACHANI REPRESENTING MYSELF.

14              THE COURT:  OKAY.  GOOD AFTERNOON AND WELCOME.  THANK

15      YOU FOR YOUR PATIENCE.  I'M SORRY THAT WE HAD TO DELAY THE

16      START OF THIS CALENDAR BECAUSE OUR CRIMINAL CALENDAR WENT LATE.

17              WHAT I'M PLANNING TO DO IS TO SET A BRIEFING SCHEDULE FOR

18      US TO RESOLVE SOME OF THE OUTSTANDING ISSUES BASED ON THE NINTH

19      CIRCUIT DECISION.

20              IN ADDITION TO DOING THAT, I WANTED TO EXPLORE WHETHER THE

21      PARTIES WOULD BE INTERESTED IN ALTERNATIVE DISPUTE RESOLUTION

22      AT THIS POINT.  YOUR LAST SESSION WAS APRIL 26TH OF 2013.

23              IS IT WORTH AN EFFORT, OR NOT?

24              MR. CHATTERJEE:  YOUR HONOR, WE'RE ALWAYS WILLING TO

25      PARTICIPATE.  QUITE HONESTLY, I DON'T WANT TO GET INTO THE
```

4

```
1        DETAILS, BUT OUR -- OUR REQUEST TO THEM HAS ALWAYS BEEN THE

2        SAME AND WE'VE NEVER BEEN ABLE TO CROSS THAT BRIDGE.  SO I

3        DON'T KNOW IF THERE'S ANY REASON TO BE OPTIMISTIC AT THIS

4        POINT.

5             THE COURT:  ALL RIGHT.  AND I ALSO SEE MS. ANDERSON

6        SHAKING HER HEAD NO.

7             SO YOU DON'T THINK IT WOULD BE USEFUL?

8             MS. ANDERSON:  WELL, I -- CERTAINLY WE'RE OPEN TO IT.

9        BUT REALISTICALLY, WE'RE DOWN TO -- WE'RE DOWN TOO MUCH TO A

10       FACTUAL DETERMINATION.  I'M NOT SURE THAT -- IF -- IF PLAINTIFF

11       AGREES THAT IT WOULD BE BENEFICIAL, THEN CERTAINLY.

12            MR. CHATTERJEE:  SO, YOUR HONOR, JUST TO KIND OF CUT

13       TO THE CHASE, FROM OUR PERSPECTIVE -- I THINK THE FACTUAL

14       ISSUES SHE'S TALKING ABOUT ARE WHAT YOU SEE IN THE BRIEFS ABOUT

15       WHATEVER THE DAMAGES NUMBER MIGHT BE.  WE DON'T THINK IT IS

16       DISPUTED AND WE THINK YOU FOUND THAT WASN'T DISPUTED.

17            BUT THE ISSUE OF INJUNCTION, AS FAR AS I KNOW, YOU MORE OR

18       LESS RESOLVED THAT EARLIER.  THERE WERE ASPECTS OF IT THAT

19       NEEDED TO BE REMOVED BECAUSE OF THE CAN-SPAM PIECE OF IT.

20            THE COURT:  UM-HUM.

21            MR. CHATTERJEE:  BUT IF THE INJUNCTION WERE IN PLACE

22       AND THE UNDISPUTED AMOUNT OF MONEY THAT'S DUE, WHICH IS THE

23       37,000 OR SO IN SANCTIONS THAT'S NOW BEEN AFFIRMED BY THE

24       FEDERAL CIRCUIT -- BY THE NINTH CIRCUIT, THOSE AREN'T REALLY

25       DISPUTED ISSUES, OR AT LEAST I DIDN'T SEE ANYTHING IN THEIR
```

5

```
1        PAPERS OTHER THAN THE MOST GENERAL COMMENTS.
2           THAT WOULD SUBSTANTIALLY MOVE THE BALL FORWARD AS FAR AS
3        GETTING TO AN ALTERNATIVE DISPUTE RESOLUTION OR SOME SORT OF
4        OUTCOME HERE.
5            THE COURT:  WELL, LET ME -- I DON'T WANT TO ASK YOU
6        TO DO SOMETHING FUTILE AND WASTE YOUR TIME AND MONEY.
7           THIS CASE HAS BEEN LITIGATED FOR A LONG TIME BEFORE
8        JUDGE WARE, AND A LITTLE BIT BEFORE ME, AND THEN NOW WITH THE
9        NINTH CIRCUIT.  SO I'M NOT GOING TO REQUIRE ADR IF YOU -- I
10       SENSE FROM BOTH SIDES A SENSE THAT IT MAY NOT BE WORTH YOUR
11       TIME, SO I'M NOT GOING TO REQUIRE IT.
12          LET ME ASK, ON THE INJUNCTION QUESTION -- AND I DON'T WANT
13       TO GET INTO ARGUMENT TODAY BECAUSE I'M GOING TO ALLOW YOU TO
14       BRIEF IT, BUT I JUST WANT TO GET SOME SENSE OF WHAT THE SCOPE
15       OF THE DISPUTES ARE.
16          DO THE DEFENDANTS DISAGREE WITH FACEBOOK'S SUGGESTED
17       MODIFICATIONS TO THE PERMANENT INJUNCTION?
18              MS. ANDERSON:  YES.
19              THE COURT:  OKAY.
20              MS. ANDERSON:  YES, WITH SOME OF IT.
21              THE COURT:  ALL RIGHT.  WELL, I GUESS THAT WILL HAVE
22       TO BE PART OF YOUR BRIEFING.
23          I'M JUST TRYING TO GET SOME SCOPE-OF-THE-DISPUTE CLARITY
24       RIGHT NOW.
25              LET ME ASK, WITH REGARD TO THE COSTS, DOES FACEBOOK AGREE
```

6

| | |
|---|---|
| 1 | THAT IT WOULD HAVE TO WAIT UNTIL A NEW FINAL JUDGMENT IS |
| 2 | ENTERED BEFORE FACEBOOK MOVES FOR COSTS? |
| 3 | MR. CHATTERJEE: ON THE TAXABLE COSTS? BECAUSE |
| 4 | THERE'S -- SOMETIMES THEY'RE USED IN DIFFERENT WAYS. |
| 5 | AS FAR AS THE DAMAGES GO, YOU KNOW, I THINK THOSE |
| 6 | ISSUES -- YOU KNOW, THOSE ISSUES ARE NOT REALLY IN DISPUTE, AS |
| 7 | I SAID. |
| 8 | AS FAR AS THE TAXABLE COSTS GO, I DO THINK WE NEED |
| 9 | JUDGMENT TO BE ENTERED TO GET INTO THAT. |
| 10 | I DID NOT THINK THAT WAS A DISPUTED ISSUE WHEN THEY WENT |
| 11 | UP ON APPEAL AND THEY WERE AWARDED AT THAT TIME, SO WE AT LEAST |
| 12 | THINK THE ISSUE IS WAIVED. |
| 13 | BUT I THINK THE TYPICAL THING IS FOR A FINAL JUDGMENT TO |
| 14 | BE ENTERED BEFORE THE TAXABLE COSTS. |
| 15 | THE COURT: OKAY. SO IT SOUNDS LIKE THE DEFENDANT IS |
| 16 | ARGUING THAT RULE 54 WILL REQUIRE A NEW JUDGMENT TO BE ENTERED. |
| 17 | IT SOUNDS LIKE YOU'RE IN AGREEMENT ON THAT ISSUE. |
| 18 | MR. CHATTERJEE: THAT'S FINE, YOUR HONOR. |
| 19 | THE COURT: OKAY. ALL RIGHT. |
| 20 | MR. CHATTERJEE: WE WON'T DISPUTE THAT PIECE AND |
| 21 | WE'LL SEEK THAT AFTERWARDS. |
| 22 | THE COURT: OKAY. LET ME ASK -- AND THIS AGAIN IS |
| 23 | JUST TRYING TO FIGURE OUT THE SCOPE OF WHAT'S IN DISPUTE HERE |
| 24 | SO I CAN GET SOME SENSE OF WHAT MIGHT BE IN THE BRIEFING -- SO |
| 25 | FACEBOOK SAYS THAT IT EXPENDED $80,543 ON OR AFTER DECEMBER 1, |

7

```
1        BUT THEN IT ALSO SAYS IT SUSTAINED $46,883 IN DAMAGES AFTER

2     DECEMBER 1, 2008.

3           SO I WAS WONDERING IF YOU COULD TALK ABOUT THOSE TWO

4     DIFFERENT NUMBERS.

5              MR. CHATTERJEE:  YES, YOUR HONOR.

6           SO IN THE DOCKET ENTRY, I BELIEVE IT'S 299-26, OR

7     EXHIBIT 26 -- IT'S EXHIBIT 25, BUT IT'S MARKED IN THE FILE AS

8     26 -- THERE'S A DAMAGES REPORT OF RICK OSTILLER, AND HE BREAKS

9     DOWN THE DAMAGES THAT WERE ASSOCIATED WITH ATTORNEYS' FEES AND

10    COSTS IN DECEMBER IN ONE CATEGORY, AND THEN EVERYTHING AFTER

11    JANUARY IN A SECOND CATEGORY.

12           THAT NUMBER COMES OUT ROUGHLY, COLLECTIVELY, IN TOTAL AT

13    ABOUT -- IT COMES OUT AT ABOUT $75,000.

14           AND THEN HE ALSO ESTIMATES THAT THE INTERNAL COSTS TO

15    FACEBOOK WERE ABOUT $5,000.

16           AND WHAT WE DID IN OUR REQUEST WAS, GIVEN THE NINTH

17    CIRCUIT ORDER WHERE IT SAID, YOU KNOW, DON'T TAKE A LOOK AT

18    PRE-DECEMBER 1, WAS WE BASICALLY REMOVED THE THINGS THAT WERE

19    PRE-DECEMBER 1 --

20              THE COURT:  UM-HUM.

21              MR. CHATTERJEE:  -- AND THE NUMBER WENT DOWN, NOT

22    SURPRISINGLY, TO $46,883.

23              THE COURT:  OH, OKAY.  SO YOU'RE NOT SEEKING 80,543?

24              MR. CHATTERJEE:  NO.  WHAT WE'RE SEEKING NOW IS

25    46,883.
```

8

```
 1              THE COURT:  OKAY.

 2              MR. CHATTERJEE:  BECAUSE WE EFFECTIVELY ELIMINATED

 3    NEARLY ALL OF THE COSTS IN DECEMBER.  EVEN THOUGH THE NINTH

 4    CIRCUIT SAID IT WAS ONLY DECEMBER 1 AND NOT THE TIME

 5    THEREAFTER, WE ACTUALLY TOOK OUT THE VAST MAJORITY, IT WAS

 6    ABOUT $37,000, OF DECEMBER.

 7              THE COURT:  I SEE.  OKAY.  SO THAT'S -- AND WILL --

 8    WILL THE DEFENDANTS BE DISPUTING THE 46,883 NUMBER?

 9              MS. ANDERSON:  YES.

10         THIS ACTUALLY BRINGS UP A BROADER ISSUE THAT WILL NEED TO

11    BE RESOLVED.  THE COURT DOESN'T ACTUALLY -- THE NINTH CIRCUIT

12    DOESN'T ACTUALLY SAY DECEMBER 1.  THEY -- THEY ACKNOWLEDGE THAT

13    DECEMBER 1 IS WHEN FACEBOOK ORIGINALLY SENT THE CEASE AND

14    DESIST LETTER TO LEE POWER, WHO OWNED THE WEBSITE, WHO WASN'T

15    ASSOCIATED WITH THE COMPANY.

16         THAT WASN'T EFFECTIVELY SENT TO THE COMPANY.

17              THE COURT:  SO I'M SORRY TO INTERRUPT YOU.

18              MS. ANDERSON:  YEAH.

19              THE COURT:  COULD YOU INCLUDE THAT IN YOUR BRIEFING?

20    BECAUSE RIGHT NOW I'M NOT GOING TO INCLUDE THE STATUS OF

21    DECEMBER 1 DAMAGES.

22              MS. ANDERSON:  WE WILL.  BUT IN TERMS OF SCOPE,

23    IT'S -- THERE'S -- YOU KNOW, IN ADDITION TO THE NEGOTIATIONS

24    BETWEEN THE PARTIES, FACEBOOK'S EXPRESS ALLOWING -- OBVIOUSLY

25    THEY'LL ARGUE THIS -- OF POWER TO CONTINUE OPERATING FOR A
```

9

```
 1        CERTAIN PERIOD WHILE THEY NEGOTIATED.
 2           AS FAR AS WHEN THE AUTHORIZATION WAS ACTUALLY RESCINDED OR
 3        REVOKED, THAT'S STILL AN OPEN QUESTION.
 4              THE COURT:  SO LET ME ASK -- I HAVE TWO MORE
 5        QUESTIONS AND THEN I WOULD LIKE TO SET THE BRIEFING SCHEDULE.
 6        I THINK THAT WOULD BE MOST USEFUL FOR TODAY.
 7           YOU KNOW, DEFENDANTS ARE ASSERTING THAT THE SECURITY
 8        MANAGER WAS RESPONDING TO SOME ACTIONS THAT OCCURRED BEFORE THE
 9        DECEMBER 1 --
10              MR. CHATTERJEE:  IT'S SIMPLY NOT SUPPORTED BY THE
11        EVIDENCE OR THE --
12              MR. VACHANI:  BEFORE THE DATE.  THERE'S NO
13        DECEMBER 1 -- WE HAVEN'T ESTABLISHED THE DATE.
14              THE COURT:  I'M SORRY.  LET'S LET MR. CHATTERJEE
15        FINISH AND THEN YOU CAN CONTINUE.
16              MR. CHATTERJEE:  YOUR HONOR, THE EVIDENCE THAT WAS
17        SUBMITTED, AND JUDGE WARE AND YOU SO FOUND, WAS THAT THERE WAS
18        NO ACTIVITY BY THE SECURITY UNTIL AFTER THE CEASE AND DESIST
19        LETTER WAS FILED.
20           I'M A LITTLE SURPRISED, YOUR HONOR, TO BE HEARING THESE
21        COMMENTS NOW.  WE REPEATEDLY TRIED TO ENGAGE IN A MEET AND
22        CONFER WITH OPPOSING COUNSEL, AND THE FIRST TIME WE HEARD
23        ANYTHING WAS WHEN THEY FILED THEIR DOCUMENT WITH YOU.
24           SOME OF THESE THINGS ARE THE TYPES OF THINGS WE COULD TRY
25        AND TALK THROUGH AND WORK OUT.  I DON'T KNOW IF THEY WOULD GET
```

```
 1    WORKED OUT.

 2         BUT IT'S A LITTLE FRUSTRATING FOR US, GIVEN THE LENGTH OF

 3    TIME THIS CASE HAS BEEN AROUND AND THE ACCOMMODATIONS WE'VE

 4    MADE, TO HAVE THEM RAISING THESE ISSUES FOR THE FIRST TIME IN A

 5    COURT HEARING.

 6            MS. ANDERSON:  THIS IS THE FIRST TIME I'M HEARING THE

 7     REQUEST TO MEET AND CONFER ON THIS.

 8         ALSO, WE'VE RAISED THESE ISSUES IN EVERY BRIEFING THAT

 9    I'VE --

10            THE COURT:  WELL, YOU FILED SEPARATE JOINT CASE

11    MANAGEMENT STATEMENTS BECAUSE OF PERSONAL CRISES.  IN THE

12    FUTURE, IF YOU COULD FILE JOINT ONES, THAT WOULD, I THINK,

13    PROVIDE THE MEET AND CONFER PERHAPS THAT COULD HAVE HELPED

14    HERE.

15            MS. ANDERSON:  UM-HUM.

16            THE COURT:  NOW, WASN'T THE ATTORNEYS' FEES ISSUE

17    ALREADY LITIGATED?  WHY IS THAT -- I JUST FEEL LIKE THERE'S A

18    CERTAIN AMOUNT OF RELITIGATION HERE THAT'S HAPPENING.

19            MS. ANDERSON:  WELL, THERE IS BECAUSE --

20            THE COURT:  I MEAN, JUDGE WARE ALREADY FOUND THAT

21    FACEBOOK'S COSTS RESPONDING INCLUDED ATTORNEYS' FEES.  I

22    ALREADY MADE THE DETERMINATION THAT THERE'S NO CLEAR ERROR IN

23    THAT FINDING.

24            SO WHY ARE WE NOW -- WHY ARE YOU NOW TRYING TO RELITIGATE

25    THAT?
```

11

```
 1              MS. ANDERSON:  WELL --

 2              MR. CHATTERJEE:  WELL, THAT'S MY POINT, YOUR HONOR,

 3      IS THAT WE SHOULDN'T BE RELITIGATING THIS BECAUSE YOU SAID

 4      THERE WAS NO DISPUTE ON IT.

 5          AND THERE'S A SLIGHT TIMING CHANGE GIVEN WHAT THE NINTH

 6      CIRCUIT SAID, BUT I DON'T THINK THE EVIDENCE IS ANY DIFFERENT.

 7              MS. ANDERSON:  WELL, IT --

 8              THE COURT:  WELL, I'M JUST --

 9              MS. ANDERSON:  THE PROBLEM --

10              THE COURT:  -- ASKING THE PARTIES -- THIS IS NOT JUST

11      A DO-OVER, YOU KNOW, TO NOW RELITIGATE THINGS.

12          YOU KNOW, A RELATED ISSUE IS ABOUT A LOT OF THE ISSUES

13      WITH REGARD TO THE DAMAGES WERE NOT RAISED BEFORE JUDGE WARE,

14      AND SO I -- YOU KNOW, THIS IS NOT AN OPPORTUNITY TO GET A

15      DO-OVER, OKAY?

16              MS. ANDERSON:  ABSOLUTELY.  SO AS FAR AS WHAT -- JUST

17      BASED ON EVERYTHING THAT WAS SUBMITTED TO JUDGE WARE AND THAT

18      WAS CONSIDERED IN THE ORIGINAL MOTIONS FOR SUMMARY JUDGMENT,

19      THE EVIDENCE THAT FACEBOOK PROVIDED IN SUPPORT OF THEIR DAMAGES

20      CLAIM, BOTH TO SUBSTANTIATE STANDING AND FOR ACTUAL DAMAGES,

21      WAS VERY GENERAL.  SO THE PROBLEM IS WE'RE NOW LOOKING AT A

22      DIFFERENT, A DIFFERENT START DATE FOR -- AS FAR AS THE

23      VIOLATION.  WE'RE NOT SURE WHAT THAT IS.  THAT'S THE ONE THING

24      THAT WE NEED TO ESTABLISH IS WHEN AUTHORIZATION WAS REVOKED.

25              THE COURT:  RIGHT.
```

12

```
1              MS. ANDERSON:  AND --

2              THE COURT:  I'M SORRY TO INTERRUPT YOU.

3         YOUR CLAIM THAT ATTORNEYS' FEES ARE NOT COMPENSABLE

4    DAMAGES UNDER THE CFAA, THAT'S ALREADY BEEN LITIGATED.  THAT'S

5    THE LAW OF THE CASE.

6              MS. ANDERSON:  OKAY.  BUT THEY HAVEN'T PROVIDED --

7              THE COURT:  PLEASE DON'T RETREAD --

8              MS. ANDERSON:  SURE.  THEY HAVEN'T PROVIDED --

9              THE COURT:  -- THAT IN YOUR BRIEFS.  THAT'S ALREADY

10   BEEN DECIDED BY JUDGE WARE.  THAT'S ALREADY BEEN DECIDED BY ME.

11   IT'S NOT A REOPEN TIME NOW FOR THAT.  OKAY?

12             NOW, LET ME ASK ABOUT, SIMILARLY, YOU'RE RAISING, RELATED

13   TO THE ATTORNEYS' FEES ISSUE, THAT PERKINS COIE WAS ON A

14   RETAINER, IT WAS A FIXED FEE FOR ALL ENFORCEMENT EFFORTS.

15             THAT ARGUMENT DOES NOT APPEAR TO HAVE BEEN RAISED EARLIER.

16             MS. ANDERSON:  WELL, THIS -- THE ISSUE OF TIMING

17   WASN'T NARROWED EARLIER.  SO IF WE'RE LOOKING AT -- IN OTHER

18   WORDS --

19             THE COURT:  THERE WERE A LOT OF DAMAGES -- I'M SORRY

20   TO INTERRUPT YOU, BUT A LOT OF YOUR DAMAGES ARGUMENTS ARE NOT

21   RELATED TO THE DATE ISSUE.

22             MS. ANDERSON:  WELL, THAT IS RELATED TO THE DATE

23   ISSUE, BECAUSE IF THEY'RE SAYING -- SO WHAT THEY PRESENTED IS

24   ESTIMATES FROM A THIRD PARTY BASED LARGELY ON CONVERSATIONS, IF

25   YOU LOOK AT HIS REPORT, AN ESTIMATE OF 50 HOURS, AN ESTIMATE OF
```

```
 1    THE AMOUNT THAT IT MIGHT HAVE COST IF THEY HAD PAID HIM FOR

 2    THAT.

 3        AND THEN IN TERMS OF THE ATTORNEYS' FEES, THEY GIVE

 4    MONTHS.  AND SO IF WE'RE -- IF THEY'RE SAYING FOR DECEMBER IT

 5    WAS THIS AMOUNT, BUT WHEN WE -- WHEN WE ESTABLISH AT WHAT POINT

 6    THE VIOLATION ACTUALLY OCCURRED AND THAT'S INTO DECEMBER, IT'S

 7    AT LEAST AFTER THE 1ST JUST BASED ON THE NINTH CIRCUIT'S

 8    DECISION, THEN THEY HAVEN'T PROVIDED ANY KIND OF BREAKDOWN

 9    WHATSOEVER.

10        SO THEY'RE CLAIMING THAT ALL OF THE DAMAGES THAT THEY -- I

11    MEAN, WHETHER THEY'RE SAYING THEY SHOULD BE ENTITLED TO THAT

12    NOW OR NOT, THEY DID SAY IN THEIR STATEMENT THAT THEY -- THAT

13    WHAT THEY REQUESTED BEFORE, THE 80, SHOULD BE -- IS STILL VALID

14    EVEN THOUGH THAT COVERED A PERIOD OF TIME THAT HASN'T BEEN

15    ESTABLISHED TO BE VIOLATED.

16        THE COURT:  WELL, I REALIZE YOU MAY HAVE DISPUTES

17    ABOUT PERHAPS INDIVIDUAL CALCULATIONS BASED ON THE DATE, BUT I

18    REALLY WANT TO EMPHASIZE THAT THIS IS NOT A DO-OVER TO LITIGATE

19    THINGS THAT ARE ALREADY LAW OF THE CASE.  OKAY?  I DO NOT WANT

20    TO BE SEEING ANY BRIEFING ON WHETHER ATTORNEYS' FEES ARE

21    COMPENSABLE DAMAGES UNDER THE CFAA.  THAT'S THE LAW OF THE

22    CASE.  WE'RE NOT RETREADING AND REOPENING ISSUES THAT HAVE NOW

23    BEEN DECIDED.

24        NOW, WHAT IS THE BEST FORM FOR THIS BRIEFING?  SHOULD IT

25    BE ANOTHER SUMMARY JUDGMENT MOTION JUST SO I KNOW WHO'S GOT THE
```

14

```
 1      BURDEN, WHAT THE STANDARD IS?  SHOULD IT BE ANOTHER SUMMARY
 2      JUDGMENT?
 3              MR. CHATTERJEE:  YOU KNOW, I DON'T THINK SO, YOUR
 4      HONOR.
 5              THE COURT:  OKAY.
 6              MR. CHATTERJEE:  JUST -- I'M VERY WORRIED ABOUT THIS
 7      BECOMING A DO-OVER BECAUSE EVERYTHING IN THIS CASE HAS ALWAYS
 8      BECOME A DO-OVER.  SO WE REALLY WOULD LIKE TO DO OUR BEST TO
 9      GET THIS DONE.
10              THE COURT:  SURE.
11              MR. CHATTERJEE:  YOUR HONOR, IN YOUR ORDER, YOU FOUND
12      NOT ONLY DID JUDGE WARE SAY THERE WAS NO ISSUE AS TO THE
13      ACCURACY OR VERACITY OF THE DAMAGES EXPENDITURES, BUT THEN YOU
14      LOOKED AT IT YOURSELF AND YOU SAID THAT THEY HADN'T CHALLENGED
15      MR. OSTILLER'S REPORT AT ALL, AND THAT'S IN FOOTNOTE 13 OF THE
16      ORDER.
17          I WANT TO -- I THINK THE WAY TO DO THIS IS IF THEY'RE
18      GOING TO PUT ON A CHALLENGE TO THE EVIDENCE THAT WE
19      SUBMITTED -- BECAUSE RIGHT NOW THE STATE OF THE RECORD IS THERE
20      IS NO DISPUTED ISSUE OF FACT ON THE AMOUNT OF DAMAGES.
21          IF THERE'S SOME QUIBBLE THEY HAVE WITH THE OSTILLER
22      REPORT, WHICH THEY HAVE NOT PUT IN ANY EVIDENCE TO THE
23      CONTRARY, THEY SHOULD IDENTIFY WHAT IT IS BECAUSE THAT -- AT
24      THIS POINT THE STATE OF THE RECORD IS THAT IT ISN'T A DISPUTED
25      THING.
```

15

```
1            AND I THINK THAT'S, THAT'S THE WAY THAT WE SHOULD BE
2      GOING, BECAUSE IF THEY HAVE AN ISSUE, THEY CAN FILE A
3      SUPPLEMENTAL BRIEF ON WHATEVER THEIR CHALLENGE IS AND THEN WE
4      CAN RESPOND TO IT.
5            THE COURT:  ALL RIGHT.  I THINK THAT SOUNDS FAIR.
6            DO YOU THINK -- I KNOW BOTH PARTIES WERE NOT REALLY
7      OPEN -- OR YOU DIDN'T THINK AN ADR SESSION WOULD BE SUCCESSFUL.
8            WOULD IT AT ALL HELP, IN SORT OF NARROWING THE ISSUES FOR
9      THE BRIEFING, TO HAVE A SETTLEMENT CONFERENCE WITH A MAGISTRATE
10     JUDGE?
11           MR. CHATTERJEE:  WE'RE OPEN TO DOING THAT.
12           I DO THINK, YOUR HONOR, THAT THE NUMBER ONE ISSUE FROM OUR
13      PERSPECTIVE IS GETTING THAT INJUNCTION IN PLACE.
14           THE COURT:  OKAY.
15           MR. CHATTERJEE:  AND I THINK THAT'S THE THING THAT
16      WILL LIKELY MOVE THE NEEDLE THE MOST.
17           THE COURT:  UM-HUM.
18           MR. CHATTERJEE:  AND I DON'T -- I STILL NOW, I DON'T
19      KNOW WHAT THEIR ISSUE IS WITH OUR PROPOSAL.
20           THE COURT:  OKAY.  BUT I THINK THAT THE PERMANENT
21      INJUNCTION, IF IT'S GOING TO BE BRIEFED, SHOULD BE BRIEFED
22      TOGETHER WITH THE DAMAGES.
23           MR. CHATTERJEE:  THAT'S FINE.
24           THE COURT:  BECAUSE I DON'T WANT TO BIFURCATE AND TRY
25      TO DO THE INJUNCTION FIRST.
```

```
1              MR. CHATTERJEE:  NO, I AGREE WITH THAT.

2              THE COURT:  ALL RIGHT.

3              MR. CHATTERJEE:  THAT'S FINE IF YOU WANT TO DO THAT.

4              THE COURT:  ALL RIGHT.  WELL, WHY DON'T WE DO THIS?

5              MS. ANDERSON:  SO MAY I ASK ONE QUESTION JUST FOR

6       CLARIFICATION WITH RESPECT TO THE ATTORNEYS' FEES?

7              SO IN GENERAL, THE ISSUE, AND THE ISSUES THAT WERE POINTED

8       OUT WITH THE REPORT, GO TO THE FACT THAT THERE'S NO

9       ITEMIZATION.  SO IF THERE'S -- WE ARE TALKING ABOUT FIGURING

10      OUT THE DAMAGES DURING THE PERIOD OF TIME THAT THE NINTH

11      CIRCUIT SAYS DAMAGES ARE APPLICABLE.

12             THE OSTILLER REPORT SAYS DECEMBER, OR DECEMBER 1.  IT'S

13      NOT BROKEN DOWN INTO -- YOU KNOW, THERE'S NO LISTING OF -- YOU

14      KNOW, NO SCHEDULE OF HOURS.  THEY DIDN'T PROVIDE ANY SPECIFICS.

15             SO WHAT WE'RE SAYING IS THERE SHOULD BE A BRIEFING, AT THE

16      VERY LEAST, AND FACEBOOK SHOULD PROVIDE THAT INFORMATION.

17             IF THEY'RE GOING OFF OF -- THEY'RE SAYING THAT WHAT THEY

18      PROVIDED IS -- WELL, ALL THEY HAVE SUBSTANTIATES THAT.

19             THE PROBLEM IS THAT IT SPANS A PERIOD OF TIME THAT THE

20      NINTH CIRCUIT SAID IS INAPPLICABLE.  AND THAT'S WHY THEY

21      REMANDED -- THAT'S WHY THEY VACATED THAT, THE COMPENSATORY

22      DAMAGES ORDER.  OTHERWISE THEY WOULD HAVE LEFT IT.

23             SO WE AREN'T TRYING TO RELITIGATE EVERYTHING HERE.  IT'S

24      JUST A MATTER OF DAMAGES AT THIS POINT ARE IMPORTANT.  WE'VE

25      GOTTEN IT DOWN TO JUST THIS -- YOU KNOW, THE CAN-SPAM WAS
```

1    REMOVED, SO WE CAN FOCUS ON THIS.

2        BUT THEY SHOULD BE ABLE TO PROVIDE EVIDENCE OF THEIR

3    DAMAGES DURING THE TIME THAT YOU, THAT YOU ESTABLISHED IS WHEN

4    THE VIOLATION OCCURRED.

5            THE COURT:  ALL RIGHT.  WHAT I'M LOOKING AT IS PAGE 6

6    OF THE DEFENDANT'S JOINT CASE MANAGEMENT STATEMENT, LINES 1

7    THROUGH 2.  IT SAYS, "COSTS NOT RELATED TO COMPUTER IMPAIRMENT

8    OR COMPUTER DAMAGES ARE NOT COMPENSABLE UNDER THE CFAA," AND IT

9    CITES AN EASTERN DISTRICT OF CALIFORNIA CASE FROM 2013.

10           MS. ANDERSON:  YOU'RE SAYING THAT --

11           THE COURT:  AND YOU'RE SAYING THAT YOU ARE NOW

12   CONTENDING THAT ATTORNEYS' FEES ARE NOT COMPENSABLE.  OKAY?

13       I WANT TO TURN YOUR ATTENTION TO JUDGE WARE'S ORDER, WHICH

14   IS ECF NUMBER 275 AT 8 WHERE HE ALREADY FOUND THAT FACEBOOK'S

15   COSTS OF RESPONDING, INCLUDING ATTORNEYS' FEES, CONSTITUTED

16   COMPENSABLE LOSS UNDER THE CFAA AND CALIFORNIA PENAL CODE

17   SECTION 502.

18       AND THEN I WANT TO TURN YOUR ATTENTION TO MY ORDER, WHICH

19   IS ECF NUMBER 373, ON PAGE 15 WHERE I FOUND NO CLEAR ERROR IN

20   JUDGE WARE'S DETERMINATION THAT FACEBOOK'S COSTS MEET THE

21   DEFINITION OF LOSS PROVIDED BY THE CFAA OR CALIFORNIA PENAL

22   CODE SECTION 502.

23       SO THAT'S WHERE I'M COMING FROM.  I'M READING THAT YOU'RE

24   NOW CITING CASE LAW THAT SEEMS TO STAND FOR THE PROPOSITION

25   THAT ATTORNEYS' FEES ARE NOT COMPENSABLE, AND I'M TELLING YOU

1    THAT LAW OF THE CASE, PURSUANT TO JUDGE WARE'S ORDER AND MY

2    ORDER, HAS ALREADY DECIDED THAT ISSUE AND I DO NOT WANT --

3              MS. ANDERSON:  I UNDERSTAND.

4              THE COURT:  -- THAT LEGAL ISSUE RELITIGATED BECAUSE

5    IT'S IN YOUR STATEMENT THAT YOU FILED ON FEBRUARY 9TH, 2017, AS

6    ECF DOCKET NUMBER 409.

7              MS. ANDERSON:  I UNDERSTAND.

8              THE COURT:  THAT'S WHAT I'M TALKING ABOUT.

9              MS. ANDERSON:  I UNDERSTAND THAT.

10             THE COURT:  SO I DON'T WANT TO SEE THAT CASE CITED IN

11   YOUR SUPPLEMENTAL BRIEF BECAUSE THAT'S THE LAW OF THE CASE.

12   THAT'S NOT A DO-OVER.

13             MS. ANDERSON:  THAT'S MY QUESTION.

14       IN TERMS OF THAT SCOPE, HOWEVER, THEY INCLUDED, EVEN IN

15   THEIR -- IN THE OSTILLER BRIEF, IT PROVIDES FOR ATTORNEYS'

16   FEES -- THEY CLAIMED IT AS COSTS IN THAT 80 -- OR IN THE 75

17   THAT IS THE ATTORNEYS' FEES.

18       PART OF THAT GOES FROM JANUARY TO MARCH.

19       WELL, THEY FILED THE LAWSUIT AT THE END OF DECEMBER, SO

20   ARE THEY CLAIMING THAT PART OF THE -- THIS IS THE SAME FIRM WHO

21   FILED THE LAWSUIT.

22       SO IT'S NOT CLEAR IF YOU'RE SAYING THAT THEY'RE ENTITLED

23   TO THREE MONTHS OF THEIR ATTORNEYS' FEES IN THIS CASE, EVEN

24   THOUGH THEY NEVER REQUESTED FEES.

25       THAT'S -- THAT'S WHAT WE'RE -- THAT IS THE PART THAT WE DO

1    NEED SOME CLARIFICATION ON.

2         MR. CHATTERJEE:  YOUR HONOR, THAT DOES SEEM LIKE A

3    DO-OVER OF WHAT YOU JUST READ.  IT -- THE ONE ISSUE THAT

4    THEY'VE IDENTIFIED IS THE FACT THAT DECEMBER 1 MAY HAVE BEEN

5    INCLUDED OR MAY NOT HAVE BEEN INCLUDED, THAT ONE DAY.

6         WE TOOK OUT --

7         MR. VACHANI:  NO.

8         MS. ANDERSON:  WE'RE NOT ARGUING THAT AT THIS POINT.

9         MR. CHATTERJEE:  WE TOOK OUT THE ENTIRE MONTH, THE

10   ENTIRE MONTH OF DECEMBER IN WHAT WE PUT IN OUR PAPERS TO YOU.

11        MS. ANDERSON:  WELL, THAT WAS THE ENTIRE -- THAT WAS

12   THE OTHER THING.

13        MR. CHATTERJEE:  AND THEY'RE STILL HERE ARGUING

14   SAYING THEY SHOULDN'T BE RESPONSIBLE.

15        WE CAN DEAL WITH IT IN THE BRIEFING, BUT I DO THINK THAT

16   THEY NEED TO SPECIFY WHAT THEIR OBJECTION IS THAT ISN'T JUST A

17   RELITIGATION.

18        WHAT I HEAR THEM SAYING IS THEY'RE TRYING TO REOPEN

19   DISCOVERY, WHICH THAT SHIP I THINK HAS LONG SINCE SAILED.  THEY

20   HAD AN OPPORTUNITY TO DEPOSE OUR EXPERT.  THEY HAD AN

21   OPPORTUNITY TO DEPOSE ALL THE FACT WITNESSES.  THEY CHOSE NOT

22   TO DO THAT.

23        MS. ANDERSON:  EVERYTHING THAT WE'VE REFERENCED AND

24   THAT WE'LL REFERENCE IN THE BRIEF IS ON THE RECORD.  IT'S

25   PROVIDED BY FACEBOOK.  NOBODY IS LOOKING TO REOPEN DISCOVERY.

20

```
1        THE -- FIRST OF ALL, WE DISAGREE THAT WE'RE TALKING ABOUT

2    ONE DAY.

3            THE COURT:  OKAY.  I'M SORRY TO INTERRUPT YOU.

4            MS. ANDERSON:  SURE.

5            THE COURT:  I APOLOGIZE, BUT I HAVE ANOTHER CRIMINAL

6    SENTENCING THIS AFTERNOON, WE HAVE FIVE CMC'S, THE SENTENCING I

7    DID THIS MORNING, THEY HAVE TO COME BACK FOR A PRETRIAL

8    SUPERVISION ELECTRONIC MONITORING ISSUE.  SO I REALLY CANNOT

9    EFFECTIVELY HAVE A SUBSTANTIVE ORAL ARGUMENT ON THE MOTION.

10    LET'S JUST SET THE BRIEFING SCHEDULE.

11        HOW QUICKLY -- I KNOW FACEBOOK WANTS THIS RESOLVED

12    QUICKLY.  HOW QUICKLY CAN YOU FILE YOUR BRIEF?  AND I WANT IT

13    TO BE SPECIFIC BECAUSE REALLY VAGUE ARGUMENTS AS -- SOME OF THE

14    STATEMENTS IN THE JOINT CASE MANAGEMENT STATEMENTS, IT WAS

15    UNCLEAR -- AND I'M SAYING THIS ON BOTH SIDES -- IT WAS REALLY

16    HARD TO SORT OF CRYSTALLIZE WHAT THE ISSUE IS.  SO IF YOU COULD

17    BE MORE SPECIFIC, THAT WOULD BE GREAT.

18        HOW QUICKLY CAN YOU DO IT?  TODAY IS FEBRUARY 15TH.

19            MS. ANDERSON:  CAN WE SET IT FOR MARCH 15TH?

20        ARE THESE SIMULTANEOUS?

21            THE COURT:  NO.  FACEBOOK WILL DO THE RESPONSE.

22        WHEN IS YOUR RESPONSE?

23            MR. CHATTERJEE:  WE CAN GET IT DONE, LET'S SAY, THREE

24    WEEKS AFTERWARDS.  WE CAN DO IT TWO WEEKS AFTERWARDS, YOUR

25    HONOR, IF WE COMPRESS THEIR TIME A LITTLE BIT.
```

21

```
1              THE COURT:  DO YOU WANT TO SAY MARCH 8TH AND

2     MARCH 29TH?  IS THAT --

3              MR. CHATTERJEE:  THAT'S FINE, YOUR HONOR.

4              THE COURT:  OKAY.  THEN I NEED TO FIND A HEARING

5     DATE.

6          (PAUSE IN PROCEEDINGS.)

