No. 17-16161

IN THE
# United States Court of Appeals for the Ninth Circuit

FACEBOOK, INC.,
*Plaintiff-Appellee*,

*v.*

POWER VENTURES, INC. & STEVEN SURAJ VACHANI,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-05780-LHK, Hon. Lucy Koh

**FACEBOOK'S OPPOSITION TO
APPELLANTS' MOTION FOR LEAVE TO FILE
AN UNTIMELY OPENING BRIEF; MOTION TO STRIKE
THE OPENING BRIEF AND DISMISS THE APPEAL**

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Dr.<br>Menlo Park, CA 94025<br>(650) 752-3256 | Eric A. Shumsky<br>Hannah Garden-Monheit<br>ORRICK, HERRINGTON &<br>  SUTCLIFFE LLP<br>1152 15th Street NW<br>Washington, DC 20005<br>(202) 339-8400 |
| Brian P. Goldman<br>ORRICK, HERRINGTON &<br>  SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94105<br>(415) 773-5700 | Monte Cooper<br>Robert L. Uriarte<br>ORRICK, HERRINGTON &<br>  SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>(650) 614-7400 |

*Counsel for Plaintiff-Appellee*

## CORPORATE DISCLOSURE STATEMENT

Facebook, Inc. has no parent corporation, and no publicly held corporation owns 10% or more of Facebook, Inc.'s stock.

## FACEBOOK'S OPPOSITION TO APPELLANTS' MOTION FOR LEAVE TO FILE AN UNTIMELY OPENING BRIEF; MOTION TO STRIKE THE OPENING BRIEF AND DISMISS THE APPEAL

Power Ventures, Inc. and Steven Vachani have filed their opening brief more than a month late—after already having received the benefit of multiple extensions of time and after stipulating that "neither side will seek an additional exception absent emergency circumstances or granting of Defendant-Appellants' petition for certiorari to the Supreme Court." ECF No. 8 at 2. Facebook therefore opposes their Motion For Leave To File Appellants' Amended Joint Opening Brief (ECF. No. 16); moves to strike Appellants' Joint Opening Brief (ECF. No. 14); and moves to dismiss this appeal pursuant to Federal Rule of Appellate Procedure 27(a) and Ninth Circuit Rule 42-1. Appellants have engaged in repeated litigation misconduct, and there is no basis to permit this latest, unexplained violation of the rules.

\* \* \*

In the underlying litigation, Appellants were held liable for violating the Computer Fraud and Abuse Act (CFAA) and California Penal Code § 502 when they took data from Facebook's servers without authorization, and also under the Federal CAN-SPAM Act. No. 5:08-cv-

1

05780 (N.D. Cal.), ECF Nos. 275, 373, 374. The court awarded damages and imposed an injunction. In Appellants' initial appeal, this Court upheld liability under the CFAA and § 502; vacated liability under the CAN-SPAM Act; and remanded for the district court to recalculate damages. *See Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1062 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 313 (2017). On remand, the district court recalculated damages and entered a revised judgment. No. 5:08-cv-05780, ECF Nos. 435, 437.

Appellants then filed this appeal, which challenges the renewed judgment of liability. No. 5:08-cv-05780, ECF No. 451 (notice of appeal). Their opening brief initially was due on September 11, 2017. ECF No. 1. They then obtained two extensions of time (with a corresponding extension for Facebook), which gave them until November 27, 2017 to file their opening brief, *see* ECF Nos. 7, 9, 13—some *5½ months* from the Court's initial briefing order.

In obtaining their final extension, Appellants stipulated that "the briefs will be filed by the new deadlines and that neither side will seek an additional extension absent emergency circumstances or granting of Defendant-Appellants' petition for certiorari to the Supreme Court."

2

ECF. No. 8 at 2. Their cert. petition was not granted. They did not seek an extension of their already-twice-extended deadline. They simply did not file their opening brief.

Now, Appellants seek after-the-fact permission to file that brief more than a month late, in violation of the rule that a motion for extension of time "shall be filed at least 7 days before the expiration of the time prescribed for filing the brief." 9th Cir. R. 31-2.2(b).[1] This continues a pattern of misconduct for which the district court repeatedly has admonished and indeed sanctioned them. *See infra* 5-6. And they have not remotely shown the "diligence and substantial need" required by the rules. 9th Cir. R. 31-2.2(b); *see also* 9th Cir. R. 31-2.3 ("[i]f the appellant fails to file a brief within the time allowed by FRAP 31(a) or an extension thereof, the Court may dismiss the appeal pursuant to Circuit Rule 42-1"); Fed. R. App. P. 26(b) (deadlines may be extended only "[f]or good cause"); 9th Cir. R. 42-1 ("[w]hen an appellant

---

[1] In this opposition, we refer jointly to Appellants Power Ventures and Steven Vachani. Although Mr. Vachani seeks to invoke the latitude that may be afforded to pro se litigants (ECF No. 16 at 2, 4), the Ninth Circuit has found that he controls Power Ventures (*see Facebook*, 844 F.3d at 1062, 1069-70), and Power Ventures is represented by counsel here.

fails to … file a timely brief … an order may be entered by the clerk dismissing the appeal …. , [and] the Court may take such other action as it deems appropriate").

