No. 17-16161

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**Facebook, Inc.**,

*Plaintiff-Appellee*,

v.

**Power Ventures, Inc. and Steven Vachani**,

*Defendants-Appellants*,

Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-05780-LHK, Honorable Lucy Koh

# MOTION FOR LEAVE TO FILE APPELLANTS' AMENDED JOINT OPENING BRIEF

Amy Sommer Anderson, SBN 282634
Aroplex Law
156 2nd Street
San Francisco, California 94105
Telephone: 415-529-5148
Facsimile: 415-970-5016

Counsel for Defendant-Appellant,
POWER VENTURES, INC.

STEVEN VACHANI
2425B Channing, #216
Berkeley, CA 94704
Telephone: (917) 267-8823

*Pro se* Defendant-Appellant

1

Appellants respectfully request that their Amended Joint Opening Brief submitted via ECF contemporaneously herewith be accepted and filed in this case as of today's filing date despite its unintended tardiness. Appellants have not received a Clerk's Notice or other notice regarding default in this matter.

Appellant-Defendant Power Ventures, Inc. ("Power") is a software development company that went out of business in 2012 due to the financial weight of the District Court case. Power is represented by counsel. Appellant-Defendant Steven Vachani ("Mr. Vachani") is an individual who was employed by Power and was found liable for Power's actions at issue in this matter. Mr. Vachani represented himself *in pro per* in the District Court case from approximately July 2012 through entry of final judgment on May 2, 2017, and he presently represents himself in this appeal. Mr. Vachani has also represented himself *in pro per* in his bankruptcy action since its commencement in or about September 2012 through the present. In their 2017 Writ of Certiorari, both appellants were represented by counsel, who are different than the counsel representing Power in the District Court case and in this appeal.

The filing deadline for the opening brief was originally set for September 11, 2017 and reset for October 11, 2017 after Appellants obtained a streamlined 30-day extension. The deadline was subsequently reset for November 27, 2017 by Court order and stipulation of the parties in anticipation of a then-imminent decision regarding Appellants' Supreme Court Writ. On denial of the writ, the parties

reengaged in informal settlement negotiations, which necessarily involved the parties' respective rights regarding Mr. Vachani's personal bankruptcy action in addition to their respective rights in this appeal and the underlying action.

Given the nine-year history of this legal affair and the historically widening disparity between the parties' settlement requirements, Appellants did not believe the odds of reaching a settlement agreement warranted a motion to stay the appeal pending settlement. A few days prior to the November 27, 2017 filing deadline, however, it appeared an agreement was reached. Trusting the parties' were in agreement regarding the material terms of settlement and since the filing deadline was fewer than seven days away, Appellants mistakenly opted against filing their opening brief, which they expected would be rendered moot, and likewise did not formally move for a stay of the appeal or otherwise request a further extension of time to file.

On or about December 20, 2017, it became abundantly clear to Appellants that a settlement would not proceed on the terms previously discussed and that the parties were unlikely to move beyond their impasse. As such, Appellants revisited their opening brief and worked as diligently as possible through the Christmas holiday to make appropriate amendments and finalize their joint filing. Substantial review and amendment were necessitated by the December 8, 2017 amendment of one of the two statutes at issue (the Computer Fraud and Abuse Act) and substantial new questions of law regarding the constitutionality of application of

3

the relevant criminal statutes to civil matters in the Ninth Circuit. Notably, a significant District Court decision issued during the pendency of this appeal rendered findings and ruling starkly contradicting the same court's findings and ruling here on appeal.

Despite Appellants' procedural misstep in not requesting a stay or extension to allow time to finalize a settlement before the deadline to file the joint opening brief, the resulting delay would likely have been comparable to—if not greater than—the current delay should the Court now accept Appellants' Amended Joint Opening Brief. Appellants are regretful of any prejudice their filing now causes the Court and sincerely hope that any harm is negligible given the Ninth Circuit's caseload and the delay occurring over the holiday season. Furthermore, Appellants' motion poses no risk of prejudice to Appellee Facebook, Inc. since Facebook does not have any pending matter dependent on this appeal other than Facebook's ongoing interference in Mr. Vachani's active bankruptcy case.

While the acceptance and filing of Appellants' tardy opening brief presents no apparent risk of harm to the Court or the appellee, Appellants would be substantially prejudiced should the Court deny this request. Significantly, Mr. Vachani, who represents himself *in pro per*, relied on Power's counsel's admittedly mistaken guidance with respect to addressing the filing deadline in light of the apparent settlement. Since Mr. Vachani's liability in the underlying action is inextricably tied to Facebook's claims against Power, the appellants' rights with

4

respect to treatment by the District Court here on review are essentially identical. As such, denial of this request with respect to even just the corporate appellant would effectively deny the *in pro per* individual appellant the hard-fought opportunity to obtain a fair and final resolution of this dispute by no fault of his own.

For the foregoing reasons, Appellants respectfully request the Court accept and file Appellants' Amended Joint Opening Brief.

AROPLEX LAW

Dated: January 2, 2018    By *s/ Amy Sommer Anderson*
Attorney for Appellant-Defendant,
Power Ventures, Inc.

## Certificate of Service

I HEREBY CERTIFY THAT on January 2, 2018, I electronically filed the foregoing Motion for Leave to File Appellants' Amended Joint Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service on all participants will be accomplished by notification from the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 2, 2018, at Alameda, California.

s/ Amy Sommer Anderson