7              THE COURT:  OKAY.  I WILL SET THIS FOR A HEARING ON

8     APRIL 13.

9              MS. ANDERSON:  ONE POINT OF CLARIFICATION.  IF

10    FACEBOOK IS SEEKING DAMAGES, SHOULD THEY MAKE THE INITIAL

11    BRIEF?  OR ARE WE GOING OFF OF WHAT THEY'RE REQUESTING IN THE

12    CASE MANAGEMENT STATEMENT?

13             THE COURT:  WELL, THERE HAVE ALREADY BEEN -- WELL,

14    WHY DON'T I LET MR. CHATTERJEE RESPOND?

15             MR. CHATTERJEE:  YOUR HONOR, WE'VE SUBMITTED THE

16    EVIDENCE IN THE ORDER ON SUMMARY JUDGMENT.  THE COURT FOUND

17    THERE WAS NO DISPUTED ISSUE OF FACT AND AWARDED US DAMAGES

18    BASED UPON THE EVIDENTIARY SUBMISSIONS THAT WE MADE.

19        WHAT I HAD SUGGESTED HERE WAS THAT -- WAS THAT MR. VACHANI

20    AND POWER VENTURES SIMPLY FILE A SUPPLEMENTAL BRIEF ON THAT

21    ISSUE.

22        WHAT I'M TRYING TO DO REALLY IS MINIMIZE THE AMOUNT OF

23    EXPENSE GOING INTO THIS, AND SO MY THOUGHT WAS IF THEY THOUGHT

24    THERE WAS SOMETHING SUPPLEMENTAL THAT THEY NEEDED TO SAY

25    ASSOCIATED WITH THIS ISSUE, THAT THEY COULD MAKE WHATEVER
```

22

```
 1        SPECIFIC OBJECTION TO WHAT MODIFICATIONS NEEDED TO BE MADE, AND

 2        THEN WE WOULD RESPOND TO THAT.

 3               MS. ANDERSON:  AND WE WOULD HAVE AN OPPORTUNITY TO

 4         REPLY IF THERE ARE NEW ARGUMENTS?

 5            AND, I MEAN, THIS IS FROM -- I'M A LITTLE CONFUSED BECAUSE

 6        THE EVIDENCE THAT THEY'RE REFERRING TO INCLUDES DATES THAT

 7        AREN'T --

 8               THE COURT:  ALL RIGHT.  WHY DON'T WE DO THIS:  WHY --

 9         I KNOW EVERYONE IS TRYING TO KEEP COSTS LOW BECAUSE THE CASE

10         HAS GONE ON FOR QUITE SOME TIME.

11            I THINK MS. ANDERSON RAISES A FAIR POINT, THAT DAMAGES

12        WOULD BE ON -- THE BURDEN WOULD BE ON THE PLAINTIFFS, SO WHY

13        DON'T YOU GO FIRST AND LAST?

14               MR. CHATTERJEE:  WE WILL DO THAT, YOUR HONOR.

15               THE COURT:  OKAY.

16               MR. CHATTERJEE:  IT --

17               THE COURT:  SO HOW MUCH TIME DO YOU NEED?  CAN YOU DO

18         IT MARCH 8TH?  THAT'S IN THREE WEEKS.

19               MR. CHATTERJEE:  I THINK WE CAN DO MARCH 8TH, YES.

20               THE COURT:  OKAY.  SO THEN THE OPENING BRIEF BY THE

21         PLAINTIFF WILL BE MARCH 8TH, AND YOUR OPPOSITION WILL BE

22         MARCH 29TH.

23               MS. ANDERSON:  UM-HUM.

24               THE COURT:  AND THEN WHEN CAN YOU DO A REPLY?

25               MR. CHATTERJEE:  WE CAN DO IT TWO WEEKS LATER, YOUR
```

23

1    HONOR.

2            THE COURT:  SO APRIL -- THAT WOULD BE THE 12TH.

3            MS. ANDERSON:  AND DID WE ESTABLISH THAT --

4            MR. CHATTERJEE:  AND YOUR HONOR IS FINE --

5            MS. ANDERSON:  -- THERE IS EVIDENCE ALREADY ON THE

6    RECORD?  THAT IS WHAT FACEBOOK IS SAYING.

7            MR. CHATTERJEE:  WHAT THEY'RE ASKING US TO DO IS TO

8    RELITIGATE THE ISSUE, AND IF THEY'RE GOING TO RAISE THESE

9    ISSUES, WE WILL ADDRESS, YOU KNOW, THE ISSUES AS WE UNDERSTAND

10   THEM AND WE'LL SUBMIT WHATEVER EVIDENCE WE THINK WE NEED TO

11   ASSOCIATED WITH THAT, YOUR HONOR.

12           MS. ANDERSON:  THIS ISN'T INCONSISTENT WITH WHAT

13   JUDGE WARE OR WHAT YOU SAID, YOUR HONOR.  THIS IS JUST

14   CONSISTENT WITH WHAT THE NINTH CIRCUIT IS ORDERING, WHICH IS

15   NARROW THOSE DAMAGES, AND THEY'VE PROVIDED EVIDENCE THAT WAS

16   BROADER.  SO THEY NEED TO PROVIDE EVIDENCE THAT IS NARROWER.

17       IN OTHER WORDS --

18           THE COURT:  WELL, THEY ARE NARROWING, RIGHT?  THEY'RE

19   DROPPING FROM 80,543 TO 46,883.  I THINK THERE IS SOME

20   NARROWING THAT THEY ARE DOING.

21           MS. ANDERSON:  THEY THREW OUT THE ONE MONTH --

22           THE COURT:  OKAY, LOOK, LET'S SET THE BRIEFING

23   SCHEDULE, AND PLEASE PLACE YOUR ARGUMENTS IN YOUR BRIEFS, OKAY?

24       SO MARCH 8, MARCH 29, APRIL 12TH WILL BE THE REPLY, AND

25   LET'S SET A NEW HEARING DATE BECAUSE THE 13TH WILL NOW NOT GIVE

24

```
1        US ENOUGH TIME TO PREPARE.

2             WHY DON'T WE SET THIS FOR -- SO APRIL 12TH --

3             CAN I ASK MS. GARCIA, WHAT DO WE HAVE SET ON THE 27TH?  I

4    HAVE FINAL APPROVAL OF DATTA, DISPOSITIVES IN WATKINS.

5             THE CLERK:  CORRECT.

6             THE COURT:  MOTION TO DISMISS AND MOTION TO DECLARE

7    VEXATIOUS LITIGATION IN BROOKE, MOTION TO DISMISS IN HERGUAN,

8    AND A BANKRUPTCY APPEAL.

9             IS THAT IT FOR THE 27TH, OR IS THERE ANYTHING ELSE?

10            THE CLERK:  ONE SPECIAL SET CRIMINAL MATTER THAT

11   MORNING, BUT THERE'S NOTHING ELSE IN THE AFTERNOON.

12            THE COURT:  OKAY.

13            OTHERWISE WHAT DOES MAY 4TH LOOK LIKE?

14            THE CLERK:  FURTHER PRETRIAL CONFERENCE IN CHEN V.

15   FLEETCOR; GRADY VERSUS EXPERIAN, DISPOSITIVE MOTIONS; AND

16   MOTIONS TO DISMISS IN NEVAREZ VERSUS FORTY NINERS.

17            MS. ANDERSON:  I WILL BE ON INTERNATIONAL FLIGHTS ON

18   THE 27TH AND THE 4TH.  BEFORE -- ANY DAY BEFORE OR AFTER THAT.

19   OR I CAN -- I CAN TRY TO MOVE THEM.

20            THE COURT:  WELL, TO BE FRANK, I'M LIKELY TO VACATE

21   THE HEARING AND JUST ISSUE A RULING ON THE PAPERS.  THERE'S

22   PROBABLY A VERY STRONG LIKELIHOOD THAT THAT'S GOING TO HAPPEN,

23   THAT I'M NOT GOING TO HAVE THE HEARING.

24            BUT I DO WANT TO SET IT ON A DATE THAT YOU COULD BE

25   AVAILABLE IN THE EVENT THERE IS A HEARING.  SO YOU ARE NOT
```

25

```
1    AVAILABLE ON APRIL 27TH AND YOU'RE NOT AVAILABLE ON MAY 4TH?
2    IS THAT RIGHT?
3            MS. ANDERSON:  I MEAN, I'VE GOT TWO INTERNATIONAL
4    FLIGHTS.  DEPENDING ON THE TIMING, I COULD TRY TO CALL IN, BUT
5    I'D RATHER BE HERE.
6            THE COURT:  I COULD SET IT ON MAY 11TH, OR I COULD
7    TRY TO SET IT ON -- WHEN ARE YOUR FLIGHTS?
8            MS. ANDERSON:  MAY 11TH IS GREAT.  YOU CHOSE THE
9    BEGINNING AND THE END.  SO ANYTHING BEFORE OR AFTER.
10           THE COURT:  SO WHEN ARE YOU -- I'M SORRY, WHEN ARE
11   YOU LEAVING?
12           MS. ANDERSON:  THE 27TH AND BACK ON THE -- FLYING
13   BACK ON THE 4TH AND 5TH.
14           THE COURT:  I SEE.  DO YOU HAVE ANY OBJECTION TO
15   HAVING THE HEARING ON THE 11TH?  THAT'S A LITTLE BIT LATER THAN
16   PROBABLY WHAT YOU WANTED.
17           MR. CHATTERJEE:  WE WOULD JUST LIKE TO GET IT DONE,
18   AND DONE SOONER.  IF MAY 11 IS THE EARLIEST WE CAN DO, WE'LL DO
19   THAT.
20       WE COULD TRY AND MAKE THE TIMEFRAMES FOR THE BRIEFING
21   EARLIER SO WE CAN GET IT DONE EARLIER.  THAT'S ONE POSSIBILITY.
22           THE COURT:  WELL, THE OTHER THING I COULD DO IS I
23   COULD SPECIALLY SET IT ON -- WELL, LET ME JUST MAKE SURE WITH
24   MS. GARCIA, DO WE HAVE ANY TRIALS SET ON APRIL 24TH OR 25TH?
25   THAT'S MONDAY OR TUESDAY.
```

26

```
1           SO IT WOULD BE TWO OR THREE DAYS BEFORE YOUR FLIGHT.

2               MS. ANDERSON:  THAT'S FINE.

3               THE CLERK:  APRIL 24TH, WILLIAM PHILIPS, ET AL, V.

4       FORD, ST. PAUL FIRE VERSUS INSURANCE COMPANY OF STATE OF

5       PENNSYLVANIA, AND A SPECIAL SET SENTENCING MATTER.

6               THE COURT:  OKAY.  WHY DON'T WE --

7           WHAT DO WE HAVE ON THE 13TH?  THE PHILIPS V. FORD PTC,

8       ST. PAUL FIRE PTC, NEUROSPINE MOTION FOR LEAVE, AND A MOTION TO

9       DISMISS IN NISSAN.  DOES THAT SOUND RIGHT?

10              THE CLERK:  YES.  AND THE SMALL BUSINESS

11      ADMINISTRATION.

12              THE COURT:  OKAY.  AND THEN WE HAVE THE SHAYOTAS ON

13      THE 12TH, AND THAT'S ACTUALLY --

14          WHAT DO WE HAVE ON THE 18TH OF APRIL?

15          OR I CAN SET THIS ON APRIL 25.  WHY DON'T WE SET IT ON

16      APRIL 25 AT 2:00 O'CLOCK?  OKAY?

17              MR. VACHANI:  YOUR HONOR --

18              THE COURT:  ALL RIGHT.  WHAT ELSE DO WE NEED?

19              MR. CHATTERJEE:  YOUR HONOR, WE HAVE ONE, ONE OTHER

20      THING --

21              MR. VACHANI:  I HAVE TO --

22              MR. CHATTERJEE:  -- ONE OTHER THING THAT WE WOULD

23      LIKE TO RAISE --

24              THE COURT:  WHAT'S THAT?

25              MR. CHATTERJEE:  -- WHICH IS THE NINTH CIRCUIT
```

27

```
1        AFFIRMED THE SANCTIONS ORDER OF $39,796.73.  THAT ISSUE IS NO

2        LONGER A CONTESTED ISSUE AND IT'S BEEN AFFIRMED.

3            WE'D LIKE TO HAVE A COURT ORDER THAT THEY PAY THAT WITHIN

4        THE NEXT 30 DAYS.

5                THE COURT:  ALL RIGHT.  I'M LOOKING AT THE NINTH

6        CIRCUIT ORDER.  THEY DID AFFIRM DISCOVERY SANCTIONS, SO THAT IS

7        ORDERED.

8            WHY DON'T -- DO YOU WANT TO PREPARE AN ORDER -- OR I'LL

9        JUST INCLUDE THAT IN THE CASE MANAGEMENT ORDER.

10           SO YOU ARE TO PAY THE DISCOVERY SANCTION -- LET'S JUST GO

11       AHEAD AND SET A DATE.

12               MR. CHATTERJEE:  THAT'S FINE, YOUR HONOR.

13       MARCH 15TH?

14               MR. VACHANI:  YOUR HONOR --

15               THE COURT:  THAT'S FINE.

16           YES?

17               MR. VACHANI:  YOUR HONOR, I WANTED TO BRING UP ONE

18       ISSUE RELATING TO THE PERSONAL LIABILITY AND THE INJUNCTION

19       AGAINST ME PERSONALLY.

20           AS ONE OF THE -- I THINK THE FUNDAMENTAL PROBLEM OF THE

21       NINTH CIRCUIT DECISION IS THAT A CORE PREMISE OF THE ENTIRE

22       CASE -- SO MUCH OF THIS ENTIRE CASE WAS REFERENCING ACTIONS

23       RELATING TO THE CAN-SPAM ISSUE.  TESTS REGARDING PERSONAL

24       LIABILITY AND THE INJUNCTION HEAVILY REFERRED AND WERE PASSED

25       IN THE LEGAL JUDGMENT RELATING TO THE CAN-SPAM ISSUE AND THAT
```

1    ENTIRE DECISION WAS THROWN OUT.

2        I JUST WONDER HOW SOME OF THESE ISSUES, WITHOUT A CLEAR

3    ANALYSIS OF THE RATIONALE FOR THE PERSONAL INJUNCTION, I

4    REALIZE IT WAS VACATED AND HAS TO BE LOOKED AT -- IT WAS

5    VACATED BY THE COURT.

6        BUT BECAUSE SO MUCH OF THIS CASE AND THE PREMISE OF

7    WRONGDOING WAS THROWN OUT, I'M STILL -- I FIND THAT I'M

8    CONFUSED ON EXACTLY HOW WE ADDRESS THAT, INCLUDING THE FACT

9    THAT WE DON'T EVEN KNOW THE DATE AT WHICH AUTHORIZATION WAS

10   REVOKED ALSO.  I MEAN, THAT COULD BE JUST -- IT COULD HAVE BEEN

11   DECEMBER 30TH.  IT COULD HAVE BEEN DECEMBER 15TH.

12       THESE ISSUES HAVE NOT REALLY BEEN RESOLVED.

13           MS. ANDERSON:  AND THESE ARE NEW ISSUES, TO BE CLEAR.

14           MR. VACHANI:  THESE ARE NEW ISSUES THAT COME AS A

15    RESULT OF THE NINTH CIRCUIT VACATING THE INJUNCTION, AND ALSO

16    AS A RESULT OF THROWING OUT --

17           THE COURT:  OKAY.  BUT THE BASIS OF THE INJUNCTION

18   WAS THREE-FOLD.  I AGREE CAN-SPAM IS GONE, BUT CFAA IS STILL IN

19   EXISTENCE AND IT'S STILL A BASIS FOR AN INJUNCTION, AND SO IS

20   CALIFORNIA PENAL CODE SECTION 502.

21       SO THERE WILL BE AN INJUNCTION IN THIS CASE.

22           MR. VACHANI:  BUT THERE WERE TESTS THAT WERE REFERRED

23   TO IN THE BRIEFING AND THE DECISION THAT JUSTIFIED WHY THEY

24   GAVE THE INJUNCTION THAT SPECIFICALLY USED THE CAN-SPAM AND

25   HARM TO GOODWILL, ALL THAT WERE RELATING TO CAN-SPAM.

1    WHILE THE NINTH CIRCUIT HAS DETERMINED THAT WE WERE NOT

2    WRONG IN THE BEGINNING OF THIS CASE WHEN IT STARTED, AND THE

3    ENTIRE PREMISE OF THIS CASE WAS BASED ON THE -- INITIALLY ON

4    THE UNDERSTANDING THAT WE WERE WRONG FROM THE BEGINNING.

5        AND NOW WE MAY HAVE ONLY BEEN IN VIOLATION ONE DAY, AND

6    THAT'S WHY I THINK BEFORE WE CAN --

7        THE COURT:  WHY DON'T YOU INCLUDE THIS IN YOUR

8    BRIEFING?

9        MR. VACHANI:  YEAH, SURE.

10        THE COURT:  I WILL SAY THAT THE NINTH CIRCUIT

11    SPECIFICALLY SAID TO CONSIDER THE INJUNCTIVE RELIEF UNDER THE

12    CFAA AND CALIFORNIA PENAL CODE SECTION 502, SO THERE ARE STILL

13    TWO OUT OF THREE BASES FOR AN INJUNCTION.

14        SO WHY DON'T YOU ADDRESS THIS IN YOUR BRIEF, PLEASE?

15        MR. VACHANI:  I WILL MOST LIKELY BE FILING MY

16    PERSONAL LIABILITY -- I'D LIKE TO FILE SEPARATELY, AND I'M NOT

17    SURE HOW THAT RELATES ON THIS ISSUE, BECAUSE IT'S GOT A VERY --

18    IT HAS DIFFERENCES, A DIFFERENT ISSUE, AND I DON'T KNOW HOW

19    THAT SHOULD BE ADDRESSED.

20        THE COURT:  IT NEEDS TO BE INCLUDED IN YOUR BRIEF.

21    OKAY?  YOU HAVE A RESPONSE DUE ON MARCH 29TH AND IT SHOULD BE

22    FILED TOGETHER.  OKAY?  YOU CAN ADDRESS SEPARATE ISSUES.

23        MR. VACHANI:  OKAY.  IF MY INTERESTS AND THE

24    INTERESTS OF THE COMPANY, WHO OBVIOUSLY HAS A LOT MORE

25    SHAREHOLDERS, THEY ARE VERY DIFFERENT, I'M JUST WONDERING, WILL