Appellants have not offered any "diligence and substantial need" to excuse their untimely filings. They agreed to two limited conditions that could justify a further extension, and neither is present here: They do not cite any emergency, *see* ECF No. 16, and their cert petition was denied, 138 S. Ct. 313. Instead, Appellants say that they made a "procedural misstep" in failing to seek an extension of the briefing schedule pending settlement negotiations. ECF No. 16 at 4. But "mere averment of mistake" is not good cause to ignore a deadline and then wait a month to seek an after-the-fact extension. *Mollura v. Miller*, 621 F.2d 334, 336 (9th Cir. 1980). And although settlement negotiations of course are confidential, Facebook feels compelled to respond to avoid any potential misunderstanding: Contrary to Appellants' assertion, no settlement is or ever has been reached, whether on "material terms" (ECF No. 16 at 3) or otherwise. And certainly there was not any

agreement to stay the appellate briefing further; Facebook did not and would not have agreed to further prolong the resolution of this appeal.[2]

This is only the latest example of Appellants' flagrant disregard for court deadlines, rules, and orders. They have failed to comply with everything from a court order to timely identify substitute counsel after former counsel withdrew,[3] to an order to certify compliance with the court's injunction under penalty of perjury,[4] to the schedule for briefing remedies on remand from this Court.[5] More recently, Appellants have combined misconduct, sanctions, contempt, and untimeliness into a single course of conduct. They were sanctioned for "discovery

---

[2] Appellants also cite purported changes in the law as justifying their late filing. ECF No. 16 at 3. But a new decision by a district court (*id.* at 4) is hardly grounds for filing their brief a month late. And a "December 8, 2017 amendment" to the CFAA (*id.* at 3) cannot be relevant, given that their brief was due *on November 27*. What's more, their brief does not discuss any such amendment.

[3] No. 5:08-cv-05780, ECF No. 313.

[4] No. 5:08-cv-05780, ECF No. 470 at 21.

[5] *Compare* No. 5:08-cv-05780, ECF No. 420 at 1-3 (requesting an extension the day before a brief was due, on the grounds that there was an "exceptional emergency" because Mr. Vachani had been unable to communicate with Power's counsel, with whom he "deal[s] directly"), *with* No. 5:08-cv-05780, ECF No. 422 (order denying that request), *and* No. 5:08-cv-05780, ECF No. 423 (18-page joint brief filed one day later).

misconduct" based on "fail[ure] to timely disclose relevant emails" and misconduct at a deposition. No. 5:08-cv-05780, ECF No. 356 at 5-7. Even after this Court affirmed the discovery sanction, and even after the district court "ordered Defendants to pay the discovery sanction at least four times," they still did not do so. No. 5:08-cv-05780, ECF No. 470 at 18. Facebook sought sanctions for the failure to pay; Appellants failed to file a timely opposition; and then over a month later filed a "letter [that] was essentially an untimely opposition to Facebook's motion for contempt sanctions." No. 5:08-cv-05780, ECF No. 470 at 18. The court subsequently held Power Ventures and Mr. Vachani in contempt for failure to pay the discovery sanctions and awarded attorney's fees. *Id.*[6] In short, there is a relentless pattern of ignoring deadlines, ignoring court orders, and seeking to avoid the resulting consequences.

This late-filed brief is only the latest example, and it is long past time to put these shenanigans to an end. Facebook has expended significant resources on this case, in large part because, as the district

---

[6] Facebook sought "only a small portion of the fees to which [it] is entitled." No. 5:08-cv-05780 (N.D. Cal.), ECF No. 470 at 13. Neither the attorney's fees nor the contempt sanction are at issue in this appeal.

6

court explained, there is a "high probability" that Power and Mr. Vachani will "repeat their illegal conduct." 5:08-cv-05780, ECF No. 435 at 25. As Appellants themselves recognize, ECF No. 16 at 3, this case has dragged on for more than nine years. This Court should not countenance Appellants' latest attempt to further prolong this litigation in violation of court rules and orders. It would prejudice "the just, speedy, and inexpensive determination of" the case, Fed. R. Civ. P. 1, to allow repeat rule-violators to not just miss deadlines that they promised to meet, but to also wait over a month to even seek a further extension—making the request only after the fact and alongside the untimely brief.

Facebook accordingly requests that this Court deny Appellants' Motion For Leave To File Appellants' Amended Joint Opening Brief (ECF. No. 16); strike Appellants' Joint Opening Brief (ECF. No. 14); and dismiss this appeal.

Respectfully submitted,

/s/ *Eric A. Shumsky*

| | |
|---|---|
| I. Neel Chatterjee | Eric A. Shumsky |
| GOODWIN PROCTER LLP | Hannah Garden-Monheit |
| 135 Commonwealth Dr. | ORRICK, HERRINGTON & |
| Menlo Park, CA 94025 |   SUTCLIFFE LLP |
| (650) 752-3256 | 1152 15th Street NW |
| | Washington, DC 20005 |
| Brian P. Goldman | (202) 339-8400 |
| ORRICK, HERRINGTON & | |
|   SUTCLIFFE LLP | Monte Cooper |
| 405 Howard Street | Robert L. Uriarte |
| San Francisco, CA 94105 | ORRICK, HERRINGTON & |
| (415) 773-5700 |   SUTCLIFFE LLP |
| | 1000 Marsh Road |
| | Menlo Park, CA 94025 |
| | (650) 614-7400 |

*Counsel for Plaintiff-Appellee*

January 3, 2018

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 3, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                       ORRICK, HERRINGTON & SUTCLIFFE LLP

                                       */s/ Eric A. Shumsky*
                                       Eric A. Shumsky
                                       *Counsel for Plaintiff-Appellee*