```
 1    I BE ABLE --

 2          THE COURT:  SO JUST INCLUDE THAT IN THE JOINT BRIEF

 3    AND SAY THIS IS THE SECTION THAT RELATES TO PERSONAL LIABILITY.

 4    OKAY?

 5          MR. VACHANI:  OKAY.

 6          THE COURT:  ALL RIGHT.

 7          MR. CHATTERJEE:  AND THEN JUST ONE QUICK THING.  OUR

 8    NUMBERS -- BECAUSE WE DID KIND OF ERODE, JUST CUTTING OUT ALL

 9    OF DECEMBER, IF WE'RE GOING TO BE PUT TO THE TASK OF HAVING TO

10    BRIEF THIS WHOLE THING, OUR NUMBERS THAT WE PUT IN THERE MIGHT

11    CHANGE A LITTLE BIT IN OUR REQUEST, BECAUSE IF WE'VE GOT TO GO

12    THROUGH THE EXPENSE OF FILING THIS, WE'RE GOING TO -- WE'LL

13    PROBABLY ASK FOR SOME OF DECEMBER AT LEAST, AND I JUST -- THERE

14    MIGHT BE AN INCONSISTENCY IN THE NUMBERS AND I DIDN'T WANT YOU

15    CONFUSED.

16          THE COURT:  THAT'S FINE.  JUST DO THE BEST YOU CAN TO

17    EXCISE WHATEVER PORTION --

18          MR. CHATTERJEE:  WE WILL.

19          THE COURT:  -- THAT'S NOT APPROPRIATE UNDER THE NINTH

20    CIRCUIT'S ORDER, AND DOCUMENT AS BEST YOU CAN SO HOPEFULLY WE

21    WILL NOT HAVE UNNECESSARY DISPUTES.

22          MR. CHATTERJEE:  WE WILL, YOUR HONOR.

23          THE COURT:  ALL RIGHT.  THANK YOU.

24          MR. CHATTERJEE:  THANK YOU.

25          MS. ANDERSON:  THANK YOU, YOUR HONOR.
```

31

1          MR. VACHANI:  THANK YOU, YOUR HONOR.

2      (THE PROCEEDINGS WERE CONCLUDED AT 3:13 P.M.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES COURT REPORTERS

1  Amy Sommer Anderson (STATE BAR NO. 282634)
   anderson@aroplex.com
2  Aroplex Legal Services & the Law Practice of Amy
   Sommer Anderson
3  156 2nd Street
4  San Francisco, California  94105
   Telephone:     415-529-5148
5  Facsimile:     415-520-0606
   Attorney for Defendant
6  POWER VENTURES, INC.

7  STEVEN VACHANI (*pro se*)
8  2425B Channing, #216
   Berkeley, CA  94704
9  Telephone: (917) 267-8823

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-05780 LHK |
| Plaintiff, | **DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| POWER VENTURES, INC., a Cayman Island corporation and d//b/a POWER.COM, a California corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | Date:       February 15, 2017 Time:       2:00 P.M. Judge:      Hon. Lucy J. Koh Courtroom: 8, 4th Floor |
| Defendants. | |

21        This Court has set a Case Management Conference for February 15, 2017. In light of fact

22  that Facebook previously submitted its Case Management Statement (Dkt. No. 404) in

23  anticipation of the originally scheduled Case Management Conference on January 11, 2017, and

24  given that Facebook attempts to argue the merits of their position with respect to the remaining

25  issues in this matter and submitted a proposed order to the Court thereon, Power Ventures, Inc.

26  and *pro se* defendant Steven Vachani hereby submit this Defendants' Case Management

27  Statement.

28

## I.     JURISDICTION AND SERVICE

On December 19, 2016, a mandate issued from the Ninth Circuit affirming in part and reversing and vacating in part the district court's summary judgment in favor of Facebook, Inc. Reversing in part, the Ninth Circuit held that Power's actions did not violate the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act") because the transmitted messages were not materially misleading. As such, the associated award of statutory damages in the sum of $3,031,350 was vacated.

Reversing in part and affirming in part, the panel held that Power violated the Computer Fraud and Abuse Act of 1986 ("CFAA"), which prohibits acts of computer trespass by those who are not authorized users or who exceed authorized use, and California Penal Code § 502, but *only after* it received a cease and desist letter from Facebook on December 1, 2008. Significantly, the Ninth Circuit found Power did not initially access Facebook's computers "without authorization" within the meaning of the CFAA and only accessed Facebook's computers "without authorization" after receiving written notification—the cease and desist letter—from Facebook on December 1, 2008.

The Ninth Circuit vacated the district court's awards of injunctive relief and damages and remanded for consideration of appropriate remedies under the CFAA and § 502. As this Court has not ordered additional briefing on the issue of remedies in light of the appellate court's decision, Defendants bring this motion to request permission to file supplemental briefing on the issue of damages, as well as the issue of determining the prevailing party for the purpose of allowing costs and fees.

## II.     FACTS

### A. Compensatory Damages

The Ninth Circuit mandate vacated the Court's September 25, 2013 order of, *inter alia*, compensatory damages and remanded the issue to this Court for re-determination based on (1) the fact that the CAN-SPAM judgment is reversed in full, and (2) the Ninth Circuit's restriction of damages under CFAA/CPC § 502 to those incurred *after* December 1, 2008 (i.e., the "allowable period"), which is the date Facebook sent the cease and desist letter to the defendants[1]. Since Facebook's evidence supporting their prior and current requests for compensatory damages is based, at least in part, on the alleged CAN-SPAM violations as well as during a period of time preceding and including December 1, 2008 (i.e., the "unallowable period"), the prior award of $80,543.00 cannot simply be reinstated as Facebook requests.

At the very least, additional briefing should be submitted by Facebook, with opportunity for opposition by the defendants, clearly showing damages incurred and awardable under CFAA and CPC § 502 during the allowable period. Should the Court find sufficient cause to make a determination of compensatory damages pursuant to the Mandate, the defendants present the following issues with Facebook's evidence and damages claims in support of their assertion that Facebook is entitled to $0.00 based on their own showings and arguments.

    1. <u>Facebook's Claimed Damages Contemplate and Were Expressly Related, in Part, to Alleged CAN-SPAM Violations</u>.

In its final order of damages, this Court further awarded $80,543.00 in compensatory damages under the heading of CFAA and CPC § 502 damages. In fact, the Court allowed compensatory damages in the amount claimed by Facebook— $80,543.00—based on a prior

---

[1] "Because we reverse in significant part, we also vacate the injunction and the award of damages. We remand the case to the district court to reconsider appropriate remedies under the CFAA and section 502, including any injunctive relief. With respect to damages, the district court shall calculate damages only for the period ***after*** Power received the cease and desist letter, when Power continued to access data contained in Facebook's servers and memory banks." *Facebook, Inc. v. Power Ventures, Inc.*, 828 F.3d 1068, 1080 (9th Cir. Cal. 2016) (emphasis added).

order finding that Facebook suffered a "loss" in connection with these violations[2]. Since the prior

assessment of "loss" was based on activities and purported costs associated with all three claims,

including alleged CAN-SPAM violations, the Court's award of compensatory damages linked to

this "loss" is inherently based, in part, on a finding that has been reversed by the Ninth Circuit.

2. <u>Facebook's Claimed Damages Expressly Include Purported Costs Incurred During the</u>
<u>Unallowable Period</u>.

Significantly, the Ninth Circuit found Power did not initially access Facebook's

computers "without authorization" within the meaning of the CFAA and only accessed

Facebook's computers "without authorization" after receiving written notification—the cease and

desist letter—from Facebook on December 1, 2008. *See*, Fn. 1. Facebook's Case Management

Statement materially misrepresents the Ninth Circuit's order and mandate by stating the Ninth

Circuit remanded the matter for determination of damages "on and after" December 1, 2008 and

arguing for damages inclusive of those incurred on or before December 1, 2008. *See*, *e.g.*,

Facebook's CMS; Dkt. No. 404 at 3:5-7 (stating that Facebook "expended $80,543 ***on or after***

December 1, 2008, as a result of its internal and external investigations and implementing

technical measures that served as the basis for its CFAA and Penal Code Section 502(b) claims")

(emphasis added). Since the Ninth Circuit's order specifies that damages with respect to CFAA

and CPC § 502 be determined for the period *after* December 1, 2008 (*see*, fn. 1), Facebook's

claimed expenses inherently include those purported to be incurred during the unallowable

period. Facebook has not provided any evidence supporting a claim to compensatory damages

within the scope circumscribed by the Ninth Circuit.

---

[2] *See*, the Court's order of damages and injunctive relief; Dkt. No. 373 at 26:7-8 ("This Court previously held that Facebook suffered 'loss' as a result of Defendants' violation of CFAA;" citing the prior order granting Facebook's motion for summary judgment, Dkt. No. 275 at 18, which finds that costs "as discussed above with regard to Plaintiff's CAN-SPAM claim" is sufficient evidence of loss under CFAA and CPC § 502.)

Further, the Ostiller Report is provided in support of Facebook's claim that it incurred an estimated $5,000 in damages due to the time that Facebook employee Ryan McGeehan spent investigating and responding to Power's activities starting prior to December 1, 2008, which is supported by his testimony that he and his team made the initial investigation with respect to Power's activities before reporting their findings to outside counsel Joseph Cutler, who then claims to have conducted his own investigation to identify who was accessing Facebook's network before sending a cease and desist letter to Power on December 1, 2008. *See*, McGeehan Declaration at ¶ 7. It is conceivable, however unlikely, that all of these events occurred on December 1, 2008, but (1) Facebook provides no schedule of hours or other evidence supporting the dates on which efforts were made and fees were incurred, and (2) costs incurred on December 1, 2008 are not allowable as compensatory damages pursuant to the Mandate.

3. Facebook's Claim Includes Attorney Fees for Litigation, Which Have Not Been Awarded.

The bulk of this Court's original compensatory damages award—$75,543 of the total $80,543—is for attorney fees paid to outside counsel at Perkins Coie for the purpose of taking "legal action against illegal spamming, phishing, and other forms of malicious Internet behavior." Cutler Declaration at ¶ 2, Dkt. No. 213-2. The Ostiller Report provides, without detail, that Facebook paid $38,719 to its attorneys at Perkins Coie in December 2008 and $36,824 from January-March 2009. Ostiller Report at Schedule 1b. This lawsuit was filed on December 30, 2008 by the law firm Perkins Coie.

Even if the Court finds cause to allow Facebook to claim attorney fees as damages during December 2008, Facebook has not been awarded attorney fees in this case, and such fees associated with filing and prosecuting this lawsuit, which commenced December 30, 2008, are not allowable as an item of costs for the purpose of awarding damages under CFAA/CPC § 502.

"Costs *not related* to computer impairment or computer damages are not compensable under the CFAA." *Farmers Insurance Exchange v. Steele Insurance Agency, Inc*., No. 2:13-cv-00784-MCE-DAD, 2013 WL 3872950 (E.D. Cal. July 25, 2013) at 21 (*emphasis added*).

    4. <u>Facebook's Evidence Shows It Did Not Actually Incur A Substantial Portion of the Claimed Expenses</u>.

    Facebook's own evidence shows it did not, in fact, incur the expenses claimed in their prior and current requests for compensatory damages. For example, in support of their claim for $80,543, Facebook states it "expended $80,543 on or after December 1, 2008, as a result of its internal and external investigations and implementing technical measures that served as the basis for its CFAA and Penal Code Section 502(b) claims" and references specific portions of the Expert Report of Richard Ostiller (Dkt. No. 299-25), the declaration of Facebook's outside counsel Joseph Cutler (Dkt. No. 213-2), and the declaration of Facebook's Security Manager Ryan McGeehan (Dkt. No. 213-4). Dkt. No. 404 at 3:5-7.

    First, the Facebook committed to paying the claimed $75,543 in attorney "costs" to Perkins Coie before learning of Power's actions and irrespective of whether Perkins Coie ever dealt with Power because Facebook had an overarching fixed fee agreement for this type of service. The Ostiller Report provides, without detail, that Facebook paid $38,719 to its attorneys at Perkins Coie in December 2008 and $36,824 from January-March 2009. *See,* Ostiller Report at Schedule 1b. Further contained in the Ostiller Report is the disclosure that Facebook had a deal with Perkins Coie beginning in January 2009 whereby the law firm would perform enforcement-related legal services as necessitated by Facebook at a fixed rate. Ostiller Report at ¶ 29. The Report then provides, based on Cutler's Declaration, an ***estimated*** $36,824 of the total fixed fee for January – March 2009 could be attributed to work Perkins Coie performed in relation to Power's activities, yet this amount, as already disclosed by Ostiller, was not actually paid in

response to Power's actions but rather was part of a fixed fee Facebook committed to paying

Perkins for all enforcement efforts.  Thus, in addition to any other issue with claiming attorney

fees as costs, Facebook did not incur attorney fees from January-March 2009 for work related to

Power other than what they had already committed to paying irrespective of whether Facebook

elected to pursue this action or not.

Second, Facebook's claim that it incurred an estimated $5,000 in damages due to the time

that Facebook employee Ryan McGeehan spent investigating and responding to Power's

activities is utterly unsupported by evidence. The Ostiller Report asserts that Ryan McGeehan

worked an estimated 50 hours in response to Power's activities at an estimated rate of $100 per

hour in "fully burdened payroll costs." Ostiller Report at ¶ 18 and Schedule 1a. Ostiller's

assertion of McGeehan's 50 hours references the McGeehan Declaration (Dkt. No. 213-4), which

does not actually provide a numerical estimate of time expended but rather states that McGeehan

spent "many hours" investigating and talking to Facebook personnel about Power's activities, in

addition to 3 – 4 days of McGeehan's "own engineering time" addressing other security issues

related to Power's activities. McGeehan Declaration at ¶ 17.

To be clear, Facebook provides no evidence supporting Ostiller's estimate of McGeehan's

50 hours. Ostiller states that McGeehan *said* he estimates his total expenditure at 50 hours.

Ostiller Dec. at ¶ 19. Since Facebook provides no evidence of such statement by McGeehan, it

must be assumed that McGeehan made the statement in an interview with Ostiller, which makes

the estimate impermissible hearsay. Without even an estimate of hours expended, Facebook has

no basis for claiming damages related to McGeehan's efforts.

Further, even if the Court considers Ostiller's estimate of 50 hours, and even if the Court

assumes 50 hours were spent during the allowable period and were related to CFAA and CPC §

502, this estimate must be offset by the 3 – 4 days of work representing McGeehan's "own

DEFENDANTS' CASE MANAGEMENT
STATEMENT

- 7 -

CASE NO. 5:08-CV-05780 LHK

2-ER-215

engineering time" since Facebook makes no allegation nor offers any evidence that Facebook compensated McGeehan for working on his own time. McGeehan does not state how many hours constitute one of his own workdays, so assuming (once again) the 50 hour estimate includes 3 – 4 of McGeehan's own days at 8 hours per day (24 – 32 hours total), the estimate is reduced to 18 – 26 hours that McGeehan spent while "on the clock" working for Facebook where he was a salaried employee.

Further still, neither McGeehan nor Ostiller discloses McGeehan's actual salary, and Ostiller provides no evidentiary basis for estimating McGeehan's hourly rate at $100 or claiming McGeehan was compensated for his own engineering time. Surely Facebook should be required to show more specificity with respect to damages it claims are certain and were actually incurred and not be allowed to rely on estimates of estimates based on facts not on the record or not properly before the Court.

**B.  Costs of Suit to Prevailing Party**

Entry of judgment entitles the prevailing party to an award of costs. FRCP 54(d); 28 USC § 1920. Since Plaintiff Facebook, Inc. was originally awarded summary judgment on all three of their claims, they were the prevailing party for the purpose of claiming allowable costs and fees. On January 2, 2014, costs were taxed on this basis in favor of Facebook in the sum $49,637.93.

FRCP 54 provides in its notes[3] , however, that a new period for filing a Bill of Costs will automatically begin if a new judgment is entered following a reversal or remand by the appellate court. Here, no effective judgment has been entered in light of the Ninth Circuit's partial reversal/vacation/affirmation/remand, and as such the time for filing of a Bill of Costs has not begun to run.

On appeal, the Ninth Circuit reversed in part, vacated in part, affirmed in part, and

---

[3] FRCP 54. Notes of Advisory Committee on Rules—1993 Amendment.

DEFENDANTS' CASE MANAGEMENT STATEMENT

- 8 -

CASE NO. 5:08-CV-05780 LHK

remanded the matter back to this Court to determine damages, including injunctive relief if warranted, as limited to the CFAA and CPC § 502 claims. The appellate court made no specific reference to the prevailing party in the District Court case but did order that the parties bear their own costs on appeal given of the partial reversal of this Court's judgment. Since the appeal challenged the merits of Plaintiff's entire case, the Ninth Circuit's ruling that the parties bear their own costs strongly supports application of the same finding with respect to costs incurred in this Court, and the defendants should be permitted to make their arguments in support of this position and in light of the modified judgment of liability.

**C. Discovery Sanctions Order**

Facebook appears to seek an additional order of damages for the discovery sanctions order that was upheld by the Ninth Circuit. Since this order was not reversed or remanded in any way, it already stands and does not need to be—and should not be awarded again as damages.

**D. Injunctive Relief**

This Court further awarded to Facebook permanent injunctive relief amounting to a broad prohibition of activities related to all three claims. With the CAN-SPAM award reversed and the award of damages and injunctive relief vacated, Defendants offer that the Court and the parties will be well served by the opportunity to argue and assess damages within the scope of the Ninth Circuit's circumscribed CFAA/CPC § 502 determination and independent of the now defeated CAN-SPAM claim.

**E. Summary**

In summary:

1.      No judgment need be made regarding the order for discovery sanctions in Facebook's favor, as that order was sustained without remand and, thus, remains in effect.

2.      The costs previously taxed against the defendants are no longer valid since the

judgment on which Facebook's Bill of Costs was filed has been vacated by the Ninth Circuit, and this Court has yet to enter an effective judgment. Defendants further request the Court determine the prevailing party for the purpose of allowable costs and fees.

3.      For the reasons presented above and based on Facebook's own assertions and proffered evidence, Defendants request they receive $0.00 in compensatory damages. In the alternative, Defendants request the Court order supplemental briefing on this issue.

4.      Defendants suggest the parties provide supplemental briefing on the issue of injunctive relief even if the Court finds the evidence and arguments submitted heretofore supportive of an award of damages since the previous injunction was responsive to the CAN-SPAM claim as much as it was responsive to the CFAA and CPC § 502 claims.

## III.    LEGAL ISSUES

At this time, it is the defendants' position that the following issues remain open:

1.      What amount of damages should be awarded to Facebook for Defendants' violations of the CFAA and California Penal Code Section 502, for the period *after* December 1, 2008, as mandated by the Ninth Circuit?

2.      What, if any, should be the scope of permanent injunctive relief?

3.      Who is the prevailing party, if any, for the purpose claiming allowable costs and/or attorney fees?

## IV.    MOTIONS

### A.     Pending Motions

There are no pending motions filed by the Parties.

### B.     Anticipated Motions

The defendants strongly believe additional briefing is necessary to enable the court to reassess damages in light of the Ninth Circuit's decision and have included a proposed order to

that effect. Defendants do not anticipate filing any motion other than in relation to such further briefing, if necessary.

**V.**     **AMENDMENT OF PLEADINGS**

The case is now fully at issue.

**VI.**     **EVIDENCE PRESERVATION**

The defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**VII.**     **INITIAL DISCLOSURES**

Facebook served its initial disclosures on Defendants on July 29, 2011.  Facebook served its supplemental and second supplemental initial disclosures on Defendants on October 14, 2011 and January 13, 2012, respectively.  Defendants served their initial disclosures on Facebook on August 15, 2011.  To date, Defendants have not supplemented the initial disclosures.

**VIII.**     **DISCOVERY**

Discovery closed on January 20, 2012.  The parties agree that no additional discovery is necessary at this time

**IX.**     **CLASS ACTIONS**

This is not a class action case.

**X.**     **RELATED CASES**

Vachani's bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of California, Case No. 12-47150 RLE 13, is related to this matter.

**XI.**     **RELIEF**

Defendants request the Court enter an award of compensatory damages of $0.00 pursuant

to Facebook's own evidence as provided above (Section II. FACTS) and decline to award

injunctive relief in light of the absence of risk of further harm to Facebook. Defendants further

request the Court find there is no prevailing party and that the parties bear their own costs and

fees in the District Court case.

In the alternative and for the reasons outlined above, Defendants request the Court order

additional briefing on the issues of damages, injunctive relieve, and which party is considered the

"prevailing party."

Defendants are compelled to correct an error in this section of Facebook's CMS, which

states that an award of attorney fees was upheld by the Ninth Circuit in this matter. In fact,

Facebook previously waived any right to attorney fees[4] and the Ninth Circuit made no judgment

with respect to attorney fees. Further, Facebook has made no proper motion for an award of

attorney fees following the Ninth Circuit's disposition.

## XII.   SETTLEMENT AND ADR

The parties engaged in an ADR mediation session on December 14, 2009.  The session

was facilitated by mediator Daralyn Durie, who has filed papers with the Court indicating that the

ADR process is not yet complete and that further facilitated discussions are expected.  *See* Dkt.

No. 59.  To date, the parties have engaged in numerous settlement discussions, but have been

unable to reach resolution. The latest of these settlement discussions was on or around April 26,

2013.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to a magistrate judge.

## XIV.   OTHER REFERENCES

The parties do not believe any other references are necessary at this time.

---

[4] "Facebook waives its entitlement to attorneys' fees under the CFAA, its right to exemplary damages under Penal Code section 502." Dkt. No. 369 at 2:14-15; FACEBOOK'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR INJUNCTIVE RELIEF.

DEFENDANTS' CASE MANAGEMENT                                 - 12 -                    CASE NO. 5:08-CV-05780 LHK
STATEMENT

## XV.  NARROWING OF ISSUES

Defendants do not believe that issues can be narrowed at this time.

## XVI.  EXPEDITED TRIAL PROCEDURES

An expedited schedule is not necessary in this case.

## XVII.  SCHEDULING

In light of the fact that the Ninth Circuit's order affects the scope of compensatory damages and injunctive relief, Defendants are prepared to submit supplemental briefing on these issues.

## XVIII. TRIAL

Defendants acknowledge a trial may be necessary on the issue of compensatory damages based on, *inter alia*, the disputed facts regarding timing and actual incursion of damages as provided above. Contrary to Facebook's claim in the same section of its CMS, the defendants have disputed Facebook's claimed damages at every opportunity, including in their briefs supporting and opposing summary judgment, as well as their supplemental briefs regarding damages and in their appellate briefs.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

## XX.  OTHER MATTERS

None.

DATED: 2/8/2017                    AROPLEX LAW

By:   /s/ Amy Sommer Anderson
Amy Sommer Anderson
Attorney for Defendant,
Power Ventures, Inc.

1   Dated: 2/8/2017                              STEVEN VACHANI

2                                        By:  /s/ Steven Vachani
3                                        STEVEN VACHANI
                                         Steven Vachani (pro per)
4                                        2425B Channing, #216
                                         Berkeley, CA  94704
5

6          FILER'S ATTESTATION: Pursuant to General Order No. 45 §X(B), I attest under penalty

7   of perjury that concurrence in the filing of the document has been obtained from its signatory.

8   Dated: 2/8/2017                              Respectfully submitted,

9

10                                       By:   /s/ Amy Sommer Anderson
                                         Amy Sommer Anderson
11                                       Attorney for Defendant,
                                         Power Ventures, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
    nchatterjee@orrick.com
2   MONTE M.F. COOPER (STATE BAR NO. 196746)
    mcooper@orrick.com
3   ROBERT  L. URIARTE (STATE BAR NO. 258274)
    ruriarte@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025
    Telephone:     +1-650-614-7400
6   Facsimile:     +1-650-614-7401

7   FREDERICK D. HOLDEN, JR. (Calif. Bar No. 61526)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8   The Orrick Building
    405 Howard Street
9   San Francisco, California  94105-2669
    Telephone:     (415) 773-5985
10  Facsimile:     (415) 773-5759

11  Attorneys for Plaintiff
    FACEBOOK, INC.

12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16

17  FACEBOOK, INC.,                    Case No.  5:08-cv-05780 LHK

18              Plaintiff,             **JOINT CASE MANAGEMENT
                                       STATEMENT**
19       v.
                                       Date:        January 11, 2017
20  POWER VENTURES, INC. a Cayman Island   Time:        2:00 P.M.
    Corporation; STEVE VACHANI, an     Judge:       Hon. Lucy J. Koh
21  individual; DOE 1, d/b/a POWER.COM,  Courtroom: 8, 4th Floor
    DOES 2-25, inclusive,
22
23              Defendants.

24

25

26

27

28

1    This Court has set a further Case Management Conference for January 11, 2017.  Pursuant

2    to the Minute Order setting such Case Management Conference [Dkt. No. 402], Plaintiff

3    Facebook, Inc. ("Facebook") hereby submits this Joint Case Management Statement, without

4    input from Defendants Power Ventures, Inc. ("Power") or Steven Vachani ("Vachani")[1].

5    **I.**    **JURISDICTION AND SERVICE**

6    On December 19, 2016, the Ninth Circuit issued the mandate associated with its Order

7    and Amended Opinion in *Facebook, Inc. v. Power Ventures, Inc.*, No. 13-17154 (9th Cir. Dec. 9,

8    2016)("Ninth Circuit Order").  All parties previously were served with all relevant pleadings.

9    The parties agree and the Ninth Circuit has concluded that this Court has subject matter

10   jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  Facebook asserted various state and federal

11   claims against Defendants, including two claims alleging violations of the Computer Fraud and

12   Abuse Act, 18 U.S.C. § 1030 *et. seq.* ("CFAA"), and California Penal Code § 502(c), for which

13   this Court in two Orders [Dkt. Nos. 275 & 373] previously concluded Defendants were liable.

14   Separately, the Court by Order [Dkt. No. 356] also awarded Facebook costs and attorney fees

15   from Defendants as a discovery sanction arising from the need to take an additional deposition of

16   Power while the matter was pending before this Court.   The liability findings by this Court with

17   respect to the CFAA and Section 502(c) claims, as well as the discovery sanctions, have been

18   affirmed by the Ninth Circuit.  The Court's ruling with respect to the Controlling the Assault of

19   Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act") has been reversed.

20   Venue is proper under 28 U.S.C. §1391(b).

21

22

23   _____

24   [1] Facebook on January 3, 2017 forwarded copies of its positions set forth in this Joint Case
     Management Statement to Defendants.  However, on January 4, 2017, shortly before the deadline
25   to file this Joint Case Management Statement, Facebook was apprised by counsel for Power that
     both Power and Vachani had personal crises that prevented them from preparing and contributing
26   Defendants' portions of this Joint Case Management Statement.  Defendants further indicated that
     they would file a request for ex parte relief seeking a continuance of the Case Management
27   Conference – a request to which Facebook does not object given Defendants' circumstances.
     However, Facebook is filing this Joint Case Management Statement without Defendants'
28   contributions due to the fact a continuance has not been granted as of the January 4, 2017
     deadline set forth in Docket No. 402 (the Court's December 19, 2017 Minute Order).

                              - 1 -          CASE MANAGEMENT STATEMENT
                                             5:08-CV-05780 LHK

1    **II.    FACTS**

2           **A.    Facebook's Position**

3                 This Court should enter a revised Judgment and Permanent Injunction in the form set out

4    in Facebook's attached proposed Order, whereby Facebook receives an adjusted award of

5    $46,883 in damages from Defendants, jointly and severally, for their violations of the CFAA and

6    California Penal Code Section 502(b).  This amount of damages, which reflects the damages

7    Facebook introduced into the record reflecting expenses incurred internally and via outside

8    counsel for the period following December 1, 2008, when Facebook served its cease and desist

9    letter on Power.  The revised Judgment and Permanent Injunction also include the $39,796.73

10   previously awarded to Facebook against Power and Vachani for discovery abuse, as well as the

11   $49,637.93 in taxable costs awarded to Facebook.  Accordingly, the total amount to be awarded

12   to Facebook is $136,317.66, jointly and severally, against Defendants.

13          **B.    Facebook's Proposal Conforms to the Ninth Circuit Remand Order**

14                 This Court previously entered Orders granting Facebook summary judgment of liability

15   [Dkt. No. 275] and awarding Facebook damages from both Defendants in the amount of $80,543

16   for violations of both the CFAA and California Penal Code Section 502(b) [Dkt. No. 373].  The

17   Court in two other Orders separately awarded Facebook sanctions from both Defendants in the

18   amount of $39,796.73 for discovery abuse related to a Rule 30(b)(6) deposition and failure to

19   produce relevant documents [Dkt. No. 356], and taxed Defendants $49,637.93 in costs [Dkt. No.

20   390].  In denying Defendants' petition for rehearing en banc, the Ninth Circuit (1) upheld the

21   discovery sanction imposed against Defendants, (2) upheld the Court's conclusion that Defendant

22   Vachani is personally liable for all CFAA and Penal Code Section 502 violations, and (3)

23   remanded the matter to this Court solely "to reconsider appropriate remedies under the CFAA and

24   Section 502, including any injunctive relief."  *Facebook, Inc. v. Power Ventures, Inc.*, No. 13-

25   17154, slip op. at 21-22 (9ᵗʰ Cir. Dec. 9, 2016).  The Court of Appeals instructed, "With respect to

26   damages, the district court shall calculate damages only for the period after which Power [on

27   December 1, 2008] received the cease and desist letter, when Power continued to access data

28   contained in Facebook's servers and memory banks."  *Id.* at 22.  No other issues remain for the

- 2 -

Court's resolution.

### 1. The Court's Prior Award of $80,543 in Damages for CFAA and Penal Code Section 502(b) Violations Can Be Reinstated

Facebook previously established through undisputed testimony from both its outside counsel, its security expert assigned to respond to Defendants' violations, and its damages expert witness, that it expended $80,543 on or after December 1, 2008, as a result of its internal and external investigations and implementing technical measures that served as the basis for its CFAA and Penal Code Section 502(b) claims. *See* Dkt. No. 299-25 (Expert Report of Damages Expert Richard Ostiller), ¶¶ 13-29 & Schedule 1[2]; *see also* Dkt. No. 213-4 (Declaration of Facebook Security Manager Ryan McGeehan), ¶¶ 7-18 (reflecting that his investigation of Defendants' activities in connecting to the Facebook site began on December 1, 2008, and that all actions taken to attempt to prevent Defendants' further connections to the site, including imposition of IP blocks, occurred after Facebook served the cease and desist order); Dkt. No. 213-2 (Declaration of Facebook Attorney Joseph Cutler), ¶¶ 4-15  (describing Perkins Coie's legal work in December 2008 and early 2009).  Further, as this Court itself noted, "Defendants do not dispute the accuracy or veracity of [the] evidence of [Facebook's] expenditures."  Dkt. No. 275, at 8.

Paragraphs 21, 30 and Schedule 1 of the Expert Report of Richard Ostiller reflect that in addition to $5000 in internal damages sustained by Facebook in December 2008 in employing its Security Manager Ryan McGeehan to respond to Power's attempts to circumvent IP blocks, Facebook incurred $36,824 in CFAA and Penal Code Section 502 damages as a result of payments to outside counsel Perkins Coie for the months of January through March, 2009.  *See* Dkt. No. 299-25, ¶¶ 21, 30 & Schedule 1. Additionally, paragraph 15 of the Declaration of Joseph Cutler reflects he personally billed Facebook $5059 in legal fees for his activities in December of 2008.  This reflects that Facebook sustained $46,883 in damages from Defendants for the period after December 1 2008, and hence satisfies the Ninth Circuit's criteria for an adjusted award from

---

[2] The full Expert Report of Facebook's Damages Expert Richard Ostiller was served on Defendants and lodged, but not filed, with the Court on December 19, 2011 pursuant to Chief Judge Ware's Case Management Order.  *See* Dkt. No. 92, ¶ 4.  In the event that this Court requests that report now to be filed with the Court rather than lodged, Facebook does not object. A portion of the Report was filed under seal as Dkt. No. 299-325, and later unsealed as Dkt. No. 300.

CASE MANAGEMENT STATEMENT
5:08-CV-05780 LHK

1   the $80,543 originally awarded in damages for violation of the CFAA and Penal Code Section

2   502.

### 2.      The $89,434.66 Previously Awarded for Discovery Sanctions and Costs Remain Undisturbed

4      The Ninth Circuit upheld this Court's prior award of $39,796.73 in sanctions against both

5   Power and Vachani relating to their discovery abuse in conjunction with a Rule 30(b)(6)

6   deposition at which Vachani failed to provide adequate answers to questions, and then failed to

7   produce highly relevant documents until after the conclusion of discovery.  *Facebook, Inc. v.*

8   *Power Ventures, Inc.*, No. 13-17154, slip op. at 22 (9th Cir. Dec. 9, 2016).   Accordingly, the

9   Judgment on remand should once again include the $39,796.73 sanction award previously

10  awarded against both Power and Vachani to Facebook.  Likewise, inasmuch as the $49,637.93 in

11  costs that the Court awarded Facebook also was not challenged on appeal, that award also should

12  be reinstated in the Judgment.

### 3.      The Permanent Injunction Need Only Remove Conditions Specifically Related to CAN-SPAM Violations, and Be Amended To Ensure Proper Compliance by Defendants

15     Facebook's proposed Permanent Injunction modifies and simplifies the earlier Permanent

16  Injunction to delete all elements of relief that were specific to CAN-SPAM violations, while also

17  ensuring that Defendants have already complied with its terms.

18  ### C.      Defendants' Position

19     As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their

20  positions by the deadline to file this Joint Case Management Statement.

21  ## III.     LEGAL ISSUES

22  ### A.      Facebook's Position

23  The only legal issues remaining in this action are the following:

24     1.     What amount of damages should be awarded to Facebook for Defendants'

25         violations of the CFAA and California Penal Code Section 502, for the

26         period on an after December 1, 2008, when Defendants received the cease

27         and desist letter notifying them of their violations of the Acts?

28

- 4 -

CASE MANAGEMENT STATEMENT
5:08-CV-05780 LHK

2.     What should be the scope of permanent injunctive relief arising from Defendants' unlawful actions?

**B.**    **Defendants' Position**

As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their positions by the deadline to file this Joint Case Management Statement.  Facebook understands instead that Defendants will be seeking a continuance of the Case Management Conference.

**IV.**    **MOTIONS**

**A.**    **Pending Motions**

There are no pending motions filed by the Parties.

**B.**    **Anticipated Motions**

1.     **Facebook's Position**

Facebook believes the Court already is in position to enter an award of damages and an order granting permanent injunctive relief in the proposed draft form it provides with this Joint Case Management Statement.  Facebook does not anticipate filing any additional motions, but is prepared to further brief the remanded issues, should the Court so desire.

2.     **Defendants' Position**

As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their positions by the deadline to file this Joint Case Management Statement.

**V.**    **AMENDMENT OF PLEADINGS**

The case is now fully at issue.

**VI.**    **EVIDENCE PRESERVATION**

**A.**    **Facebook's Position**

To the extent the issue is relevant in the wake of the Ninth Circuit's remand Order, Facebook has taken appropriate measures to preserve relevant evidence.  Facebook has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and that parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

- 5 -

1        **B.**     **Defendants' Position**

2        As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their

3    positions by the deadline to file this Joint Case Management Statement.

4    **VII.**    **INITIAL DISCLOSURES**

5        Facebook served its initial disclosures on Defendants on July 29, 2011.  Facebook served

6    its supplemental and second supplemental initial disclosures on Defendants on October 14, 2011

7    and January 13, 2012, respectively.  Defendants served their initial disclosures on Facebook on

8    August 15, 2011.  To date, Defendants have not supplemented the initial disclosures.

9    **VIII.  DISCOVERY**

10       Discovery closed on January 20, 2012.  The parties agree that no additional discovery is

11   necessary at this time.

12   **IX.**    **CLASS ACTIONS**

13       This is not a class action case.

14   **X.**    **RELATED CASES**

15       Vachani's bankruptcy proceeding in the United States Bankruptcy Court for the Northern

16   District of California, Oakland Division, Case No. 12-47150 RLE 13, is related to this matter.

17   The Bankruptcy Court has by Order dated February 13, 2013 [Dkt. No. 122] granted Facebook

18   relief from the automatic stay imposed by 11 U.S.C. § 362(a), in order "to permit Facebook to

19   take any and all actions necessary and appropriate to cause the reopening and completion of [this

20   District Court action]…."

21   **XI.**    **RELIEF**

22       Facebook prays for injunctive relief and the monetary damages set forth in its Proposed

23   Judgment and Permanent Injunction.  The bases for Plaintiff's request for monetary damages

24   include compensatory, statutory, and attorneys' fees permitted by law, and upheld by the Ninth

25   Circuit as appropriate in this case.

26   **XII.  SETTLEMENT AND ADR**

27       The parties engaged in an ADR mediation session on December 14, 2009.  The session

28   was facilitated by mediator Daralyn Durie, who has filed papers with the Court indicating that the

1   ADR process is not yet complete and that further facilitated discussions are expected.  *See* Dkt.

2   No. 59.  To date, the parties have engaged in numerous settlement discussions, but have been

3   unable to reach resolution. The latest of these settlement discussions was on or around April 26,

4   2013.

5   **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

6         The parties have not consented to a magistrate judge.

7   **XIV.   OTHER REFERENCES**

8         **A.      Facebook's Position**

9   Facebook does not believe any additional references are necessary at this time.

10        **B.      Defendants' Position**

11        As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their

12  positions by the deadline to file this Joint Case Management Statement.

13  **XV.    NARROWING OF ISSUES**

14        Facebook does not believe that the remaining issues can be narrowed at this time,

15  inasmuch as liability already has been established and upheld by the Ninth Circuit.

16  **XVI.   EXPEDITED TRIAL PROCEDURES**

17        An expedited schedule is not necessary in this case.

18  **XVII.  SCHEDULING**

19        Facebook believes the matter already is positioned for entry of a final Judgment and

20  Permanent Injunction, in the form proposed by Facebook.

21  **XVIII. TRIAL**

22        No trial is necessary.  This Court has already found that the damages amounts are

23  unrebutted.

24  **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS**

25        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

26  named parties, there is no such interest to report.

27

28

- 7 -

CASE MANAGEMENT STATEMENT
5:08-CV-05780 LHK

1    **XX.    <u>OTHER MATTERS</u>**

2           None.

3

4    Dated: January 4, 2017                    ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6                                              */s/ Monte M.F. Cooper*
                                               ────────────────────────────
6                                              MONTE M.F. COOPER
                                               Attorneys for Plaintiff
7                                              FACEBOOK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

12   FACEBOOK, INC.,                              Case No. 5:08-cv-05780-LHK

13                   Plaintiff,                   **JUDGMENT AND PERMANENT
                                                  INJUNCTION**
14          v.

15   POWER VENTURES, INC. a Cayman Island
     corporation, STEVE VACHANI, an individual;
16   DOE 1, d/b/a POWER.COM, DOES 2-25,
     inclusive,
17
                 Defendants.
18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

JUDGMENT AND PERMANENT INJUNCTION
5:08-CV-05780-LHK

1    This matter is on remand from the Ninth Circuit Court of Appeals.

2    The Court held a Case Management Conference on January 11, 2017.  The unrebutted

3    evidence reflects that all of the damages requested by Facebook were incurred on an after

4    December 1, 2008, the date that Power received the cease and desist letter.  In light of the

5    evidence this Court received, it re-affirms the findings of fact and conclusions of law previously

6    set forth in ECF No. 373, relating to the harm Facebook suffered on and after December 1, 2008

7    as a result of Defendants' violations of the CFAA and California Penal Code Section 502(b).

8    Further, the Court also re-affirms the findings of fact and conclusions of law set forth by

9    Magistrate Judge Spero in ECF No. 356 regarding the need for discovery sanctions against

10   Defendant, which findings and conclusions of law the Ninth Circuit has sustained.  *Facebook,*

11   *Inc. v. Power Ventures, Inc.*, No. 13-17154, slip op. at 22.

12   Based upon the foregoing, the Clerk of the Court shall enter Judgment in favor of Plaintiff

13   and against Defendants, jointly and severally, in the following amounts:

14   (1)    $46,883.00, reflecting Facebook's damages on and after December 1, 2008, arising

15          from Defendants' violations of the Computer Fraud and Abuse Act, and California Penal

16          Code Section 502;

17   (2)    $39,796.73, reflecting the costs and attorney fees that Magistrate Judge Spero in

18          ECF 356 ordered Defendants to pay as a discovery sanction;  and

19   (3)    $49,637.93, the costs this Court in ECF No. 390 previously taxed against

20          Defendants.

21   Furthermore, the Court again orders that Facebook is entitled to a permanent injunction

22   against Power Ventures and Steven Vachani as follows:

23   1.    Defendants, their agents, officers, contractors, directors, shareholders,

24   employees, subsidiary companies or entities, affiliated or related companies and entities,

25   assignees, and successors-in-interest, and those in active concert or participation with them,

26   are permanently enjoined from:

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

JUDGMENT AND PERMANENT INJUNCTION
5:08-CV-05780-LHK

1      A.     Accessing or using, or directing, aiding, facilitating, causing, or conspiring

2   with others to use or access the Facebook website or servers for any commercial purpose,

3   without Facebook's prior permission.

4      B.     Using any data, including without limitation Facebook-user data and data

5   regarding Facebook's website or computer networks, obtained as a result of the unlawful

6   conduct for which Defendants' have been found liable.

7      C.     Developing, using, selling, offering for sale, or distributing, or directing,

8   aiding, or conspiring with others to develop, sell, offer for sale, or distribute, any software

9   that allows the user to engage in the conduct found to be unlawful.

10      2.     Defendants, their agents, officers, contractors, directors, shareholders,

11   employees, subsidiary companies or entities, affiliated or related companies and entities,

12   assignees, and successors-in- interest, and those in active concert or participation with them

13   shall destroy any software, script(s) or code designed to access or interact with the Facebook

14   website, Facebook users, or the Facebook service.  They shall also destroy Facebook data

15   and/or information obtained from Facebook or Facebook's users, or anything derived from

16   such data and/or information.

17      3.     Within three calendar days of entry of this permanent injunction and order,

18   Defendants shall affirm that they already have notified, or shall notify, their current and

19   former officers, agents, servants, employees, successors, and assigns, and any persons acting

20   in concert or participation with them of this permanent injunction.

21      4.     Within seven calendar days of entry of this injunction and order, Defendants

22   shall certify in writing, under penalty of perjury, that they have complied with the provision

23   of this order, and state how notification of this permanent injunction in accordance with

24   paragraph 3 above was accomplished, including the identities of all email accounts (if any)

25   used for notification purposes.

26      5.     The Court shall continue to retain jurisdiction over the parties for the purpose

27   of enforcing this injunction and order.

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:261401367.1

- 2 -

JUDGMENT AND PERMANENT INJUNCTION
5:08-CV-05780-LHK

2-ER-234

1        The Clerk shall close the file.

2

3    **IT IS SO ORDERED.**

4    Dated: _____, 2017 _____

5                                              LUCY H. KOH
                                              United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Orrick, Herrington &
Sutcliffe LLP
Attorneys at Law
Silicon Valley

OHSUSA:261401367.1

- 3 -

JUDGMENT AND PERMANENT INJUNCTION
5:08-CV-05780-LHK

2-ER-235

1  Amy Sommer Anderson (STATE BAR NO. 282634)
   anderson@aroplex.com
2  Aroplex Legal Services & the Law Practice of Amy
   Sommer Anderson
3  156 2nd Street
   San Francisco, California  94105
4  Telephone:     415-529-5148
   Facsimile:     415-520-0606
5
   Attorney for Defendant
6  POWER VENTURES, INC.

7  STEVEN VACHANI (*pro se*)
   2425B Channing, #216
8  Berkeley, CA  94704
   Telephone: (917) 267-8823
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13 | FACEBOOK, INC., | Case No. 5:08-CV-05780 LHK |

14 | Plaintiff, | **DECLARATION OF STEVEN VACHANI IN SUPPORT OF DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S REQUEST FOR INJUNCTIVE RELIEF** |

15                   v.

16 POWER VENTURES, INC., a Cayman Island
   corporation and d//b/a POWER.COM, a
17 California corporation; STEVE VACHANI, an
   individual; DOE 1, d/b/a POWER.COM,
18 DOES 2-25, inclusive,

19              Defendants.

20

21       I, Steven Vachani, declare as follows:

22       1.       I am the CEO of Power.com ("Power").  I make this declaration in support of

23 Defendants' Supplemental Memorandum In Opposition to Facebook's Request for Injunctive

24 Relief.  I have personal knowledge of the facts stated herein and, if called as a witness, I could

25 and would competently testify to the truth thereof.

26

27

28
   VACHANI DECL. IN SUPPORT OF DEFENDANTS'
   OPPOSITION TO FACEBOOK'S REQUEST FOR          -1-          CASE NO. 5:08-CV-05780 LHK
   INJUNCTIVE RELIEF

2.      Beginning in 2006, defendant Power operated a website known as Power.com, which allowed users to access various social networking websites (e.g. MySpace and Orkut) in one place. Specifically, Power created a browser that allowed users to login and access all of their various social networking accounts at once.  Users could update their photos, messages, music, and videos, and these updates would be portable across various social networking sites.

3.      For approximately one month, December 2008, Power offered a promotion to users who also had Facebook accounts. Power advertised to its users that, if they chose to invite their friends to try Power's system, they could win $100. The promotion displayed a pop-up box that said: "share with friends through events." While the specific "event" checkbox on the promotion was pre-checked, consent to participate in the campaign overall required an affirmative click by Power's users. When those users chose to participate in the promotion, Power automated the process of inviting the user's Facebook friends to join Power's service through Facebook's captive "events" interface, which, as described further below, prevented Power (and the user) from changing key elements of the invitation. Attached hereto as Exhibit A is true and correct copy of the above-referenced pop-up box.

4.      On December 1, 2008, Power received a cease and desist notice from Facebook's outside counsel demanding, *inter alia*, that Power discontinue their integration with Facebook. On December 4th, I promptly responded on Power's behalf, as CEO, expressing Power's eagerness to discuss the issues and work out a mutually agreeable solution.

5.      Upon becoming aware of Facebook's opposition to Power's integration, Power undertook full-time efforts to implement Facebook Connect—a platform designed by Facebook that allows third party websites to connect to Facebook—as Facebook requested.

6.      Discussions between Power and Facebook ensued throughout most of December as Power worked diligently to integrate their system with Facebook Connect.  Attached hereto as

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR           - 2 -                    CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

Exhibit B are true and correct copies of e-mail correspondence exchanged between me, as Power's CEO and on Power's behalf, and Facebook counsel at various dates in December 2008.

7.     On December 15, 2008, Facebook expressly granted Power until December 26th to integrate the Facebook API and authorized Power to continue operating on their site with the then-current version of their software.

8.     Negotiations between Power and Facebook over the implementation of Facebook Connect broke down when Facebook refused to grant a reasonable amount of additional time necessary for Power to complete their Facebook Connect integration. At that point, Power shut down their integration at Facebook's demand.

9.     Power completed their Facebook Connect integration in January 2009 and relaunched on Facebook in full compliance with their terms of use. Facebook approached Power, requiring consent to terms additional to those generally required of Connect partners, so Power voluntarily shut down their Connect integration at the end of January 2009.

10.     Power never made any additional attempts to connect to Facebook in any way.

11.     Power went out of business in April, 2011.

12.     Facebook allows its users to create "events" and invite their friends to attend. The specific email referenced in Facebook's complaint was generated by Facebook as a result of a Facebook user named 'Nik' creating an event and selecting the friends to invite.  It was Nik, not Power, that logged on to Facebook and created the event.  It was Nik, not Power, that chose the friends he wished to invite.  Nik could only send the invitation to other Facebook members who had agreed to 'friend' Nik, and thus had expressly agreed to receive communications from Nik.  Facebook then sent an email to those friends on Nik's behalf.  Power did not initiate this message.  Power did not select the recipients to whom it was sent.  And Power had no control over the content of the message or the header information.  Only Facebook did.  Power did not

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR          - 3 -                    CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

transmit any email message to any Facebook account.  Nor did Power make available any utility that would enable a user to transmit such messages. Attached hereto as Exhibit C are screenshots demonstrating the Facebook "event" creation process.

13.     The header information on the emails at issue in this case was accurate and showed that Facebook had sent the messages.  Power had no control over them.  They were auto-generated by Facebook and Power could not have changed them if it wanted to.

14.     Like Facebook, Power also has not received a single complaint from a Facebook user about any of the events described in Facebook's complaint.  Nor has anyone complained to Power about any of our activities related to Facebook.  Nor has anyone claimed to have been misled by anything we did.

15.     Power did not access any nonpublic portion of Facebook's website.  Power merely offered users a different and potentially superior browser through which they could access their Facebook accounts to copy, update, and/or port their own "User Content."  And users did so by entering their own valid usernames and passwords, which Power never copied or stored for any purpose.  Power did not obtain any software, data, or other content of value from Facebook.  The only data accessed through Power's utilities were user's own "User Content," over which Facebook has disclaimed any ownership.

16.     No file remotely relevant to the instant action has been deleted or destroyed. Years after the lawsuit started and after the company ran out of money and could not afford to maintain its servers, Power was pressed to back everything up in a short time before losing server access completely. There was insufficient time to transfer two files completely irrelevant to Facebook's action: One file was unrelated to Power.com's operations and the other file was a nonessential log file, which did not affect operation of the site. This file contained no information that was not duplicated in the data that was backed up and readily available for Facebook inspection.

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR          - 4 -              CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

2-ER-239

17.     My role as CEO of Power during all times relevant to this case required my involved, to some degree, in nearly all operations of the company. At no point, however, did I exert unilateral control or ultimate decision-making authority.

18.     In 2008, Power Ventures was in its infancy, and only seeking to contribute to the world of social networking and improve users' experiences. Power Ventures, Inc. was funded by top tier Silicon Valley ventures and had dozens of sophisticated investors, as well as dozens of employees who owned shares in the company. The company maintained a professional board and at no time did I have control of the board or control over the decisions of a majority of the shareholders in the company.

19.     Attached hereto as Exhibit D is a true and correct copy of *Supplemental Brief by Pro Se Defendant Steven Vachani Regarding Damages*, Dkt. No. 317 filed August 15, 2012.

20.     Attached hereto as Exhibit E is a true and correct copy of *Electronic Frontier Foundation's Brief In Support of Defendants' Motion for Summary Judgment*, Dkt. No. 206-2.

21.     I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


Dated: August 15, 2013

By   /s/ Steven Vachani

PRO SE DEFENDANT STEVEN VACHANI
Steven Vachani (pro per)
2425B Channing, #216
Berkeley, CA  94704

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR        - 5 -            CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

2-ER-240

1    Amy Sommer Anderson (STATE BAR NO. 282634)
     anderson@aroplex.com
2    Aroplex Law
     156 2nd Street
3    San Francisco, California  94105
     Telephone:      415-529-5148
4    Facsimile:      415-970-5016

5    Attorney for Defendant
     POWER VENTURES, INC.
6
     STEVEN VACHANI (*pro se*)
7    2425B Channing, #216
     Berkeley, CA  94704
8    Telephone: (917) 267-8823

9
10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13   FACEBOOK, INC.,

14              Plaintiff,                  Case No. 5:08-CV-05780 LHK

15        v.                               **NOTICE OF MOTION AND MOTION
                                           FOR LEAVE TO FILE MOTION FOR
16   POWER VENTURES, INC., a Cayman Island RECONSIDERATION OF COURT'S
     corporation and d//b/a POWER.COM, a   ORDER FOR SUMMARY JUDGMENT
17   California corporation; STEVE VACHANI, an (DKT. NO. 275)**
     individual; DOE 1, d/b/a POWER.COM,
18   DOES 2-25, inclusive,                 Dept:   Courtroom 8, 4th Floor
                                           Judge:  Hon. Judge Lucy H. Koh
19              Defendants.

20
21
22
23
24
25
26
27
28

     MOTION FOR LEAVE TO FILE MOTION FOR           -1-              CASE NO. 5:08-CV-05780 LHK
     RECONSIDERATION

of the elements of these serious and seldom pleaded criminal claims in this civil context. Judicial economy urges reconsideration based on:

1.  The Court incorrectly applied the law as it relates to private action and erred in finding the email messages at issue were *materially misleading* in violation of the CAN-SPAM Act.

2.  The Court incorrectly and detrimentally overlooked the critical issue of data ownership in its CFAA and CPC § 502 analyses in finding violations based on "unauthorized access" of data that Facebook did not own.

3.  The Court incorrectly classified Plaintiff's purported damages in determining Plaintiff's standing to bring each of the three claims at issue and erred in finding Plaintiff to have standing.

**A. THE MESSAGES AT ISSUE DO NOT VIOLATE THE CAN-SPAM ACT BECAUSE THEY CLEARLY DISCLOSE DEFENDANT POWER'S INFORMATION AS TO ENABLE RECIPIENTS AND ISPs TO IDENTITY AND CONTACT POWER.**

The Act provides that "header information shall be considered *materially misleading* if it fails to identify accurately a protected computer used to initiate the message because the person initiating the message knowingly uses another protected computer to relay or retransmit the message *for purposes of disguising its origin*." 15 U.S.C. § 7704(a)(1)(C) (*emphasis added*). A false or misleading statement is considered "material" if "the alteration or concealment of header information" would *impair the ability of an IAS provider or a recipient to "identify, locate, or respond* to a person who initiated the electronic mail message." *Id.* § 7704(a)(6).

Here, the presence of ample information identifying Power.com as the "host" of the Facebook event that was forwarded by Facebook users to their friends enabled Facebook, as well as users, to identify, locate or respond to Defendants without any delay or further investigation. Indeed, Power's campaign was launched for the sole purpose of attracting more users to join its social media aggregation site. Thus, it did not—and would have no reason to—disguise its

1   concerned with protecting ownership of data. Defendant Power was not only expressly granted

2   permission, but actually instructed, by each owner to access their personal information on

3   Facebook. The question of "unauthorized access" has been a focus of this Court[3], but Plaintiff

4   never established—and this Court has never found—that the accessed data at issue is proprietary

5   to Plaintiff and, thus, fraudulently procured, as required under the CFAA and CPC § 502.

6

7       The relevant provision of the CFAA provides criminal penalties for anyone who:

8   "knowingly and *with intent to defraud*, accesses a protected computer without authorization, or

9   exceeds authorized access, and by means of such conduct *furthers the intended fraud and obtains*

10  *anything of value*…."18 U.S.C. § 1030(a)(4) (*emphasis added*). Section 1030(a)(4) clearly

11  requires intent to defraud and obtain a thing of value, which cannot be established in the present

12  case since the thing "taken" was users' personal information to which Plaintiff had no proprietary

13  rights and, thus, was of no legal value to Plaintiff. Even if the Court finds that users' data was of

14  some value to Plaintiff, users' lawful sharing and Defendants' subsequent access to said data

15  posed no threat to Plaintiff's value since 1) Defendants did not destroy or otherwise impair the

16  data in any way, and 2) Plaintiff did not have ownership, let alone exclusive ownership, to users'

17  personal information. There may be a relevant statute under which Facebook could claim

18  damages for unauthorized access to data it does not own, but such claims are unsupported here.

19

20  **C. PLAINTIFF DOES NOT HAVE STANDING TO BRING THESE CLAIMS BECAUSE**

21      **THEY HAVE NOT SUFFERED HARM SUFFICIENT TO BRING PRIVATE**

22      **ACTIONS UNDER THE CAN-SPAM ACT, CFAA OR CPC § 502.**

23

24          This Court erred in finding Plaintiff has standing to bring a private action under the CAN-

25  SPAM Act because Plaintiff did not suffer damages sufficient to grant them standing under the

26

27

28  ───────────────
    [3] *See*, generally, Court Orders at Dkt. Nos. 89 and 275.

1  Act. The *Gordon* court identified relevant damages establishing standing[4], and Plaintiff suffered

2  none of these harms. Instead, Plaintiff deliberately mischaracterized their claimed "damages" of

3  $5,543 for 3-4 days' salary for one engineer to "investigate" the alleged spamming[5], which was

4  clear from the messages themselves, and $75,000 in legal fees to initiate litigation, which they

5  colored as "investigative costs" incurred by "Cutler's Firm" (better known as Perkins Coie LLP,

6  who was Plaintiff's outside counsel at the time). Such self-imposed fees to investigate and litigate

7  a competitor's use of their system does not qualify as "harm" under any interpretation or

8  application of the Act.

9

10         Further, Plaintiff has not established standing under CFAA or CPC § 502 because they

11  have not established that their network suffered disruption or slowdown[6]. To allege a loss under

12  the CFAA, "plaintiffs must identify impairment of or damage to the computer system that was

13  accessed without authorization." *See, AtPac, Inc.*, 730 F. Supp. 2d at 1184. In *Farmers*, the Court

14  confirmed that "[c]osts not related to computer impairment or computer damages are not

15  compensable under the CFAA." *See Farmers Ins. Exch. v. Steele Ins. Agency, Inc.* (E.D. Cal.,

16  2013) at 721. Thus, Plaintiff's claim for attorney and engineer "investigation" fees, as described

17  above, could not be considered compensable and, thus, not confer standing under the CFAA.

18

19                                    **CONCLUSION**

20         For the reasons presented herein, Defendants respectfully ask permission from this Court

21  to file their motion for reconsideration of the February 16, 2012 Order for Summary Judgment.

22

23  _____

24  [4] The costs of investing in new equipment to increase capacity, customer service personnel to
   address increased subscriber complaints, increased bandwidth, network crashes, and the
25  maintenance of anti-spam and filtering technologies as the "sorts of ISP-type harms" that
   Congress intended to confer standing. *See, Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir.,
26  2009) at 1053.

27  [5] *See,* Declaration of Ryan McGeehan, Dkt. No. 213-4.
   [6] The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding
28  to an offense… incurred *because of interruption of service* . . . ." 18 U.S.C. § 1030(e)(11)
   (*emphasis added*).

MOTION FOR LEAVE TO FILE MOTION FOR                - 6 -              CASE NO. 5:08-CV-05780 LHK
RECONSIDERATION

1  BURSOR & FISHER, P.A.
   L. Timothy Fisher (State Bar No. 191626)
2  Sarah N. Westcot (State Bar No. 264916)
   1990 North California Blvd., Suite 940
3  Walnut Creek, CA 94596
   Telephone: (925) 300-4455
4  Facsimile: (925) 407-2700
   E-Mail: ltfisher@bursor.com
5         swestcot@bursor.com

6  BURSOR & FISHER, P.A.
   Scott A. Bursor (State Bar No. 276006)
7  369 Lexington Avenue, 10th Floor
   New York, NY 10017
8  Telephone: (212) 989-9113
   Facsimile: (212) 989-9163
9  E-Mail: scott@bursor.com

10 BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
   Alan R. Plutzik (State Bar No. 077785)
11 2125 Oak Grove Road, Suite 120
   Walnut Creek, CA 94598
12 Telephone: (925) 945-0200
   Facsimile: (925) 945-8792
13 E-Mails: aplutzik@bramsonplutzik.com

14 Attorneys for Defendants Power
   Ventures, Inc. and Steve Vachani
15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18 ┌─────────────────────────────────┬──────────────────────────
   │ FACEBOOK, INC.,                  │ Case No. 5:08-CV-05780 JW
19 │                                  │
   │                       Plaintiff, │ **DEFENDANTS' MEMORANDUM
20 │                                  │ OF POINTS AND AUTHORITIES IN
   │ -against-                        │ OPPOSITION TO FACEBOOK'S
21 │                                  │ MOTION FOR PARTIAL
   │ POWER VENTURES, INC. d/b/a POWER.COM, a │ SUMMARY JUDGMENT UNDER
22 │ California corporation; POWER VENTURES, INC. │ CALIFORNIA PENAL CODE § 502
   │ a Cayman Island Corporation, STEVE VACHANI, │ AND THE COMPUTER FRAUD
23 │ an individual; DOE 1, d/b/a POWER.COM, an │ AND ABUSE ACT, 18 U.S.C. § 1030**
   │ individual and/or business entity of unknown nature; │
24 │ DOES 2 through 25, inclusive, individuals and/or │ Date: January 23, 2012
   │ business entities of unknown nature, │ Time: 9:00 a.m.
25 │                                  │ Courtroom 9 – 19th Floor
   │                      Defendants. │ Chief Judge James Ware
26 │                                  │
   └─────────────────────────────────┴──────────────────────────
27

28

1   [Facebook Connect] campaign and communication [with Facebook] to maximize the action." *Id.*

2   Facebook was a potential business partner to Power, not a target of fraud. Power intended to work

3   with Facebook, not steal their users.

4       And Mr. Vachani's declaration similarly shows that Power had no intent to defraud

5   Facebook:

6           The only intended use and the only actual use of the Power browser

7           was to display the user's own Facebook account and to enable the
            user to copy and/or update the user's own "User Content." We had
            no scheme to defraud, deceive or extort anyone. Nor could the

8           Power browser be used for such a scheme. Nor, to my knowledge,
            was the Power browser used for such a scheme.

9

10  Vachani Decl. ¶ 23. Facebook's inability to muster a single document evidencing anyone who

11  claims to have been misled, or to name a single person who was misled, or who complained about

12  anything Power did, further confirms that there is no evidence that Power intended to defraud, or

13  committed any act to further such fraud.

14      **D.**     **Facebook Has Failed To Demonstrate That It Was Damaged By**
               **Power's Actions**

15      Prior to filing its summary judgment motion, Facebook was unable to produce any

16  document evidencing any loss to, or expenditure by, Facebook. *See* Fisher Exh. C and ¶ 4 ("In

17  response to Defendants' document requests, Facebook has not produced any documents showing

18  that it was injured by any of the events described in its First Amended Complaint."). Mr. Clark

19  then admitted that Facebook has no evidence that it suffered any damage or loss:

20          Q:     Can you identify anything that Power did that caused
                   Facebook to lose money?

21

22          A:     Same answer.

23          Q:     You can't answer?

24          A:     I can't answer that.

25  Clark Dep. at 116:14-18, Fisher Decl. Exh. A.

26          Q:     Are you aware of any document concerning any injury that
                   Facebook suffered as a result of the events described in the
                   First Amended Complaint? Just the existence of a document.

27

28          A:     I don't know.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FACEBOOK'S MOTION FOR PARTIAL     10
SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

Q:   As you sit here today, you couldn't identify any document
     that would relate to that?

A:   No, I don't believe I can.

*Id.* at 117:18-25.

Despite its discovery responses and Mr. Clark's deposition testimony, Facebook now argues that it has suffered significant damages, claiming that Power "introduced security vulnerabilities and spam to Facebook's network and servers, misappropriated protected content, and forced Facebook to take costly measures in response to such attacks." Facebook's Motion at 3. Facebook makes no effort to quantify any real harm it suffered. For instance, Facebook fails to identify what harm resulted from the supposed "security vulnerabilities" that Power created. In fact, Facebook does not demonstrate any harm to its data, software, or computers. It makes no effort to specify what harm came to it as a result of the purported "spam," which was actually sent by Facebook,[5] and is apparently quite common on the Facebook network. ███████████ ████████████████████████████████████████████████████████████ ████████████████████████████ Nor does Facebook identify anything that Power misappropriated from Facebook's network. That's because Power didn't take anything that belonged to Facebook. *See supra* Section IV.A. ████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████ Nowhere in its motion does Facebook actually identify how its "goodwill" has been harmed nor does it explain how it was harmed by the supposed violation of its Terms of Use.

The only cost explicitly identified in Facebook's motion is the money it paid its lawyer to investigate Power and to file this lawsuit. *See* Cutler Decl. at ¶¶ 3-15. Facebook, however, cites no authority for the recovery of such fees under the CFAA.

---

[5]    *See* Section V.A of Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. § 7704). ("[N]either Power nor Vachani initiated any of the 60,627 messages referenced in Facebook's motion. In fact, Facebook initiated each and every one of those messages.").

1   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
    nchatterjee@orrick.com
2   MONTE M.F. COOPER (STATE BAR NO. 196746)
    mcooper@orrick.com
3   THERESA A. SUTTON (STATE BAR NO. 211857)
    tsutton@orrick.com
4   MORVARID METANAT (STATE BAR NO. 268228)
    mmetanat@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
6   Menlo Park, CA  94025
    Telephone:     650-614-7400
7   Facsimile:     650-614-7401

8   Attorneys for Plaintiff
    FACEBOOK, INC.

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14   FACEBOOK, INC.,                    Case No.  5:08-cv-05780 JW

15              Plaintiff,              **DECLARATION OF JOSEPH
                                        CUTLER IN SUPPORT OF
16        v.                            FACEBOOK, INC.'S MOTION FOR
                                        PARTIAL SUMMARY JUDGMENT
17   POWER VENTURES, INC. a Cayman Island   FOR LIABILITY UNDER THE CAN-
     Corporation; STEVE VACHANI, an     SPAM ACT**
18   individual; DOE 1, d/b/a POWER.COM,
     DOES 2-25, inclusive,              Date:       December 19, 2011
19                                      Time:       9:00 a.m.
                Defendants.             Judge:      Hon. James Ware
20                                      Courtroom:  9, 19th Floor

21                   CONFIDENTIAL – FILED UNDER SEAL

22

23

24

25

26

27

28

    Q:     As you sit here today, you couldn't identify any document
                   that would relate to that?

    A:     No, I don't believe I can.

*Id.* at 117:18-25.

Despite its discovery responses and Mr. Clark's deposition testimony, Facebook now argues that it has suffered significant damages, claiming that Power "introduced security vulnerabilities and spam to Facebook's network and servers, misappropriated protected content, and forced Facebook to take costly measures in response to such attacks." Facebook's Motion at 3. Facebook makes no effort to quantify any real harm it suffered. For instance, Facebook fails to identify what harm resulted from the supposed "security vulnerabilities" that Power created. In fact, Facebook does not demonstrate any harm to its data, software, or computers. It makes no effort to specify what harm came to it as a result of the purported "spam," which was actually sent by Facebook,[5] and is apparently quite common on the Facebook network. ███████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████ Nor does Facebook identify anything that Power misappropriated from Facebook's network. That's because Power didn't take anything that belonged to Facebook. *See supra* Section IV.A. ████████████████████████ ████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████ Nowhere in its motion does Facebook actually identify how its "goodwill" has been harmed nor does it explain how it was harmed by the supposed violation of its Terms of Use.

The only cost explicitly identified in Facebook's motion is the money it paid its lawyer to investigate Power and to file this lawsuit. *See* Cutler Decl. at ¶¶ 3-15. Facebook, however, cites no authority for the recovery of such fees under the CFAA.

---

[5]    *See* Section V.A of Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. § 7704). ("[N]either Power nor Vachani initiated any of the 60,627 messages referenced in Facebook's motion. In fact, Facebook initiated each and every one of those messages.").

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW
        11

1   I, Joseph Cutler, declare as follows:

2       1.    I make this declaration in support of Facebook, Inc.'s Motion for Partial Summary

3   Judgment For Liability Under the CAN-SPAM Act.  I have personal knowledge of the matters

4   stated herein, and if called as a witness could and would testify competently thereto.

5       2.    I am an associate at the Seattle, Washington office of the law firm Perkins Coie

6   LLP.  I am a member of the firm's litigation group.  In that role, I have in the past been engaged

7   by the Plaintiff in this case, Facebook, Inc, ("Facebook"), to help it take legal action against

8   illegal spamming, phishing, and other forms of malicious Internet behavior.

9       3.



15       5.

19       6.

23       7.    Following my sending the cease and desist letter, I was contacted by Power

24   Ventures' CEO, Steve Vachani.  Mr. Vachani said he was the owner of Power Ventures, that he

25   operated the Power website, and that he had the ability to continue or cease Power's activities.

26       8.    In December 2008 through early 2009, I had numerous discussions with Mr.

27   Vachani about the functionality of the Power website.  Through our discussions and additional

28   investigation, I learned of numerous other activities by Defendants, and I also asked that those

- 1 -

DECLARATION OF JOSEPH CUTLER
5:08-cv-05780 JW

1   activities stop.  In nearly all of our discussions, I continued to demand that Defendants cease their

2   unlawful activities.  Our discussions occurred via email as well as on the telephone.

3       9.      During our discussions, Mr. Vachani repeatedly assured me that the functionality

4   of the Power website would be changed to comply with Facebook's requests and that the Power

5   website's connection to Facebook would use Facebook's authorized "Facebook Connect" service.

6   Despite his repeated assurances, Mr. Vachani failed to make the changes to the Power website

7   that he had committed to make.  One example is described below.

8       10.



15      11.     On December 15, 2008, I sent an email to Mr. Vachani responding to his

16  December 12, 2008 email.  In that message, I reconfirmed that Facebook expected the Power

17  website to delete all user data and to fully comply with the Facebook Connect policies and all

18  other applicable Facebook Terms of Use and guidelines within two weeks, or by December 26,

19  2008.

20      12.

25      13.     On December 27, 2008, I received an email from Mr. Vachani informing me that

26  he and Power Ventures would not honor his earlier promises to me.  Instead, the email notified

27  Facebook that the Power website would not remove any Facebook content, would not use the

28  authorized Facebook Connect implementation, and would not discontinue its spam campaign

- 2 -

DECLARATION OF JOSEPH CUTLER
5:08-cv-05780 JW

1    aimed at soliciting Facebook users to join the Power Website.  A true and correct copy of the

2    email I received from Mr. Vachani informing me of this decision is attached hereto as **Exhibit B**.

3        14.      Left with no recourse, Facebook filed the present suit on December 30, 2008.  I

4    prepared a chronology of the events that led to this action, including an accurate characterization

5    of my discussions with Mr. Vachani, which is attached hereto as **Exhibit C**.  After Facebook filed

6    suit, it continued its attempts to reach an agreement with the owners of the Power website to stop

7    its violations of the company's Terms of Use.  Those efforts are also reflected in the attached

8    chronology.

14       I declare under the penalty of perjury under the laws of the United States of America that

15   the foregoing is true and correct.  This Declaration is executed on this 14th day of November,

16   2011, at Seattle, Washington.

Joseph Cutler

-3-

## Power.com Chronology

| Date | Event |
|------|-------|
| December 1, 2008 | Facebook counsel sends Power.com a letter advising them that their service breaches several of Facebook's Terms of Use, including provisions against scraping, unauthorized messaging, improper use of Facebook's trademark, unauthorized access of Facebook user accounts, unauthorized solicitation and storage of user login information, and improper use of the Facebook service for commercial use.  The letter demands that Power.com respond by December 3, 2008 to confirm its intent to comply with Facebook's demands. |
| December 3, 2008 | No response from Power.com |
| December 4, 2008 | Counsel for Facebook contacts the domain registrant for "Power.com," (Mr. Powers, a Washington State resident), who professes no involvement in the website, but who provides contact information for "Steve Vachani" and "Filipe Hererra" and indicates that they are responsible for running the website.  "Mr. Powers" states that he forwarded Facebook's original cease and desist letter on the day he received it (December 1, 2008) to both Vachani and Hererra. |
| December 4, 2008 | Counsel for Facebook sends an email to Steve Vachani and Filipe Hererra explaining that the deadline for response has past, and requests a response from them by December 5, 2008. |
| December 4, 2008 | Steve Vachani responds in an email requesting a meeting with Facebook to "sit down with appropriate members and discuss a solution."  Mr. Vachani indicates that he is in San Francisco, and would be willing to meet the following week.  He does not signal any intention to comply with Facebook's demands to stop violating its Terms of Use. |
| December 5, 2008 | Vachani calls counsel for Facebook and requests a meeting with Facebook developers to discuss a potential business relationship.  Counsel responds that Facebook receives hundreds of such requests each month, and does not have resources to personally tailor its platform to all would-be developers.  Counsel reiterates Facebook's position that Power.com needs to comply with its Terms of Use just like any other entity accessing the Facebook network.  Counsel repeats Facebook's demand to comply with Facebook's Terms of Use immediately. |
| December 10, 2008 | Vachani calls counsel for Facebook and renews his request to forge a business partnership with Facebook to seek a "common solution" to Facebook's concerns.  Counsel repeats Facebook's position: that it is not in a position to give developers preferential treatment; that it expects Power.com to comply with its Terms of Use before requesting any further business interaction; and repeats that it offers "Facebook Connect" as a means to accomplish most, if not all, of what Power.com seeks to do.<br><br>Vachani responds that his people are "working on it," and agrees to provide written confirmation by 12:00 PM on Friday, December 12, 2008 that they have removed compatibility with Facebook's website, that they have removed Facebook's trademarks, that they have purged data obtained from Facebook users while the site was interacting with Facebook.com, and that they will abide by Facebook's Terms of Use in the future. |

## Power.com Chronology

| | |
|---|---|
| December 12, 2008 | Power.com fails to adhere to its agreement to remove functionality between Power.com and Facebook.com by this date.<br><br>Instead, Vachani sends an email to counsel for Facebook signaling Power.com's agreement to implement Facebook Connect, but threatens to include a statement on the website that "Facebook Connect's current capabilities are extremely limited and we would love the opportunity to provide a Facebook connect extension to Facebook that would allow us to enrich the experience for Facebook users."<br><br>Vachani agrees to delete all user data.<br><br>Vachani states that Power.com is finalizing a solution that it has implemented with other service providers that would "enable us to provide more functionality to Facebook users" and requests a meeting with Facebook to promote that solution.  Vachani reiterates that Power.com desires a working and friendly relationship with Facebook.<br><br>Vachani estimates that implementation of Facebook Connect will take 2 weeks to complete. |
| December 12, 2008 | ████████████████████████████████████████████<br>████████████████████████████████. |
| December 15, 2008 | Counsel for Facebook responds to Vachani and accepts the proposed 2-week extension on Facebook Connect implementation, and demands that Power.com remove any non-compliant configurations of Power.com, delete all Facebook data obtained using this non-compliant configuration, conform any postings of Facebook trademarks to established Facebook guidelines, and follow Facebook's Terms of Use and applicable Connect policies in the future.<br><br>The 2-week extension results in a new deadline of EOD December 26, 2008 for Power.com compliance with Facebook's Terms of Use and applicable Connect policies. |
| December 15, 2008 | Vachani acknowledges receipt of Facebook's agreement to the December 26 deadline. |
| December 17, 2008 | Vachani sends counsel for Facebook a message indicating that Power.com has commenced implementation of Facebook Connect, but expresses concern that he was "too optimistic" about his plan to implement Connect by December 26, 2008.<br><br>Vachani proposes a meeting with Facebook to present the Power.com "product plan" and pitch their "improved" integration functions that they would like to use with Connect. |
| December 22, 2008 | Counsel for Facebook contacts Vachani regarding his latest email and reiterates Facebook's position that developers do not receive preferential treatment – especially when they approach Facebook in breach of Facebook's |

## Power.com Chronology

|  | Terms of Use. |
|---|---|
|  | Counsel for Facebook reiterates its demand that unauthorized interactions between Power.com and Facebook.com cease by December 26, 2008. |
|  | Counsel repeats Facebook's position that Power.com should respect Facebook's Terms of Use during the time it develops Facebook Connect, that granting an extension to Power.com is not permission to continue violating Facebook Term of Use, and that Power.com may take as much time as needed to implement Facebook Connect, but that Facebook expects Power.com to cease its unauthorized access to Facebook.com in the meantime. |
| December 22, 2008 | Facebook discovers that Power.com has purposely circumvented its IP blocking measures to continue its unauthorized access to Facebook by using a shared IP address owned by Amazon.com. |
| December 26, 2008 | At 10:00 PM on the deadline for compliance, Vachani sends counsel for Facebook an "update" email stating that Power.com will not be able to finalize its Facebook Connect integration until January 30, 2009.<br><br>Vachani's email states: **"after previously thinking that it would better to take Facebook compatibility down while we implemented this new solution, <u>we have made the business decision</u> to not prevent the interruption of service to our millions of users while working closely to make these changes to address Facebook's concerns."** |
| December 30, 2008 | Facebook files a complaint in the Northern District of California against Power.com. |
| December 30, 2008 | Counsel for Facebook sends an electronic copy of the complaint to Vachani with an email indicating that Power.com's unilateral decision to continue breaching Facebook's Terms of Use while it implements Facebook Connect is unacceptable, and has left Facebook no choice but to file suit against Power.com to in order to stop its continued unauthorized access to Facebook's site.<br><br>Facebook demands that Power.com take down its compatibility with Facebook's site by December 31, 2008 or Facebook will be forced to pursue a Temporary Restraining Order against Power.com. |
| December 31, 2008 | Vachani responds that it will take a week to take down such compatibility, and promises to have the integration removed by Monday, January 5, 2008. |
| December 31, 2008 | Counsel for Facebook responds to Vachani, rejects his offer to remove compatibility by January 5, and reiterates Facebook's intention to seek a Temporary Restraining Order if the compatibility is not removed by 5:00 PM. |
| December 31, 2008 | Power.com removes compatibility with Facebook and sends a message to counsel for Facebook requesting that Facebook withdraw the lawsuit. |
| January 5, 2009 | Facebook communicates its willingness to settle the lawsuit against Power.com in return for the following: (a) a signed stipulated permanent injunction requiring Power.com to comply with Facebook's Terms of Use in |

## Power.com Chronology

| | the future; and (b) payment of ▮▮▮ to Facebook to recoup the costs of having to litigate, rather than negotiate, to obtain compliance with its terms. |
|---|---|
| January 5, 2009 | ████████████████████████████████████████████ |
| January 5, 2009 | In a telephone conference with Facebook counsel, Vachani agrees to respond to Facebook's settlement offer by January 9, 2009. |
| January 7, 2009 | Vachani responds stating that he wants to resolve the lawsuit quickly, and that his technical staff will look into the rogue IP logins; and promises prompt contact by Power.com or its counsel. |
| January 7, 2009 | Counsel for Facebook responds to Vachani asking for the contact information for Power.com's counsel. Vachani responds in an email stating that Power.com is actively seeking, but has not retained, counsel. |
| January 7, 2009 | Vachani indicates that it has "frozen" all active sessions to eliminate any residual "rogue" login sessions. |
| January 8, 2009 | Vachani sends an email to counsel for Facebook stating that they are still seeking counsel. |
| January 9, 2009 | Power.com fails to respond to Facebook's settlement offer as promised. |
| January 12, 2009 | Vachani sends an email to counsel for Facebook stating that he is overseas dealing with "emergencies," and he will be back to the United States on January 17, 2009. |
| January 12, 2009 | Facebook receives a letter from Power Ventures, Inc., a California corporation, stating that it has no relationship with Power.com. Despite the fact that Power.com is run by "Power Ventures, Inc.," it is not registered to do business in California, as Facebook thought. Facebook contacts the owner of the California entity and agrees to dismiss it when it resolves matters with Power.com. The owner of the California entity indicates that the corporation is inactive at this time, and that such a delay would be acceptable.<br><br>Counsel for Facebook begins searching for true location/identity of Power.com corporate ownership. |
| January 13, 2009 | Vachani states that Power Ventures, Inc. is a Cayman Island entity, but offers not details regarding how to contact or serve that entity. |
| January 13, 2009 | Facebook submits an inquiry to the Cayman Island Government requesting the service address for Power Ventures, Inc. |
| January 13, 2009 | Facebook files First Amended Complaint to add new defendant names to properly name suspected defendant entities. |
| January 15, 2009 | Facebook sends a copy of the First Amended Complaint to Vachani, reiterates its willingness to settle the case by the terms described in its January 5 email, but warns that the amount for which Facebook is willing to settle is tied to the amount Facebook expends resolving the dispute. Continued delay will increase the settlement costs. |
| January 16, 2009 | Counsel for Facebook receives contact information for Power Ventures, Inc. from the Cayman Islands – but no telephone number or personal contact for a registered agent. |

## Power.com Chronology

| | |
|---|---|
| January 16, 2009 | Washington Post article announcing that MySpace has also blocked Power.com.  http://www.washingtonpost.com/wp-dyn/content/article/2009/01/16/AR2009011603494.html |
| January 21, 2009 | Counsel for Facebook discovers that Vachani has only provided hotel and bogus address information for all domain registrations.  He does not appear to have a valid address at which Facebook can effect service of process. |
| January 22, 2009 | Vachani sends an email to counsel for Facebook indicating that Power.com is close to finalizing its choice of counsel, and has been advised to stop communicating personally with Facebook counsel.<br><br>Vachani signals his continued willingness to resolve the case. |
| January 23, 2009 | Counsel for Facebook sends service package to Power Ventures, Inc. in the Cayman Islands in order to effect service of process under the Hague Convention. |
| February 5, 2009 | Facebook discovers that Power.com has implemented Facebook Connect without resolving the lawsuit, and the implementation does not properly follow the rules regarding Facebook Connect implementation.<br><br>██████████████████ counsel for Facebook communicates to Power.com that Facebook is willing to permit Power.com to resume access to its network through Facebook Connect only after the lawsuit is resolved. |
| February 11, 2009 | Service of Process effected on Power Ventures, Inc. in the Cayman Islands. |
| February 17, 2009 | Vachani sends an email to counsel for Facebook indicating that it has no updates on finding counsel. |
| February 24, 2009 | Counsel for Facebook advises Vachani that Facebook intends to file a notice of default with the Court on March 2, 2009. |
| February 28, 2009 | Vachani sends an email to counsel for Facebook introducing Scott Bursor as Power's counsel in the matter. |
| March 2, 2009 | Facebook agrees to allow Power.com an extension on the time to answer the complaint to March 23, 2009. |
| March 4, 2009 | Facebook communicates its settlement offer to counsel for Power.com, which includes the same terms as the first settlement offer, and demands ████. |
| March 10, 2009 | Power.com communicates its counteroffer for settlement to Facebook, which does not offer any money to Facebook, does not promise to follow Facebook's Terms of Use, and only offers a "good faith effort" to implement Facebook Connect according to Facebook's policies. |
| March 10, 2009 | Facebook files notice of voluntary dismissal of Power Ventures, Inc., the California corporation. |
| March 14, 2009 | In a telephone conference with counsel for Power.com, counsel for Facebook rejects Power.com's offer, explains that Facebook does not trust Mr. Vachani to abide by Facebook's Terms of Use without a permanent injunction in place, and that Facebook will not settle its case for less than what it spent enforcing its Terms of Use in the first place. |

## Power.com Chronology

| | Counsel for Facebook explains that Facebook views Power.com's unwillingness to sign a stipulated injunction or settle the lawsuit as evidence that Power.com cannot be trusted in the future, and that these negotiations endanger any hopes that Power.com may have of dealing as partners with Facebook in the future.<br><br>Counsel for Facebook indicates that Facebook remains willing to work with Power.com in the future, so long as the lawsuit is resolved amicably. |
|---|---|
| March 23, 2009 | Power.com files Motion to dismiss for failure to plead with particularity. |
| April 17, 2009 | Facebook files Opposition to Power's Motion to Dismiss |
| April 24, 2009 | Power files Reply in Support of Motion to Dismiss |
| May 8, 2009 | Court denies Power's Motion to Dismiss and advises Facebook to submit More Definitive Statement to clarify its Eighth Cause of Action. |
| June 10, 2009 | Facebook files Definitive Statement regarding its Eighth Cause of Action. |
| July 9, 2009 | Power.com files its Answer to Complaint which contains counterclaims alleging antitrust violations.  The counterclaims are extremely bare, and the answers to the other substantive issues in the Complaint are similarly lacking. |

ADRMOP,AO279,APPEAL,CLOSED,E-Filing,ENE,ProSe,REFDIS

# U.S. District Court
# California Northern District (San Jose)
# CIVIL DOCKET FOR CASE #: 5:08-cv-05780-LHK

Facebook, Inc. v. Power Ventures, Inc.
Assigned to: Hon. Lucy H. Koh
Referred to: Magistrate Judge Joseph C. Spero
Case in other court:  Ninth Circuit, 13-16795
                 Ninth Circuit, 13-17102
                 Ninth Circuit, 13-17154
                 USCA, **17-16161**
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 12/30/2008
Date Terminated: 05/02/2017
Jury Demand: Defendant
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Facebook, Inc.**
*a Delaware corporation*

represented by **David P. Chiappetta**
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
415-344-7076
Email: dchiappetta@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Indra Neel Chatterjee**
Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025
(650) 752-3100
Fax: (650) 853-1038
Email: NChatterjee@goodwinlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Perry Cutler**
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101-3099
206-359-8000
Fax: 206-359-9000
Email: JCutler@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Susan Pers**
Orrick Herrington & Sutcliffe LLP

The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
415-773-5700
Fax: 415-773-5759
Email: jpers@orrick.com
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

**John Alan Farmer**
Orrick, Herrington and Sutcliffe LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017-5855
213-612-2482
Fax: 213-612-2499
Email: jfarmer@orrick.com
*ATTORNEY TO BE NOTICED*

**Julio Cesar Avalos**
Orrick Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: javalos@orrick.com
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

**Monte M.F. Cooper**
Orrick Herrington
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: mcooper@orrick.com
*ATTORNEY TO BE NOTICED*

**Morvarid Metanat**
Orrick Herrington et al
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: mmetanat@orrick.com
*TERMINATED: 02/20/2014*

**Robert Luis Uriarte**
Orrick
1000 Marsh Road

Menlo Park, CA 94025
(650) 289-7105
Email: ruriarte@orrick.com
*ATTORNEY TO BE NOTICED*

**Theresa Ann Sutton**
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: jakandjon@yahoo.com
*TERMINATED: 06/20/2017*

**Thomas J. Gray**
King & Spalding LLP
601 South California Avenue
Suite 100
Palo Alto, CA 94304
650-422-6700
Fax: 650-422-6800
Email: tgray@tklg-llp.com
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Power Ventures, Inc.**
*a Cayman Island Corporation*

represented by **Amy Sommer Anderson**
AROPLEX LAW
909 Marina Village Pkwy Unit 109
Alameda, CA 94501
United Sta
415-866-4066
Fax: 415-970-5016
Email: law@aroplex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott A. Bursor**
Bursor & Fisher P.A.
369 Lexington Avenue
10th Floor
New York, NY 10017-6531
212-989-9113
Fax: 212-989-9163
Email: scott@bursor.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan R. Plutzik**
Bramson Plutzik Mahler & Birkhaeuser,
LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
925-945-0200
Fax: 925-945-8792
Email: aplutzik@bramsonplutzik.com
*ATTORNEY TO BE NOTICED*

**Sarah Nicole Westcot**
Bursor and Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
925-300-4455
Fax: 925-407-2700
Email: swestcot@bursor.com
*ATTORNEY TO BE NOTICED*

**Lawrence Timothy Fisher**
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
925-300-4455
Fax: 925-407-2700
Email: ltfisher@bursor.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Suraj Vachani**                    represented by **Amy Sommer Anderson**
2425B Channing, #216                        (See above for address)
Berkeley, CA 94704                          *ATTORNEY TO BE NOTICED*
Grand Caym
917-267-8823
*an individual*

**Amicus**

**Electronic Frontier Foundation**          represented by **Cindy Ann Cohn**
                                            Electronic Frontier Foundation
                                            815 Eddy Street
                                            San Francisco, CA 94109
                                            415-436-9333
                                            Fax: 415-436-9993
                                            Email: cindy@eff.org
                                            *ATTORNEY TO BE NOTICED*

                                            **Marcia Clare Hofmann**
                                            Electronic Frontier Foundation
                                            815 Eddy Street

San Francisco, CA 94109
415-436-9333
Fax: 415-436-9993
Email: marcia@eff.org
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Steven Suraj Vachani**          represented by   **Steven Suraj Vachani**
*an individual*                                   2425B Channing, #216
                                                  Berkeley, CA 94704
                                                  Grand Caym
                                                  917-267-8823
                                                  Email: vachani@yahoo.com
                                                  PRO SE

**Counter-claimant**

**Power Ventures, Inc.**          represented by   **Lawrence Timothy Fisher**
*a California corporation*                         (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

V.

**Counter-defendant**

**Facebook, Inc.**               represented by   **David P. Chiappetta**
*a Delaware corporation*                          (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Indra Neel Chatterjee**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Joseph Perry Cutler**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Jessica Susan Pers**
                                                  (See above for address)
                                                  *TERMINATED: 06/24/2011*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Julio Cesar Avalos**
                                                  (See above for address)
                                                  *TERMINATED: 06/24/2011*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Monte M.F. Cooper**
                                                  (See above for address)

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/30/2008 | 1 | COMPLAINT (with jury demand) against Power Ventures, Inc. (Filing fee $ 350, receipt number 54611004445). Filed by Facebook, Inc. (cjl, COURT STAFF) (Filed on 12/30/2008) (kc, COURT STAFF). (Entered: 12/30/2008) |
| 12/30/2008 | 2 | Certificate of Interested Entities by Facebook, Inc. (cjl, COURT STAFF) (Filed on 12/30/2008) (kc, COURT STAFF). (Entered: 12/30/2008) |
| 12/30/2008 | 3 | Summons Issued as to Power Ventures, Inc. (cjl, COURT STAFF) (Filed on 12/30/2008) (kc, COURT STAFF). (Entered: 12/30/2008) |
| 12/30/2008 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 4/8/2009. Case Management Conference set for 4/15/2009 04:00 PM. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 12/30/2008) (Entered: 12/30/2008) |
| 12/30/2008 | | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 12/30/2008) (Entered: 12/30/2008) |
| 12/31/2008 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Facebook, Inc.. (Chiappetta, David) (Filed on 12/31/2008) (Entered: 12/31/2008) |
| 12/31/2008 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (cjl, COURT STAFF) (Filed on 12/31/2008) (Entered: 12/31/2008) |
| 12/31/2008 | 7 | ORDER REASSIGNING CASE. Case reassigned to Hon. Jeremy Fogel for all further proceedings. Magistrate Judge Wayne D. Brazil no longer assigned to the case. Signed by the Executive Committee on December 31, 2008. (cjl, COURT STAFF) (Filed on 12/31/2008) (Entered: 12/31/2008) |
| 01/05/2009 | | Case Assigned to Judge Richard Seeborg for all discovery matters. (tsh, COURT STAFF) (Filed on 1/5/2009) (Entered: 01/05/2009) |
| 01/05/2009 | 8 | REPORT on the filing or determination of an action regarding trademark (cc: form mailed to register). (gm, COURT STAFF) (Filed on 1/5/2009) (Entered: 01/05/2009) |
| 01/13/2009 | 9 | FIRST AMENDED COMPLAINT by Facebook, Inc.. (Attachments: # 1 Exhibit A) (Chiappetta, David) (Filed on 1/13/2009) Modified on 1/14/2009 (gm, COURT STAFF). (Entered: 01/13/2009) |
| 01/14/2009 | 10 | Summons Issued as to Power Ventures, Inc. a Cayman Island Corporation. (gm, COURT STAFF) (Filed on 1/14/2009) (Entered: 01/14/2009) |
| 01/14/2009 | 11 | Summons Issued as to Steven Vachani. (gm, COURT STAFF) (Filed on 1/14/2009) (Entered: 01/14/2009) |
| 01/14/2009 | 12 | Summons Issued as to Doe 1. (gm, COURT STAFF) (Filed on 1/14/2009) (Entered: 01/14/2009) |
| 02/19/2009 | 13 | CLERKS NOTICE Case Management Conference set for 4/17/2009 10:30 AM. (dlm, COURT STAFF) (Filed on 2/19/2009) (Entered: 02/19/2009) |
| 02/27/2009 | 14 | SUMMONS Returned Executed by Facebook, Inc.. Power Ventures, Inc.(a Cayman Island Corporation) served on 2/11/2009, answer due 3/3/2009. (Chiappetta, David) |

| | | (Filed on 2/27/2009) (Entered: 02/27/2009) |
|---|---|---|
| 03/02/2009 | 15 | STIPULATION by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani, Power Ventures, Inc.(a California corporation). (Plutzik, Alan) (Filed on 3/2/2009) (Entered: 03/02/2009) |
| 03/10/2009 | 16 | NOTICE of Voluntary Dismissal *as to Defendant Power Ventures, Inc., a California corporation* by Facebook, Inc. (Chiappetta, David) (Filed on 3/10/2009) (Entered: 03/10/2009) |
| 03/23/2009 | 17 | MOTION to Dismiss *or in the Alternative, for a More Definite Statement* filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. Motion Hearing set for 5/8/2009 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order)(Plutzik, Alan) (Filed on 3/23/2009) (Entered: 03/23/2009) |
| 03/23/2009 | 18 | Brief re 17 MOTION to Dismiss *or in the Alternative, for a More Definite Statement Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative, For a More Definite Statement* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Related document(s) 17 ) (Plutzik, Alan) (Filed on 3/23/2009) (Entered: 03/23/2009) |
| 03/24/2009 | 19 | Corrected 18 Memorandum of Points and Authorities in Support of 17 Motion to Dismiss or, in the Alternative, For a More Definite Statement filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Related document(s) 18 ) (Plutzik, Alan) (Filed on 3/24/2009) Modified on 3/26/2009 (gm, COURT STAFF). (Entered: 03/24/2009) |
| 03/25/2009 | 20 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Chiappetta, David) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 03/25/2009 | 21 | **\*\*\* FILED IN ERROR. PLEASE REFER TO DOCUMENT 25 . \*\*\*** STIPULATION and Proposed Order selecting Early Neutral Evaluation by Facebook, Inc. (Chiappetta, David) (Filed on 3/25/2009) Modified on 3/26/2009 (feriab, COURT STAFF). (Entered: 03/25/2009) |
| 03/25/2009 | 22 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *Defendants Power Ventures, Inc.'s and Steven Vachani's Alternative Dispute Resolution Certification* (Plutzik, Alan) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 03/25/2009 | 23 | STIPULATION by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 03/25/2009 | 24 | **\*\*\* FILED IN ERROR. PLEASE REFER TO DOCUMENT 25 . \*\*\*** STIPULATION and Proposed Order selecting Early Neutral Evaluation by Facebook, Inc., Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani *Correcting Docket Entry #21* (Chiappetta, David) (Filed on 3/25/2009) Modified on 3/26/2009 (feriab, COURT STAFF). (Entered: 03/25/2009) |
| 03/25/2009 | 25 | STIPULATION and Proposed Order selecting Early Neutral Evaluation by Facebook, Inc. (Chiappetta, David) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 04/01/2009 | 26 | STIPULATION AND ORDER Selecting ADR Process re 25 , Case referred to Early Neutral Evaluation. Signed by Judge Jeremy Fogel on 3/31/09. (dlm, COURT STAFF) (Filed on 4/1/2009) (Entered: 04/01/2009) |
| 04/06/2009 | | |

| | 27 | Proposed Order re 23 Stipulation *[Proposed] Scheduling Order Pursuant to Stipulation* by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 4/6/2009) (Entered: 04/06/2009) |
|---|---|---|
| 04/14/2009 | 28 | SCHEDULING ORDER PURSUANT TO 23 STIPULATION. The Case Management Conference set for 4/17/2009 is VACATED, and will be reset after a ruling on Defendants' pending Motion To Dismiss. Signed by Judge Jeremy Fogel on 4/9/2009. (jflc2, COURT STAFF) (Filed on 4/14/2009) (Entered: 04/14/2009) |
| 04/16/2009 | 29 | ADR Clerk's Notice Appointing Daralyn Durie as ENE Evaluator. (cmf, COURT STAFF) (Filed on 4/16/2009) (Entered: 04/16/2009) |
| 04/17/2009 | 30 | Memorandum in Opposition *to Defendants Power Ventures, Inc.'s and Steven Vachani's 17 Motion to Dismiss* filed byFacebook, Inc.. (Chiappetta, David) (Filed on 4/17/2009) Modified on 4/20/2009 (gm, COURT STAFF). (Entered: 04/17/2009) |
| 04/24/2009 | 31 | Reply Memorandum *of Points and Authorities in Support of ( 17 ) Motion to Dismiss or, in the Alternative, for a more Definite Statement* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 4/24/2009) Modified text to add linkage on 4/27/2009 (srm, COURT STAFF). (Entered: 04/24/2009) |
| 05/01/2009 | 32 | MOTION for Attorney Joseph P. Cutler for leave to appear in Pro Hac Vice ( Filing fee $ 210.00, receipt number 54611005169.) filed by Facebook, Inc.. (gm, COURT STAFF) (Filed on 5/1/2009) (Entered: 05/01/2009) |
| 05/01/2009 | 33 | Proposed Order re 32 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210.00, receipt number 54611005169.) by Facebook, Inc.. (gm, COURT STAFF) (Filed on 5/1/2009) (Entered: 05/01/2009) |
| 05/06/2009 | 34 | CLERKS NOTICE The Motion Hearing set for 5/8/2009 at 9:00 AM is RESET for 5/8/2009 at 1:30 PM in Courtroom 3, 5th Floor, San Jose. (jflc2, COURT STAFF) (Filed on 5/6/2009) Modified on 5/6/2009 (dlm, COURT STAFF). (Entered: 05/06/2009) |
| 05/07/2009 | 35 | MOTION for leave to appear in Pro Hac Vice for attorney Scott A. Bursor ( Filing fee $ 210, receipt number 34611031824.) filed by Power Ventures, Inc.(a Cayman Island Corporation). (Attachments: # 1 Proposed Order)(srm, COURT STAFF) (Filed on 5/7/2009) (Entered: 05/07/2009) |
| 05/07/2009 | 36 | ORDER by Judge Jeremy Fogel granting 32 Motion for Pro Hac Vice for Joseph P. Cutler (dlm, COURT STAFF) (Filed on 5/7/2009) (Entered: 05/07/2009) |
| 05/08/2009 | 37 | ORDER by Judge Jeremy Fogel granting 35 Motion for Pro Hac Vice for Scott Bursor (dlm, COURT STAFF) (Filed on 5/8/2009) (Entered: 05/08/2009) |
| 05/08/2009 | 39 | Minute Entry: Motion Hearing held on 5/8/2009 before Judge Jeremy Fogel (Date Filed: 5/8/2009) re 17 MOTION to Dismiss. The motion is taken under submission. (Court Reporter Gina Galvan.) (dlm, COURT STAFF) (Date Filed: 5/8/2009) (Entered: 05/13/2009) |
| 05/11/2009 | 38 | ORDER by Judge Jeremy Fogel denying 17 Motion to Dismiss and granting in part Motion for a more definite statement (jflc1, COURT STAFF) (Filed on 5/11/2009) (Entered: 05/11/2009) |
| 06/10/2009 | | |

| | 40 | Statement *Plaintiff Facebook, Inc.'s More Definitive Statement Regarding Count Eight of its Complaint* by Facebook, Inc.. (Cutler, Joseph) (Filed on 6/10/2009) (Entered: 06/10/2009) |
|---|---|---|
| 07/09/2009 | 41 | *Power Ventures, Inc.'s and Steve Vachani's* ANSWER to Complaint with Jury Demand, COUNTERCLAIM *of Power Ventures, Inc. and Steve Vachani* against Facebook, Inc. bySteven Vachani, Power Ventures, Inc.(a California corporation), Power Ventures, Inc.(a Cayman Island Corporation). (Fisher, Lawrence) (Filed on 7/9/2009) (Entered: 07/09/2009) |
| 07/23/2009 | 42 | NOTICE of Appearance by Thomas J. Gray (Gray, Thomas) (Filed on 7/23/2009) (Entered: 07/23/2009) |
| 07/23/2009 | 43 | NOTICE of Change In Counsel by Thomas J. Gray *and [Proposed] Order* (Gray, Thomas) (Filed on 7/23/2009) (Entered: 07/23/2009) |
| 07/23/2009 | 44 | STIPULATION *To Extend Time to Respond and [Proposed] Order* by Facebook, Inc.. (Gray, Thomas) (Filed on 7/23/2009) (Entered: 07/23/2009) |
| 07/24/2009 | 45 | NOTICE of Appearance by I. Neel Chatterjee (Chatterjee, I.) (Filed on 7/24/2009) (Entered: 07/24/2009) |
| 07/24/2009 | 46 | NOTICE of Appearance by Julio Cesar Avalos (Avalos, Julio) (Filed on 7/24/2009) (Entered: 07/24/2009) |
| 07/24/2009 | | Pre ENE phone conference scheduled on 7/30/2009 at 9:00 a.m. (cmf, COURT STAFF) (Filed on 7/24/2009) (Entered: 07/24/2009) |
| 07/27/2009 | 47 | NOTICE of Appearance by I. Neel Chatterjee *Notice of Appearance of Counsel* (Chatterjee, I.) (Filed on 7/27/2009) (Entered: 07/27/2009) |
| 07/27/2009 | 48 | STIPULATION AND ORDER TO EXTEND TIME re 44 . Signed by Judge Jeremy Fogel on 7/24/09. (dlm, COURT STAFF) (Filed on 7/27/2009) (Entered: 07/27/2009) |
| 09/02/2009 | 49 | MOTION to Dismiss *COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES* filed by Facebook, Inc.. Motion Hearing set for 10/30/2009 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order)(Pers, Jessica) (Filed on 9/2/2009) (Entered: 09/02/2009) |
| 10/09/2009 | 50 | Memorandum in Opposition *Memorandum of Points and Authorities in Opposition to 49 Motion of Facebook, Inc. to Dismiss Counterclaims and Strike Affirmative Defenses* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 10/9/2009) Modified on 10/13/2009 (gm, COURT STAFF). (Entered: 10/09/2009) |
| 10/16/2009 | 51 | Reply to Opposition re 49 MOTION to Dismiss *COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES Facebook Inc.'s Reply in Support of Motion to Dismiss Counterclaims and Strike Affirmative Defenses* filed byFacebook, Inc.. (Pers, Jessica) (Filed on 10/16/2009) (Entered: 10/16/2009) |
| 10/22/2009 | 52 | ORDER BY JUDGE JEREMY FOGEL GRANTING 49 MOTION TO DISMISS COUNTER-COMPLAINT AND STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING DATE. (jflc1, COURT STAFF) (Filed on 10/22/2009) (Entered: 10/22/2009) |
| 11/18/2009 | 53 | CLERKS NOTICE Case Management Conference set for 1/29/2010 10:30 AM in |

| | | |
|---|---|---|
| | | Courtroom 3, 5th Floor, San Jose. (dlm, COURT STAFF) (Filed on 11/18/2009) (Entered: 11/18/2009) |
| 11/23/2009 | 54 | **Amended Answer and Counterclaims** of Defendants Power Ventures, Inc. and Steve Vachani against Facebook, Inc.. Filed bySteven Vachani, Power Ventures, Inc.(a Cayman Island Corporation). (Plutzik, Alan) (Filed on 11/23/2009) Modified on 3/2/2010,(counsel selected incorrect event.) (cv, COURT STAFF). (Entered: 11/23/2009) |
| 12/17/2009 | 55 | STIPULATION *AND [PROPOSED] ORDER TO EXTEND TIME AND [PROPOSED] BRIEFING SCHEDULE PURSUANT TO CIVIL L.R. 6-2* by Facebook, Inc.(a Delaware corporation). (Chatterjee, I.) (Filed on 12/17/2009) (Entered: 12/17/2009) |
| 12/23/2009 | 56 | MOTION for Judgment on the Pleadings or, in the Alternative **MOTION** Partial Summary Judgment of Liability Under California Penal Code Section 502(c) filed by Facebook, Inc.(a Delaware corporation). Motion Hearing set for 2/26/2010 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order)(Pers, Jessica) (Filed on 12/23/2009) Modified on 3/2/2010,(counsel failed to properly select multiple motions.) (cv, COURT STAFF). Modified on 3/12/2010 (cv, COURT STAFF). (Entered: 12/23/2009) |
| 12/23/2009 | 57 | Declaration of Julio C. Avalos in Support of 56 MOTION for Summary Judgment *Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S MOTION for Summary Judgment Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S filed byFacebook, Inc.(a Delaware corporation). (Attachments: # 1 Exhibit A)(Related document(s) 56 ) (Pers, Jessica) (Filed on 12/23/2009) (Entered: 12/23/2009)* |
| 12/23/2009 | 58 | MOTION to Dismiss Counterlcaims and **MOTION** to Strike Affirmative Defenses filed by Facebook, Inc.(a Delaware corporation). Motion Hearing set for 2/26/2009 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order) (Pers, Jessica) (Filed on 12/23/2009) Modified on 3/12/2010,(counsel failed to properly select multiple motions.) (cv, COURT STAFF). (Entered: 12/23/2009) |
| 12/28/2009 | 59 | CERTIFICATION OF ENE Session dated 12/18/2009 by Evaluator, Daralyn Durie; ENE session held 12/14/2009; Case did not settle; Further facilitated discussion expected by 3/14/2010; ENE process continues. (cmf, COURT STAFF) (Filed on 12/28/2009) (Entered: 12/28/2009) |
| 01/06/2010 | 60 | STIPULATION AND ORDER TO EXTEND TIME AND BRIEFING SCHEDULE PURSUANT TO CIVIL L.R. 6-2 (approving 55 ). The Case Management Conference set for 1/29/2010 is CONTINUED to 2/26/2010 at 9:00 AM in Courtroom 3, 5th Floor, San Jose. Signed by Judge Jeremy Fogel on 1/6/2010. (jflc2, COURT STAFF) (Filed on 1/6/2010) (Entered: 01/06/2010) |
| 01/14/2010 | 61 | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Howard R. Lloyd for all discovery matters. Judge Richard Seeborg no longer assigned to the case.Signed by The Executive Committee on 01/14/2010. (tsh, COURT STAFF) (Filed on 1/14/2010) (Entered: 01/14/2010) |

| 01/15/2010 | 62 | MOTION for Summary Judgment on Count 3 of the complaint and Memorandum of Law in Support of Defendants' Motion for Summary Judgment filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 1/15/2010) Modified on 3/12/2010 (cv, COURT STAFF). (Entered: 01/15/2010) |
|---|---|---|
| 01/15/2010 | 63 | MEMORANDUM in Opposition *Memorandum of Law in Opposition to 58 Motion of Facebook, Inc. to Dismiss Counterclaims and Strike Affirmative Defenses* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 1/15/2010) Modified on 1/19/2010 (gm, COURT STAFF). (Entered: 01/15/2010) |
| 01/15/2010 | 64 | MEMORANDUM in Opposition *Defendants' Memorandum of Law in Opposition to Facebook Inc.'s 56 Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c)* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 1/15/2010) Modified on 1/19/2010 (gm, COURT STAFF). (Entered: 01/15/2010) |
| 01/15/2010 | 65 | Declaration of Steve Vachani in Support of 64 Memorandum in Opposition, *of Defendants' Opposition to Facebook Inc.'s Motion for Judgment on the Pleadings Pursuant to Fed. Civ. P. 12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c)* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Related document(s) 64 ) (Fisher, Lawrence) (Filed on 1/15/2010) (Entered: 01/15/2010) |
| 01/29/2010 | 66 | Reply Memorandum re 56 MOTION for Summary Judgment *Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S MOTION for Summary Judgment 62 Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S* filed byFacebook, Inc.. (Gray, Thomas) (Filed on 1/29/2010) Modified on 2/1/2010 (gm, COURT STAFF). (Entered: 01/29/2010) |
| 01/29/2010 | 67 | Reply Memorandum re 58 MOTION to Dismiss *Facebook Inc.'s Notice of Motion, Motion and Memorandum in Support of Motion to Dismiss Counterlcaims and Strike Affirmative Defenses* filed byFacebook, Inc.. (Pers, Jessica) (Filed on 1/29/2010) (Entered: 01/29/2010) |
| 02/09/2010 | 68 | Reply Memorandum *Defendants' Reply Brief in Support of 62 Motion for Summary Judgment* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 2/9/2010) Modified on 2/10/2010 (gm, COURT STAFF). (Entered: 02/09/2010) |
| 02/24/2010 | 69 | OBJECTIONS to re 65 Declaration in Support, *Facebook, Inc.'s Objections to the Declaration of Steve Vachani Submitted in Support of Defendants' Opposition to Facebook's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c)* by Facebook, Inc.. (Avalos, Julio) (Filed on 2/24/2010) (Entered: 02/24/2010) |
| 02/25/2010 | 70 | CASE MANAGEMENT STATEMENT filed by Facebook, Inc.. (Gray, Thomas) |

| | | (Filed on 2/25/2010) (Entered: 02/25/2010) |
|---|---|---|
| 02/26/2010 | 71 | Minute Entry: Motion Hearing held on 2/26/2010 before Judge Jeremy Fogel (Date Filed: 2/26/2010) re 56 MOTION for Summary Judgment, 58 MOTION to Dismiss, 62 MOTION for Summary Judgment. The Court recuses itself and orders the case shall be reassigned. (Court Reporter Summer Clanton.) (dlm, COURT STAFF) (Date Filed: 2/26/2010) (Entered: 03/01/2010) |
| 02/26/2010 | | ***Deadlines terminated. (cv, COURT STAFF) (Filed on 2/26/2010) (Entered: 03/12/2010) |
| 03/02/2010 | 72 | ORDER OF RECUSAL. Signed by Judge Jeremy Fogel on 2/26/10. (dlm, COURT STAFF) (Filed on 3/2/2010) (Entered: 03/02/2010) |
| 03/02/2010 | 73 | Pursuant to Signed Order of Recusal ( 72 ). Case reassigned to District Judge James Ware for all further proceedings.Signed by The Executive Committee on 03/02/2010. (tsh, COURT STAFF) (Filed on 3/2/2010) (Entered: 03/02/2010) |
| 03/02/2010 | 74 | MEMORANDUM in Opposition to Facebook Inc.'s 56 Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P.12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c) **CORRECTION to 64** filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 3/2/2010) Modified on 3/2/2010,(counsel failed to properly link to motion.) (cv, COURT STAFF). Modified on 3/2/2010 (cv, COURT STAFF). (Entered: 03/02/2010) |
| 03/10/2010 | 75 | RE-NOTICE of MOTION hearing re 58 MOTION to Dismiss Counterlcaims and Strike Affirmative Defenses (Avalos, Julio) (Filed on 3/10/2010) Modified on 3/12/2010,(counsel selected incorrect event. Correct event to be used is re-notice of motion hearing.) (cv, COURT STAFF). (Entered: 03/10/2010) |
| 03/10/2010 | 76 | RE-NOTICE of MOTION hearing re 56 MOTION for Judgment on the Pleadings or in the Alternative, MOTION for Partial Summary Judgment] (Avalos, Julio) (Filed on 3/10/2010) Modified on 3/12/2010,(counsel selected incorrect event. Correct event to be used is Re-Notice of motion hearing.) (cv, COURT STAFF). (Entered: 03/10/2010) |
| 03/10/2010 | | Set/Reset Deadlines as to 56 MOTION for Judgment on the Pleadings, 58 MOTION to Dismiss Counterlcaims and Strike Affirmative Defenses. Motion Hearing set for 6/7/2010 09:00 AM in Courtroom 8, 4th Floor, San Jose. (cv, COURT STAFF) (Filed on 3/10/2010) (Entered: 03/12/2010) |
| 03/16/2010 | 77 | Renotice motion hearing 62 on Defendants' Motion for Summary Judgment filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. Motion Hearing set for 6/7/2010 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Fisher, Lawrence) (Filed on 3/16/2010) Modified on 3/17/2010,(counsel failed to properly link to motion.) (cv, COURT STAFF). (Entered: 03/16/2010) |
| 05/03/2010 | 78 | MOTION to File Amicus Curiae Brief *Electronic Frontier Foundation in Support of Defendant Power Ventures'* 62 *Motion for Summary Judgment on Cal. Penal Code 502 (c)* filed by Electronic Frontier Foundation. Motion Hearing set for 6/7/2010 01:30 PM. (Attachments: # 1 Brief, # 2 Affidavit Declaration in Support of Motion, # 3 Proposed Order Proposed Order)(Cohn, Cindy) (Filed on 5/3/2010) Modified on 5/3/2010 (cv, COURT STAFF). (Entered: 05/03/2010) |

| | | |
|---|---|---|
| 05/05/2010 | 79 | ORDER by Judge James Ware granting 78 Motion to File Amicus Curiae Brief (jwlc1, COURT STAFF) (Filed on 5/5/2010) (Entered: 05/05/2010) |
| 06/07/2010 | 80 | Minute Entry: Motion Hearing held on 6/7/2010 before Judge James Ware (Date Filed: 6/7/2010) re 56 MOTION for Judgment on the Pleadings, 58 MOTION to Dismiss, 62 MOTION for Summary Judgment. The Court set the following deadlines for supplemental briefing: Supplemental Amicus Brief due June 21, 2010. Simultaneous reply briefing due July 6, 2010. The Court took the matter under submission after oral argument pending supplemental. The Court to issue further order following hearing and completion of supplemental briefing. (Court Reporter Summer Fisher.) (ecg, COURT STAFF) (Date Filed: 6/7/2010) (Entered: 06/07/2010) |
| 06/07/2010 | 81 | AMENDED Minute Entry: Motion Hearing held on 6/7/2010 before Judge James Ware (Date Filed: 6/7/2010) re 56 MOTION for Judgment on the Pleadings, 58 MOTION to Dismiss, 62 MOTION for Summary Judgment. The Court set the following deadlines for supplemental briefing: Supplemental Amicus Brief due June 21, 2010. Simultaneous reply briefing due July 6, 2010. The Court took the matter under submission after oral argument pending supplemental. The Court to issue further order following hearing and completion of supplemental briefing. (Court Reporter Summer Fisher.) (ecg, COURT STAFF) (Date Filed: 6/7/2010) (Entered: 06/08/2010) |
| 06/08/2010 | 82 | Transcript of Proceedings held on 06/07/2010, before Judge James Ware. Court Reporter/Transcriber Summer Fisher, Telephone number 408-288-6150. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 9/7/2010. (Fisher, Summer) (Filed on 6/8/2010) (Entered: 06/08/2010) |
| 06/21/2010 | 83 | Brief *of Amicus Curiae in Support of Defendant Power Ventures'* 62 *Motion for Summary Judgment on Cal. Penal Code 502(c)* filed by Electronic Frontier Foundation. (Cohn, Cindy) (Filed on 6/21/2010) Modified on 6/22/2010,(counsel failed to properly link to motion.) (cv, COURT STAFF). (Entered: 06/21/2010) |
| 06/21/2010 | 84 | Declaration of Seth Schoen in Support of 83 Brief *of Amicus Curiae Electronic Frontier Foundation in Support of Defendant Power Ventures' Motion for Summary Judgment on Cal. Penal Code 502(c)* filed byElectronic Frontier Foundation. (Related document(s) 83 ) (Cohn, Cindy) (Filed on 6/21/2010) (Entered: 06/21/2010) |
| 07/06/2010 | 85 | Defendants' Supplemental Brief in Support of 62 Defendants' Motion for Summary Judgment and in Opposition to 56 Facebook's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 7/6/2010) Modified on 7/8/2010 counsel failed to link entry to document #62 and #56 (dhm, COURT STAFF). (Entered: 07/06/2010) |
| 07/06/2010 | 86 | REPLY to 83 Amicus Curiae Electronic Frontier Foundation's Brief in Support of Dfendant Power Ventures' Motion for Summary Judgment by Facebook, Inc.. (Avalos, Julio) (Filed on 7/6/2010) Modified text on 7/8/2010 (dhm, COURT STAFF). (Entered: 07/06/2010) |
| 07/06/2010 | | |

| | 87 | Declaration of Julio C. Avalos in Support of 86 Response ( Non Motion ) filed byFacebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Related document(s) 86 ) (Avalos, Julio) (Filed on 7/6/2010) (Entered: 07/06/2010) |
|---|---|---|
| 07/06/2010 | 88 | Request for Judicial Notice re 86 Response ( Non Motion ) filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 86 ) (Avalos, Julio) (Filed on 7/6/2010) (Entered: 07/06/2010) |
| 07/20/2010 | 89 | ORDER DENYING FACEBOOKS MOTION FOR JUDGMENT ON THE PLEADINGS; DENYING THE PARTIES CROSS-MOTIONS FOR SUMMARY JUDGMENT; GRANTING FACEBOOKS MOTION TO DISMISS DEFENDANTS COUNTERCLAIMS; DENYING FACEBOOKS MOTION TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES by Judge James Ware denying 56 Motion for Judgment on the Pleadings; granting in part and denying in part 58 Motion to Dismiss; denying 62 Motion for Summary Judgment (jwlc3, COURT STAFF) (Filed on 7/20/2010) (Entered: 07/20/2010) |
| 07/20/2010 | | Set Deadlines/Hearings: Joint Case Management Statement due by 8/13/2010. Case Management Conference set for 8/23/2010 10:00 AM in Courtroom 8, 4th Floor, San Jose. (ecg, COURT STAFF) (Filed on 7/20/2010) (Entered: 07/22/2010) |
| 08/13/2010 | 90 | JOINT CASE MANAGEMENT STATEMENT filed by Facebook, Inc., Power Ventures, Inc., Steven Vachani. (Gray, Thomas) (Filed on 8/13/2010) Modified on 8/16/2010,(counsel selected incorrect event.) (cv, COURT STAFF). (Entered: 08/13/2010) |
| 08/13/2010 | | ***Deadlines terminated. 90 Case Management Statement filed by Power Ventures, Inc., Steven Vachani, Facebook, Inc.. (cv, COURT STAFF) (Filed on 8/13/2010) (Entered: 08/13/2010) |
| 08/16/2010 | 91 | CLERKS NOTICE CONTINUING CASE MANAGEMENT CONFERENCE. Case Management Conference set for 8/24/2010 10:00 AM in Courtroom 8, 4th Floor, San Jose. (ecg, COURT STAFF) (Filed on 8/16/2010) (Entered: 08/16/2010) |
| 08/19/2010 | 92 | SCHEDULING ORDER: The Case Management Conference set for 8/24/2010 is VACATED. The parties are ordered to comply with the following scheduling order: Close of all Discovery due by 9/30/2011. Last Date for Hearing Dispositive Motions due by 12/5/2011. Preliminary Pretrial Conference statement due 8/19/2010. Preliminary Pretrial Conference set for 8/29/2011 11:00 AM in Courtroom 8, 4th Floor, San Jose. None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court. ***CMC Deadlines terminated. Please see Order for further specifics. Signed by Judge James Ware on 8/18/2010. (ecg, COURT STAFF) (Filed on 8/19/2010) (Entered: 08/19/2010) |
| 01/21/2011 | 93 | NOTICE by Power Ventures, Inc.(a California corporation), Power Ventures, Inc., Steven Vachani *of Change of Firm Name and Change of Affiliation* (Fisher, Lawrence) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 02/01/2011 | 94 | STIPULATION - *Protective Order for Standard Litigation* by Facebook, Inc.. (Sutton, Theresa) (Filed on 2/1/2011) (Entered: 02/01/2011) |
| 02/04/2011 | 95 | STIPULATED PROTECTIVE ORDER re 94 (MODIFIED BY THE COURT). Signed by Magistrate Judge Howard R. Lloyd on 2/4/2011. (hrllc2, COURT STAFF) (Filed on |

| | | 2/4/2011) (Entered: 02/04/2011) |
|---|---|---|
| 02/17/2011 | 96 | STIPULATION and [proposed] order *OF DISMISSAL with prejudice pursuant to FRCP 41(A) (1)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 2/17/2011) Modified on 2/17/2011 (cv, COURT STAFF). (Entered: 02/17/2011) |
| 02/18/2011 | 97 | STIPULATION AND ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(A)(1) re 96 Stipulation. Dismissal with prejudice of the following claims for relief:1. Fourth Claim for Relief, 2. Fifth Claim for Relief, 3. Sixth Claim for Relief, 4. Seventh Claim for Relief, 5. Eighth Claim for Relief. All parties shall bear their own fees and costs. This stipulation shall have no effect on any other claim in the case. Signed by Judge James Ware on 2/18/2011. (ecg, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/18/2011) |
| 05/09/2011 | 98 | MOTION for Summary Judgment filed by Power Ventures, Inc., Steven Vachani. Motion Hearing set for 9/19/2011 09:00 AM in Courtroom 5, 17th Floor, San Francisco before Hon. James Ware. (Attachments: # 1 Proposed Order, # 2 Affidavit, # 3 Affidavit)(Fisher, Lawrence) (Filed on 5/9/2011) (Entered: 05/09/2011) |
| 05/09/2011 | 99 | Administrative Motion to File Under Seal *Exhibit C to the Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 5/9/2011) (Entered: 05/09/2011) |
| 05/16/2011 | 100 | STIPULATION re 99 Administrative Motion to File Under Seal *Exhibit C to the Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* by Facebook, Inc.. (Sutton, Theresa) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 05/16/2011 | 101 | Declaration of Theresa A. Sutton in Support of 99 Administrative Motion to File Under Seal *Exhibit C to the Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* filed byFacebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 99 ) (Sutton, Theresa) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 06/02/2011 | 102 | STIPULATION AND ORDER re 100 Stipulation filed by Facebook, Inc.. Signed by Judge James Ware on 6/2/11. (sis, COURT STAFF) (Filed on 6/2/2011) (Entered: 06/03/2011) |
| 06/07/2011 | 103 | STIPULATION re 98 MOTION for Summary Judgment *Stipulation to Withdraw Exhibit C to Fisher Declaration (Dkt. No. 98)* by Power Ventures, Inc., Steven Vachani. (Westcot, Sarah) (Filed on 6/7/2011) (Entered: 06/07/2011) |
| 06/10/2011 | 104 | NOTICE by Power Ventures, Inc., Steven Vachani re 98 MOTION for Summary Judgment *Notice of Withdrawal of Fisher Declaration* (Westcot, Sarah) (Filed on 6/10/2011) (Entered: 06/10/2011) |
| 06/13/2011 | 105 | STIPULATION AND ORDER re 103 Stipulation filed by Power Ventures, Inc., Steven Vachani. Signed by Judge James Ware on 6/13/11. (sis, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/13/2011) |
| 06/21/2011 | 106 | Declaration of L. Timothy Fisher in Support of 98 MOTION for Summary Judgment filed byPower Ventures, Inc., Steven Vachani. (Related document(s) 98 ) (Westcot, Sarah) (Filed on 6/21/2011) (Entered: 06/21/2011) |
| 06/23/2011 | | |

| | | |
|---|---|---|
| 06/23/2011 | [107](#) | NOTICE of Appearance by Morvarid Metanat *Counsel for Facebook, Inc.* (Metanat, Morvarid) (Filed on 6/23/2011) (Entered: 06/23/2011) |
| 06/24/2011 | [108](#) | NOTICE by Facebook, Inc. *NOTICE OF WITHDRAWAL OF JULIO C. AVALOS AS COUNSEL FOR PLAINTIFF FACEBOOK, INC.* (Metanat, Morvarid) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 06/24/2011 | [109](#) | NOTICE by Facebook, Inc. *NOTICE OF WITHDRAWAL OF THOMAS J. GRAY AS COUNSEL FOR PLAINTIFF FACEBOOK, INC.* (Metanat, Morvarid) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 06/24/2011 | [110](#) | NOTICE by Facebook, Inc. *NOTICE OF WITHDRAWAL OF JESSICA S. PERS AS COUNSEL FOR PLAINTIFF FACEBOOK, INC.* (Metanat, Morvarid) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 07/06/2011 | [111](#) | MOTION to Continue *Facebook, Inc.'s Motion to Enlarge Time Pursuant to Civil Local Rule 6-3 and 16-12* filed by Facebook, Inc.. (Attachments: # [1](#) Proposed Order) (Sutton, Theresa) (Filed on 7/6/2011) (Entered: 07/06/2011) |
| 07/06/2011 | [112](#) | Declaration of I. Neel Chatterjee *In Support of Facebook, Inc.'s Motion to Enlarge Time* filed byFacebook, Inc.. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Exhibit H)(Sutton, Theresa) (Filed on 7/6/2011) (Entered: 07/06/2011) |
| 07/07/2011 | [113](#) | STATUS REPORT - *Discovery Dispute Joint Report #1* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 7/7/2011) (Entered: 07/07/2011) |
| 07/11/2011 | [114](#) | RESPONSE (re [111](#) MOTION to Continue *Facebook, Inc.'s Motion to Enlarge Time Pursuant to Civil Local Rule 6-3 and 16-12* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # [1](#) Affidavit)(Fisher, Lawrence) (Filed on 7/11/2011) (Entered: 07/11/2011) |
| 07/14/2011 | [115](#) | ORDER RE: DISCOVERY REFERRAL. Signed by Judge James Ware on 7/14/11. (sis, COURT STAFF) (Filed on 7/14/2011) (Entered: 07/14/2011) |
| 07/14/2011 | [116](#) | ORDER by Judge James Ware granting [111](#) Motion to Continue (jwlc2, COURT STAFF) (Filed on 7/14/2011) (Entered: 07/14/2011) |
| 07/14/2011 | | Set Deadlines/Hearings:, Set/Reset Deadlines as to [98](#) MOTION for Summary Judgment. Discovery due by 11/28/2011. Responses due by 9/12/2011. Replies due by 9/19/2011. Motion Hearing [98](#) Motion for Summary Judgment set for 10/31/2011 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. Last day for hearing Dispositive Motions set for 1/30/2012 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. (sisS, COURT STAFF) (Filed on 7/14/2011) (Entered: 07/15/2011) |
| 07/15/2011 | | Magistrate Judge Howard R. Lloyd no longer assigned to case. (tsh, COURT STAFF) (Filed on 7/15/2011) (Entered: 07/18/2011) |
| 07/22/2011 | [117](#) | NOTICE of Appearance by Monte M.F. Cooper (Cooper, Monte) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/29/2011 | [118](#) | Administrative Motion to File Under Seal *Parties' Joint Statement and Exhibit 3* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | [119](#) | Statement re [115](#) Order *Redacted Joint Statement per July 14, 2011 Court Order on* |

| | | |
|---|---|---|
| | | *Discovery Dispute Joint Report #1* by Facebook, Inc.. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Metanat, Morvarid) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 08/01/2011 | 120 | CERTIFICATE OF SERVICE by Facebook, Inc. re 119 Statement, *Joint Statement Per July 14, 2011 Court Order on Discovery Dispute Joint Report #1 (DKT. No. 113); Exhibit 3 to the Declaration of Morvarid Metanat* (Metanat, Morvarid) (Filed on 8/1/2011) (Entered: 08/01/2011) |
| 08/02/2011 | 121 | ORDER by Judge James Ware granting 118 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 8/2/2011) (Entered: 08/03/2011) |
| 08/03/2011 | 122 | ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFFS MOTION TOCOMPEL Motions due by 8/10/2011. Opposition due by 8/17/2011. Signed by Judge James Ware on 8/3/11. (sis, COURT STAFF) (Filed on 8/3/2011) (Entered: 08/03/2011) |
| 08/10/2011 | 123 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Cooper, Monte) (Filed on 8/10/2011) (Entered: 08/10/2011) |
| 08/10/2011 | 124 | MOTION to Compel *Production of Documents* filed by Facebook, Inc.. Responses due by 8/17/2011. (Attachments: # 1 Affidavit Morvarid Metanat Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Affidavit L. Melling Declaration, # 12 Proposed Order)(Cooper, Monte) (Filed on 8/10/2011) (Entered: 08/10/2011) |
| 08/11/2011 | 125 | CERTIFICATE OF SERVICE by Facebook, Inc. re 124 MOTION to Compel *Production of Documents* (Cooper, Monte) (Filed on 8/11/2011) (Entered: 08/11/2011) |
| 08/17/2011 | 126 | RESPONSE (re 124 MOTION to Compel *Production of Documents* ) filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 8/17/2011) (Entered: 08/17/2011) |
| 08/18/2011 | 127 | ORDER by Judge James Ware granting 124 Motion to Compel (jwlc2, COURT STAFF) (Filed on 8/18/2011) (Entered: 08/18/2011) |
| 08/22/2011 | 128 | Administrative Motion to File Under Seal *Certain Portions of Facebook's Motion to Compel Defendants to Perform Thorough Search for Responsive Documents and for Production Thereof* filed by Facebook, Inc.. (Cooper, Monte) (Filed on 8/22/2011) (Entered: 08/22/2011) |
| 08/22/2011 | 129 | MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* filed by Facebook, Inc.. Motion Hearing set for 10/24/2011 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. Responses due by 9/6/2011. Replies due by 9/13/2011. (Attachments: # 1 Proposed Order, # 2 Affidavit Declaration of Theresa Sutton, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P)(Cooper, Monte) (Filed on 8/22/2011) (Entered: 08/22/2011) |
| 08/22/2011 | 130 | CERTIFICATE OF SERVICE by Facebook, Inc. re 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* (Cooper, Monte) (Filed on 8/22/2011) (Entered: 08/22/2011) |
| 08/24/2011 | | |

| 08/24/2011 | 131 | ORDER by Judge James Ware granting 123 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 8/24/2011) (Entered: 08/24/2011) |
|---|---|---|
| 08/26/2011 | 132 | Second MOTION to Continue *(Enlarge Time) Pursuant to Civ. Local Rules 6-3 and 16-2* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Affidavit Declaration of Morvarid Metanat, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D)(Metanat, Morvarid) (Filed on 8/26/2011) (Entered: 08/26/2011) |
| 08/30/2011 | 133 | RESPONSE (re 132 Second MOTION to Continue *(Enlarge Time) Pursuant to Civ. Local Rules 6-3 and 16-2*Second MOTION to Continue *(Enlarge Time) Pursuant to Civ. Local Rules 6-3 and 16-2* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration of L. Timothy Fisher in Opposition to Motion to Enlarge Time)(Fisher, Lawrence) (Filed on 8/30/2011) (Entered: 08/30/2011) |
| 08/31/2011 | 134 | STIPULATION re 127 Order on Motion to Compel *Joint Stipulation Pursuant to the Court's August 18, 2011 Order Granting Plaintiff's Motion to Compel* by Facebook, Inc.. (Attachments: # 1 Exhibit A)(Metanat, Morvarid) (Filed on 8/31/2011) (Entered: 08/31/2011) |
| 09/01/2011 | 135 | Declaration of L. Timothy Fisher in Support of 128 Administrative Motion to File Under Seal *Certain Portions of Facebook's Motion to Compel Defendants to Perform Thorough Search for Responsive Documents and for Production Thereof* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order)(Related document(s) 128 ) (Westcot, Sarah) (Filed on 9/1/2011) (Entered: 09/01/2011) |
| 09/06/2011 | 136 | RESPONSE (re 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration of L. Timothy Fisher in Support of Defendants' Opposition to Facebook, Inc.'s Motion to Compel Production of Documents)(Fisher, Lawrence) (Filed on 9/6/2011) (Entered: 09/06/2011) |
| 09/06/2011 | 137 | STIPULATION AND ORDER re 134 Stipulation, filed by Facebook, Inc.. Signed by Judge James Ware on 9/6/11. (sis, COURT STAFF) (Filed on 9/6/2011) (Entered: 09/07/2011) |
| 09/07/2011 | 138 | Administrative Motion to File Under Seal *Certain Portions of Facebook, Inc.'s Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. and Exhibits 1-3, 12-20 in Support Thereof* filed by Facebook, Inc.. (Cooper, Monte) (Filed on 9/7/2011) (Entered: 09/07/2011) |
| 09/07/2011 | 139 | MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* filed by Facebook, Inc.. Motion Hearing set for 10/24/2012 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. Responses due by 9/21/2011. Replies due by 9/28/2011. (Metanat, Morvarid) (Filed on 9/7/2011) (Entered: 09/07/2011) |
| 09/07/2011 | 140 | Declaration of Monte M.F. Cooper in Support of 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 |

| | | |
|---|---|---|
| | | Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11, # [12](#) Exhibit 12, # [13](#) Exhibit 13, # [14](#) Exhibit 14, # [15](#) Exhibit 15, # [16](#) Exhibit 16, # [17](#) Exhibit 17, # [18](#) Exhibit 18, # [19](#) Exhibit 19, # [20](#) Exhibit 20, # [21](#) Exhibit 21, # [22](#) Exhibit 22, # [23](#) Exhibit 23, # [24](#) Exhibit 24, # [25](#) Exhibit 25, # [26](#) Exhibit 26, # [27](#) Exhibit 27, # [28](#) Exhibit 28, # [29](#) Exhibit 29, # [30](#) Exhibit 30, # [31](#) Exhibit 31)(Related document(s) [139](#) ) (Metanat, Morvarid) (Filed on 9/7/2011) (Entered: 09/07/2011) |
| 09/08/2011 | [141](#) | CERTIFICATE OF SERVICE by Facebook, Inc. *Via Electronic Mail* (Metanat, Morvarid) (Filed on 9/8/2011) (Entered: 09/08/2011) |
| 09/09/2011 | [142](#) | ORDER by Judge James Ware granting [132](#) Motion to Continue [98](#) Motion for Summary Judgment(jwlc2, COURT STAFF) (Filed on 9/9/2011) Modified on 10/18/2011 (sis, COURT STAFF). (Entered: 09/09/2011) |
| 09/09/2011 | | Set Deadlines/Hearings:, Discovery due by 1/20/2012. Set/Reset Deadlines as to [98](#) MOTION for Summary Judgment. Responses due by 11/4/2011. Replies due by 11/11/2011. Motion Hearing set for 12/12/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 9/9/2011) (Entered: 09/12/2011) |
| 09/13/2011 | [143](#) | Administrative Motion to File Under Seal *Certain Portions of Facebook, Inc.'s Reply in Support of Motion to Compel Defendants to Perform Thorough Search for Responsive Documents and the Production Thereof and Exhibits S-Y in Support Thereof* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/13/2011 | [144](#) | *** **FILED IN ERROR. REFER TO DOCUMENT [147](#)** . *** REPLY (re [129](#) MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* ) filed byFacebook, Inc.. (Metanat, Morvarid) (Filed on 9/13/2011) Modified on 9/14/2011 (feriab, COURT STAFF). (Entered: 09/13/2011) |
| 09/13/2011 | [145](#) | Declaration of Morvarid Metanat in Support of [144](#) Reply to Opposition/Response *in Support of Motion to Compel Defendants to Perform Thorough Search for Responsive Documents and Production Thereof* filed byFacebook, Inc.. (Attachments: # [1](#) Exhibit Q, # [2](#) Exhibit R, # [3](#) Exhibit S, # [4](#) Exhibit T, # [5](#) Exhibit U, # [6](#) Exhibit V, # [7](#) Exhibit W, # [8](#) Exhibit X, # [9](#) Exhibit Y, # [10](#) Exhibit Z, # [11](#) Exhibit AA, # [12](#) Exhibit BB, # [13](#) Exhibit CC)(Related document(s) [144](#) ) (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/13/2011 | [146](#) | CERTIFICATE OF SERVICE by Facebook, Inc. (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/13/2011 | [147](#) | REPLY (re [129](#) MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* ) *CORRECTION OF DOCKET # [144](#)* filed byFacebook, Inc.. (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/14/2011 | [148](#) | ORDER by Judge James Ware granting [128](#) Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 9/14/2011) (Entered: 09/14/2011) |
| 09/21/2011 | [149](#) | RESPONSE (re [139](#) MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED] MOTION to Compel Facebook Inc.'s* |

|  |  | *Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration of L. Timothy Fisher in Support of Defendants' Opposition to Facebook Inc.'s Motion to Compel Production of Documents and Discovery Responses, # 2 Declaration of Steve Vachani in Support of Defendants' Opposition to Facebook, Inc.'s Motion to Compel Production of Documents and Discovery Responses)(Fisher, Lawrence) (Filed on 9/21/2011) (Entered: 09/21/2011) |
|---|---|---|
| 09/28/2011 | 150 | Administrative Motion to File Under Seal *Exhibits 30, 35-37 to the Declaration of Morvarid Metanat In Support Of Reply In Support Of Motion To Compel The Production of Documents and Discovery Responses From Defendant Power Ventures, Inc.* filed by Facebook, Inc.. (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |
| 09/28/2011 | 151 | REPLY (re 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* ) filed byFacebook, Inc.. (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |
| 09/28/2011 | 152 | Declaration of Morvarid Metanat in Support of 151 Reply to Opposition/Response, filed byFacebook, Inc.. (Attachments: # 1 Exhibit 31, # 2 Exhibit 32, # 3 Exhibit 38, # 4 Exhibit 39, # 5 Exhibit 40, # 6 Exhibit 41, # 7 Exhibit 42, # 8 Exhibit 43)(Related document(s) 151 ) (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |
| 09/28/2011 | 153 | CERTIFICATE OF SERVICE by Facebook, Inc. (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |
| 10/03/2011 | 154 | NOTICE of Change of Address by Lawrence Timothy Fisher *Notice of Change of Firm Address and Telephone Number* (Fisher, Lawrence) (Filed on 10/3/2011) (Entered: 10/03/2011) |
| 10/06/2011 | 155 | ORDER REFERRING CASE to Magistrate Judge for Discovery purposes. Signed by Judge James Ware on 10/6/11. (sis, COURT STAFF) (Filed on 10/6/2011) (Entered: 10/06/2011) |
| 10/06/2011 |  | ***Deadlines terminated. (sis, COURT STAFF) (Filed on 10/6/2011) (Entered: 10/06/2011) |
| 10/06/2011 | 156 | REVISED ORDER REFERRING CASE to Magistrate Judge for Discovery purposes. Signed by Judge James Ware on 10/6/11. (sis, COURT STAFF) (Filed on 10/6/2011) (Entered: 10/06/2011) |
| 10/13/2011 | 157 | Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order)(Metanat, Morvarid) (Filed on 10/13/2011) (Entered: 10/13/2011) |
| 10/13/2011 | 158 | Declaration of Morvarid Metanat in Support of 157 Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2* filed byFacebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Related document(s) 157 ) (Metanat, |

| | | |
|---|---|---|
| | | Morvarid) (Filed on 10/13/2011) (Entered: 10/13/2011) |
| 10/17/2011 | 159 | RESPONSE (re 157 Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2* ) *Defendant Power Ventures, Inc.'s Response to Facebook, Inc.'s Third Motion to Enlarge Time* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration Declaration of L. Timothy Fisher in Support of Defendants' Response to Facebook, Inc.'s Third Motion to Enlarge Time)(Fisher, Lawrence) (Filed on 10/17/2011) (Entered: 10/17/2011) |
| 10/20/2011 | 160 | MOTION Assignment of Magistrate Judge filed by Facebook, Inc.. Responses due by 11/3/2011. Replies due by 11/10/2011. (Attachments: # 1 Proposed Order, # 2 Declaration)(Sutton, Theresa) (Filed on 10/20/2011) (Entered: 10/20/2011) |
| 10/20/2011 | 161 | STIPULATION AND (PROPOSED) ORDER TO EXTEND TIME re 157 Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2 and [Proposed Order]* by Facebook, Inc.. (Cooper, Monte) (Filed on 10/20/2011) Modified on 10/21/2011 (tsh, COURT STAFF). (Entered: 10/20/2011) |
| 10/20/2011 | 162 | Notice of Withdrawal of Motion *for Assignment of Magistrate Judge* (Sutton, Theresa) (Filed on 10/20/2011) (Entered: 10/20/2011) |
| 10/24/2011 | 163 | ORDER ADOPTING IN PART STIPULATION TO EXTEND TIME re 161 Stipulation, filed by Facebook, Inc., Set/Reset Deadlines as to 161 Stipulation, 98 MOTION for Summary Judgment. Discovery due by 1/20/2012. Last day to hear dispositive motions by 3/19/2012. Preliminary Pretrial Conference set for 12/19/2011 11:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Joint Preliminary Pretrial Conference statement due by 12/9/11. Expert reports due by 12/19/11. Rebuttal expert reports due by 01/03/12. Motion Hearing 98 set for 12/19/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Signed by Judge James Ware on 10/24/11. (sis, COURT STAFF) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | | Set/Reset Deadlines as to 98 MOTION for Summary Judgment. Responses due by 11/28/2011. Replies due by 12/5/2011. Motion Hearing set for 12/19/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | 164 | NOTICE OF REFERENCE, TIME AND PLACE OF HEARING RE: 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof*, AND 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* Motion Hearing set for 11/4/2011 AT 01:30 PM in Courtroom G, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. Telephonic Discovery Hearing set for 10/25/2011 at 02:00 PM in Courtroom G, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. Signed by Judge Joseph C. Spero on 10/24/2011. (klhS, COURT STAFF) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | | Set/Reset Deadlines as to 98 MOTION for Summary Judgment. Motion Hearing set for 12/19/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 10/24/2011) (Entered: 11/28/2011) |
| 10/25/2011 | 165 | Minute Entry: Discovery Hearing held on 10/25/2011 before Joseph C. Spero. (Court Reporter Kathy Wyatt.) (klhS, COURT STAFF) (Date Filed: 10/25/2011) (Entered: |

| | | |
|---|---|---|
| | | 10/25/2011) |
| 11/07/2011 | 166 | Minute Entry: Motion Hearing held on 11/4/2011 before Joseph C. Spero re 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* filed by Facebook, Inc., 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* filed by Facebook, Inc. Motions Granted. (Court Reporter Debra Pas.) (klhS, COURT STAFF) (Date Filed: 11/7/2011) (Entered: 11/07/2011) |
| 11/15/2011 | 167 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL, JUDGMENT PURSUANT TO CIVIL LOCAL RULE 79-5(B) THE DECLARATIONS OF RYAN MCGEEHAN AND JOSEPH CUTLER, AND PORTIONS OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT* filed by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Chatterjee, Indra) (Filed on 11/15/2011) (Entered: 11/15/2011) |
| 11/15/2011 | 168 | Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(D) IN CONNECTION WITH FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 11/15/2011) (Entered: 11/15/2011) |
| 11/15/2011 | 169 | CERTIFICATE OF SERVICE by Facebook, Inc. re 168 Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(D) IN CONNECTION WITH FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT*, 167 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL, JUDGMENT PURSUANT TO CIVIL LOCAL RULE 79-5(B) THE DECLARATIONS OF RYAN MCGEEHAN AND JOSEPH CUTLER, AND PORTIONS OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGME Administrative Motion to File Under Seal FACEBOOK'S MOTION TO FILE UNDER SEAL, JUDGMENT PURSUANT TO CIVIL LOCAL RULE 79-5(B) THE DECLARATIONS OF RYAN MCGEEHAN AND JOSEPH CUTLER, AND PORTIONS OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGME* (Chatterjee, Indra) (Filed on 11/15/2011) (Entered: 11/15/2011) |
| 11/17/2011 | 170 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b)* filed by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Chatterjee, Indra) (Filed on 11/17/2011) (Entered: 11/17/2011) |
| 11/17/2011 | 171 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 11/17/2011) (Entered: 11/17/2011) |
| 11/17/2011 | 172 | CERTIFICATE OF SERVICE by Facebook, Inc. re 170 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b)*, 171 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)* (Chatterjee, Indra) (Filed on 11/17/2011) (Entered: 11/17/2011) |
| 11/18/2011 | 173 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION FOR RELIEF TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b), PORTIONS OF* |

| | | |
|---|---|---|
| | | *FACEBOOK'S CORRECTED MOTION FOR SUMMARY JUDGMENT* filed by Facebook, Inc.. (Attachments: # [1] Declaration, # [2] Proposed Order)(Metanat, Morvarid) (Filed on 11/18/2011) (Entered: 11/18/2011) |
| 11/18/2011 | [174] | Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 11/18/2011) (Entered: 11/18/2011) |
| 11/18/2011 | [175] | CERTIFICATE OF SERVICE by Facebook, Inc. re [174] Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT* Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT*, [173] Administrative Motion to File Under Seal *FACEBOOK'S MOTION FOR RELIEF TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b), PORTIONS OF FACEBOOK'S CORRECTED MOTION FOR SUMMARY JUDGMENT* Administrative Motion to File Under Seal *FACEBOOK'S MOTION FOR RELIEF TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b), PORTIONS OF FACEBOOK'S CORRECTED MOTION FOR SUMMARY JUDGMENT* (Metanat, Morvarid) (Filed on 11/18/2011) (Entered: 11/18/2011) |
| 11/21/2011 | [176] | Transcript of Proceedings held on 11-4-2011, before Judge Joseph C. Spero. Court Reporter/Transcriber Debra L. Pas, CRR, Telephone number (415) 431-1477. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 2/21/2012. (Pas, Debra) (Filed on 11/21/2011) (Entered: 11/21/2011) |
| 11/22/2011 | [177] | STIPULATION *Stipulation Regarding Motions for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Attachments: # [1] Proposed Order [Proposed] Order Approving Stipulation Regarding Motions for Summary Judgment)(Fisher, Lawrence) (Filed on 11/22/2011) (Entered: 11/22/2011) |
| 11/28/2011 | 178 | Order by Magistrate Judge Joseph C. Spero granting [138] Administrative Motion to File Under Seal.(jcsS, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 179 | Order by Magistrate Judge Joseph C. Spero granting [143] Administrative Motion to File Under Seal.(jcsS, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 180 | Order by Magistrate Judge Joseph C. Spero granting [150] Administrative Motion to File Under Seal.(jcsS, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | [181] | ORDER APPROVING STIPULATION AS MODIFIED re [177] Stipulation, filed by Power Ventures, Inc., Steven Vachani, Set/Reset Deadlines as to [177] Stipulation, [98] MOTION for Summary Judgment. Motion Hearing set for 1/23/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware.. Signed by Judge James Ware on 11/28/11. (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | | |

| 11/28/2011 | 182 | ORDER by Judge James Ware granting 167 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
|---|---|---|
| 11/28/2011 | 183 | ORDER by Judge James Ware granting 170 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 184 | ORDER by Judge James Ware granting 173 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/29/2011 | 185 | Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Errata No. 2 re Facebook's Motion for Partial Summary Judgment on Count 1* filed by Facebook, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Metanat, Morvarid) (Filed on 11/29/2011) (Entered: 11/29/2011) |
| 12/02/2011 | 186 | Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(d) in Connection with Defendants' Oppositions to Facebook, Inc.'s Motions for Summay Judgment* filed by Power Ventures, Inc., Steven Vachani. (Westcot, Sarah) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/02/2011 | 187 | Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Facebook's Opposition to Defendants' Motion for Summary Judgment* filed by Facebook, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Chatterjee, Indra) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/02/2011 | 188 | Declaration of L. Timothy Fisher *Declaration of L. Timothy Fisher in Support of Defendants' Oppositions to Facebook's Motions for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. Section 7704) and Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/02/2011 | 189 | Declaration of Steve Vachani *Declaration of Steve Vachani in Support of Defendants' Opposition to Facebook's Motions for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. Section 7704) and Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/02/2011 | 190 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani *Proof of Service* (Fisher, Lawrence) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/07/2011 | 191 | MOTION to Continue *Facebook's Motion to Enlarge Time Pursuant to Civ. L.R. 6-3* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B)(Metanat, Morvarid) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 12/08/2011 | 192 | Statement *Defendants' Statement of Non-Opposition to Facebook Inc.'s Motion to Enlarge Time Pursuant to Civil Local Rule 6-3* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/8/2011) (Entered: 12/08/2011) |
| 12/09/2011 | 193 | JOINT CASE MANAGEMENT STATEMENT - *Joint Preliminary Pretrial Conference Statement* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 12/9/2011) (Entered: 12/09/2011) |
| 12/12/2011 | 194 | Administrative Motion to File Under Seal *Defendants' Administrative Motion for* |

| | | |
|---|---|---|
| | | *Sealing Order Pursuant to Civil L.R. 79-5(D) in Connection with Defendants' Reply Brief in Support of Motion for Summary Judgment* filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 195 | Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79(5)(d) in Connection with Facebook's Reply Memorandum In Support of Motions for Partial Summary Judgment* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 196 | Declaration of L. Timothy Fisher *Reply Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 197 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani *Proof of Service* (Fisher, Lawrence) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/13/2011 | 198 | CERTIFICATE OF SERVICE by Facebook, Inc. re 195 Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79(5)(d) in Connection with Facebook's Reply Memorandum In Support of Motions for Partial Summary Judgment* (Chatterjee, Indra) (Filed on 12/13/2011) (Entered: 12/13/2011) |
| 12/13/2011 | 199 | Declaration of Morvarid Metanat in Support of 186 Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(d) in Connection with Defendants' Oppositions to Facebook, Inc.'s Motions for Summay Judgment* Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(d) in Connection with Defendants' Oppositions to Facebook, Inc.'s Motions for Summay Judgment* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 186 ) (Metanat, Morvarid) (Filed on 12/13/2011) (Entered: 12/13/2011) |
| 12/13/2011 | 200 | ORDER by Judge James Ware vacating hearing 191 Motion to Continue (jwlc3, COURT STAFF) (Filed on 12/13/2011) (Entered: 12/13/2011) |
| 12/13/2011 | 201 | Declaration of L. Timothy Fisher in Support of 168 Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(D) IN CONNECTION WITH FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT*, 195 Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79(5)(d) in Connection with Facebook's Reply Memorandum In Support of Motions for Partial Summary Judgment*, 187 Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Facebook's Opposition to Defendants' Motion for Summary Judgment* Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Facebook's Opposition to Defendants' Motion for Summary Judgment*, 185 Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Errata No. 2 re Facebook's Motion for Partial Summary Judgment on Count 1* Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Errata No. 2 re Facebook's Motion for Partial Summary Judgment on Count 1*, 171 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)*, 174 Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT* Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH* |

| | | |
|---|---|---|
| | | *FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order Sealing Certain Portions of Facebook, Inc.'s Motions for Partial Summary Judgment and Facebook's Opposition to Defendants' Motion for Summary Judgment)(Related document(s) 168 , 195 , 187 , 185 , 171 , 174 ) (Fisher, Lawrence) (Filed on 12/13/2011) (Entered: 12/13/2011) |
| 12/14/2011 | 202 | Declaration of Morvarid Metanat in Support of 194 Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(D) in Connection with Defendants' Reply Brief in Support of Motion for Summary Judgment* Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(D) in Connection with Defendants' Reply Brief in Support of Motion for Summary Judgment* filed byFacebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 194 ) (Metanat, Morvarid) (Filed on 12/14/2011) (Entered: 12/14/2011) |
| 12/19/2011 | 203 | ORDER by Judge James Ware granting 168 Administrative Motion to File Under Seal; granting 171 Administrative Motion to File Under Seal; granting 174 Administrative Motion to File Under Seal; granting 185 Administrative Motion to File Under Seal; granting 187 Administrative Motion to File Under Seal; granting 195 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 12/19/2011) (Entered: 12/19/2011) |
| 12/19/2011 | 204 | ORDER by Judge James Ware granting 186 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 12/19/2011) (Entered: 12/19/2011) |
| 12/19/2011 | 205 | ORDER by Judge James Ware granting 194 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 12/19/2011) (Entered: 12/19/2011) |
| 01/17/2012 | 206 | MOTION for Leave to File *Brief of Amicus Curiae Electronic Frontier Foundation In Support of Defendant Power Ventures' Motion for Summary Judgment on Count 1* filed by Electronic Frontier Foundation. (Attachments: # 1 Declaration of Marcia Hofmann, # 2 Exhibit Amicus Brief, # 3 Proposed Order)(Hofmann, Marcia) (Filed on 1/17/2012) (Entered: 01/17/2012) |
| 01/19/2012 | 207 | DOCUMENT E-FILED UNDER SEAL re 121 Order on Administrative Motion to File Under Seal *JOINT STATEMENT PER JULY 14, 2011 COURT ORDER ON DISCOVERY* by Facebook, Inc.. (Attachments: # 1 Exhibit Ex. 3 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 208 | DOCUMENT E-FILED UNDER SEAL re 131 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL POWER TO PRODUCE DOCUMENTS (Filed on 8/8/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 2 to Metanat Declaration, # 2 Exhibit 7 (1 of 5) to Metanat Declaration, # 3 Exhibit 7 (2 of 5) to Metanat Declaration, # 4 Exhibit 7 (3 of 5) to Metanat Declaration, # 5 Exhibit 7 (4 of 5) to Metanat Declaration, # 6 Exhibit 7 (5 of 5) to Metanat Declaration, # 7 Exhibit 8 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 209 | DOCUMENT E-FILED UNDER SEAL re 148 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL POWER TO PERFROM THOROUGH SEARCH FOR DOCUMENTS (Filed on 8/22/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit E to Sutton Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | | |

| 01/19/2012 | 210 | DOCUMENT E-FILED UNDER SEAL re 178 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL PRODUCTION (Filed on 9/7/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 1 to Cooper Declaration, # 2 Exhibit 3 to Cooper Declaration, # 3 Exhibit 12 to Cooper Declaration, # 4 Exhibit 13 to Cooper Declaration, # 5 Exhibit 14 to Cooper Declaration, # 6 Exhibit 15 to Cooper Declaration, # 7 Exhibit 16 to Cooper Declaration, # 8 Exhibit 17 to Cooper Declaration, # 9 Exhibit 18 to Cooper Declaration, # 10 Exhibit 19 to Cooper Declaration, # 11 Exhibit 20 to Cooper Declaration, # 12 Exhibit 24 to Cooper Declaration, # 13 Exhibit 25 to Cooper Declaration, # 14 Exhibit 26 to Cooper Declaration, # 15 Exhibit 27 to Cooper Declaration, # 16 Exhibit 28 to Cooper Declaration, # 17 Exhibit 29 to Cooper Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 211 | DOCUMENT E-FILED UNDER SEAL re 179 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL PRODUCTION (Filed on 9/13/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit S to Metanat Declaration, # 2 Exhibit U to Metanat Declaration, # 3 Exhibit V to Metanat Declaration, # 4 Exhibit W to Metanat Declaration, # 5 Exhibit X to Metanat Declaration, # 6 Exhibit Y to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) Modified on 1/24/2012 (ewn, COURT STAFF). (Entered: 01/19/2012) |
| 01/19/2012 | 212 | DOCUMENT E-FILED UNDER SEAL re 180 Order on Administrative Motion to File Under Seal *EXHIBIT 30 TO DECLARATION OF MORVARID METANAT IN SUPPORT OF REPLY RE MOTION TO COMPEL PRODUCTION (Filed on 9/28/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 33 to Metanat Declaration, # 2 Exhibit 34 to Metanat Declaration, # 3 Exhibit 35 to Metanat Declaration, # 4 Exhibit 36 to Metanat Declaration, # 5 Exhibit 37 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 213 | DOCUMENT E-FILED UNDER SEAL re 182 Order on Administrative Motion to File Under Seal *MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/4/11)* by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration Cutler Declaration, # 3 Exhibit C to Cutler Declaration, # 4 Declaration McGeehan Declaration, # 5 Exhibit 2 to McGeehan Declaration, # 6 Exhibit 3 to McGeehan Declaration, # 7 Exhibit 4 to McGeehan Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 214 | DOCUMENT E-FILED UNDER SEAL re 183 Order on Administrative Motion to File Under Seal *MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER PENAL CODE SECTION 502 AND COMPUTER FRAUD AND ABUSE ACT (Filed on 11/17/11)* by Facebook, Inc.. (Attachments: # 1 Proposed Order, *** # **2 Exhibit 1 to Metanat Declaration, # 3 Exhibit 2 to Metanat Declaration, # 4 Exhibit 3 to Metanat Declaration, # 5 Exhibit 6 to Metanat Declaration, # 6 Exhibit 7 to Metanat Declaration, # 7 Exhibit 8 to Metanat Declaration, # 8 Exhibit 9 to Metanat Declaration, # 9 Exhibit 10 to Metanat Declaration FILED IN ERROR. PLEASE SEE DOCKET # 236 .** *** )(Chatterjee, Indra) (Filed on 1/19/2012) Modified on 1/24/2012 (ewn, COURT STAFF). (Entered: 01/19/2012) |
| 01/19/2012 | 215 | DOCUMENT E-FILED UNDER SEAL re 184 Order on Administrative Motion to File Under Seal *CORRECTED MOTION FOR PARTIAL SUMMARY JUDGEMENT ON COUNT 1 (Filed on 11/18/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |

| 01/19/2012 | 216 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *EXHIBITS TO COOPER DECLARATION IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/14/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 3 to Cooper Declaration, # 2 Exhibit 4 to Cooper Declaration, # 3 Exhibit 9 to Cooper Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
|---|---|---|
| 01/19/2012 | 217 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *DECLARATION OF LAWRENCE MELLING IN SUPPORT OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/14/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit A to Melling Declaration, # 2 Exhibit B to Melling Declaration, # 3 Exhibit C to Melling Declaration, # 4 Exhibit D to Melling Declaration, # 5 Exhibit E to Melling Declaration, # 6 Exhibit F to Melling Declaration, # 7 Exhibit G to Melling Declaration, # 8 Exhibit H to Melling Declaration, # 9 Exhibit I to Melling Declaration, # 10 Exhibit J to Melling Declaration, # 11 Exhibit K to Melling Declaration, # 12 Exhibit L to Melling Declaration, # 13 Exhibit M to Melling Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 218 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *ERRATA NO. 2 TO THE DECLARATION OF LAWRENCE MELLING IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/29/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit D to Errata, # 2 Exhibit N to Errata)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 219 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *EXHIBIT 1 TO DECLARATION OF THERESA SUTTON IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 220 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *DECLARATION OF LAWRENCE MELLING IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit A to Melling Declaration, # 2 Exhibit B to Melling Declaration, # 3 Exhibit C to Melling Declaration, # 4 Exhibit D to Melling Declaration, # 5 Exhibit E to Melling Declaration, # 6 Exhibit F to Melling Declaration, # 7 Exhibit G to Melling Declaration, # 8 Exhibit H to Melling Declaration, # 9 Exhibit I to Melling Declaration, # 10 Exhibit J to Melling Declaration, # 11 Exhibit K to Melling Declaration, # 12 Exhibit L to Melling Declaration, # 13 Exhibit M to Melling Declaration, # 14 Exhibit N to Melling Declaration, # 15 Exhibit O to Melling Declaration, # 16 Exhibit P to Melling Declaration, # 17 Exhibit Q to Melling Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 221 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 222 | **\*\*\* FILED IN ERROR. PLEASE SEE DOCKET # 240 . \*\*\***<br>DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to |

| | | |
|---|---|---|
| | | File Under Seal,,,,,,,,,, *FACEBOOK'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) Modified on 1/24/2012 (ewn, COURT STAFF). (Entered: 01/19/2012) |
| 01/19/2012 | 223 | ORDER (as modified) by Judge James Ware granting 206 Motion for Leave to File (sis, COURT STAFF) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 224 | DOCUMENT E-FILED UNDER SEAL re 179 Order on Administrative Motion to File Under Seal *EXHIBIT T TO THE DECLARATION OF MORVARID METANAT IN SUPPORT OF FACEBOOK'S REPLY IN SUPPORT OF MOTION TO COMPEL (Filed on 9/13/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 225 | REDACTION to 213 Document E-Filed Under Seal,, *MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 11/14/11)* by Facebook, Inc.. (Attachments: # 1 Declaration Cutler Declaration, # 2 Exhibit C to Cutler Declaration) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 226 | REDACTION to 214 Document E-Filed Under Seal,, *MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER CA PENAL CODE SECTION 502 AND CFAA (Filed 11/17/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 8 to Metanat Declaration, # 2 Exhibit 9 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 227 | REDACTION to 215 Document E-Filed Under Seal *CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 11/18/11)* by Facebook, Inc.. (Attachments: # 1 Errata)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 228 | REDACTION to 221 Document E-Filed Under Seal *OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 229 | REDACTION to 216 Document E-Filed Under Seal, *EXHIBIT 2 TO DECLARATION OF MONTE COOPER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Filed 11/14/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 230 | REDACTION to 219 Document E-Filed Under Seal, *EXHIBIT 1 TO THE DECLARATION OF THERESA SUTTON IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 231 | DOCUMENT E-FILED UNDER SEAL re 121 Order on Administrative Motion to File Under Seal *Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 232 | Declaration of Monte M.F. Cooper in Support of 216 Document E-Filed Under Seal, *IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 11/14/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 5, # 3 Exhibit 6, # 4 Exhibit 7, # 5 Exhibit 10, # 6 Exhibit 11)(Related document(s) 216 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |

| | | |
|---|---|---|
| 01/19/2012 | 233 | EXHIBITS re 213 Document E-Filed Under Seal,, *EXHIBITS A AND B TO CUTLER DECLARATION AND EXHIBIT 1 TO MCGHEEHAN DECLARATION IN SUPPORT OF FACEBOOK'S MOTION FOR SUMMARY JUDGMENT (Filed on 11/14/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit B to Cutler Declaration, # 2 Exhibit 1 to McGheehan Declaration)(Related document(s) 213 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 234 | DOCUMENT E-FILED UNDER SEAL re 204 Order on Administrative Motion to File Under Seal *Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment on Count 1 (Can-Spam Act, 15 U.S.C. Section 7704)* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 235 | DOCUMENT E-FILED UNDER SEAL re 204 Order on Administrative Motion to File Under Seal *Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 236 | Declaration of Morvarid Metanat in Support of 226 Redacted Document, *IN SUPPORT OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER CA PENAL CODE SECTION 502 AND CFAA (Filed 11/17/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Related document(s) 226 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 237 | DOCUMENT E-FILED UNDER SEAL re 205 Order on Administrative Motion to File Under Seal *Defendants' Reply Brief in Support of Motion for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 238 | OBJECTIONS to *EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 AND UNDER CA PENAL CODE SECTION 502 AND CFAA (Filed on 12/12/11)* by Facebook, Inc.. (Attachments: # 1 Proposed Order)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 239 | REDACTION to 234 Document E-Filed Under Seal, *Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. Section 7704)* by Steven Vachani, Power Ventures, Inc.. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 240 | OBJECTIONS to *EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 241 | Declaration of Theresa Sutton in Support of 219 Document E-Filed Under Seal, *IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed 12/2/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4)(Related document(s) 219 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 242 | REDACTION to 235 Document E-Filed Under Seal, *Defendants' Memorandum of* |

| | | |
|---|---|---|
| | | *Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* by Steven Vachani, Power Ventures, Inc.. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 243 | REDACTION to 237 Document E-Filed Under Seal *Defendants' Reply Brief in Support of Motion for Summary Judgment* by Steven Vachani, Power Ventures, Inc.. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/20/2012 | 244 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *FACEBOOK'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 12/12/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 245 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,, *FACEBOOK'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE CA PENAL CODE SECTION 502 AND CFAA (Filed 12/12/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 246 | REDACTION to 244 Document E-Filed Under Seal, by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 247 | REDACTION to 245 Document E-Filed Under Seal, by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 248 | Declaration of Neel Chatterjee in Support of 244 Document E-Filed Under Seal, 245 Document E-Filed Under Seal, filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (Related document(s) 244 , 245 ) (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 249 | CERTIFICATE OF SERVICE by Facebook, Inc. re 216 Document E-Filed Under Seal, 217 Document E-Filed Under Seal,,, 207 Document E-Filed Under Seal, 222 Document E-Filed Under Seal, 210 Document E-Filed Under Seal,,, 221 Document E-Filed Under Seal, 214 Document E-Filed Under Seal,, 212 Document E-Filed Under Seal, 209 Document E-Filed Under Seal, 234 Document E-Filed Under Seal, 220 Document E-Filed Under Seal,,,, 219 Document E-Filed Under Seal, 218 Document E-Filed Under Seal, 211 Document E-Filed Under Seal, 235 Document E-Filed Under Seal, 213 Document E-Filed Under Seal,, 231 Document E-Filed Under Seal, 224 Document E-Filed Under Seal, 208 Document E-Filed Under Seal,, 215 Document E-Filed Under Seal (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 250 | CERTIFICATE OF SERVICE by Facebook, Inc. re 244 Document E-Filed Under Seal, 245 Document E-Filed Under Seal, (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 251 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 252 | CERTIFICATE OF SERVICE by Facebook, Inc. re 251 Administrative Motion to File Under Seal *FACEBOOK'S CONFIDENTIAL MOTION AND DECLARATION* (Metanat, Morvarid) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/23/2012 | 253 | Minute Entry: Arguments heard, matter submitted. Court to issue order.Motion |

| | | |
|---|---|---|
| | | Hearing held on 1/23/2012 before James Ware (Date Filed: 1/23/2012) re 98 MOTION for Summary Judgment filed by Power Ventures, Inc., Steven Vachani. (Court Reporter Kathy Sullivan.) (sis, COURT STAFF) (Date Filed: 1/23/2012) (Entered: 01/23/2012) |
| 01/24/2012 | 254 | RESPONSE to *Defendants' Opposition to Facebook Inc.'s Motion for Administrative Relief Pursuant to Civil Local Rule 7-11 for Leave to File Supplemental Materials in Support of Motions for Partial Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration of L. Timothy Fisher, # 2 Proposed Order)(Fisher, Lawrence) (Filed on 1/24/2012) (Entered: 01/24/2012) |
| 01/26/2012 | 255 | Administrative Motion to File Under Seal *JOINT LETTER BRIEFS AND SUPPORTING DOCUMENTS* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 1/26/2012) (Entered: 01/26/2012) |
| 01/26/2012 | 256 | CERTIFICATE OF SERVICE by Facebook, Inc. re 255 Administrative Motion to File Under Seal *JOINT LETTER BRIEFS AND SUPPORTING DOCUMENTS* (Metanat, Morvarid) (Filed on 1/26/2012) (Entered: 01/26/2012) |
| 01/27/2012 | 257 | Transcript of Proceedings held on 1/23/12, before Judge James Ware. Court Reporter/Transcriber Katherine Powell Sullivan, RPR, CRR, CSR, Telephone number 415-794-6659/Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 2/17/2012. Redacted Transcript Deadline set for 2/27/2012. Release of Transcript Restriction set for 4/26/2012. (Sullivan, Katherine) (Filed on 1/27/2012) (Entered: 01/27/2012) |
| 02/03/2012 | 258 | Declaration of L. Timothy Fisher in Support of 255 Administrative Motion to File Under Seal *JOINT LETTER BRIEFS AND SUPPORTING DOCUMENTS*, 251 Administrative Motion to File Under Seal filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order Sealing Portions of the Transcript of the January 9, 2012 Deposition of Steve Vachani)(Related document(s) 255 , 251 ) (Westcot, Sarah) (Filed on 2/3/2012) (Entered: 02/03/2012) |
| 02/06/2012 | 259 | Order, signed 2/6/12, by Magistrate Judge Joseph C. Spero granting 255 Administrative Motion to File Under SealPortions of the Transcript of the January 9, 2012 Deposition of Steve Vachani.(klhS, COURT STAFF) (Filed on 2/6/2012) (Entered: 02/06/2012) |
| 02/07/2012 | 260 | NOTICE by Power Ventures, Inc., Steven Vachani *Notice of Withdrawal of Confidential Designation Regarding Facebook's Motion for Administrative Relief to File Under Seal Pursuant to Civil Local Rule 79-5(d) (Dkt. No. 251)* (Fisher, Lawrence) (Filed on 2/7/2012) (Entered: 02/07/2012) |
| 02/08/2012 | 261 | Administrative Motion to File Under Seal *Pursuant to Civil Local Rule 79-5(D)* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 2/8/2012) (Entered: 02/08/2012) |
| 02/09/2012 | 262 | CERTIFICATE OF SERVICE by Facebook, Inc. re 261 Administrative Motion to File Under Seal *Pursuant to Civil Local Rule 79-5(D)* (Metanat, Morvarid) (Filed on 2/9/2012) (Entered: 02/09/2012) |

| | | |
|---|---|---|
| 02/10/2012 | 263 | CLERKS NOTICE Discovery Hearing set for 2/24/2012 at 09:30 AM in Courtroom G, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. (klhS, COURT STAFF) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 264 | MOTION File Supplemental Materials in Support of Partial Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment re 214 Document E-Filed Under Seal,, 260 Notice (Other), 213 Document E-Filed Under Seal,, filed by Facebook, Inc.. Responses due by 2/24/2012. Replies due by 3/2/2012. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Supplement L, # 14 Exhibit M) (Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 265 | Letter from Both Parties re Supervised 30(b)(6) Deposition. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit 1, # 3 Exhibit 2)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 266 | DOCUMENT E-FILED UNDER SEAL re 259 Order on Administrative Motion to File Under Seal Letter brief re Compelling Brazilian Witness for Deposition by Facebook, Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit H)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 267 | Letter from Both Parties re Compelling Brazilian Witness for Deposition. (Attachments: # 1 Declaration Monte Cooper, # 2 Exhibit A, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 268 | DOCUMENT E-FILED UNDER SEAL re 259 Order on Administrative Motion to File Under Seal Letter Brief re Compelling Production of Emails by Facebook, Inc.. (Attachments: # 1 Exhibit 8)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 269 | Letter from Both Parties re Compelling Production of Emails. (Attachments: # 1 Declaration Monte Cooper, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 9)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 270 | Declaration of L. Timothy Fisher in Support of 267 Letter, 265 Letter, 269 Letter, 266 Document E-Filed Under Seal, 268 Document E-Filed Under Seal re Joint Letters filed byFacebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B (Redacted)) (Related document(s) 267 , 265 , 269 , 266 , 268 ) (Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 271 | DOCUMENT E-FILED UNDER SEAL re 259 Order on Administrative Motion to File Under Seal CONFIDENTIAL EXHIBIT B TO THE DECLARATION OF L. TIMOTHY FISHER IN SUPPORT OF DOCKET NOS. 265, 266, 267, 268 AND 269 by Facebook, Inc.. (Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/13/2012 | 272 | CERTIFICATE OF SERVICE by Facebook, Inc. re 266 Document E-Filed Under Seal, 271 Document E-Filed Under Seal, 268 Document E-Filed Under Seal (Metanat, Morvarid) (Filed on 2/13/2012) (Entered: 02/13/2012) |
| 02/13/2012 | 273 | Statement of Non-Opposition to Facebook's Motion to Enlarge Time for Hearing |

| | | |
|---|---|---|
| | | *Dispositive Motions Pursuant to Civil L.R. 6-3 and 16-2* filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 2/13/2012) (Entered: 02/13/2012) |
| 02/16/2012 | 274 | MOTION Enlarge Time for Hearing Dispositive Motions re 273 Statement of Non-Opposition filed by Facebook, Inc.. Responses due by 3/1/2012. Replies due by 3/8/2012. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Proposed Order)(Metanat, Morvarid) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/16/2012 | 275 | ORDER by Judge James Ware denying 98 Defendants' Motion for Summary Judgment; Granting Plaintiff's Motions for Summary Judgment; Denying as moot 261 Administrative Motion to File Under Seal (jwlc2S, COURT STAFF) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/21/2012 | 276 | ORDER to Submit Letter Briefs. Signed by Judge Joseph C. Spero on February 21, 2012. (jcslc3, COURT STAFF) (Filed on 2/21/2012) (Entered: 02/21/2012) |
| 02/23/2012 | 277 | Letter from Monte Cooper *Letter Brief from Monte Cooper*. (Cooper, Monte) (Filed on 2/23/2012) (Entered: 02/23/2012) |
| 02/23/2012 | 278 | Letter from L. Timothy Fisher *Letter Brief from L. Timothy Fisher*. (Fisher, Lawrence) (Filed on 2/23/2012) (Entered: 02/23/2012) |
| 02/27/2012 | 279 | Minute Entry: Discovery Hearing held re: docket nos. 265, 267 and 269 on 2/24/2012 before Joseph C. Spero. Court to issue Order.(Court Reporter Debra Pas.) (klhS, COURT STAFF) (Date Filed: 2/27/2012) (Entered: 02/27/2012) |
| 02/27/2012 | 280 | Transcript of Proceedings held on 2-24-2012, before Judge Joseph C. Spero. Court Reporter/Transcriber Debra L. Pas, CRR, Telephone number (415) 431-1477. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 5/29/2012. (Pas, Debra) (Filed on 2/27/2012) (Entered: 02/27/2012) |
| 02/29/2012 | 281 | STIPULATION WITH PROPOSED ORDER *FOR ORDER CHANGING TIME* filed by Facebook, Inc.. (Attachments: # 1 Declaration Monte M.F. Cooper)(Cooper, Monte) (Filed on 2/29/2012) (Entered: 02/29/2012) |
| 03/01/2012 | 282 | DISCOVERY ORDER re 267 Letter, filed by Facebook, Inc., 265 Letter filed by Facebook, Inc., 269 Letter, filed by Facebook, Inc. Signed by Judge Joseph C. Spero on 3/1/12. (klhS, COURT STAFF) (Filed on 3/1/2012) (Entered: 03/01/2012) |
| 03/01/2012 | 283 | STIPULATION AND ORDER re 281 STIPULATION WITH PROPOSED ORDER *FOR ORDER CHANGING TIME* filed by Facebook, Inc.. Signed by Judge James Ware on 3/1/12. (sis, COURT STAFF) (Filed on 3/1/2012) (Entered: 03/01/2012) |
| 03/08/2012 | 284 | STIPULATION WITH PROPOSED ORDER *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. (Attachments: # 1 Declaration Monte M.F. Cooper)(Cooper, Monte) (Filed on 3/8/2012) (Entered: 03/08/2012) |
| 03/09/2012 | 285 | STIPULATION AND ORDER re 284 STIPULATION WITH PROPOSED ORDER |

| | | |
|---|---|---|
| | | *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. Signed by Judge James Ware on 3/9/12. (sis, COURT STAFF) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/22/2012 | 286 | STIPULATION WITH PROPOSED ORDER *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. (Attachments: # 1 Declaration M. Cooper)(Cooper, Monte) (Filed on 3/22/2012) (Entered: 03/22/2012) |
| 03/23/2012 | 287 | STIPULATION AND ORDER re 286 STIPULATION WITH PROPOSED ORDER *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. Signed by Judge James Ware on 3/23/12. (sis, COURT STAFF) (Filed on 3/23/2012) (Entered: 03/23/2012) |
| 03/30/2012 | 288 | Administrative Motion to File Under Seal *in Connection with Brief of Defendants Power Ventures, Inc. and Steve Vachani Regarding (1) Amount of Damages and (2) Individual Liability of Defendant Vachani* filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 289 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani *Proof of Service* (Fisher, Lawrence) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 290 | Administrative Motion to File Under Seal *THE EXPERT REPORT OF RICHARD J. OSTILLER AND PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES* filed by Facebook, Inc.. (Attachments: # 1 Declaration M. Metanat, # 2 Proposed Order)(Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 291 | Administrative Motion to File Under Seal *PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF PURSUANT TO CIVIL LOCAL RULE 79-5(D)* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 292 | RESPONSE to re 275 Order on Motion for Summary Judgment, Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES AND LIABILITY OF DEFENDANT STEVE VACHANI (PUBLIC-REDACTED)* by Facebook, Inc.. (Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 293 | CERTIFICATE OF SERVICE by Facebook, Inc. re 290 Administrative Motion to File Under Seal *THE EXPERT REPORT OF RICHARD J. OSTILLER AND PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES*, 291 Administrative Motion to File Under Seal *PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF PURSUANT TO CIVIL LOCAL RULE 79-5(D) Facebook's Confidential Documents* (Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 04/05/2012 | 294 | Declaration of Morvarid Metanat in Support of 288 Administrative Motion to File Under Seal *in Connection with Brief of Defendants Power Ventures, Inc. and Steve Vachani Regarding (1) Amount of Damages and (2) Individual Liability of Defendant Vachani* filed byFacebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 288 ) (Metanat, Morvarid) (Filed on 4/5/2012) (Entered: 04/05/2012) |
| 04/11/2012 | 295 | ORDER by Judge James Ware granting 288 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 4/11/2012) (Entered: 04/11/2012) |
| 04/11/2012 | 296 | ORDER by Judge James Ware granting 290 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 4/11/2012) (Entered: 04/11/2012) |
| 04/11/2012 | | |

| 04/11/2012 | 297 | Declaration of L. Timothy Fisher in Support of 291 Administrative Motion to File Under Seal *PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF PURSUANT TO CIVIL LOCAL RULE 79-5(D)* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order)(Related document(s) 291 ) (Westcot, Sarah) (Filed on 4/11/2012) (Entered: 04/11/2012) |
|---|---|---|
| 04/17/2012 | 298 | ORDER by Chief Judge James Ware granting 291 Administrative Motion to File Under Seal (ahm, COURT STAFF) (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 04/17/2012 | 299 | RESPONSE to re 275 Order on Motion for Summary Judgment, Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES AND LIABILITY OF DEFENDANT STEVE VACHANI* by Facebook, Inc.. (Attachments: # 1 Declaration Monte Cooper, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25 (Redacted), # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36)(Chatterjee, Indra) (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 04/17/2012 | 300 | DOCUMENT E-FILED UNDER SEAL re 296 Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES AND LIABILITY OF DEFENDANT STEVE VACHANI (with Confidential Exhibit 25 to Monte Cooper Declaration)* by Facebook, Inc.. (Attachments: # 1 Exhibit 25 to Monte Cooper Delcaration)(Chatterjee, Indra) (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 04/17/2012 | 301 | CERTIFICATE OF SERVICE by Facebook, Inc. re 300 Document E-Filed Under Seal, (Chatterjee, Indra) (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 06/04/2012 | 302 | MOTION to Withdraw *as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed by Power Ventures, Inc., Steven Vachani. Motion Hearing set for 7/9/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 6/18/2012. Replies due by 6/25/2012. (Attachments: # 1 Declaration of L. Timothy Fisher, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Westcot, Sarah) (Filed on 6/4/2012) (Entered: 06/04/2012) |
| 06/11/2012 | 303 | MOTION for Joinder *Bramson, Plutzik, Mahler & Birkhaeuser, LLP's Notice of Joinder and Joinder in Bursor & Fisher, P.A.'s Notice of Motion and Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed by Power Ventures, Inc., Steven Vachani. (Plutzik, Alan) (Filed on 6/11/2012) (Entered: 06/11/2012) |
| 06/11/2012 | 304 | Declaration of Alan R. Plutzik in Support of 303 MOTION for Joinder *Bramson, Plutzik, Mahler & Birkhaeuser, LLP's Notice of Joinder and Joinder in Bursor & Fisher, P.A.'s Notice of Motion and Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani Declaration of Alan R. Plutzik in Support of Bramson, Plutzik, Mahler & Birkhaeuser, LLP's Joinder in Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed byPower Ventures, Inc., Steven Vachani. (Related document(s) 303 ) (Plutzik, Alan) (Filed on 6/11/2012) (Entered: 06/11/2012) |
| 06/25/2012 | 305 | REPLY (re 302 MOTION to Withdraw *as Counsel for Defendants Power Ventures,* |

| | | |
|---|---|---|
| | | *Inc. and Steve Vachani* ) *Reply in Support of Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Certificate/Proof of Service)(Fisher, Lawrence) (Filed on 6/25/2012) (Entered: 06/25/2012) |
| 07/02/2012 | 306 | ORDER by Judge James Ware granting 302 Motion to Withdraw ; granting 303 Motion for Joinder (jwlc3, COURT STAFF) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/03/2012 | 307 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani (Fisher, Lawrence) (Filed on 7/3/2012) (Entered: 07/03/2012) |
| 07/19/2012 | 308 | ORDER Setting Hearing on Order to Show Cause re. Failure to Obtain Counsel. Signed by Judge James Ware on July 19, 2012. (jwlc3, COURT STAFF) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | | Set Deadlines/Hearings: Show Cause Response due by 7/27/2012. Order to Show Cause Hearing set for 8/6/2012 09:00 AM. (wsn, COURT STAFF) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/25/2012 | 310 | MOTION for Permission for Electronic Case Filing, filed by Power Ventures, Inc. (Attachments: # 1 Proposed Order)(wsn, COURT STAFF) (Filed on 7/25/2012) (Entered: 07/31/2012) |
| 07/26/2012 | 309 | Response to Order to Show Cause re 308 Order Setting Hearing on Order to Show Cause re. Failure to Obtain Counsel; by Power Ventures, Inc. (wsn, COURT STAFF) (Filed on 7/26/2012) (Entered: 07/31/2012) |
| 07/31/2012 | 311 | ORDER by Judge James Ware granting in part and denying in part 310 Motion (jwlc3, COURT STAFF) (Filed on 7/31/2012) (Entered: 07/31/2012) |
| 08/06/2012 | 312 | Minute Entry: Show Cause Hearing - Non Evidentiary (Date Filed: 8/6/2012). Court to issue Order. (Court Reporter Connie Kuhl.) (wsn, COURT STAFF) (Date Filed: 8/6/2012) (Entered: 08/06/2012) |
| 08/08/2012 | 313 | ORDER Striking Defendant Power Ventures' Answer; Granting Defendant Vachani Additional Time to Secure Counsel re 308 Order. Signed by Judge James Ware on August 8, 2012. (jwlc3, COURT STAFF) (Filed on 8/8/2012) (Entered: 08/08/2012) |
| 08/09/2012 | 314 | Clerks Notice ENTRY OF DEFAULT as to Power Ventures, Inc. (wsn, COURT STAFF) (Filed on 8/9/2012) (Entered: 08/09/2012) |
| 08/09/2012 | 315 | NOTICE by Steven Suraj Vachani *Notice of Self Representation* (Vachani, Steven) (Filed on 8/9/2012) (Entered: 08/09/2012) |
| 08/15/2012 | 316 | NOTICE of Appearance by Amy Sommer Anderson *for Defendant Power Ventures, Inc.* (Attachments: # 1 Certificate/Proof of Service Certificate of Service via ECF) (Anderson, Amy) (Filed on 8/15/2012) (Entered: 08/15/2012) |
| 08/15/2012 | 317 | Response *Supplemental Brief - Filed August 15th - Per Se by Steven Vachani* bySteven Suraj Vachani. (Vachani, Steven) (Filed on 8/15/2012) (Entered: 08/15/2012) |
| 08/15/2012 | 318 | First MOTION for Leave to File *Motion for Reconsideration of Order Entering Default* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 8/15/2012) (Entered: 08/15/2012) |

| 08/16/2012 | 319 | CERTIFICATE OF SERVICE by Power Ventures, Inc. re 318 First MOTION for Leave to File *Motion for Reconsideration of Order Entering Default* (Anderson, Amy) (Filed on 8/16/2012) (Entered: 08/16/2012) |
| 08/21/2012 | 320 | ORDER by Judge James Ware granting 318 Motion for Leave to File (jwlc3, COURT STAFF) (Filed on 8/21/2012) (Entered: 08/21/2012) |
| 08/23/2012 | 321 | First MOTION for Reconsideration *of Order Entering Default* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 8/23/2012) (Entered: 08/23/2012) |
| 08/27/2012 | 322 | RESPONSE (re 321 First MOTION for Reconsideration *of Order Entering Default* ) *and CROSS-APPLICATION FOR DEFAULT JUDGMENT AGAINST POWER VENTURES, INC*. filed byFacebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2)(Chatterjee, Indra) (Filed on 8/27/2012) (Entered: 08/27/2012) |
| 08/27/2012 | 323 | SUGGESTION OF BANKRUPTCY Upon the Record as to Power Ventures Inc.'s Suggestion of Bankruptcy *filed 08/27/2012* by Power Ventures, Inc.. (Attachments: # 1 Exhibit Voluntary Petition - Chapter 11)(Anderson, Amy) (Filed on 8/27/2012) (Entered: 08/27/2012) |
| 08/27/2012 | 324 | SUGGESTION OF BANKRUPTCY Upon the Record as to Steven Vachani -pro se - Suggestion of Bankruptcy by Steven Suraj Vachani. (Attachments: # 1 Exhibit Exhibit A - Voluntary Petition of Bankruptcy - Steven Vachani)(Vachani, Steven) (Filed on 8/27/2012) (Entered: 08/27/2012) |
| 08/29/2012 | 325 | ORDER by Judge James Ware Staying Case; denying as premature 321 Motion for Reconsideration ; denying as moot 264 Motion ; denying as moot 274 Motion (jwlc3, COURT STAFF) (Filed on 8/29/2012) (Entered: 08/29/2012) |
| 08/29/2012 | 326 | Transcript of Proceedings held on 8-06-2012, before Chief Judge James Ware. Official Court Reporter Connie Kuhl, CSR, RPR, RMR, CRR, Telephone number 415-431-2020. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 11/27/2012. (ck, COURT STAFF) (Filed on 8/29/2012) (Entered: 08/29/2012) |
| 03/20/2013 | 327 | NOTICE by Facebook, Inc. re 325 Order on Motion for Reconsideration, Order on Motion for Miscellaneous Relief, *Notice Of Lifting Of Automatic Stay On Proceedings By Bankruptcy Court, And Request For Reassignment Of Case To New Judge, And Return To Active Status From Administrative Closure* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Metanat, Morvarid) (Filed on 3/20/2013) (Entered: 03/20/2013) |
| 04/08/2013 | 328 | **ORDER Lifting Stay re 327 Notice (Other), filed by Facebook, Inc.. Signed by Judge Lucy H. Koh on April 8, 2013. (lhklc2, COURT STAFF) (Filed on 4/8/2013) (Entered: 04/08/2013)** |
| 04/10/2013 | 329 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Lucy H. Koh for all further proceedings. Judge James Ware no longer assigned to the case. Signed by Judge The Executive Committee on 4/10/2013. (gmS, ) (Filed on 4/10/2013) (Entered: |

| | | 04/10/2013) |
|---|---|---|
| 04/22/2013 | 330 | CLERKS NOTICE SETTING CASE MANAGEMENT CONFERENCE FOLLOWING REASSIGNMENT Case Management Statement due by 5/22/2013. Case Management Conference set for 5/29/2013 02:00 PM in Courtroom 8, 4th Floor, San Jose. *****THIS IS A TEXT-ONLY NOTICE. THERE IS NO DOCUMENT ASSOCIATED WITH THIS DOCKET ENTRY***** (mpb, COURT STAFF) (Filed on 4/22/2013) (Entered: 04/22/2013) |
| 04/22/2013 | 331 | AMENDED CLERKS NOTICE ADVANCING CASE MANAGEMENT CONFERENCE Case Management Statement due by 4/29/2013 AT 10:00 A.M. Case Management Conference set for 5/1/2013 02:00 PM in Courtroom 8, 4th Floor, San Jose. *****THIS IS A TEXT-ONLY NOTICE. THERE IS NO DOCUMENT ASSOCIATED WITH THIS DOCKET ENTRY***** (mpb, COURT STAFF) (Filed on 4/22/2013) (Entered: 04/22/2013) |
| 04/25/2013 | 332 | MOTION CLARIFICATION OF THIS COURTS ORDER (DKT. NO. 275) REGARDING DETERMINATION OF THE STATUS OF DEFENDANT VACHANIS PERSONAL LIABILITY filed by Steven Suraj Vachani. Responses due by 5/9/2013. Replies due by 5/16/2013. (Attachments: # 1 Exhibit Exhibit A - Order for Summary Judgement, # 2 Exhibit Exhibit B - Supplemental Brief Regarding Damages and Liability, # 3 Exhibit Exhibit C - Supplemental Brief by pro-se defendant Steven Vachani regarding damages, # 4 Exhibit Exhibit D - Facebook's Claim)(Vachani, Steven) (Filed on 4/25/2013) (Entered: 04/25/2013) |
| 04/29/2013 | 333 | CASE MANAGEMENT STATEMENT filed by Facebook, Inc.. (Cooper, Monte) (Filed on 4/29/2013) (Entered: 04/29/2013) |
| 04/29/2013 | 334 | CASE MANAGEMENT STATEMENT *Defendants' CMS* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 4/29/2013) (Entered: 04/29/2013) |
| 04/29/2013 | 335 | CERTIFICATE OF SERVICE by Facebook, Inc. re 333 Case Management Statement (Cooper, Monte) (Filed on 4/29/2013) (Entered: 04/29/2013) |
| 04/29/2013 | 336 | OPPOSITION to Motion for Administrative Relief re ( 332 MOTION CLARIFICATION OF THIS COURTS ORDER (DKT. NO. 275) REGARDING DETERMINATION OF THE STATUS OF DEFENDANT VACHANIS PERSONAL LIABILITY ) filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 4/29/2013) Modified text on 4/30/2013 (dhmS, COURT STAFF). (Entered: 04/29/2013) |
| 04/30/2013 | 337 | **\*\*\* FILED IN ERROR. PLEASE IGNORE. \*\*\***<br><br>(Entered: 04/30/2013) |
| 04/30/2013 | 338 | MOTION to Appear by Telephone filed by Steven Suraj Vachani. (Vachani, Steven) (Filed on 4/30/2013) (Entered: 04/30/2013) |
| 05/01/2013 | 339 | **ORDER by Judge Lucy H. Koh granting 338 Motion to Appear by Telephone (mpb, COURT STAFF) (Filed on 5/1/2013) (Entered: 05/01/2013)** |
| 05/02/2013 | 340 | Minute Entry and Case Management Order: Initial Case Management Conference held on 5/1/2013 before Judge Lucy H. Koh (Date Filed: 5/2/2013). Further Case Management Conference set for 9/26/2013 01:30 PM in Courtroom 8, 4th Floor, San Jose. (Court Reporter Lee-Anne Shortridge.) (mpb, COURT STAFF) (Date Filed: 5/2/2013) (Entered: 05/02/2013) |

| | | |
|---|---|---|
| 05/02/2013 | | Set/Reset Hearing re 340 Case Management Conference - Initial, Set Hearings,, Motion Hearing set for 9/26/2013 01:30 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. (mpb, COURT STAFF) (Filed on 5/2/2013) (Entered: 09/17/2013) |
| 05/07/2013 | 341 | TRANSCRIPT ORDER by Facebook, Inc. for Court Reporter Lee-Anne Shortridge. (Chatterjee, Indra) (Filed on 5/7/2013) (Entered: 05/07/2013) |
| 05/11/2013 | 342 | Transcript of Proceedings held on 5-1-13, before Judge Lucy H. Koh. Court Reporter/Transcriber Lee-Anne Shortridge, Telephone number 408-287-4580 email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/9/2013. (Related documents(s) 341 ) (las, ) (Filed on 5/11/2013) (Entered: 05/11/2013) |
| 05/13/2013 | 343 | TRANSCRIPT ORDER by Power Ventures, Inc. for Court Reporter Lee-Anne Shortridge. (Anderson, Amy) (Filed on 5/13/2013) (Entered: 05/13/2013) |
| 05/30/2013 | 344 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration)(Metanat, Morvarid) (Filed on 5/30/2013) (Entered: 05/30/2013) |
| 05/30/2013 | 345 | CERTIFICATE OF SERVICE by Facebook, Inc. (Metanat, Morvarid) (Filed on 5/30/2013) (Entered: 05/30/2013) |
| 06/04/2013 | 346 | **Order, signed 6/4/13, by Magistrate Judge Joseph C. Spero granting 344 Administrative Motion to File Under Seal Portions of Facebook's Letter Brief for Costs and Fees.(klhS, COURT STAFF) (Filed on 6/4/2013) (Entered: 06/04/2013)** |
| 06/06/2013 | 347 | DOCUMENT E-FILED UNDER SEAL re 346 Order on Administrative Motion to File Under Seal *LETTER BRIEF RE COSTS AND FEES* by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Metanat, Morvarid) (Filed on 6/6/2013) (Entered: 06/06/2013) |
| 06/06/2013 | 348 | REDACTION to 347 Document E-Filed Under Seal, *LETTER BRIEF RE COSTS AND FEES* by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E)(Metanat, Morvarid) (Filed on 6/6/2013) (Entered: 06/06/2013) |
| 06/06/2013 | 349 | CERTIFICATE OF SERVICE by Facebook, Inc. re 348 Redacted Document, 347 Document E-Filed Under Seal, (Metanat, Morvarid) (Filed on 6/6/2013) (Entered: 06/06/2013) |
| 06/10/2013 | 350 | Letter Brief re 347 Document E-Filed Under Seal, *Defendants' Responsive Letter Brief* filed byPower Ventures, Inc.. (Attachments: # 1 Proposed Order Proposed Order Granting Defendants' Letter Brief, # 2 Declaration Anderson Declaration Supporting Defendants' Letter Brief, # 3 Declaration Vachani Declaration Supporting Defendants' Letter Brief, # 4 Exhibit Exhibit A - Facebook's Ch 13 Claim)(Related document(s) 347 ) (Anderson, Amy) (Filed on 6/10/2013) (Entered: 06/10/2013) |

| | | |
|---|---|---|
| 07/29/2013 | 351 | **ORDER for evidence supporting attorneys' fees. Signed by Judge Joseph C. Spero on July 29, 2013. (jcslc2S, COURT STAFF) (Filed on 7/29/2013) (Entered: 07/29/2013)** |
| 07/31/2013 | 352 | Letter from Facebook, Inc. re *Exhibits for In Camera Review*. (Metanat, Morvarid) (Filed on 7/31/2013) (Entered: 07/31/2013) |
| 08/01/2013 | 353 | MOTION for Leave to File Motion for Reconsideration of 275 Court's Order re Summary Judgment filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 8/1/2013) Modified on 8/4/2013 linking entry to document #275 (dhmS, COURT STAFF). (Entered: 08/01/2013) |
| 08/01/2013 | 354 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration)(Metanat, Morvarid) (Filed on 8/1/2013) (Entered: 08/01/2013) |
| 08/01/2013 | 355 | CERTIFICATE OF SERVICE by Facebook, Inc. re 354 Administrative Motion to File Under Seal *and CONFIDENTIAL Document* (Metanat, Morvarid) (Filed on 8/1/2013) (Entered: 08/01/2013) |
| 08/07/2013 | 356 | **ORDER re Attorneys' Fees and Costs for Renewed Deposition. Signed by Judge Joseph C. Spero on August 7, 2013. (jcslc2, COURT STAFF) (Filed on 8/7/2013) Modified on 8/7/2013 (ewn, COURT STAFF). Modified on 8/7/2013 (ewn, COURT STAFF). (Entered: 08/07/2013)** |
| 08/15/2013 | 357 | RESPONSE (re 354 Administrative Motion to File Under Seal ) *Defendants' Opposition to Facebook's Request for Injunctive Relief* filed byPower Ventures, Inc.. (Attachments: # 1 Declaration Vachani Declaration ISO Defendants' Opposition to Facebook's Request for Injunctive Relief, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E)(Anderson, Amy) (Filed on 8/15/2013) (Entered: 08/15/2013) |
| 08/22/2013 | 358 | REPLY (re 354 Administrative Motion to File Under Seal ) *Facebook's Reply In Support of Request For Injunctive Relief* filed byFacebook, Inc.. (Metanat, Morvarid) (Filed on 8/22/2013) (Entered: 08/22/2013) |
| 08/25/2013 | 359 | Declaration of Amy Sommer Anderson Attesting to Concurrence of Signatory in Filing Declaration of Steven Vachani in Support of 357 Opposition to Facebook's Request for Injunctive Relief filed by Power Ventures, Inc.. (Related document(s) 357 ) (Anderson, Amy) (Filed on 8/25/2013) Modified text on 8/26/2013 (dhmS, COURT STAFF). (Entered: 08/25/2013) |
| 09/06/2013 | 360 | NOTICE OF APPEAL to the 9th CCA Steven Suraj Vachani. Appeal of Order, 356, (Appeal fee FEE NOT PAID.) (Attachments: # 1 Declaration, # 2 Exhibit)(Vachani, Steven) (Filed on 9/6/2013) Modified text on 11/25/2013 linking entry to document #356 (dhmS, COURT STAFF). (Entered: 09/06/2013) |
| 09/08/2013 | 361 | Declaration of Amy Sommer Anderson in Support of 353 MOTION for Leave to File *Motion for Reconsideration of Summary Judgment Order Filer's Attestation* filed byPower Ventures, Inc.. (Related document(s) 353 ) (Anderson, Amy) (Filed on 9/8/2013) (Entered: 09/08/2013) |
| 09/09/2013 | 362 | Mailed request for payment of docket fee to appellant (cc to USCA) (dhmS, COURT STAFF) (Filed on 9/9/2013) (Entered: 09/09/2013) |

| | | |
|---|---|---|
| 09/09/2013 | 363 | USCA Case Number 13-16795 Ninth Circuit for 360 Notice of Appeal filed by Steven Suraj Vachani. The schedule is set as follows: Fee due from Appellant Steven Vachani on 09/06/2013. Transcript ordered by 10/07/2013. Transcript due 11/05/2013. Appellant Steven Vachani opening brief due 12/16/2013. Appellee Facebook, Inc. answering brief due 01/15/2014. Appellant's optional reply brief is due 14 days after service of the answering brief. (Attachments: # 1 USCA Time Scheduling Order) (dhmS, COURT STAFF) (Filed on 9/9/2013) (Entered: 09/09/2013) |
| 09/10/2013 | 364 | USCA Appeal Fees received $ 455 receipt number 54611014108 re 360 Notice of Appeal filed by Steven Suraj Vachani (dhmS, COURT STAFF) (Filed on 9/10/2013) (Entered: 09/10/2013) |
| 09/19/2013 | 365 | CASE MANAGEMENT STATEMENT filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 9/19/2013) (Entered: 09/19/2013) |
| 09/19/2013 | 366 | CASE MANAGEMENT STATEMENT *Defendants' Case Management Statement* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 9/19/2013) (Entered: 09/19/2013) |
| 09/25/2013 | 367 | **ORDER by Judge Lucy Koh granting 354 Administrative Motion to File Under Seal (lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013)** |
| 09/25/2013 | 368 | DOCUMENT E-FILED UNDER SEAL re 367 Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL MPA IN SUPPORT OF REQUEST FOR INJUNCTIVE RELIEF* by Facebook, Inc.. (Metanat, Morvarid) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 09/25/2013 | 369 | Supplemental MOTION for Permanent Injunction *(REDACTED-PUBLIC VERSION)* filed by Facebook, Inc.. Motion Hearing set for 9/26/2013 01:30 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. Responses due by 8/15/2013. Replies due by 8/22/2013. (Attachments: # 1 Proposed Order)(Metanat, Morvarid) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 09/25/2013 | 370 | ****THIS DOCKET ENTRY WAS MADE IN ERROR WITHOUT JUDGE'S SIGNATURE - SEE DOCKET ENTRY 373 FOR CORRECT ORDER WITH SIGNATURE.*** **ORDER by Judge Lucy H. Koh denying 353 Motion for Leave to File; granting 369 Motion for Permanent Injunction; granting 292 motion for summary judgement regarding liability of Vachani and motion for damages (lhklc2, COURT STAFF) (Filed on 9/25/2013) Modified on 9/25/2013 (lhklc2, COURT STAFF). (Entered: 09/25/2013)** |
| 09/25/2013 | 371 | CERTIFICATE OF SERVICE by Facebook, Inc. re 368 Document E-Filed Under Seal *and 369* (Metanat, Morvarid) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 09/25/2013 | 372 | DOCUMENT E-FILED UNDER SEAL by Court Staff. (Attachments: # 1 Proof of Service)(lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 09/25/2013 | 373 | **ORDER denying 353 Motion for Leave to File; granting 369 Motion for Permanent Injunction; granting 292 motion for summary judgement regarding liability of Vachani and motion for damages. Signed by Judge Lucy Koh on 9/25/2013. (lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013)** |
| 09/25/2013 | 374 | **JUDGMENT. Signed by Judge Lucy Koh on 9/25/2013. (lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013)** |

| 09/25/2013 | | (To remove hearings from Court's calendar) Set/Reset Hearing re 373 Order, (mpb, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013) |
|---|---|---|
| 10/02/2013 | 375 | AMENDED NOTICE OF APPEAL. Response to Clerk's Order Regarding Lack of Jurisdiction of Appellant's Interlocutory Appeal by Steven Suraj Vachani. Appeal Record due by 11/1/2013. (Attachments: # 1 Exhibit Judgement)(Vachani, Steven) (Filed on 10/2/2013) Modified text on 10/21/2013 dft. posted document as an amended notice of appeal (dhmS, COURT STAFF). Modified on 11/25/2013 pursuant to USCA Order of 11/21/2013, the Clerk shall credit the filing fee paid in appeal 13-16795 to appeal no. 13-17102 (dhmS, COURT STAFF). (Entered: 10/02/2013) |
| 10/08/2013 | 376 | STIPULATION WITH PROPOSED ORDER *Regarding Extension of Time to File Bill of Costs* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 10/8/2013) (Entered: 10/08/2013) |
| 10/11/2013 | 377 | **ORDER by Judge Lucy Koh granting 376 Stipulation (lhklc2, COURT STAFF) (Filed on 10/11/2013) (Entered: 10/11/2013)** |
| 10/21/2013 | 378 | USCA Case Number 13-17102 Ninth Circuit for 375 Amended Notice of Appeal filed by Steven Suraj Vachani. The schedule is set as follows: Fee due from Appellant Steven Vachani on 10/02/2013. Transcript ordered by 11/01/2013. Transcript due 12/02/2013. Appellant Steven Vachani opening brief due 01/10/2014. Appellee Facebook, Inc. answering brief due 02/10/2014. Appellant's optional reply brief is due 14 days after service of the answering brief. (Attachments: # 1 USCA Time Schedule Order)(dhmS, COURT STAFF) (Filed on 10/21/2013) (Entered: 10/21/2013) |
| 10/23/2013 | 379 | NOTICE OF APPEAL to the 9th CCA Power Ventures, Inc., Steven Suraj Vachani. Appeal of Judgment 374 , Order, 373 , Order on Motion for Summary Judgment, Order on Administrative Motion to File Under Seal 275 (Appeal fee of $455 receipt number 0971-8103973 paid.) (Anderson, Amy) (Filed on 10/23/2013) Modified text on 10/25/2013 (dhmS, COURT STAFF). (Entered: 10/23/2013) |
| 10/25/2013 | 380 | ORDER of USCA to show cause docket fee due as to 375 Amended Notice of Appeal (Response to Clerk's Order Regarding Lack of Jurisdiction of Appellant's Interlocutory Appeal), filed by Steven Suraj Vachani. (dhmS, COURT STAFF) (Filed on 10/25/2013) (Entered: 10/25/2013) |
| 10/25/2013 | 381 | USCA Case Number 13-17154 Ninth Circuit for 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Suraj Vachani. The schedule is set as follows: Mediation Questionnaire due on 10/31/2013. Transcript ordered by 11/22/2013. Transcript due 12/23/2013. Appellants Power Ventures, Inc. and Steven Vachani opening brief due 01/31/2014. Appellee Facebook, Inc. answering brief due 03/03/2014. Appellant's optional reply brief is due 14 days after service of the answering brief. (Attachments: # 1 USCA Time Schedule Order)(dhmS, COURT STAFF) (Filed on 10/25/2013) (Entered: 10/25/2013) |
| 11/08/2013 | 382 | BILL OF COSTS by Facebook, Inc.. (Attachments: # 1 Exhibit)(Cooper, Monte) (Filed on 11/8/2013) (Entered: 11/08/2013) |
| 11/08/2013 | 383 | AFFIDAVIT re 382 Bill of Costs *DECLARATION OF MONTE M.F. COOPER IN SUPPORT OF PLAINTIFF FACEBOOK, INC.'S BILL OF COSTS* by Facebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Cooper, Monte) (Filed on 11/8/2013) (Entered: 11/08/2013) |

| | | |
|---|---|---|
| 11/21/2013 | 386 | ORDER of USCA as to 360 Notice of Appeal, filed by Steven Suraj Vachani. A review of the record and appellants October 3, 2013 response to this courts order to show cause demonstrates that the district courts August 7, 2013 order re attorneys fees and costs for renewed deposition challenged in this appeal was not final or appealable at the time that the notice of appeal was filed. Consequently, this appeal is dismissed for lack of jurisdiction. Appellants October 2, 2013 amended notice of appeal is proceeding in this court as pending appeal no. 13-17102. The Clerk shall credit the filing fee paid in appeal no. 13-16795 to appeal no. 13-17102. All other pending motions are denied as moot. DISMISSED. (dhmS, COURT STAFF) (Filed on 11/21/2013) (Entered: 11/25/2013) |
| 11/22/2013 | 384 | Transcript Designation Form for proceedings held on 01/23/2012 before Judge Hon. James S. Ware, re 381 USCA Case Number,, Transcript due by 12/23/2013. (Attachments: # 1 Certificate/Proof of Service Certificate of Service of Transcript Designation)(Anderson, Amy) (Filed on 11/22/2013) (Entered: 11/22/2013) |
| 11/22/2013 | 385 | OBJECTIONS to re 382 Bill of Costs by Power Ventures, Inc.. (Attachments: # 1 Declaration Anderson Dec. ISO Dfts' Opposition to Bill of Costs, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B)(Anderson, Amy) (Filed on 11/22/2013) (Entered: 11/22/2013) |
| 12/02/2013 | 387 | TRANSCRIPT ORDER by Steven Suraj Vachani for Court Reporter Debra Pas. (Vachani, Steven) (Filed on 12/2/2013) (Entered: 12/02/2013) |
| 12/10/2013 | 388 | Statement of Non-Opposition re 385 Objections to Bill of Costs, filed by Facebook, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Related document(s) 385 ) (Uriarte, Robert) (Filed on 12/10/2013) Modified text on 12/11/2013 (dhmS, COURT STAFF). (Entered: 12/10/2013) |
| 12/17/2013 | 389 | MANDATE of USCA issued as to 360 Notice of Appeal, filed by Steven Suraj Vachani (dhmS, COURT STAFF) (Filed on 12/17/2013) (Entered: 12/17/2013) |
| 01/02/2014 | 390 | Costs Taxed in amount of $ 49,637.93 against Power Ventures, Inc. (srm, COURT STAFF) (Filed on 1/2/2014) (Entered: 01/02/2014) |
| 02/20/2014 | 391 | NOTICE of Removal of Attorney Morvarid Metanat by Indra Neel (Chatterjee, Indra) (Filed on 2/20/2014) Modified text on 2/21/2014 (dhmS, COURT STAFF). (Entered: 02/20/2014) |
| 05/27/2014 | 392 | ORDER of USCA as to 375 Amended Notice of Appeal, filed by Steven Suraj Vachani. The court has received the parties stipulation to correct the record and plaintiff-appellees unopposed motion to unseal documents, filed on May 13, 2014. Appellee Facebook, Inc. has also filed an unopposed motion for extension of time or, in the alternative, to stay the briefing schedule pending resolution of the May 13, 2014 motions. The stipulation to correct the record is construed as a motion for a remand to expand the record and, so construed, is granted. This appeal is remanded to the district court for the limited purpose of enabling the district court to consider the motion to expand the district court record to include the expert report of Bob Zeidman and Lawrence Melling that was lodged with and reviewed by the district court in ruling on the parties motions for summary judgment. See Fed. R. App. P. 10(e). Within 60 days after the date of this order or within 7 days after the district courts ruling on the motion to expand the record, whichever occurs first, appellee shall file: (1) a report on the status of district court proceedings and motion for appropriate relief; or (2) the |

| | | |
|---|---|---|
| | | answering brief. The filing of the answering brief or the failure to file a report will terminate the limited remand. If the answering brief is filed, the optional reply brief(s) shall be filed in accordance with the time limits set forth in Federal Rule of Appellate Procedure 31(a). The motion for an extension of time or to stay the briefing schedule is denied as moot. The motion to unseal documents that were filed under seal in the district court pursuant to a protective order is denied without prejudice to renewal after seeking leave from the district court to unseal the documents. (dhmS, COURT STAFF) (Filed on 5/27/2014) (Entered: 05/27/2014) |
| 05/27/2014 | 393 | **ORDER TO FILE STIPULATION AND MOTION FOR LEAVE TO UNSEAL. Signed by Judge Lucy Koh on 5/27/2014. (lhklc2S, COURT STAFF) (Filed on 5/27/2014) (Entered: 05/27/2014)** |
| 05/28/2014 | 394 | MOTION to Unseal Document 393 Order filed by Facebook, Inc.. (Attachments: # 1 Proposed Order Stip and Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Chatterjee, Indra) (Filed on 5/28/2014) (Entered: 05/28/2014) |
| 05/29/2014 | 395 | **ORDER by Judge Lucy Koh granting 394 stipulation. (lhklc2S, COURT STAFF) (Filed on 5/29/2014) (Entered: 05/29/2014)** |
| 05/29/2014 | 396 | Expert Report of Bob Zeidman and Lawrence Melling re 395 Order on Motion to Unseal Document filed by Facebook, Inc.. (Related document(s) 395 ) (Chatterjee, Indra) (Filed on 5/29/2014) Modified text on 5/30/2014 (dhmS, COURT STAFF). (Entered: 05/29/2014) |
| 07/12/2016 | 397 | USCA OPINION as to 375 Amended Notice of Appeal,, filed by Steven Vachani, 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani. REVERSED in part, VACATED in part, AFFIRMED in part, and REMANDED. The parties shall bear their own costs on appeal. Judge: SPG Authoring. FILED AND ENTERED JUDGMENT. [13-17102, 13-17154] (dhmS, COURT STAFF) (Filed on 7/12/2016) (Entered: 07/12/2016) |
| 07/25/2016 | 398 | ORDER of USCA as to 375 Amended Notice of Appeal, filed by Steven Vachani, 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani. The unopposed motion for an extension of time to August 9, 2016, to file a petition for panel rehearing and rehearing en banc is GRANTED. (dhmS, COURT STAFF) (Filed on 7/25/2016) (Entered: 07/26/2016) |
| 08/12/2016 | 399 | ORDER of USCA as to 375 Amended Notice of Appeal, filed by Steven Vachani, 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani. Appellee is directed to file a response to Appellants petition for panel rehearing and petition for rehearing en banc filed with this court on August 09, 2016. The response shall not exceed 15 pages and shall be filed within 21 days of the filed date of this order. Parties who are registered for Appellate ECF must file the response electronically without submission of paper copies. Parties who are not registered Appellate ECF filers must file the original response plus 50 paper copies. (dhmS, COURT STAFF) (Filed on 8/12/2016) (Entered: 08/15/2016) |
| 08/17/2016 | 400 | ORDER of USCA as to 375 Amended Notice of Appeal,, filed by Steven Vachani, 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani. The unopposed motion for an extension of time to September 15, 2016, to file a response to the petition for rehearing and rehearing en banc is GRANTED. [13-17102, 13-17154] (dhmS, COURT STAFF) (Filed on 8/17/2016) (Entered: 08/19/2016) |
| 12/09/2016 | | |

| 12/09/2016 | 401 | ORDER AND AMENDED OPINION of USCA as to 375 Amended Notice of Appeal, filed by Steven Vachani. The opinion filed July 12, 2016, and published at 828 F.3d 1068, is amended by the opinion filed concurrently with this order. With these amendments, the panel has voted to deny the petition for panel rehearing and rehearing en banc. The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it. The petition for panel rehearing and rehearing en banc is DENIED. No further petitions for panel rehearing or rehearing en banc shall be entertained. (dhmS, COURT STAFF) (Filed on 12/9/2016) (Entered: 12/09/2016) |
|---|---|---|
| 12/19/2016 | 402 | **CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE**: Pursuant to this Notice, a Case Management Conference is set for 1/11/2017 at 2:00 P.M. in Courtroom 8, 4th floor, in San Jose, California. A Joint Case Management Conference Statement is due 7-days before the scheduled conference date. See Civil L.R. 16-9 and Civil L.R. 16-10(a). (This is a text only docket entry, there is no document associated with this notice.) (ofr, COURT STAFF) (Filed on 12/19/2016) (Entered: 12/19/2016) |
| 12/19/2016 | 403 | MANDATE of USCA Issued as to 375 Amended Notice of Appeal,, filed by Steven Vachani, 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani (dhmS, COURT STAFF) (Filed on 12/19/2016) (Entered: 12/19/2016) |
| 01/04/2017 | 404 | CASE MANAGEMENT STATEMENT filed by Facebook, Inc.. (Attachments: # 1 Proposed Order Judgment)(Cooper, Monte) (Filed on 1/4/2017) (Entered: 01/04/2017) |
| 01/09/2017 | 405 | MOTION to Continue *Case Management Conference* filed by Power Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration ANDERSON DECLARATION, # 2 Proposed Order [PROPOSED] ORDER)(Anderson, Amy) (Filed on 1/9/2017) (Entered: 01/09/2017) |
| 01/09/2017 | 406 | **Order by Hon. Lucy H. Koh Granting 405 Motion to Continue. Case Management Conference set for 1/25/2017 02:00 PM.(lhklc2S, COURT STAFF) (Filed on 1/9/2017) (Entered: 01/09/2017)** |
| 01/09/2017 | | ***Resetting hearing: 1/11/2017 Further Case Management Conference is reset to 1/25/2017 at 2:00 PM in Courtroom 8, 4th Floor, San Jose. Pursuant to ECF No. 406 . (ofr, COURT STAFF) (Filed on 1/9/2017) (Entered: 01/09/2017) |
| 01/20/2017 | 407 | MOTION to Continue *Case Management Conference* filed by Facebook, Inc.. (Attachments: # 1 Declaration of Robert L. Uriarte in Support of Motion to Continue Case Management Conference, # 2 Proposed Order)(Uriarte, Robert) (Filed on 1/20/2017) (Entered: 01/20/2017) |
| 01/23/2017 | 408 | **Order by Hon. Lucy H. Koh Granting 407 Motion to Continue. Case Management Conference set for 2/15/2017 02:00 PM.(lhklc2S, COURT STAFF) (Filed on 1/23/2017) (Entered: 01/23/2017)** |
| 01/23/2017 | | ***Resetting hearing: 1/25/2017 Further Case Management Conference is reset to 2/15/2017 at 02:00 PM in Courtroom 8, 4th Floor, San Jose. Pursuant to ECF No. 408 . (ofr, COURT STAFF) (Filed on 1/23/2017) (Entered: 01/23/2017) |
| 02/09/2017 | 409 | CASE MANAGEMENT STATEMENT filed by Power Ventures, Inc., Steven Vachani. (Anderson, Amy) (Filed on 2/9/2017) (Entered: 02/09/2017) |
| 02/15/2017 | 410 | **Case Management Order. Signed by Judge Lucy H. Koh on 2/15/17. (lhklc2S,** |

| | | COURT STAFF) (Filed on 2/15/2017) (Entered: 02/15/2017) |
|---|---|---|
| 02/15/2017 | 412 | **Minute Entry for proceedings held before Hon. Lucy H. Koh: Further Case Management Conference held on 2/15/2017 from 2:36-3:13PM. *See* ECF No. 410 for a Case Management Order detailing all relevant dates, deadlines, and rulings from the Conference. Motion re: remanded issue of remedies set on April 25, 2017 at 2:00 p.m. in Courtroom 8, 4th Floor, San Jose. Court Reporter: Lee-Anne Shortridge. Courtroom Deputy: Irene Mason. For Plaintiff(s): Neel Chatterjee and Robert Uriarte For Defendant(s):Amy Sommer Anderson and Steven Vachani as an individual *(This is a text only Minute Entry; there is no document associated with this entry)* (iym, COURT STAFF) (Date Filed: 2/15/2017) (Entered: 02/17/2017)** |
| 02/16/2017 | 411 | TRANSCRIPT ORDER for proceedings held on February 16, 2017 before Hon. Lucy H. Koh by Facebook, Inc., for Court Reporter Lee-Anne Shortridge. (Cooper, Monte) (Filed on 2/16/2017) (Entered: 02/16/2017) |
| 02/22/2017 | 413 | NOTICE of Change of Address by Indra Neel Chatterjee (Chatterjee, Indra) (Filed on 2/22/2017) (Entered: 02/22/2017) |
| 02/28/2017 | 414 | Transcript of Proceedings held on 2-15-17, before Judge Lucy H. Koh. Court Reporter/Transcriber Lee-Anne Shortridge, telephone number 408-287-4580 email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 411 Transcript Order ) Release of Transcript Restriction set for 5/30/2017. (Related documents(s) 411 ) (las, ) (Filed on 2/28/2017) (Entered: 02/28/2017) |
| 03/08/2017 | 415 | Administrative Motion to File Under Seal *Portions of Facebook's Supplemental Remedies Brief and Supporting Materials* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of Monte M.F. Cooper, # 3 CONFIDENTIAL UNDER SEAL, # 4 REDACTED PUBLIC VERSION, # 5 Declaration of Joesph Cutler - CONFIDENTIAL UNDER SEAL, # 6 Declaration of Joseph Cutler - REDACTED PUBLIC VERSION, # 7 Exhibit 5 - CONFIDENTIAL UNDER SEAL, # 8 Exhibit 5 - REDACTED PUBLIC VERSION, # 9 Exhibit 2 - CONFIDENTIAL UNDER SEAL, # 10 Exhibit 3 - CONFIDENTIAL UNDER SEAL, # 11 Exhibit 4 - CONFIDENTIAL UNDER SEAL)(Chatterjee, Indra) (Filed on 3/8/2017) (Entered: 03/08/2017) |
| 03/08/2017 | 416 | RESPONSE to re 412 Case Management Conference - Further,,, Set Hearings,, *Supplemental Remedies Brief* by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of Joseph Cutler - REDACTED PUBLIC VERSION, # 3 Declaration of Monte M.F. Cooper, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5 - REDACTED PUBLIC VERSION)(Chatterjee, Indra) (Filed on 3/8/2017) (Entered: 03/08/2017) |
| 03/08/2017 | 417 | CERTIFICATE OF SERVICE by Facebook, Inc. re 416 Response ( Non Motion ), 415 Administrative Motion to File Under Seal *Portions of Facebook's Supplemental Remedies Brief and Supporting Materials* (Chatterjee, Indra) (Filed on 3/8/2017) (Entered: 03/08/2017) |

| 03/16/2017 | 418 | Received notice from the Supreme Court: petition for certiorari filed on 03/09/2017. Supreme Court Number 16-1105 re 375 , 379 (dhmS, COURT STAFF) (Filed on 3/16/2017) (Entered: 03/16/2017) |
|---|---|---|
| 03/20/2017 | 419 | Letter from Monte Cooper . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cooper, Monte) (Filed on 3/20/2017) (Entered: 03/20/2017) |
| 03/28/2017 | 420 | Letter from Power Ventures Inc (without counsel present) *URGENT ATTENTION REQUIRED - Unable to communicate with my counsel for over 30 days*. (Attachments: # 1 Exhibit Exhibit A - Summary of emails, text messages, facebook messages trying to reach and communicate with Power Counsel - Ms. Anderson, # 2 Exhibit Exhibit B - Power Ventures-Vachani Writ of Certiorari - Supreme Court Petition)(Vachani, Steven) (Filed on 3/28/2017) (Entered: 03/28/2017) |
| 03/28/2017 | 421 | Letter from Steven Vachani and Power Ventures Inc. (without counsel present) *Reply to Facebooks March 20 letter (Doc 419) alleging noncompliance by both defendants and inappropriately accusing defendants of another delay tactic*. (Attachments: # 1 Exhibit Exhibit A - Summary of emails, text messages, facebook messages trying to reach and communicate with Power Counsel - Ms. Anderson, # 2 Exhibit Exhibit B - Power Ventures email communication with Facebook regarding Powers 39k payment) (Vachani, Steven) (Filed on 3/28/2017) (Entered: 03/28/2017) |
| 03/29/2017 | 422 | **ORDER Denying Request for an Extension of Time. Signed by Judge Lucy H. Koh on 3/29/17. (lhklc3, COURT STAFF) (Filed on 3/29/2017) (Entered: 03/29/2017)** |
| 03/30/2017 | 423 | Supplemental Brief re 416 Response ( Non Motion ), filed byPower Ventures, Inc., Steven Vachani. (Related document(s) 416 ) (Anderson, Amy) (Filed on 3/30/2017) (Entered: 03/30/2017) |
| 04/07/2017 | 424 | REPLY (re 415 Administrative Motion to File Under Seal *Portions of Facebook's Supplemental Remedies Brief and Supporting Materials* ) *FACEBOOK'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL REMEDIES BRIEF* filed byFacebook, Inc.. (Chatterjee, Indra) (Filed on 4/7/2017) (Entered: 04/07/2017) |
| 04/17/2017 | 425 | MOTION to Stay *Pending Appeal - PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT*, ADMINISTRATIVE MOTION ALL HEARINGS, BRIEFINGS AND RELATED DISTRICT COURT PROCEEDINGS BE STAYED FOR 90 DAYS PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT filed by Steven Vachani. Motion Hearing set for 4/25/2017 02:00 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. Responses due by 4/21/2017. Replies due by 4/24/2017. (Attachments: # 1 Exhibit Exhibit A - petition for a Writ of Certiorari which was docketed on March 13, 2017, in No. 16-1105, # 2 Exhibit Exhibit B-Facebook Email-Letter) asking me to jointly agree to a statement requesting a 90-day stay/continuance, # 3 Exhibit Exhibit C - Facebook Email 2 - I assume you share my view that this would pointless and a wasteful expense, at least while we all wait for the Ninth Circuit to rule on your appeal, # 4 Exhibit Exhibit D - (Exhibit D Power Email to Facebook requesting district court - 90-day stay)(Vachani, Steven) (Filed on 4/17/2017) (Entered: 04/17/2017) |
| 04/19/2017 | 426 | TRANSCRIPT ORDER for proceedings held on 02/15/2017 before Hon. Lucy H. Koh by Steven Vachani, for Court Reporter Lee-Anne Shortridge. (Vachani, Steven) (Filed |

| | | |
|---|---|---|
| | | on 4/19/2017) (Entered: 04/19/2017) |
| 04/19/2017 | 427 | TRANSCRIPT ORDER for proceedings held on 02/15/2017 before Hon. Lucy H. Koh by Steven Vachani, for Court Reporter Lee-Anne Shortridge. (Vachani, Steven) (Filed on 4/19/2017) (Entered: 04/19/2017) |
| 04/24/2017 | 428 | Letter from Pro-Se Defendant - Steven Vachani. *Facebook has not opposed my motion for stay pending appeal. Requesting immediate court order approving my motion for 90-day stay pending appeal (docket 425). This includes stay of Tuesday, April 25th initial remand hearing..* (Attachments: # 1 Exhibit Exhibit A - Email from Facebook counsel requesting joint statement to continue-stay all hearing for 90 days with Judge Efremsky - Vachani vs Facebook)(Vachani, Steven) (Filed on 4/24/2017) (Entered: 04/24/2017) |
| 04/24/2017 | 429 | OPPOSITION/RESPONSE (re 425 MOTION to Stay *Pending Appeal - PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT* ADMINISTRATIVE MOTION ALL HEARINGS, BRIEFINGS AND RELATED DISTRICT COURT PROCEEDINGS BE STAYED FOR 90 DAYS PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT ) filed byFacebook, Inc.. (Chatterjee, Indra) (Filed on 4/24/2017) (Entered: 04/24/2017) |
| 04/24/2017 | 430 | CLERK'S NOTICE TAKING MOTION UNDER SUBMISSION WITHOUT ORAL ARGUMENT. The remanded issue of remedies hearing and Motion to Stay (ECF No. 425 ) before Judge Lucy H. Koh previously set for 4/25/17 at 2:00 PM has been taken under submission without oral argument pursuant to Civ. L.R. 7-1(b). The 4/25/17 hearings are VACATED. The Court to issue further Order on the submitted hearings. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (iym, COURT STAFF) (Filed on 4/24/2017) (Entered: 04/24/2017) |
| 04/26/2017 | 431 | Letter from Pro Se Defendant - Steven Vachani. *Supreme Court Petition Update: Facebook waived its right to file a brief in opposition (BIO) to our certiorari petition on April 10. However, the United States Supreme Court, on April 25, ordered Facebook to file a BIO.* (Vachani, Steven) (Filed on 4/26/2017) (Entered: 04/26/2017) |
| 04/28/2017 | 432 | **Order by Hon. Lucy H. Koh Granting in Part and Denying Without Prejudice in Part 415 Administrative Motion to File Under Seal.(lhklc2S, COURT STAFF) (Filed on 4/28/2017) (Entered: 04/28/2017)** |
| 05/01/2017 | 433 | EXHIBITS re 432 Order on Administrative Motion to File Under Seal *Exhibit 2 to the Declaration of M. Cooper, Dkt. 415-9* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 3 to the Declaration of M. Cooper, Dkt. 415-10, # 2 Exhibit 4 to the Declaration of M. Cooper, Dkt. 415-11)(Related document(s) 432 ) (Chatterjee, Indra) (Filed on 5/1/2017) (Entered: 05/01/2017) |
| 05/01/2017 | 434 | REPLY (re 425 MOTION to Stay *Pending Appeal - PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT* ADMINISTRATIVE MOTION ALL HEARINGS, BRIEFINGS AND RELATED DISTRICT COURT PROCEEDINGS BE STAYED FOR 90 DAYS PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT ) filed bySteven Vachani. (Vachani, Steven) (Filed on 5/1/2017) (Entered: 05/02/2017) |
| 05/02/2017 | 435 | **REDACTED Order by Judge Lucy H. Koh Regarding Remedies 416 and** |

| | | |
|---|---|---|
| | | Denying **425** Motion to Stay. (lhklc2S, COURT STAFF) (Filed on 5/2/2017) (Entered: 05/02/2017) |
| 05/02/2017 | 437 | **Judgment. Signed by Judge Lucy H. Koh on 5/2/17. (lhklc2S, COURT STAFF) (Filed on 5/2/2017) (Entered: 05/02/2017)** |
| 05/09/2017 | 438 | ORDER of USCA as to 375 Amended Notice of Appeal,, filed by Steven Vachani, 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani. Appellees Unopposed Request for an Exemption From Circuit Rule 46-5 for Hannah R. Garden-Monheit is GRANTED. (dhmS, COURT STAFF) (Filed on 5/9/2017) (Entered: 05/09/2017) |
| 05/09/2017 | 439 | Letter from Defendants Power Ventures Inc. and Steven Vachani *Representation of Compliance with provisions of Sections 1,2,3, and 4 of Judge Kohs order issued May 2, 2017 (Docket 437).* (Vachani, Steven) (Filed on 5/9/2017) (Entered: 05/09/2017) |
| 05/11/2017 | 440 | Letter from Defendants - Power Ventures Inc. and Steven Vachani *Recalling and rescinding letter to this Court (Dkt 439) Representation of Compliance with provisions of Sections 1,2,3, and 4 of Judge Kohs order issued May 2, 2017. Defendants now intend to file either a revised letters of compliance or appropriate responses to this courts May 2nd order (Docket 437) separately.* (Vachani, Steven) (Filed on 5/11/2017) (Entered: 05/11/2017) |
| 05/12/2017 | 441 | Letter from Defendant Steven Vachani *UPDATED Representation of Compliance with all provisions of order issued May 2, 2017.* (Vachani, Steven) (Filed on 5/12/2017) (Entered: 05/12/2017) |
| 05/12/2017 | 442 | Letter from Power Ventures Inc. - Updated Representation of Compliance with all provisions of order issued May 2, 2017 . (Attachments: # 1 Exhibit Names & Email Addresses where Injunction Notice was sent by email as of May 9th, 2017)(Vachani, Steven) (Filed on 5/12/2017) (Entered: 05/12/2017) |
| 05/16/2017 | 443 | BILL OF COSTS *Facebook's Notice of Prior Taxable Costs* by Facebook, Inc.. Objections due by 5/30/2017 (Attachments: # 1 Exhibit 1- Prior Bill of Costs) (Chatterjee, Indra) (Filed on 5/16/2017) (Entered: 05/16/2017) |
| 05/16/2017 | 444 | BILL OF COSTS *Facebook's Supplemental Bill of Costs* by Facebook, Inc.. Objections due by 5/30/2017 (Attachments: # 1 Declaration of Monte Cooper re Supplemental Bill of Costs, # 2 Exhibit A- Invoice for CMC Hearing)(Chatterjee, Indra) (Filed on 5/16/2017) (Entered: 05/16/2017) |
| 05/16/2017 | 445 | Administrative Motion to File Under Seal *Facebook's Motion for Attorney's Fees* filed by Facebook, Inc.. (Attachments: # 1 Declaration of Monte Cooper, # 2 Proposed Order, # 3 REDACTED PUBLIC Motion for Fees, # 4 UNDER SEAL Motion for Fees, # 5 REDACTED PUBLIC Chatterjee Declaration, # 6 UNDER SEAL Chatterjee Declaration, # 7 REDACTED PUBLIC Cooper Declaration, # 8 UNDER SEAL Cooper Declaration, # 9 REDACTED PUBLIC Proposed Order, # 10 UNDER SEAL Proposed Order)(Chatterjee, Indra) (Filed on 5/16/2017) (Entered: 05/16/2017) |
| 05/16/2017 | 446 | MOTION for Attorney Fees filed by Facebook, Inc.. Motion Hearing set for 6/22/2017 01:30 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. Responses due by 5/30/2017. Replies due by 6/6/2017. (Attachments: # 1 Declaration of Monte Cooper, # 2 Declaration of Neel Chatterjee, # 3 Proposed Order)(Chatterjee, Indra) (Filed on 5/16/2017) (Entered: 05/16/2017) |

| 05/16/2017 | 447 | MOTION for Sanctions *Facebook's Motion for Contempt Sanctions* filed by Facebook, Inc.. Motion Hearing set for 6/22/2017 01:30 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. Responses due by 5/30/2017. Replies due by 6/6/2017. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed Order)(Chatterjee, Indra) (Filed on 5/16/2017) (Entered: 05/16/2017) |
| --- | --- | --- |
| 05/17/2017 | 448 | CERTIFICATE OF SERVICE by Facebook, Inc. re 446 MOTION for Attorney Fees (Cooper, Monte) (Filed on 5/17/2017) (Entered: 05/17/2017) |
| 05/17/2017 | | Set/Reset Hearings as to ECF no. 446 MOTION for Attorney Fees , and ECF no. 447 MOTION for Sanctions *Facebook's Motion for Contempt Sanctions*. Motions reset to 7/20/2017 01:30 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. (iym, COURT STAFF) (Filed on 5/17/2017) (Entered: 05/17/2017) |
| 05/31/2017 | 449 | Ex Parte Application re 444 Bill of Costs, 446 MOTION for Attorney Fees , 447 MOTION for Sanctions *Facebook's Motion for Contempt Sanctions* filed by Power Ventures, Inc.. (Attachments: # 1 Declaration Anderson Declaration, # 2 Proposed Order [Proposed] Order)(Anderson, Amy) (Filed on 5/31/2017) (Entered: 05/31/2017) |
| 05/31/2017 | 450 | **Order by Hon. Lucy H. Koh Denying 449 Ex Parte Application.(lhklc2S, COURT STAFF) (Filed on 5/31/2017) (Entered: 05/31/2017)** |
| 06/01/2017 | 451 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Power Ventures, Inc., Steven Vachani. Appeal of Order 437 , Order on Motion to Stay, Order on Administrative Motion per Civil Local Rule 7-11 435 (Appeal fee of $505 receipt number 0971-11440264 paid.) (Anderson, Amy) (Filed on 6/1/2017) (Entered: 06/01/2017) |
| 06/02/2017 | 452 | USCA Scheduling Order as to 451 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani. The schedule is set as follows: Mediation Questionnaire due on 06/09/2017. Transcript ordered by 07/03/2017. Transcript due 08/02/2017. Appellants Power Ventures, Inc. and Steven Suraj Vachani opening brief due 09/11/2017. Appellee Facebook, Inc. answering brief due 10/11/2017. Appellant's optional reply brief is due 21 days after service of the answering brief. (bwS, COURT STAFF) (Filed on 6/2/2017) (Entered: 06/02/2017) |
| 06/02/2017 | | USCA Case Number **17-16161** USCA for 451 Notice of Appeal, filed by Power Ventures, Inc., Steven Vachani. (bwS, COURT STAFF) (Filed on 6/2/2017) (Entered: 06/02/2017) |
| 06/06/2017 | 453 | NOTICE by Facebook, Inc. re 444 Bill of Costs, 443 Bill of Costs *Facebook, Inc.'s Notice of Defendant's Failure to Object to Facebook's Proposed Reinstatement and Supplementation of Taxable Costs* (Cooper, Monte) (Filed on 6/6/2017) (Entered: 06/06/2017) |
| 06/06/2017 | 454 | REPLY (re 446 MOTION for Attorney Fees ) filed byFacebook, Inc.. (Chatterjee, Indra) (Filed on 6/6/2017) (Entered: 06/06/2017) |
| 06/06/2017 | 455 | REPLY (re 447 MOTION for Sanctions *Facebook's Motion for Contempt Sanctions* ) filed byFacebook, Inc.. (Chatterjee, Indra) (Filed on 6/6/2017) (Entered: 06/06/2017) |
| 06/08/2017 | 456 | MOTION to Relate Case *3:17-cv-03184 JST* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 6/8/2017) (Entered: 06/08/2017) |
| 06/08/2017 | 457 | CERTIFICATE OF SERVICE by Facebook, Inc. re 456 MOTION to Relate Case |

| | | *3:17-cv-03184 JST* (Chatterjee, Indra) (Filed on 6/8/2017) (Entered: 06/08/2017) |
|---|---|---|
| 06/08/2017 | 458 | NOTICE of Appearance by John Alan Farmer (Farmer, John) (Filed on 6/8/2017) (Entered: 06/08/2017) |
| 06/16/2017 | 459 | **Order by Hon. Lucy H. Koh Granting 456 Motion to Relate Case.(lhklc2S, COURT STAFF) (Filed on 6/16/2017) (Entered: 06/16/2017)** |
| 06/20/2017 | 460 | NOTICE of Change In Counsel by Monte M.F. Cooper *FACEBOOK'S NOTICE OF REMOVAL OF ATTORNEY THERESA SUTTON* (Cooper, Monte) (Filed on 6/20/2017) (Entered: 06/20/2017) |
| 07/05/2017 | 461 | Transcript Designation Form for proceedings held on 02/15/2017 before Judge Hon. Lucy H. Koh, (Anderson, Amy) (Filed on 7/5/2017) (Entered: 07/05/2017) |
| 07/14/2017 | 462 | Letter from Defendants - Power Ventures Inc. and Steven Vachani containing 1) Defendants Power Ventures and Vachani recertification of compliance to May 2nd, 2017 order/permanent injunction. This is a response to Facebooks multiple irresponsible and blatantly false allegations of non-compliance. 2) Defendant Power Ventures reconfirmation of financial inability to pay $39,796 sanctions order 3) Defendant Vachani reconfirmation that $39,796 sanctions payment is a documented claim in active bankruptcy case involving Vachani and Facebook (Case No. 12-47150 RLE - Bankr. N.D. Cal) and cannot be legally paid at this time. *Requesting that this court confirm my satisfactory certification of compliance with permanent injunction and to dismiss Facebook's irresponsible Motion for Sanctions*. (Attachments: # 1 Exhibit Defendant's Initial Certification of Compliance with permanent injunction filed 10-2-2013, # 2 Exhibit Facebook 5-10-2013 letter to Defendants with objections to Defendants Certification of compliance filed on 5-9-2017, # 3 Exhibit Vachani and Facebook good faith correspondence by email regarding Facebook's objections to defendant's certification of compliance with permanent injunction)(Vachani, Steven) (Filed on 7/14/2017) (Entered: 07/14/2017) |
| 07/14/2017 | 463 | CLERK'S NOTICE TAKING MOTIONS UNDER SUBMISSION WITHOUT ORAL ARGUMENT. The Motions for Attorney Fees and Sanctions (ECF No. 446 and 447 ) before Judge Lucy H. Koh previously noticed for 7/20/17 at 1:30 PM have been taken under submission without oral argument pursuant to Civ. L.R. 7-1(b). The Court to issue further Order on the submitted motions. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (iym, COURT STAFF) (Filed on 7/14/2017) (Entered: 07/14/2017) |
| 07/28/2017 | 464 | **Order Regarding Billing Records. Signed by Judge Lucy H. Koh on 7/27/17. (lhklc2S, COURT STAFF) (Filed on 7/28/2017) (Entered: 07/28/2017)** |
| 08/03/2017 | 465 | Administrative Motion to File Under Seal *(Facebook's Administrative Motion for In Camera Review of Billing Records)* filed by Facebook, Inc.. (Attachments: # 1 Declaration of I. Neel Chatterjee, # 2 Proposed Order)(Chatterjee, Indra) (Filed on 8/3/2017) (Entered: 08/03/2017) |
| 08/03/2017 | 466 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Redacted Version of Supplemental Declaration of Michael R. Caplan in support of Facebooks Response to Order Regarding Billing Records, # 4 Unredacted Version of Supplemental Declaration of Michael R. Caplan in support of Facebooks Response to Order Regarding Billing Records, # 5 Certificate/Proof of Service)(Chatterjee, Indra) (Filed on 8/3/2017) (Entered: |

| | | |
|---|---|---|
| | | 08/03/2017) |
| 08/03/2017 | 467 | RESPONSE to re 464 Order by Facebook, Inc.. (Attachments: # 1 Supplemental Declaration of Michael R. Caplan in support of Facebooks Response to Order Regarding Billing Records (Redacted), # 2 Supplemental Declaration of David Fries in support of Facebook's Response to Order Regarding Billing Records (Place Holder), # 3 Supplemental Declaration of David Fries in support of Facebook's Response to Order Regarding Billing Records (Place Holder))(Chatterjee, Indra) (Filed on 8/3/2017) (Entered: 08/03/2017) |
| 08/08/2017 | 468 | **Order by Hon. Lucy H. Koh Granting in Part and Denying in Part 445 Administrative Motion to File Under Seal.(lhklc2S, COURT STAFF) (Filed on 8/8/2017) (Entered: 08/08/2017)** |
| 08/08/2017 | 469 | **Order by Hon. Lucy H. Koh Granting 466 Administrative Motion to File Under Seal.(lhklc2S, COURT STAFF) (Filed on 8/8/2017) (Entered: 08/08/2017)** |
| 08/08/2017 | 470 | **Order by Judge Lucy H. Koh Granting 446 Motion for Attorney Fees; Granting in Part and Denying in Part 447 Motion for Sanctions. (lhklc2S, COURT STAFF) (Filed on 8/8/2017) (Entered: 08/08/2017)** |
| 08/08/2017 | 471 | DOCUMENT E-FILED UNDER SEAL by Court Staff. Order by Judge Lucy H. Koh Granting 446 Motion for Attorney Fees; Granting in Part and Denying in Part 447 Motion for Sanctions (REDACTED).(lhklc2S, COURT STAFF) (Filed on 8/8/2017) (Entered: 08/08/2017) |
| 08/10/2017 | 472 | Letter from Steven Vachani *Vachani recertification of compliance to May 2nd, 2017 permanent injunction and withdrawal of my May 12, 2017 certification of compliance statement (Dkt 441).* (Vachani, Steven) (Filed on 8/10/2017) (Entered: 08/10/2017) |
| 08/23/2017 | 473 | **Order by Hon. Lucy H. Koh Granting 465 Administrative Motion to File Under Seal.(lhklc2S, COURT STAFF) (Filed on 8/23/2017) (Entered: 08/23/2017)** |
| 10/20/2017 | 474 | Supreme Court of the United States No. 16-1105: The petition for a writ of certiorari is denied. (dhmS, COURT STAFF) (Filed on 10/20/2017) (Entered: 10/23/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/02/2018 12:14:27 | | | |
| **PACER Login:** | aroplexlaw:3966161:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:08-cv-05780-LHK |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |